# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

| | |
|---|---|
| Donald J. Trump, Candidate for President of the United States of America, ) ) ) ) Plaintiff, ) ) vs. ) ) ) ) The Wisconsin Elections Commission, and its ) members, Ann S. Jacobs, Mark L. Thomsen, ) Marge Bostelman, Dean Knudson, Robert F. ) Spindell, Jr., in their official capacities, Scott ) McDonnell in his official capacity as the Dane ) County Clerk, George L. Christenson in his ) official capacity as the Milwaukee County Clerk, ) Julietta Henry in her official capacity as the ) Milwaukee Election Director, Claire Woodall- ) Vogg in her official capacity as the Executive ) Director of the Milwaukee Election Commission, ) Mayor Tom Barrett, Jim Owczarski, Mayor Satya ) Rhodes-Conway, Maribeth Witzel-Behl, Mayor ) Cory Mason, Tara Coolidge, Mayor John ) Antaramian, Matt Krauter, Mayor Eric Genrich, ) Kris Teske, in their official Capacities; Douglas J. ) La Follette, Wisconsin Secretary of State, in his ) official capacity, and Tony Evers, Governor of ) Wisconsin, in his Official capacity. ) ) ) Defendants. | Case No. _____ |

## PLAINTIFF'S MOTION FOR EXPEDITED DECLARATORY AND INJUNCTIVE RELIEF AND FOR AN EXPEDITED HEARING ON THE MOTION FOR EXPEDITED DECLARATORY AND INJUNCTIVE RELIEF

Pursuant to Federal Rule of Civil Procedure 65(a), Plaintiff Donald J. Trump ("Plaintiff"), by his undersigned attorneys, respectfully moves the Court to set a hearing on his motion for a preliminary injunction and thereafter to enter an order issuing declaratory relief and

granting preliminary (the "motion") and permanent injunctions against Defendants. In support, Plaintiff states as follows:

1. Plaintiff incorporates the allegations set forth in his *Complaint for Expedited Declaratory and Injunctive Relief Pursuant to Article II of the United States Constitution* ("Complaint").[1]

2. By ignoring the Wisconsin Legislature's express directions regarding the collection, handling, processing, canvassing, and counting of absentee ballots, and related activities and/or through improper certification of elections and/or electors and related activities, Defendants have violated the Wisconsin Election Code, and thereby also violated the Electors and Elections Clauses and have also violated the Equal Protection and Due Process Clauses of the United States Constitution. Additionally, Defendants through their conduct threaten further violations of these Constitutional provisions.

3. By virtue of these violations and as described in the Complaint, the Defendants ran an unconstitutional and unlawful Presidential election in Wisconsin.

4. Plaintiff has a reasonable likelihood of success on the merits of this case because he has in his Complaint and will through such further evidence as may be presented in a hearing set out a *prima facie* case to support his claims.

5. Plaintiff has standing as a candidate for President of the United States under the Electors Clause of the United States Constitution because he has been injured in fact by the violations described in the Complaint. *See, e.g., Carson v. Simon*, 978 F.3d 1051, 1057-59 (8th Cir. 2020).

6. Plaintiff also satisfies the criteria for prudential standing. *Id.*

---

[1] All capitalized terms not defined herein shall have the meaning specified in Plaintiff's *Complaint for Expedited Declaratory and Injunctive Relief Pursuant to Article II of the United States Constitution*.

7. Plaintiff is likely to succeed on the merits of his claims for the reasons explained in the Complaint.

8. By its plain terms, the Electors Clause vests the power to determine the manner of selecting electors exclusively in the 'Legislature' of each state." *Carson v. Simon*, 978 F.3d 1051, 1059–60 (8th Cir. 2020).

9. As described in the Complaint, the Defendants infringed the exclusive province of the Legislature under the Electors Clause.

10. Defendants' conduct has caused and will cause Plaintiff irreparable harm. Defendants have undermined the constitutionally authorized process for appointing Electors and will continue to do so unless the relief requested in the Complaint is granted.

11. The public interest weighs strongly in favor of an injunction. "The precedent it would set to allow an executive branch official to negate the duly-enacted election laws of a state as they pertain to a presidential election is toxic to the concepts of the rule of law and fair elections." *Carson*, 978 F.3d at 1061.

12. Plaintiff does not seek a remedy disenfranchising any lawful votes. Rather, he asks the Court uphold the rule of law and the important separation of powers principles in the U.S. Constitution which are intended to protect all voters in the country, both those inside and outside Wisconsin, in elections for President and Vice President of the United States, and asks that this Court:

   a) Identify and declare the constitutional violations that have occurred as described in the Complaint,

   b) Remand this matter to the Wisconsin Legislature for its consideration as to a remedy, and

      c)    Enjoin the Defendants from any further actual or threatened actions that would infringe on the authority of the Wisconsin Legislature.

13.    As the Eighth Circuit recently held, [w]hile injunctive relief preserving the ability to effectuate [state] election law, as written by the Legislature, has some potential for administrative disruption and voter confusion, this die was cast long ago. Voter confusion was inevitable once the [state official] issued guidance to voters that was directly in contradiction to [state] election law. An orderly process [is] hopelessly compromised when [a state official] usurp[s] the authority of the Legislature under the Electors Clause of the Constitution." *Carson*, 978 F.3d at 1061. These are not novel or antiquated concepts as the Supreme Court has repeatedly confirmed in the precedents identified in Plaintiff's Complaint and as the Eighth Circuit reaffirmed just days ago.

14.    If Defendants are not enjoined from further violating the Wisconsin Election Code and the Electors and Elections, Equal Protection, and Due Process Clauses of the United States Constitution, Plaintiff will suffer further irreparable harm for which there is no adequate remedy at law.

15.    The threatened harm to Plaintiff outweighs any harm to Defendants if the preliminary injunction is granted.

16.    In light of the limited time in which the Court has to address the Complaint, Plaintiff requests a hearing on this Motion to take place within forty-eight (48) hours of the filing of this Motion or such other shortened time period which the Court determines to be reasonable under the circumstances and which will permit all parties an opportunity for appeals at all levels of the federal judicial system to be completed by December 11, 2020.

17.    Plaintiff requests that, following the hearing on this Motion, the Court grant the

Motion and enter an order Declaring:

    a) That the Defendants violated the Electors Clause by failing to abide by the direction of the Wisconsin Legislature in connection with the conduct of the 2020 Presidential Election in Wisconsin;

    b) Declaring that the Defendants violated the Equal Protection and Due Process Clauses in connection with the conduct of the 2020 Presidential Election in Wisconsin; and,

    c) Declaring that the constitutional violations of the Defendants likely tainted more than 50,000 ballots, a number well in excess of the current estimated difference between the Wisconsin vote totals for the Republican and Democrat candidates for President of the United States.

18. Plaintiff also requests that, following the hearing on this Motion, the Court enter an order remanding this case to the Wisconsin Legislature to consider the Defendants' violations of the Electors, Equal Protection and Due Process Clauses and determine what remedy, if any, the Wisconsin Legislature will impose within its authority pursuant to the Electors Clause.

19. Plaintiff also requests that, following the hearing on this Motion, the Court enter an order enjoining any actions inconsistent with the Court's declaration and judgment.

20. Plaintiff further requests that the Court award Plaintiff his costs and attorneys' fees under 42 U.S.C. § 1983 and any other applicable authority, and that Plaintiff receive such additional relief as the Court deems just and proper.

21. Pursuant to Civil L. R 7(a)(2), Plaintiff states that no memorandum or other supporting papers will be filed and that he will instead rely on the substance of the Complaint, the exhibits attached thereto and such other evidence which may be adduced at the hearing or

identified in any reply brief or subsequent pleading.

Therefore, Plaintiff Donald J. Trump requests the Court set this matter for hearing and requests a hearing on this Motion to take place within forty-eight (48) hours of the filing of this Motion or such other shortened time period which the Court determines to be reasonable under the circumstances and which will permit all parties an opportunity for appeals at all levels of the federal judicial system to be completed by December 11, 2020, and thereafter grant the relief set forth above, and grant all other relief which the Court deems just and proper.

Respectfully Submitted,

KROGER, GARDIS & REGAS, LLP

/s/ William Bock, III
William Bock III, Indiana Attorney No. 14777-49
James A. Knauer, Indiana Attorney No. 5436-49
Kevin D. Koons, Indiana Attorney No. 27915-49

ATTORNEYS FOR PLAINTIFF DONALD J. TRUMP

KROGER, GARDIS & REGAS, LLP
111 Monument Circle, Suite 900
Indianapolis, IN 46204
Phone: (317) 692-9000

6