UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| Donald J. Trump, Candidate for President of the United States of America,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>The Wisconsin Elections Commission, and its members, Ann S. Jacobs, Mark L. Thomsen, Marge Bostelman, Dean Knudson, Robert F. Spindell, Jr., in their official capacities, Scott McDonell in his official capacity as the Dane County Clerk, George L. Christenson in his official capacity as the Milwaukee County Clerk, Julietta Henry in her official capacity as the Milwaukee Election Director, Claire Woodall-Vogg in her official capacity as the Executive Director of the Milwaukee Election Commission, Mayor Tom Barrett, Jim Owczarski, Mayor Satya Rhodes-Conway, Maribeth Witzel-Behl, Mayor Cory Mason, Tara Coolidge, Mayor John Antaramian, Matt Krauter, Mayor Eric Genrich, Kris Teske, in their official Capacities; Douglas J. La Follette, Wisconsin Secretary of State, in his official capacity, and Tony Evers, Governor of Wisconsin, in his Official capacity.<br><br>　　　　Defendants. | Case No. 2:-20-cv-01785 |

**EXPEDITED REQUESTS FOR PRODUCTION TO**
**THE WISCONSIN ELECTIONS COMMISSION**

　　Plaintiff Donald J. Trump ("Plaintiff"), by his undersigned attorneys, and pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure hereby propounds the following requests for production to the Wisconsin Elections Commission, to be answered in writing, fully, and without evasion within thirty (3) days or such other deadline as the Court may order.

Exhibit A

## DEFINITIONS AND INSTRUCTIONS

1. **Communication.** The term "communication" or "communicate" means or refers to any oral or written utterance, notation, or statement of any nature whatsoever, and any non-verbal transmission, relay or exchange of information or knowledge, by and to whomsoever made, including but not limited to correspondence, telecopied, telephonic, wire or computer transmissions, text or other instant messages, e-mail, conversations, dialogues, discussions, interviews, consultations, agreements, and understandings between or among two or more persons.

2. **Document.** The term "document" means all written, printed, typed, recorded, or graphic matter of every kind and description, however produced or reproduced, and all attachments and appendices thereto. Without limiting the foregoing, "document" includes all agreements, contracts, communications, correspondence, letters, telegrams, telecopies, telexes, messages, memoranda, records, reports, books, summaries, diaries, diary entries, calendars, appointment books, time records, instructions, work assignments, visitor records, forecasts, statistical data, statistical statements, financial statements, work sheets, work papers, drafts, graphs, maps, charts, tables, accounts, analytical records, consultants' reports, appraisals, bulletins, brochures, pamphlets, circulars, trade letters, press releases, notes, notices, marginal notations, notebooks, telephone bills or records, bills, statements, records of obligations and expenditure, invoices, lists, journals, advertising, recommendations, files, printouts, compilations, tabulations, purchase orders, receipts, sell orders, confirmations, checks, canceled checks, letters of credit, envelopes or folders or similar containers, vouchers, analyses, studies, surveys, transcripts of hearings, transcripts of testimony, expense reports, microfilm, microfiche, articles, speeches, tape or disc recordings, sound recordings, video recordings, film, tape photographs, punch cards, programs, data compilations from which information can be obtained (including matter used in data processing), text or other instant messages, e-mail, and other printed, written, handwritten, typewritten, recorded, stenographic, computer-generated, computer-stored, or electronically-stored matter, however, and by whomever produced, prepared, reproduced, disseminated, or made. "Document" means and includes all items that are in Your possession, control, or custody, or in the possession, control, or custody of any attorney, agent or representative for You. Any document bearing or containing notations, markings, codes, data or writing of any kind different from the original shall be treated and produced as an original document.

3. **Person.** The term "person" means any natural individual in any capacity whatsoever or any entity or organization, including divisions or departments thereof, and shall include but not be limited to a public or private corporation, partnership, joint venture, voluntary or unincorporated association, organization or proprietorship.

4. **Identify**. The term "identify" means, in the case of:

(A) an individual, to state the person's (i) full name, (ii) present or last known business address and business telephone number, (iii) present or last known home address and home telephone number, (iv) present or last known business affiliation or affiliation with any party to this action, and (v) present or last known job title and a description of his or her duties and

2

responsibilities if ever employed or affiliated with any of the parties to this action, and the dates of any such employment;

(B) an organization or entity (*e.g.*, a corporation, partnership or association), to state: (i) the type of organization or entity, (ii) its current address and telephone number, (iii) the state in which it is organized (*e.g.*, incorporated), and (iv) the identity of its chief executive, managing person, or principals; and

(C) a document, whether or not such document presently exists, to state: (i) the date the document bears or bore, or, if undated, the date on which it was written, (ii) the name and address of each person who wrote it or participated in the writing of it, (iii) the identity of each person who received a copy, (iv) a description of the document, including a description of its subject matter, and (v) the present location and custodian of the document, including the litigation file number or Bates or other document production number, if any, assigned to the document.

5. **Refer to.** The terms "refer to" or "referring to" mean, without limitation, in whole or in part constituting, discussing, covering, relating to, or mentioning directly or indirectly in any way the subject matter identified in a particular request.

6. **Relate to.** The terms "relate to" or "relating to" mean, without limitation, in whole or in part constituting, discussing, covering, relating to, or mentioning directly or indirectly in any way the subject matter identified in a particular request.

7. **"You," "Your," "Defendant," and "Wisconsin Elections Commission"** refer to Defendant, the Wisconsin Election Commission, and all of its past or present agents, representatives, investigators, contractors, consultants, accountants, attorneys, trustees, divisions, departments, affiliates, subsidiaries, joint ventures, parents, predecessors in interest, successors in interest, members, and all of its, his, or their present or former officers, directors, employees, trustees, and all persons acting or purporting to act on its behalf.

8. The connectives **"and"** and **"or"** shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside of its scope.

9. **"All," "any,"** and **"each"** appearing individually shall be construed as meaning all, any, and each collectively.

10. The use of the singular form of any word includes the plural and vice versa.

11. Each paragraph is to be construed independently and not by or with reference to any other paragraph for purposes of limiting the scope of any particular request.

12. These requests shall be deemed continuing in nature to the extent permitted under law, and You are requested to provide by way of supplementary responses thereto such additional information as You, or any person acting on Your behalf, may hereafter obtain which augment or modify Your answers. You are under a similar duty to correct any incorrect response when You

3

later learn that it is incorrect. Such supplementary response is to be served upon Plaintiff's attorneys promptly.

13. If You object to an request or sub-part thereof as calling for information which is beyond the scope of discovery (*e.g.*, "not reasonably calculated to lead to the discovery of admissible evidence," "work product," "unduly burdensome," "not proportional to the needs of the case" etc.), You must, nevertheless, answer the request or sub-part thereof to the extent that it is not objectionable.

14. With respect to any document for which a privilege is being asserted, identify such document by stating:

    (a) The name, title and job or position of the document's author, its sender, and every person who received or saw the document or any of its copies;

    (b) The date of the document;

    (c) The physical description of the document, including size, length, typed or handwritten, etc.;

    (d) A brief description of the document's subject matter;

    (e) The basis for the privilege asserted; and

    (f) The name, title and job or position of all persons on whose behalf the privilege is asserted.

15. With respect to any conversation for which a privilege is being asserted, identify by stating:

    (a) When the conversation occurred;

    (b) Where the conversation occurred;

    (c) The name, title and job or position of each person who was present at or during the conversation whether or not such conversation was in person or by telephone;

    (d) A brief description of the conversation's subject matter;

    (e) The basis for the privilege; and

    (f) The name, title and job or position of all persons on whose behalf the privilege is asserted.

4

Case 2:20-cv-01785-BHL   Filed 12/04/20   Page 4 of 7   Document 28-1

# REQUESTS FOR PRODUCTION

**Request No. 1**: Please provide all forms, rules, standards and/or procedures promulgated by the Wisconsin Elections Commission regarding the use of absentee ballot drop boxes including but not limited to:

a.) the security of such boxes and their contents;

b.) the conditions by which individuals may access the boxes;

c.) the standards and procedures for transferring ballots from the boxes;

d.) the records used to document the transfer of ballots from the boxes;

e.) standards and procedures for security and monitoring of the boxes;

f.) standards and procedures for taking possession of the boxes at the time of polls closing, documenting the time of pickup, the chain of custody of ballots deposited in the boxes and/or which cover the transfer of the ballots from the boxes to other locations; and

g.) Documents sufficient to identify the date(s) on which the Wisconsin Elections Commission first generally provided each such form, rule, standard and/or procedure to Wisconsin local election officials including municipal and/or county clerks.

**RESPONSE:**

**Request No. 2:** Please provide all forms, rules, standards and/or procedures promulgated by the Wisconsin Elections Commission regarding how and/or whether local election officials are to engage in altering, amending, curing, fixing and/or repairing defects on absentee ballot elector certification and/or witness certifications (hereafter "Absentee Ballot Certification Alterations"), including but not limited to any such forms, rules, standards and/or procedures which address:

a.) which election officials may make Absentee Ballot Certification Alterations;

b.) how to determine whether to make an Absentee Ballot Certification Alteration or Alterations;

c.) whether and when to contact the elector concerning possible Absentee Ballot Certification Alterations;

(d) which Absentee Ballot Certification Alterations are permissible;

(e) how to document and/or notate Absentee Ballot Certification Alterations; and

(f) records to be kept concerning Absentee Ballot Certification Alterations.

**RESPONSE:**

**Request No. 3:** Please provide all forms, rules, standards and/or procedures promulgated by the Wisconsin Elections Commission regarding public access, watchers and/or observers in connection with the delivery, receipt, casting, voting, canvassing, challenging and tabulation of absentee ballots.

**RESPONSE:**

    Respectfully Submitted,

    KROGER, GARDIS & REGAS, LLP

    /s/ William Bock, III
    William Bock III, Indiana Attorney No. 14777-49
    James A. Knauer, Indiana Attorney No. 5436-49
    Kevin D. Koons, Indiana Attorney No. 27915-49

    ATTORNEYS FOR PLAINTIFF DONALD J. TRUMP

KROGER, GARDIS & REGAS, LLP
111 Monument Circle, Suite 900

Indianapolis, IN 46204
Phone: (317) 692-9000