| | |
|---|---|
| Donald J. Trump, Candidate for President of the United States of America, ) ) ) ) Plaintiff, ) ) vs. ) ) ) The Wisconsin Elections Commission, and its ) members, Ann S. Jacobs, Mark L. Thomsen, ) Marge Bostelman, Dean Knudson, Robert F. ) Spindell, Jr., in their official capacities, Scott ) McDonell in his official capacity as the Dane ) County Clerk, George L. Christenson in his ) official capacity as the Milwaukee County Clerk, ) Julietta Henry in her official capacity as the ) Milwaukee Election Director, Claire Woodall- ) Vogg in her official capacity as the Executive ) Director of the Milwaukee Election Commission, ) Mayor Tom Barrett, Jim Owczarski, Mayor Satya ) Rhodes-Conway, Maribeth Witzel-Behl, Mayor ) Cory Mason, Tara Coolidge, Mayor John ) Antaramian, Matt Krauter, Mayor Eric Genrich, ) Kris Teske, in their official Capacities; Douglas J. ) La Follette, Wisconsin Secretary of State, in his ) official capacity, and Tony Evers, Governor of ) Wisconsin, in his Official capacity. ) ) ) Defendants. | Case No. 2:-20-cv-01785 |

**EXPEDITED REQUESTS FOR ADMISSION TO**
**THE WISCONSIN ELECTIONS COMMISSION**

Plaintiff Donald J. Trump ("Plaintiff"), by his undersigned attorneys, and pursuant to Rules 36 of the Federal Rules of Civil Procedure hereby propounds the following request for admission to the Wisconsin Elections Commission, to be answered in writing, fully, and without evasion within three (3) days or such other deadline as the Court may order.

# INSTRUCTIONS

A.     Pursuant to Federal Rule 36(a)(3), each matter for which an admission is requested shall be admitted unless, by the deadline to answer as has been determined by the Court, you serve on the Plaintiff's counsel a written answer or objection signed by you or your attorney.

B.     If an objection is made, the reason for objecting shall be stated. Pursuant to Federal Rule 36(a)(4), each response must specifically admit or deny the subject matter of the Request or set forth in detail the reasons why you cannot truthfully admit or deny the subject matter of the Request. A denial shall fairly meet the substance of the requested admission, and when good faith requires that you qualify an answer or deny only part of the matter of which an admission is requested, you shall specify so much of the Request that is true and qualify or deny the remainder.

C.     Pursuant to Federal Rule 36(a)(4), you may not give lack of information or knowledge as a reason for failure to admit or deny unless you state that you have made a reasonable inquiry and the information known or readily obtainable by you is insufficient to enable you to admit or deny the request.

D.     Pursuant to Federal Rule 26(e), you are requested to timely supplement your responses to these discovery requests if you learn that a response is in some material respect incomplete or incorrect and if the additional or corrective material has not otherwise been made known to the Plaintiff during the discovery process or in writing.

# DEFINITIONS

1.     **Communication.** The term "communication" or "communicate" means or refers to any oral or written utterance, notation, or statement of any nature whatsoever, and any non-verbal transmission, relay or exchange of information or knowledge, by and to whomsoever made, including but not limited to correspondence, telecopied, telephonic, wire or computer transmissions, text or other instant messages, e-mail, conversations, dialogues, discussions, interviews, consultations, agreements, and understandings between or among two or more persons.

2.     **Document.** The term "document" means all written, printed, typed, recorded, or graphic matter of every kind and description, however produced or reproduced, and all attachments and appendices thereto. Without limiting the foregoing, "document" includes all agreements, contracts, communications, correspondence, letters, telegrams, telecopies, telexes, messages, memoranda, records, reports, books, summaries, diaries, diary entries, calendars, appointment books, time records, instructions, work assignments, visitor records, forecasts, statistical data, statistical statements, financial statements, work sheets, work papers, drafts, graphs, maps, charts, tables, accounts, analytical records, consultants' reports, appraisals, bulletins, brochures, pamphlets, circulars, trade letters, press releases, notes, notices, marginal notations, notebooks,

telephone bills or records, bills, statements, records of obligations and expenditure, invoices, lists, journals, advertising, recommendations, files, printouts, compilations, tabulations, purchase orders, receipts, sell orders, confirmations, checks, canceled checks, letters of credit, envelopes or folders or similar containers, vouchers, analyses, studies, surveys, transcripts of hearings, transcripts of testimony, expense reports, microfilm, microfiche, articles, speeches, tape or disc recordings, sound recordings, video recordings, film, tape photographs, punch cards, programs, data compilations from which information can be obtained (including matter used in data processing), text or other instant messages, e-mail, and other printed, written, handwritten, typewritten, recorded, stenographic, computer-generated, computer-stored, or electronically-stored matter, however, and by whomever produced, prepared, reproduced, disseminated, or made. "Document" means and includes all items that are in Your possession, control, or custody, or in the possession, control, or custody of any attorney, agent or representative for You. Any document bearing or containing notations, markings, codes, data or writing of any kind different from the original shall be treated and produced as an original document.

5. **Refer to.** The terms "refer to" or "referring to" mean, without limitation, in whole or in part constituting, discussing, covering, relating to, or mentioning directly or indirectly in any way the subject matter identified in a particular request.

6. **Relate to.** The terms "relate to" or "relating to" mean, without limitation, in whole or in part constituting, discussing, covering, relating to, or mentioning directly or indirectly in any way the subject matter identified in a particular request.

7. **"You," "Your," "Defendant," and "Wisconsin Elections Commission"** refer to Defendant, the Wisconsin Election Commission, and all of its past or present agents, representatives, investigators, contractors, consultants, accountants, attorneys, trustees, divisions, departments, affiliates, subsidiaries, joint ventures, parents, predecessors in interest, successors in interest, members, and all of its, his, or their present or former officers, directors, employees, trustees, and all persons acting or purporting to act on its behalf.

8. The connectives **"and"** and **"or"** shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside of its scope.

9. **"All," "any,"** and **"each"** appearing individually shall be construed as meaning all, any, and each collectively.

10. The use of the singular form of any word includes the plural and vice versa.

11. Each paragraph is to be construed independently and not by or with reference to any other paragraph for purposes of limiting the scope of any particular request.

12. These requests shall be deemed continuing in nature to the extent permitted under law, and You are requested to provide by way of supplementary responses thereto such additional information as You, or any person acting on Your behalf, may hereafter obtain which augment or modify Your answers. You are under a similar duty to correct any incorrect response when You

3

later learn that it is incorrect. Such supplementary response is to be served upon Plaintiff's attorneys promptly.

13. If You object to an request or sub-part thereof as calling for information which is beyond the scope of discovery (*e.g.*, "not reasonably calculated to lead to the discovery of admissible evidence," "work product," "unduly burdensome," "not proportional to the needs of the case" etc.), You must, nevertheless, answer the request or sub-part thereof to the extent that it is not objectionable.

14. With respect to any document for which a privilege is being asserted, identify such document by stating:

    (a) The name, title and job or position of the document's author, its sender, and every person who received or saw the document or any of its copies;

    (b) The date of the document;

    (c) The physical description of the document, including size, length, typed or handwritten, etc.;

    (d) A brief description of the document's subject matter;

    (e) The basis for the privilege asserted; and

    (f) The name, title and job or position of all persons on whose behalf the privilege is asserted.

15. With respect to any conversation for which a privilege is being asserted, identify by stating:

    (a) When the conversation occurred;

    (b) Where the conversation occurred;

    (c) The name, title and job or position of each person who was present at or during the conversation whether or not such conversation was in person or by telephone;

    (d) A brief description of the conversation's subject matter;

    (e) The basis for the privilege; and

    (f) The name, title and job or position of all persons on whose behalf the privilege is asserted.

## REQUEST FOR ADMISSION

**Request No. 1**: Admit that the exhibits attached to Plaintiff's complaint and specifically identified as Exhibits 2, 13, 14, 32, 35, and 36 are true, accurate, and complete copies of documents published or issued by the Wisconsin Elections Commission in its official capacity.

**RESPONSE:**


**Request No. 2**: Admit that the exhibit attached to Plaintiff's complaint and specifically identified as Exhibit 18 is a true, accurate, and complete list of ballot drop box locations and instructions prepared and issued by the Wisconsin Elections Commission in its official capacity.

**RESPONSE:**

                Respectfully Submitted,

                KROGER, GARDIS & REGAS, LLP

                /s/ William Bock, III
                William Bock III, Indiana Attorney No. 14777-49
                James A. Knauer, Indiana Attorney No. 5436-49
                Kevin D. Koons, Indiana Attorney No. 27915-49

                ATTORNEYS FOR PLAINTIFF DONALD J. TRUMP

KROGER, GARDIS & REGAS, LLP
111 Monument Circle, Suite 900
Indianapolis, IN 46204
Phone: (317) 692-9000