**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN**

DONALD J. TRUMP, Candidate for President
of the United States of America,

        Plaintiff

  v.

THE WISCONSIN ELECTIONS
COMMISSION, et al.,

        Defendants.

No. 2:20-cv-01785

---

## Proposed Intervenor-Defendant Democratic National Committee's Proposed Answer to "Complaint for Expedited Declaratory and Injunctive Relief Pursuant to Article II of the United States Constitution" (ECF No. 1)

---

Proposed Intervenor-Defendant DNC Services Corporation/Democratic National Committee ("DNC"), by and through its attorneys, answers Plaintiff's "Complaint for Expedited Declaratory and Injunctive Relief Pursuant to Article II of the United States Constitution" (ECF No. 1) ("complaint") as set forth below. Unless expressly admitted, each allegation in the complaint is denied, and the DNC demands strict proof thereof.

## PARTIES

1. Admit.

2. Admit that the complaint purports to sue Ms. Jacobs in her official capacity as a member of the WEC.

3. Admit that the complaint purports to sue Mr. Thomsen in his official capacity as a member of the WEC.

4. Admit that the complaint purports to sue Ms. Bostelmann in her official capacity as a member of the WEC.

5. Admit that the complaint purports to sue Mr. Knudson in his official capacity as a member of the WEC.

6. Admit that the complaint purports to sue Mr. Spindell in his official capacity as a member of the WEC.

7. Admit that the complaint purports to sue Mr. McDonell in his official capacity as a member of the WEC.

8. Admit that the complaint purports to sue Mr. Christenson in his official capacity as the Milwaukee County Clerk.

9. Admit that the complaint purports to sue Ms. Henry in her official capacity as Milwaukee Election Director.

10. Admit that the complaint purports to sue Ms. Woodall-Vogg in her official capacity as the Executive Director of the Milwaukee Election Commission.

11. Admit that the complaint purports to sue Mayor Barrett in his official capacity as Mayor of the City of Milwaukee.

12. Admit that the complaint purports to sue Mr. Owczarski in his official capacity as City Clerk of the City of Milwaukee.

1

13.  Admit that the complaint purports to sue Mayor Rhodes-Conway in her official capacity as Mayor of the City of Madison.

14.  Admit that the complaint purports to sue Ms. Witzel-Behl in her official capacity as City Clerk of the City of Madison.

15.  Admit that the complaint purports to sue Mayor Mason in his official capacity as Mayor of the City of Racine.

16.  Admit that the complaint purports to sue Ms. Coolidge in her official capacity City Clerk of the City of Racine.

17.  Admit that the complaint purports to sue Mayor Antaramian in his official capacity as Mayor of the City of Kenosha.

18.  Admit that the complaint purports to sue Mr. Krauter in his official capacity as City Clerk of the City of Kenosha.

19.  Admit that the complaint purports to sue Mayor Genrich in his official capacity as Mayor of the City of Green Bay.

20.  Admit that the complaint purports to sue Ms. Teske in her official capacity as City Clerk of the City of Green Bay.

21.  Admit that the complaint purports to sue Mr. La Follette in his official capacity as the Wisconsin Secretary of State, and by virtue of his responsibility under the Wisconsin Constitute and Wis. Stat. § 6.30 to affix the seal of the State and register commissions.

22.  Admit that the complaint purports to sue Governor Evers in his official capacity as the Governor of Wisconsin, and by virtue of his roles as the Chief Executive of the State of Wisconsin and under 3 U.S.C. § 6 in the certification activities for Presidential electors.

## JURISDICTION AND VENUE

23.   Admit that the complaint purports to assert an action that arises under 24 U.S.C. §

1983 and Art. I, § 4, cl. 2, Art. II, § 1, cl. 4, and the First and Fourteenth Amendments of the United States Constitution.

24.   Proposed Intervenor-Defendant DNC denies that this Court has subject-matter jurisdiction.

25.  Proposed Intervenor-Defendant DNC denies that venue is appropriate in this district.

26.  Denied.[1]

27.  Admit that this paragraph contains accurate quotations of *Bush v. Gore*, 531 U.S. 98, 113 (2000) (Rehnquist, C.J., concurring); in all other aspects, denied.

28.  This paragraph, including all subparts thereof, are denied in their entirety.

29.  Denied.

30.  Admit that this paragraph contains accurate quotations of Wis. Stat. § 6.84(1); in all other aspects, denied.

31.  Admit that Plaintiff seeks the remedies described in this paragraph; in all other aspects, denied.

32.  Admit.

33.  Admit that Plaintiff seeks the relief described in this paragraph; in all other aspects, denied.

34.  Admit that Plaintiff has filed the certificate referenced in this paragraph; in all other aspects, denied.

35.   Denied. Proposed Intervenor-Defendant DNC specifically denies that Plaintiff's requests for relief are based on facts not significantly in dispute.

---

[1] To the extent the non-paragraph numbered section titles are considered allegations of the complaint, the statements therein are mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, such statements in section titles are denied.

36. Proposed Intervenor-Defendant DNC admits that Plaintiff's requests for relief are based on the allegations made in the paragraphs of the complaint that follow. Deny that Plaintiff is entitled to any of the requested relief, and Intervenor-Defendant disputes those allegations as set forth in those paragraphs.

37. Proposed Intervenor-Defendant DNC admits that this paragraph contains accurate quotations of Article II of the United States Constitution; in all other aspects, denied.

38. Proposed Intervenor-Defendant DNC admits that this paragraph contains an accurate quotation of *Bush v. Palm Beach Cty. Canvassing Bd.*, 531 U.S. 70, 76 (2000); in all other aspects, denied.

39. Proposed Intervenor-Defendant DNC admits that this paragraph contains an accurate quotation of *Bush v. Gore,* 531 U.S. 98, 104 (2000); in all other aspects, denied.

40. This paragraph contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, denied.

41. This paragraph contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, denied.

42. This paragraph contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, denied.

43. Proposed Intervenor-Defendant DNC admits that this paragraph contains accurate quotations of *Anderson v. Celebrezze,* 460 U.S. 780, 794-95 (1983); the remainder of this paragraph contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, denied.

44. Proposed Intervenor-Defendant DNC admits that this paragraph contains an accurate quotation of *Anderson v. Celebrezze,* 460 U.S. 780, 794-95 (1983).

45. This paragraph contains mere characterizations, legal contentions, conclusions, and

4

opinions to which no response is required.  To the extent a response is required, denied.

46.    This paragraph contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required.  To the extent a response is required, denied.

47.    This paragraph contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required.  To the extent a response is required, denied.

48.    Proposed Intervenor-Defendant DNC admits that this paragraph contains an accurate quotation of *Morrison v. Olson,* 487 U.S. 654, 697 (1988) (Scalia, J., dissenting).

49.    Proposed Intervenor-Defendant DNC admits that this paragraph contains an accurate quotation of *Morrison v. Olson,* 487 U.S. 654, 697 (1988) (Scalia, J., dissenting).

50.    This paragraph contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required.  To the extent a response is required, denied.

51.    This paragraph contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required.  To the extent a response is required, denied.

52.    This paragraph contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required.  To the extent a response is required, denied.

53.    Proposed Intervenor-Defendant DNC admits that this paragraph contains an accurate quotation of *Federalist* 45.

54.    Proposed Intervenor-Defendant DNC admits that this paragraph contains accurate quotations of *Bond v. United States,* 564 U.S. 211, 181, 220-21 (2011).

55.    Proposed Intervenor-Defendant DNC admits that this paragraph contains accurate quotations of *FERC v. Mississippi,* 456 U.S. 742 (1982) and *Gregory v. Ashcroft,* 501 U.S. 452 (1991).

5

56.     This paragraph contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required.  To the extent a response is required, denied.

57.     This paragraph contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required.  To the extent a response is required, denied.

58.     This paragraph contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required.  To the extent a response is required, denied.

59.     This paragraph contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required.  To the extent a response is required, denied.

60.     This paragraph contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required.  To the extent a response is required, denied.

61.     This paragraph contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required.  To the extent a response is required, denied.

62.     This paragraph contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required.  To the extent a response is required, denied.

63.     This paragraph contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required.  To the extent a response is required, Intervenor-DNC denies that any actions in the 2020 Presidential Election have usurped the power invested in the Wisconsin Legislature.

64.     This paragraph contains vague characterizations, legal contentions, conclusions, and opinions to which no response is required.  To the extent a response is required, Intervenor-DNC lacks knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 64, and they are therefore denied.

65.     Proposed Intervenor-Defendant DNC admits that the Speaker of the Wisconsin

6

Legislature made the statements in Exh. 1 to the complaint. Proposed Intervenor-Defendant DNC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations made in paragraph 65, and they are therefore denied.

66.     Admitted.

67.     This paragraph contains characterizations, legal contentions, conclusions, and opinions as to what the "Plaintiff recognizes," to which no response is required. To the extent a response is required, Intervenor-DNC lacks knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 67, and they are therefore denied.

68.     Proposed Intervenor-Defendant DNC admits that this paragraph contains accurate quotations of *Marbury v. Madison,* 5 U.S. 137, 177, 2 L. Ed. 60 (1803).

69.     This paragraph contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, denied.

70.     This paragraph contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, denied.

71.     Proposed Intervenor-Defendant DNC admits that this paragraph contains an accurate quotation of *Bush v. Gore*, 531 U.S. 98, 104 (2000).

72.     This paragraph contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, denied.

73.     Proposed Intervenor-Defendant DNC admits that the Wisconsin Election Code, Wis. Stat. §§ 5-12, et seq., contains laws regarding the conduct of Presidential elections in Wisconsin. The remainder of this paragraph contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, denied.

74.     The Wisconsin Statutes and specifically Wis. Stat. § 5.02 (6m) (a)-(g), speak for

7

themselves, in the context of the Wisconsin Election Code. Intervenor-DNC denies any remaining allegations of this paragraph.

75. This paragraph contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, denied.

76. This paragraph contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, denied.

77. This paragraph contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, denied.

78. This paragraph contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required.  To the extent a response is required, the provisions of Wisconsin Statutes relating to the exceptions to the photo identification requirement speak for themselves.

79. This paragraph contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required.  To the extent a response is required, the provisions of Wisconsin Statutes relating to the exceptions to the photo identification requirement speak for themselves.

80. This paragraph contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, the provisions of Wisconsin Statutes relating to the exceptions to the photo identification requirement speak for themselves.

81. This paragraph contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required.  To the extent a response is required, the provisions of Wisconsin Statutes relating to the exceptions to the photo identification requirement speak for

8

themselves.

82.     The provisions of Wis. Stat. § 6.87(4)(b)3 speak for themselves, in the context of the Wisconsin Election Code.

83.     Denied.

84.     Admitted that this paragraph contains an accurate quotation of the March 29, 2020, statement by the Wisconsin Election Commission cited in footnote 15.  Denied that this guidance was in place for the 2020 Presidential Election or that any Wisconsin voter in the 2020 Presidential Election claimed they were indefinitely confined in any way inconsistent with the Wisconsin Election Code.

85.     Denied.

86.     Denied.

87.     Denied.

88.     Denied.

89.     Denied.  Further denied that this guidance was in place for the 2020 Presidential Election or that any Wisconsin voter in the 2020 Presidential Election claimed they were indefinitely confined in any way inconsistent with the Wisconsin Election Code.

90.     This paragraph, including all subparts thereof, are denied in their entirety.  Further denied that this guidance was in place for the 2020 Presidential Election or that any Wisconsin voter in the 2020 Presidential Election claimed they were indefinitely confined in any way inconsistent with the Wisconsin Election Code.

91.     Denied.

92.     Proposed Intervenor-Defendant DNC lacks knowledge or information sufficient to form

9

a belief as to the truth of the allegations made in paragraph 92, and they are therefore denied. Further denied that this guidance was in place for the 2020 Presidential Election or that any Wisconsin voter in the 2020 Presidential Election claimed they were indefinitely confined in any way inconsistent with the Wisconsin Election Code.

93.     Proposed Intervenor-Defendant DNC lacks knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 93, and they are therefore denied. Further denied that this guidance was in place for the 2020 Presidential Election or that any Wisconsin voter in the 2020 Presidential Election claimed they were indefinitely confined in any way inconsistent with the Wisconsin Election Code.

94.     Proposed Intervenor-Defendant DNC denies that any instruction by the Dane County Clerk was given to "side-step the law" or encourage voters to vote in contravention of Wisconsin law.  The remainder of this paragraph contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required.  To the extent a response is required, denied.

95.     This paragraph contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required.  To the extent a response is required, denied.

96.     Proposed Intervenor-Defendant DNC admits that the Dane County Clerk emailed an announcement and instructions to clerks responsible for administering elections in the municipalities within Dane County.  That email speaks for itself.  The remainder of this paragraph contains mere characterizations, legal contentions, vague conclusions, and opinions to which no response is required.  To the extent a response is required, denied.

97.     Proposed Intervenor-Defendant DNC admits that a notice was given by the Milwaukee County Clerk. That notice speaks for itself.  The remainder of this paragraph contains mere

10

characterizations, legal contentions, vague conclusions, and opinions to which no response is required.  To the extent a response is required, denied.

98.     Proposed Intervenor-Defendant DNC lacks knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 98, and they are therefore denied.

99.     Proposed Intervenor-Defendant DNC admits that the article cited in footnote 21 in paragraph 99 contains the quoted language and purports to be written by Wisconsin Senators Roger Roth and Jim Steineke.   Intervenor-DNC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations made in paragraph 99, and they are therefore denied.

100.    This paragraph contains mere characterizations, assumptions, legal contentions, conclusions, and opinions to which no response is required.  To the extent a response is required, denied.

101.    Admit that the earlier (March 2020) guidance described in the complaint with respect to the April 2020 primary election was not in place for the 2020 Presidential Election.  The remainder of this paragraph contains mere characterizations, legal contentions, vague conclusions, and opinions to which no response is required.  To the extent a response is required, denied. Further denied that any Wisconsin voter in the 2020 Presidential Election claimed they were indefinitely confined in any way inconsistent with the Wisconsin Election Code.

102.    Denied. Further denied that any Wisconsin voter in the 2020 Presidential Election claimed they were indefinitely confined in any way inconsistent with the Wisconsin Election Code, much less that there was "a wide scale failure to apply Wisconsin voting laws".

103.    Denied.

104.    Denied.

105.    Denied.

106.    Admit that in 2019, approximately 72,000 Wisconsin voters were identified as indefinitely confined.  Admit that for the November 2020 Presidential Election, approximately 243,900 voters were identified as indefinitely confined.  As to all remaining allegations in paragraph 106, denied.  Further denied that any Wisconsin voter in the 2020 Presidential Election claimed they were indefinitely confined in any way inconsistent with the Wisconsin Election Code, much less than 170,000 "or more" individuals who identified as indefinitely confined for the November 2020 Presidential Election did so in any way inconsistent with the Wisconsin Election Code.

107.    Denied.

108.    Denied.

109.    Admitted.

110.    This paragraph contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required.  To the extent a response is required, denied.

111.    This paragraph contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required.  To the extent a response is required, denied. Proposed Intervenor-Defendant DNC lacks sufficient knowledge to confirm or deny the remaining allegations in Paragraph 111 and therefore deny.

112.    This paragraph contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required.  To the extent a response is required, denied.

113.    The provisions of Wis. Stat. § 6.84(1) speak for themselves, in the context of the Wisconsin Election Code.

114.    This paragraph contains mere characterizations, legal contentions, conclusions, and

opinions to which no response is required. To the extent a response is required, denied.

115. This paragraph contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, denied.

116. This paragraph contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, denied.

117. Paragraph 117 attempts to quote, paraphrase, and/or interpret a report of the "Carter-Baker Commission." To the extent that the characterization or interpretation differs from the text of the report, denied. Proposed Intervenor-Defendant DNC denies any remaining allegations of Paragraph 117.

118. This paragraph contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, denied.

119. This paragraph attempts to quote, paraphrase, and/or interpret a manual of the U.S. Department of Justice. To the extent that the characterization or interpretation differs from the text of the manual, denied. Proposed Intervenor-Defendant DNC denies any remaining allegations of this paragraph.

120. This paragraph attempts to quote, paraphrase, and/or interpret a manual of the U.S. Department of Justice. To the extent that the characterization or interpretation differs from the text of the manual, denied. Proposed Intervenor-Defendant DNC denies any remaining allegations of this paragraph.

121. This paragraph attempts to quote, paraphrase, and/or interpret a manual of the U.S. Department of Justice. To the extent that the characterization or interpretation differs from the text of the manual, denied. Proposed Intervenor-Defendant DNC denies any remaining allegations of this paragraph.

13

122.     This paragraph attempts to quote, paraphrase, and/or interpret a manual of the U.S. Department of Justice. To the extent that the characterization or interpretation differs from the text of the manual, denied.  Proposed Intervenor-Defendant DNC denies any remaining allegations of this paragraph.

123.     This paragraph contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required.  To the extent a response is required, denied.

124.     This paragraph attempts to quote, paraphrase, and/or interpret a survey. To the extent that the characterization or interpretation differs from the text of the survey, denied. Intervenor-DNC denies any remaining allegations of this paragraph.

125.     This paragraph attempts to quote, paraphrase, and/or interpret a survey. To the extent that the characterization or interpretation differs from the text of the survey, denied.  Proposed Intervenor-Defendant DNC denies any remaining allegations of this paragraph.

126.     This paragraph contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required.  To the extent a response is required, denied.

127.     This paragraph contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required.  To the extent a response is required, denied.

128.     This paragraph contains mere vague generalizations, characterizations, legal contentions, conclusions, and opinions to which no response is required.  To the extent a response is required, denied.

129.     This paragraph attempts to quote, paraphrase, and/or interpret an article from the *New York Times*. To the extent that the characterization or interpretation differs from the text of the article, denied.  Proposed Intervenor-Defendant DNC denies any remaining allegations of this paragraph.

14

130.    This paragraph contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required.  To the extent a response is required, denied.

131.    This paragraph contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required.  To the extent a response is required, denied.

132.    This paragraph contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required.  To the extent a response is required, denied.

133.    This paragraph attempts to quote, paraphrase, and/or interpret a manual of the U.S. Department of Justice. To the extent that the characterization or interpretation differs from the text of the manual, denied.  Proposed Intervenor-Defendant DNC denies any remaining allegations of this paragraph.

134.    This paragraph contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required.  To the extent a response is required, denied.

135.    This paragraph contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required.  To the extent a response is required, denied.

136.    This paragraph contains a mere characterization to which no response is required.  To the extent a response is required, denied.

137.    Admit.

138.    This paragraph contains a mere characterization or opinion to which no response is required.  To the extent a response is required, denied.

139.    Admit.

140.    This paragraph contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required.  To the extent a response is required, denied.

15

141.    This paragraph contains mere, characterizations, legal contentions, conclusions, and opinions to which no response is required.  To the extent a response is required, denied.

142.    Intervenor-DNC lacks sufficient information to confirm or deny the allegations in paragraph 142, therefore deny.

143.    This paragraph contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required.  To the extent a response is required, denied.

144.    This paragraph contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required.  To the extent a response is required, denied.

145.    This paragraph contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required.  To the extent a response is required, denied.

146.    This paragraph contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required.  To the extent a response is required, denied.

147.    This paragraph contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required.  To the extent a response is required, denied.

148.    This paragraph contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required.  To the extent a response is required, denied.

149.    This paragraph contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required.  To the extent a response is required, denied.

150.    This paragraph contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required.  To the extent a response is required, denied.

151.    This paragraph contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required.  To the extent a response is required, denied.

152. This paragraph contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, denied.

153. This paragraph contains mere characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, denied.

154. This paragraph contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, denied.

155. This paragraph contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, denied.

156. This paragraph contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, denied.

157. This paragraph contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, denied.

158. This paragraph contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, denied.

159. This paragraph contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, denied.

160. This paragraph attempts to quote, paraphrase, and/or interpret an article from a decision of the U.S. Court of Appeals for the Seventh Circuit. To the extent that the characterization or interpretation differs from the text of the decision, denied. Proposed Intervenor-Defendant DNC denies any remaining allegations of this paragraph.

161. This paragraph contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, denied.

162. This paragraph contains mere characterizations, legal contentions, conclusions, and

17

opinions to which no response is required. To the extent a response is required, denied.

163.     Admit that there was an increase in mail-in balloting in the November 3, 2020 election in Wisconsin. The remainder of this paragraph contains mere characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, denied.

164.     This paragraph contains mere characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, denied.

165.     This paragraph attempts to explain, cite, or reference data from the "U.S. Elections Project." To the extent that reference is inconsistent with the text of the source data, denied.

166.     This paragraph attempts to explain, cite, or reference data from the "U.S. Elections Project." To the extent that reference is inconsistent with the text of the source data, denied.

167.     This paragraph contains mere characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, denied.

168.     This paragraph contains mere characterizations, assumptions, conclusions, and opinions to which no response is required. To the extent a response is required, denied.

169.     Proposed Intervenor-Defendant DNC lacks sufficient information to confirm or deny the information contained in paragraph 169, and therefore deny. The "5 Mayors' Voting Plan" document speaks for itself.

170.     Proposed Intervenor-Defendant DNC lacks sufficient information to confirm or deny the information contained in paragraph 169, and therefore deny. The "5 Mayors' Voting Plan" document speaks for itself.

171.     The "5 Mayors' Voting Plan" document speaks for itself, and Proposed Intervenor-Defendant DNC denies any characterization or interpretation inconsistent with the text of that document.

172. The "5 Mayors' Voting Plan" document speaks for itself, and Proposed Intervenor-Defendant DNC denies any characterization or interpretation inconsistent with the text of that document.

173. This paragraph contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, denied.

174. This paragraph contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, denied.

175. This paragraph contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, denied. The quoted portions of the Wisconsin Statutes speak for themselves, and Proposed Intervenor-Defendant DNC denies any difference between the text of the Statute and the quoted portion.

176. This paragraph contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, denied.

177. This paragraph contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, denied.

178. This paragraph contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, denied.

179. This paragraph contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, denied. The quoted portions of the Wisconsin Statutes speak for themselves, and Intervenor-DNC denies any difference between the text of the Statute and the quoted portion.

180. This paragraph contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, denied. The

19

quoted portions of the Wisconsin Statutes speak for themselves, and Proposed Intervenor-Defendant DNC denies any difference between the text of the Statute and the quoted portion.

181.    This paragraph contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required.  To the extent a response is required, denied.

182.    The "guidance" documentation speaks for itself and Proposed Intervenor-Defendant DNC denies any allegation inconsistent with the text of the documentation. To the extent a response is required, denied.

183.    The "guidance" documentation speaks for itself and Proposed Intervenor-Defendant DNC denies any allegation inconsistent with the text of the documentation. To the extent a response is required, denied.

184.    This paragraph attempts to explain, cite, or reference data from the "CISA guidance document." To the extent that reference is inconsistent with the text of the document, denied.

185.    The "guidance" documentation speaks for itself and Intervenor-DNC denies any allegation inconsistent with the text of the documentation. To the extent a response is required, denied. The remainder of this paragraph contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required.  To the extent a response is required, denied.

186.    This paragraph contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required.  To the extent a response is required, denied.

187.    This paragraph contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required.  To the extent a response is required, denied.

188.    This paragraph contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required.  To the extent a response is required, denied.

189.    This paragraph contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required.  To the extent a response is required, denied.

190.    This paragraph contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required.  To the extent a response is required, denied.

191.    This paragraph contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required.  To the extent a response is required, denied.

192.    This paragraph contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required.  To the extent a response is required, denied.

193.    This paragraph contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required.  To the extent a response is required, denied.

194.    This paragraph contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required.  To the extent a response is required, denied.

195.    This paragraph contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required.  To the extent a response is required, denied.

196.    Proposed Intervenor-Defendant DNC lacks sufficient information to confirm or deny the allegations in this paragraph and on that basis, deny.

197.    This paragraph contains mere characterizations, assumptions, legal contentions, conclusions, and opinions to which no response is required.  To the extent a response is required, denied.

198.    This paragraph contains mere characterizations, assumptions, legal contentions, conclusions, and opinions to which no response is required.  To the extent a response is required, denied.

199.    This paragraph contains mere characterizations, assumptions, legal contentions,

conclusions, and opinions to which no response is required.  To the extent a response is required, denied.

200.    This paragraph contains mere characterizations, assumptions, legal contentions, conclusions, and opinions to which no response is required.  To the extent a response is required, denied.

201.    This paragraph contains mere characterizations, assumptions, legal contentions, conclusions, and opinions to which no response is required.  To the extent a response is required, denied.

202.    This paragraph contains mere characterizations, assumptions, legal contentions, conclusions, and opinions to which no response is required.  To the extent a response is required, denied.

203.    This paragraph contains mere characterizations, assumptions, legal contentions, conclusions, and opinions to which no response is required.  To the extent a response is required, denied.

204.    Intervenor-DNC lacks sufficient information to confirm or deny the allegations in paragraph 204 and on that basis, deny.

205.    Proposed Intervenor-Defendant DNC lacks sufficient information to confirm or deny the allegations in paragraph 204 related to the number and location of drop boxes in Madison, Wisconsin and on that basis, deny. The remainder of this paragraph contains mere characterizations, assumptions, legal contentions, conclusions, and opinions to which no response is required.  To the extent a response is required, denied.

206.    This paragraph contains mere characterizations, assumptions, legal contentions, conclusions, and opinions to which no response is required.  To the extent a response is required,

denied.

207. This paragraph contains mere characterizations, assumptions, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, denied.

208. This paragraph contains mere characterizations, assumptions, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, denied.

209. This paragraph contains mere characterizations, assumptions, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, denied.

210. This paragraph contains mere characterizations, assumptions, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, denied.

211. This paragraph contains mere characterizations, assumptions, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, denied.

212. This paragraph contains mere characterizations, assumptions, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, denied.

213. This paragraph contains mere characterizations, assumptions, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, denied.

214. This paragraph contains mere characterizations, assumptions, legal contentions,

conclusions, and opinions to which no response is required. To the extent a response is required, denied.

215. This paragraph contains mere characterizations, assumptions, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, denied.

216. Proposed Intervenor-Defendant DNC lacks sufficient information to confirm or deny the allegations in this paragraph and on that basis deny.

217. This paragraph contains mere characterizations, assumptions, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, denied.

218. Proposed Intervenor-Defendant DNC lacks sufficient information to confirm or deny the allegations in this paragraph and on that basis deny.

219. Proposed Intervenor-Defendant DNC lacks sufficient information to confirm or deny the allegations in this paragraph and on that basis deny.

220. Proposed Intervenor-Defendant DNC lacks sufficient information to confirm or deny the allegations in this paragraph and on that basis deny.

221. This paragraph contains mere characterizations, assumptions, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, denied.

222. This paragraph contains mere characterizations, assumptions, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, denied.

223. This paragraph contains mere characterizations, assumptions, legal contentions,

24

conclusions, and opinions to which no response is required. To the extent a response is required, denied.

224. Proposed Intervenor-Defendant DNC lacks sufficient information to confirm or deny the allegations in this paragraph and on that basis deny.

225. Proposed Intervenor-Defendant DNC lacks sufficient information to confirm or deny the allegations in this paragraph regarding CTCL funding distribution and on that basis deny. The remainder of this paragraph contains mere characterizations, assumptions, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, denied.

226. Proposed Intervenor-Defendant DNC lacks sufficient information to confirm or deny the allegations in this paragraph regarding CTCL funding distribution and on that basis deny.

227. This paragraph contains mere characterizations, assumptions, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, denied.

228. Proposed Intervenor-Defendant DNC lacks sufficient information to confirm or deny the allegations in this paragraph regarding CTCL funding distribution and on that basis deny. The remainder of this paragraph contains mere characterizations, assumptions, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, denied.

229. Proposed Intervenor-Defendant DNC lacks sufficient information to confirm or deny the allegations in this paragraph regarding CTCL funding distribution and on that basis deny. The remainder of this paragraph contains mere characterizations, assumptions, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required,

denied.

230. This paragraph contains mere characterizations, assumptions, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, denied.

231. This paragraph contains mere characterizations, assumptions, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, denied.

232. This paragraph contains mere characterizations, assumptions, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, denied.

233. This paragraph contains mere characterizations, assumptions, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, denied.

234. This paragraph contains mere characterizations, assumptions, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, denied.

235. This paragraph contains mere characterizations, assumptions, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, denied.

236. Proposed Intervenor-Defendant DNC lacks sufficient information to confirm or deny the allegations in this paragraph regarding observations of affiants and on that basis deny. The remainder of this paragraph contains mere characterizations, assumptions, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required,

denied.

237.    The Wisconsin Election Code speaks for itself. The remainder of this paragraph contains mere characterizations, assumptions, legal contentions, conclusions, and opinions to which no response is required.  To the extent a response is required, denied.

238.    This paragraph contains mere characterizations, assumptions, legal contentions, conclusions, and opinions to which no response is required.  To the extent a response is required, denied.

239.    This paragraph contains mere characterizations, assumptions, legal contentions, conclusions, and opinions to which no response is required.  To the extent a response is required, denied.

240.    This paragraph contains mere characterizations, assumptions, legal contentions, conclusions, and opinions to which no response is required.  To the extent a response is required, denied.

241.    This paragraph contains mere characterizations, assumptions, legal contentions, conclusions, and opinions to which no response is required.  To the extent a response is required, denied.

242.    This paragraph contains mere characterizations, assumptions, legal contentions, conclusions, and opinions to which no response is required.  To the extent a response is required, denied.

243.    This paragraph contains mere characterizations, assumptions, legal contentions, conclusions, and opinions to which no response is required.  To the extent a response is required, denied.

244.    This paragraph contains mere characterizations, assumptions, contentions, conclusions,

27

and opinions to which no response is required. To the extent a response is required, denied.

245. This paragraph contains mere characterizations, assumptions, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, denied.

246. This paragraph contains mere characterizations, assumptions, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, denied.

247. This paragraph contains mere characterizations, assumptions, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, denied.

248. This paragraph contains mere characterizations, assumptions, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, denied.

249. This paragraph contains mere characterizations, assumptions, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, denied.

250. This paragraph contains mere characterizations, assumptions, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, denied.

251. This paragraph contains conclusions and opinions to which no response is required. To the extent a response is required, denied.

252. This paragraph contains mere characterizations, assumptions, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required,

28

denied.

253. The quoted document speaks for itself. Proposed Intervenor-Defendant DNC denies any remaining allegations in paragraph 253.

254. This paragraph contains mere characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, denied.

255. This paragraph contains mere characterizations, assumptions, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, denied.

256. This paragraph contains mere characterizations, assumptions, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, denied.

257. This paragraph contains mere characterizations, assumptions, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, denied.

258. This paragraph contains mere characterizations, assumptions, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, denied.

259. This paragraph contains mere characterizations, assumptions, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, denied.

260. This paragraph contains mere characterizations, assumptions, conclusions, and opinions to which no response is required. To the extent a response is required, denied.

261. This paragraph contains mere characterizations, assumptions, legal contentions,

conclusions, and opinions to which no response is required. To the extent a response is required, denied.

262. This paragraph contains mere characterizations, assumptions, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, denied.

263. This paragraph contains mere characterizations, assumptions, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, denied.

264. This paragraph contains mere characterizations, assumptions, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, denied.

265. This paragraph contains mere characterizations, assumptions, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, denied.

266. This paragraph contains mere characterizations, assumptions, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, denied.

267. This paragraph contains mere characterizations, assumptions, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, denied.

268. This paragraph contains mere characterizations, assumptions, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, denied.

269.    This paragraph contains mere characterizations, assumptions, legal contentions, conclusions, and opinions to which no response is required.  To the extent a response is required, denied.

270.    This paragraph contains mere characterizations, assumptions, legal contentions, conclusions, and opinions to which no response is required.  To the extent a response is required, denied.

271.    This paragraph contains mere characterizations, assumptions, legal contentions, conclusions, and opinions to which no response is required.  To the extent a response is required, denied.

272.    This paragraph contains mere characterizations, assumptions, legal contentions, conclusions, and opinions to which no response is required.  To the extent a response is required, denied.

273.    This paragraph contains mere characterizations, assumptions, legal contentions, conclusions, and opinions to which no response is required.  To the extent a response is required, denied.

274.    This paragraph contains mere characterizations, assumptions, legal contentions, conclusions, and opinions to which no response is required.  To the extent a response is required, denied.

275.    This paragraph contains mere characterizations, assumptions, legal contentions, conclusions, and opinions to which no response is required.  To the extent a response is required, denied.

276.    This paragraph contains mere characterizations, assumptions, legal contentions, conclusions, and opinions to which no response is required.  To the extent a response is required,

denied.

277.    This paragraph contains mere characterizations, assumptions, legal contentions, conclusions, and opinions to which no response is required.  To the extent a response is required, denied.

278.    This paragraph contains mere characterizations, assumptions, legal contentions, conclusions, and opinions to which no response is required.  To the extent a response is required, denied.

279.    This paragraph contains mere characterizations, assumptions, legal contentions, conclusions, and opinions to which no response is required.  To the extent a response is required, denied.

280.    This paragraph contains mere characterizations, assumptions, legal contentions, conclusions, and opinions to which no response is required.  To the extent a response is required, denied.

281.    This paragraph contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required.  To the extent a response is required, denied.

282.    This paragraph contains mere characterizations, assumptions, legal contentions, conclusions, and opinions to which no response is required.  To the extent a response is required, denied.

283.    This paragraph contains mere legal contentions, conclusions, and opinions to which no response is required.  To the extent a response is required, denied.

284.    The Wisconsin Statutes speak for themselves, and Intervenor-DNC denies any representation inconsistent with their language. To the extent this paragraph contains any allegations, denied.

285. The Wisconsin Statutes speak for themselves, and Intervenor-DNC denies any representation inconsistent with their language. To the extent this paragraph contains any allegations, denied.

286. This paragraph contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, denied.

287. This paragraph contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, denied.

288. This paragraph contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, denied.

289. This paragraph contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, denied.

290. This paragraph contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, denied.

291. This paragraph contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, denied.

292. This paragraph contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, denied.

293. This paragraph contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, denied.

294. This paragraph contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, denied.

295. This paragraph contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, denied.

296.    This paragraph contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required.  To the extent a response is required, denied.

297.    This paragraph contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required.  To the extent a response is required, denied.

298.    This paragraph contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required.  To the extent a response is required, denied.

299.    This paragraph contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required.  To the extent a response is required, denied.

300.    This paragraph contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required.  To the extent a response is required, denied.

301.    This paragraph contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required.  To the extent a response is required, denied.

302.    This paragraph contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required.  To the extent a response is required, denied.

## CONCLUSION

To the extent Plaintiff makes any factual allegations in this section, denied. Proposed Intervenor-Defendant DNC denies that Plaintiff is entitled to any relief.

## **AFFIRMATIVE DEFENSES**

Proposed Intervenor-Defendant DNC asserts the following affirmative defenses without accepting any burdens regarding them and reserves the right to assert any further defenses that may become evident during the pendency of this matter:

34

## First Affirmative Defense

Plaintiff lacks standing to assert their claims.

## Second Affirmative Defense

The complaint fails, in whole or in part, to state a claim upon which relief can be granted.

## Third Affirmative Defense

Plaintiff's claims are barred by laches.

## Fourth Affirmative Defense

The complaint is barred in whole or in part by the doctrine of abstention.

## Fifth Affirmative Defense

Plaintiff is estopped and/or equitably estopped from bringing some or all of the claims asserted in the action.

## Sixth Affirmative Defense

Plaintiff's complaint fails to state a claim for relief that is plausible on its face.

## Seventh Affirmative Defense

Plaintiff's claims are barred by the doctrine of illegality.

## Eighth Affirmative Defense

Plaintiff has waived the right to bring some or all of their claims.

## Ninth Affirmative Defense

Plaintiff's unclean hands preclude relief.

## Tenth Affirmative Defense

Plaintiff's claims are barred in whole or in part by the doctrine of res judicata.

## Eleventh Affirmative Defense

Plaintiff's claims are barred in whole or in part by the failure to join an indispensable party.

## PROPOSED INTERVENOR-DEFENDANT'S REQUEST FOR RELIEF

Having answered Plaintiff's complaint, Proposed Intervenor-Defendant DNC requests that the Court:

1. Deny Plaintiff's requested relief in its entirety;

2. Dismiss Plaintiff's complaint with prejudice;

3. Award Proposed Intervenor-Defendant DNC its costs and attorneys' fees incurred in defending against Plaintiff's claims in accordance with 42 U.S.C. § 1988; and

4. Grant such other and further relief as this Court deems just and proper.

Respectfully Submitted,

*s/Michelle M. Umberger*

Seth P. Waxman*
WILMER CUTLER PICKERING HALE AND
    DORR LLP
1875 Pennsylvania Ave., NW
Washington, DC 20006
(202) 663-6000
seth.waxman@wilmerhale.com

David S. Lesser*
Jamie Dycus*
WILMER CUTLER PICKERING HALE AND
    DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
(212) 230-8800
david.lesser@wilmerhale.com
jamie.dycus@wilmerhale.com

Matthew W. O'Neill
    SBN 1019269
FOX, O'NEILL &
    SHANNON, S.C.
622 North Water Street,
    Suite 500
Milwaukee, WI 53202
(414) 273-3939
mwoneill@foslaw.com

Charles G. Curtis, Jr.
    SBN 1013075
Michelle M. Umberger
    SBN 1023801
Sopen B. Shah
    SBN 1105013
Will M. Conley
    SBN 1104680
PERKINS COIE LLP
33 East Main St., Suite 201
Madison, WI 53703
(608) 663-7460
ccurtis@perkinscoie.com
mumberger@perkinscoie.com
sshah@perkinscoie.com
wconley@perkinscoie.com

Marc E. Elias*
John Devaney*
Zachary J. Newkirk*
PERKINS COIE LLP
    700 Thirteenth St., N.W.,
    Suite 800
Washington, D.C. 20005
(202) 654-6200
melias@perkinscoie.com
jdevaney@perkinscoie.com
znewkirk@perkinscoie.com

*Application for admission pending*

*Counsel for Proposed Intervenor-Defendant*

37

**CERTIFICATE OF SERVICE**

I hereby certify that on Friday, December 4, 2020, I filed a copy of the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Michelle M. Umberger*
Counsel for Proposed Intervenor