IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| Donald J. Trump, | ) |
| | ) Case No. |
| Plaintiff, | ) 2:20-cv-01785-BHL |
| | ) |
| v. | ) |
| | ) |
| The Wisconsin Election Commission, | ) |
| *et al.*, | ) |
| Defendants. | ) |

MOTION FOR LEAVE TO FILE BRIEF OF *AMICI CURIAE* CHRISTINE TODD WHITMAN, JOHN DANFORTH, LOWELL WEICKER, *ET AL.*, IN SUPPORT OF DEFENDANTS' OPPOSITIONS TO THE MOTION FOR PRELIMINARY INJUNCTIVE RELIEF[1]

*Amici* respectfully move for leave to file a short brief as *amici curiae* in support of Defendants and in opposition to Plaintiff's motion for preliminary injunctive relief. The grounds supporting this motion are set forth below.

1.   *Amici* respectfully request that the Court consider the arguments herein and in the enclosed, short *amici* brief. The attached *amici* brief would be helpful to the Court by focusing on one reason to dismiss the Complaint and deny declaratory and injunctive relief. As a federal district court recently held, "invalidating the votes of millions" is "simply not how the Constitution works." *Donald J. Trump for President, Inc. v. Boockvar,* No. 4:20-cv-02078-MWB, 2020 WL 6821992 (M.D. Pa. Nov. 21, 2020), *aff'd,* No. 20-3371, 2020 WL 7012522 (3d Cir. Nov. 27, 2020). This is illustrated by the improper request in the Complaint

---

[1] No counsel for any party authored the *amici* brief in whole or in part and no person or entity other than *amici* made a monetary contribution to its preparation or submission.

1

for a judgment "[r]emanding this case to the Wisconsin Legislature to consider Defendants' violations of the Electors, Equal Protection and Due Process Clauses and determine what remedy, if any, the Wisconsin Legislature should impose...." Complaint, Dkt. No. 1, p. 72, Prayer, ¶ 4; *see also id.* at ¶ 31. But, for at least three reasons, the Wisconsin legislature has no authority to conduct fact-finding processes or craft remedies, including, for example, appointing electors. The Governor could not certify any electors that hypothetically might in the future purportedly be appointed by the Wisconsin legislature for the 2020 presidential election.

2. First, Wisconsin provides by statutes, Wis. Stat. § 8.25(1), for the popular election of presidential electors. The Wisconsin legislature could not appoint electors unless and until a new statute first amends that statute, or repeals and replaces it. But any such new statute "shall be subject to the veto power of the Governor as in other cases of the exercise of the lawmaking power." *Smiley v. Holm,* 285 U.S. 355, 373 (1932).

3. Second, and independently, Article II, Section 1 of the Constitution confers plenary power on Congress over the time when a state must choose electors. Congress has exercised that power in Chapter 1 of Title 3 of the U.S. Code. With one rare exception, 3 U.S.C. § 1 has implemented that power to prevent a state legislature from appointing electors after the election day determined by Congress – November 3, 2020. The rare and exclusive exception is set forth in 3 U.S.C. § 2 and applies only when a state's "election has failed to
2

make a choice." That failure does not and cannot occur simply because a losing candidate has raised challenges in and outside court. Because a failed election has not occurred here, after November 3, 2020, a state legislature cannot appoint its own slate of electors for any reason. This is essential to preserving the "trust of a Nation that here, We the People rule." *Chiafolo v. Washington,* 140 S. Ct. 2316, 2328 (2020).

4. Third, any challenges to election results are governed by Wisconsin Statutes § 9.01, which "constitutes the 'exclusive judicial remedy' applicable to [Plaintiff's] claim." *Trump v. Evers,* No. 2020AP1971-OA, at 2 (Wis. Sup. Ct. Dec. 2, 2020) (Hagedorn, J., concurring) (quoting Wis. Stat. § 9.01(11)). Wisconsin circuit courts, not the Wisconsin legislature, address any post-election disputes. *Id.* (citing Wis. Stat. §§ 9.01(6)-(8)). Moreover, for presidential electors, 3 U.S.C. § 6 and Wisconsin Statutes §§ 7.70(5)(b) require the Governor of Wisconsin to sign the certificate prepared by the Wisconsin Elections Commission "showing the determination of the results of the canvass and the names of the persons elected." That precludes the Governor from certifying any electors purportedly appointed by the legislature.

5. <u>Statement of Movant's Interest</u>. *Amici* include former Governor Christine Todd Whitman, former Senator John Danforth, former Governor and Senator Lowell Weicker, former Congressional representatives Constance Morella and Christopher Shays, Carter Phillips, former Acting Attorney General Stuart Gerson, conservative legal scholars, and others who have worked in Republican

3

federal administrations. *See* Appendix A to *Amici* Brief. Reflecting their experience in supporting the rule of law, *amici* have an interest in seeing that judicial decisions about the forthcoming election are based on sound legal principles. *Amici* speak only for themselves personally, and not for any entity or other person.

6. On December 4, 5 and 7, 2020, counsel for *amici* emailed counsel for plaintiff and defendants seeking consent to the filing of this motion and *amici* brief. On December 4, 2020, counsel for Defendant Governor Evers and counsel for Defendants Wisconsin Election Commission and each of its Commissioners, and the Secretary of State responded that they do not object. On December 4, 2020, counsel for Defendants George Christenson and Julietta Henry responded that they consent. On December 5, 2020, counsel for the City of Milwaukee Defendants Tom Barrett, Claire Woodall-Vogg and Jim Owczarski responded that they do not object. As of the filing of this motion, *amici* counsel had not yet heard from counsel for the remaining parties.

## CONCLUSION

The Court should grant *amici curiae* leave to file the enclosed brief in opposition to the motion for preliminary injunctive relief.

December 7, 2020

*Of Counsel*
RICHARD D. BERNSTEIN
1875 K Street, N.W.
Washington, D.C. 20006
(202) 303-1000
rbernsteinlaw@gmail.com

Respectfully submitted,
/s/ Nancy A. Temple
NANCY A. TEMPLE
Katten & Temple, LLP
209 S. LaSalle St., Suite 950
Chicago, IL 60604
(312) 663-0800
ntemple@kattentemple.com

4

*Counsel for Amici Curiae*

CERTIFICATE OF SERVICE

      I, Nancy A. Temple, attorney for *Amicus Curiae*, hereby certify that on the 7th day of December, 2020, I caused true and correct copies of the foregoing non-party motion and proposed brief to be served upon counsel of record via the Court's ECF system.

                                                    /s/ Nancy A. Temple
                                                   Nancy A. Temple