UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DONALD J TRUMP,

              Plaintiff,

                                                  Case No. 20-cv-1785-bhl

    v.

THE WISCONSIN ELECTIONS
COMMISSION, et al.,

              Defendants.

---

## ORDER GRANTING PERMISSIVE INTERVENTION
---

        On December 2, 2020, plaintiff Donald J. Trump filed a complaint against 22 defendants, including the Wisconsin Election Commission, five members of the commission, and a number of other state and local officials.  (ECF No. 1.)  Plaintiff claims the defendants violated the United States Constitution by administering the November 3, 2020 election inconsistently with state law, permitting ballots to be illegally cast and counted.  (*Id.*)  As a remedy for the election officials' conduct, he seeks declaratory relief and an order from this court "remanding" the case to the Wisconsin Legislature to consider defendants' violations and determine what remedy, if any, the Wisconsin Legislature should impose within its authority pursuant to the Electors Clause of Article II of the Constitution.  (*Id.*)

        Within 48 hours of the complaint's filing, two different groups filed motions to intervene in the lawsuit under Fed. R. Civ. P. 24.  On December 3, 2020, the Wisconsin State Conference NAACP, Dorothy Harrell, Wendell J. Harris, Sr., and Earnestine Moss (collectively the NAACP) asked to join as intervenor-defendants.  (ECF No. 16.)  On December 4, 2020, the Democratic National Committee (DNC) also moved to intervene as an intervenor-defendant.  (ECF No. 23.)  Both sets of proposed intervenors claim to have interests in preserving the results of the November 2020 election, interests that are threatened by plaintiff's request for relief.

        The proposed intervenors presented argument on their motions at a December 4, 2020 status conference and the Court took the matter under advisement.  (ECF No. 45.)  Based on the

pleadings filed and the arguments of counsel, the Court will grant both motions to intervene under the permissive intervention provisions of Rule 24(b). The granting of these motions is subject to assurances provided by counsel for the proposed intervenors at argument that they will not add to the complexity of the case or burden the proceedings. The Court will require the intervenors to coordinate with the named defendants to avoid any duplication of proceedings.

## ANALYSIS

Federal Rule of Civil Procedure 24 allows for third parties to intervene in, and be added as parties to, pending lawsuits. Under Rule 24(a), a Court must allow intervention by anyone who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Rule 24(b) provides for permissive intervention and allows the Court discretion to allow intervention by anyone who "has a claim or defense that shares with the main action a common question of law or fact" so long as the Court also considers "whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." The proposed intervenors seek both mandatory and permissive intervention.

The law on mandatory intervention is simple in theory, but complex in practice. Under Rule 24(a), a proposed intervenor must satisfy four conditions before intervention as of right is allowed:

> (1) the application must be timely; (2) the applicant must have a direct and substantial interest in the subject matter of the litigation; (3) the applicant's interest must be impaired by disposing of the action without the applicant's involvement; and (4) the applicant's interest must not be represented adequately by one of the existing parties to the action.

*Keith v. Daley*, 764 F.2d 1265, 1268 (7th Cir. 1985). Application of these four elements to the proposed intervenors in this case is complicated.

The first element is not an issue. The NAACP and DNC filed motions to intervene within 48 hours of the filing of this case and there can be no dispute that both acted timely. The second and third conditions—whether the proposed intervenors have interests in the subject matter of this lawsuit within the meaning of Rule 24 and that those interests will be impaired or impeded by the outcome—present more of a challenge. Courts have struggled to define the type of interest that is required to trigger mandatory intervention, particularly with advocacy groups

like the NAACP and the DNC; neither the rule nor its interpretive caselaw provides a clear definition of the interests that entitle a third party to intervene.  *See, e.g., Solid Waste Agency of N. Cook Cnty. v. U.S. Army Corps of Engineers*, 101 F.3d 503, 505 (7th Cir. 1996) ("The question what 'interest' is required to support a right of intervention is a difficult one[.]"); 7C Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure §1908.1 (3d ed. 2005). This confusion likely results from the evolution of Rule 24 and its increased use in public policy cases, which involve applications that are dramatically different from those contemplated when the rule was originally enacted.[1]  Likewise, the fourth element, whether the existing parties adequately represent the movants' interests, entails a more complicated analysis.  It requires "a discerning comparison of interests" by the Court, *Driftless Area Land Conservancy v. Huebsch*, 969 F.3d 742, 748 (7th Cir. 2020), and the Seventh Circuit has three different standards "depending on the context of each case." *Planned Parenthood of Wisconsin, Inc. v. Kaul*, 942 F.3d 793, 799 (7th Cir. 2019).  "The default rule is a liberal one." *Id.*  "The requirement of the Rule is satisfied if the applicant shows that representation of his interest 'may be' inadequate; and the burden of making that showing should be treated as minimal." *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972).

   Given the fast pace of this litigation, the Court will avoid the legal quagmire surrounding the application of these broad concepts and will instead proceed directly to considering the less demanding inquiry of permissive intervention.  All permissive intervention requires "is that the applicant have a claim or defense in common with a claim or defense in the suit." *Solid Waste Agency*, 101 F.3d at 509.  "The Rule requires the court to consider 'whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights,' Fed. R. Civ. P. 24(b)(3), but otherwise does not cabin the district court's discretion." *Planned Parenthood*, 942 F.3d at 803.  The rule thus "allows the district court to consider a wide variety of factors…[and] leaves the district court with ample authority to manage the litigation before it." *Id.*

   Both the NAACP and DNC assert they have defenses that share common questions of law and fact with the main action, and that they can contribute key perspectives and complete the development of issues before the Court.  (ECF Nos. 17, 24.)  They also argue that their interventions would not delay or prejudice the original parties.  (*Id.*)  Given the commonality of

---

[1] *See* Annie T. Stanford, Note, *Politics and the Courtroom: A Battle Between Federal Rule of Civil Procedure 24 and Amicus Curiae Briefs*, 97 WASH. U. L. REV. 1269 (2020).

interests in the defenses raised, the promptness with which the motions were filed, and the proposed intervenors' assurances that they will respond to plaintiff's filings on the same timeline as the named defendants, the Court agrees that permissive intervention is appropriate. The Court emphasizes that its decision to grant permissive intervention is premised on the proposed intervenors' assurances that they will work to ensure that judicial economies are maintained and will not be a burden on further proceedings.

## CONCLUSION

Because the movants have established that intervention is appropriate under Federal Rule of Civil Procedure 24(b) and Seventh Circuit precedent, the Court will grant their motions to intervene. Allowing the limited intervention of these two sets of interested parties will protect important rights, while protecting against the overcomplication of this litigation. *See Smuck v. Hobson*, 408 F.2d 175, 179-80 (D.C. Cir. 1969) (en banc) ("The decision whether intervention of right is warranted thus involves an accommodation between two potentially conflicting goals: to achieve judicial economies of scale by resolving related issues in a single lawsuit, and to prevent the single lawsuit from becoming fruitlessly complex or unending.").

Accordingly, **IT IS HEREBY ORDERED:**

1. The motions to intervene, ECF Nos. 16 and 23, are GRANTED.
2. The intervenors may respond to plaintiff's complaint, ECF No. 1, and plaintiff's motion for declaratory and injunctive relief, ECF No. 6, no later than **5:00 p.m. on Tuesday, December 8, 2020.** The intervenors must coordinate with other defense counsel to avoid duplication of proceedings.

Dated at Milwaukee, Wisconsin on December 8, 2020.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge