IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

DONALD J. TRUMP, CANDIDATE FOR
PRESIDENT OF THE UNITED STATES OF
AMERICA,

      Plaintiff,

  v.                                    Case No. 20-CV-1785

WISCONSIN ELECTIONS
COMMISSION, et al.,

      Defendants.

**CIVIL L. R. 7(H) EXPEDITED NONDISPOSITIVE MOTION TO STAY EVIDENTIARY HEARING OR, IN THE ALTERNATIVE, TO QUASH SUBPOENA FOR MEAGAN WOLFE BY DEFENDANTS WISCONSIN ELECTIONS COMMISSION AND ITS MEMBERS AND WISCONSIN SECRETARY OF STATE DOUGLAS LA FOLLETTE**

Defendants Wisconsin Elections Commission and its members and Wisconsin Secretary of State Douglas La Follette ("State Defendants") will today move to dismiss Plaintiff's complaint based on the lack of federal jurisdiction, among other threshold defects. Until that motion is resolved, the Court should stay the evidentiary hearing currently scheduled for Thursday, December 10. In the alternative, the Court should quash the subpoena for Meagan Wolfe. There is no material factual dispute on any of the issues to which she might reasonably be expected to testify and her testimony would be irrelevant to the legal issues presented here.

## ARGUMENT

### I. The evidentiary hearing should be stayed pending resolution of the motion to dismiss.

When a motion to dismiss is pending, a district court has wide discretion to stay or limit discovery. *See U.S. Catholic Conference v. Abortion Rights Mobilization, Inc.*, 487 U.S. 72, 79–80 (1988). Whether a stay is appropriate requires balancing "the competing interests of the parties and the interest of the judicial system," including whether a stay will (1) simplify the issues in question and streamline the trial; (2) reduce the burden of litigation on the parties and on the court; and (3) unduly prejudice or tactically disadvantage the non-moving party. *In re Groupon Derivative Litig.*, 882 F. Supp. 2d 1043, 1045 (N.D. Ill. 2012) (citation omitted).

All these factors support staying the upcoming evidentiary hearing. First, resolving the threshold issues in the motion to dismiss will not only simplify but eliminate any issues to be tried. Significant doubts exist about whether the Court can exercise jurisdiction over this case. Those questions should be resolved before

spending the Court's and the parties' resources on an evidentiary hearing. Second, staying the evidentiary hearing will significantly reduce the burden on all parties, many of whom are simultaneously litigating nearly identical issues in multiple other matters. Finally, staying the hearing will not unduly prejudice Plaintiff, who acknowledges that the relevant facts are "not significantly in dispute." (Dkt. 1:8.) Moreover, to the extent any prejudice might exist, that is Plaintiff's own fault—his tardy filing is the sole reason for this highly compressed timeline. That delay should not be rewarded by affording Plaintiff a federal stage for his meritless claims, before even proving that this Court has jurisdiction to consider this case or that his complaint states a claim. The evidentiary hearing should be stayed.

## II. Alternatively, the Court should quash the subpoena for Meagan Wolfe.

A court must quash a subpoena where requiring the witness to testify would impose an undue burden. *See* Fed. R. Civ. P. 45(d)(3)(A)(iv); *see also CSC Holdings, Inc. v. Redisi*, 309 F.3d 988, 993 (7th Cir. 2002). Relevant factors include whether the sought-after testimony will be material to the claim at issue; whether the testimony would be "unreasonably cumulative or duplicative"; and whether the information could be obtained "from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2); *see CSC Holdings*, 309 F.3d at 993.

This case involves claims about the legality behind the Wisconsin Elections Commission guidance on three topics: (1) when voters may be considered "indefinitely confined" for purposes of Wisconsin's voter ID law; (2) the use of absentee ballot drop boxes; and (3) how local election officials should treat missing information on

absentee ballot witness certifications. (*See* Dkt. 1:13–26, 37–47, 55–60.) Plaintiff admits that these claims are "based on public documents and facts not significantly in dispute"[1] and that the Commission's motives for issuing this guidance "are not at issue here" and "no[t] relevant." (Dkt. 1:8, 20, 57.) In short, none of Plaintiff's claims involve any material factual disputes.

Nonetheless, Plaintiffs have subpoenaed Meagan Wolfe, Administrator of the Commission, and intend to have her testify about "the policies, procedures and activities of the Wisconsin Elections Commission . . . including, but not limited to, funding, training, directives, interpretations and other communications issued to election officials." (*See* Dkt. 51:2.)

It is difficult to see how any of these broad topics are relevant to the legal issues presented here, let alone how they implicate any materially disputed facts. Even if this case proceeded past the pleading stage—which it should not, as explained in the forthcoming motion to dismiss—it would turn on disputed issues of law, not fact. Specifically, the Commission would argue that the three pieces of guidance at issue comply with state law, and Plaintiff would disagree. But the factual content of that guidance is in the record and undisputed, and so all that remains would be a legal dispute for the lawyers. Administrator Wolfe's testimony would add nothing material.

To avoid unduly burdening Administrator Wolfe by requiring her to testify about irrelevant facts, this Court should quash the subpoena for her testimony, if the Court does not stay the evidentiary hearing entirely.

---

[1] All three guidance documents are in the record. (*See* Dkt. 12-2; 12-13; 12-35.)

3

Dated this 8th day of December 2020.

Respectfully submitted,

JOSHUA L. KAUL
Attorney General of Wisconsin

Electronically signed by:

s/Steven C. Kilpatrick
STEVEN C. KILPATRICK
Assistant Attorney General
State Bar #1025452

COLIN T. ROTH
Assistant Attorney General
State Bar #1103985

THOMAS C. BELLAVIA
Assistant Attorney General
State Bar #1030182

GABE JOHNSON-KARP
Assistant Attorney General
State Bar #1084731

Attorneys for Wisconsin Elections Commission and its members, and Secretary of State La Follette

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 266-1792 (SCK)
(608) 264-6219 (CTR)
(608) 266-8690 (TCB)
(608) 267-8904 (GJK)
(608) 294-2907 (Fax)
kilpatricksc@doj.state.wi.us
rothct@doj.state.wi.us
bellaviatc@doj.state.wi.us
johnsonkarpg@doj.state.wi.us

4