UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

DONALD J. TRUMP, Candidate for President of the
United States of America,

       Plaintiff,

    v.                                       Case No.: 2:20-cv-01785-BHL

THE WISCONSIN ELECTIONS COMMISSION, and its
Members, ANN S. JACOBS, MARK L. THOMSEN,
MARGE BOSTELMANN, DEAN KNUDSON,
ROBERT F. SPINDELL, JR., in their official capacities,
SCOTT MCDONELL in his official capacity as the Dane
County Clerk, GEORGE L. CHRISTENSON in his
official capacity as the Milwaukee County Clerk,
JULIETTA HENRY in her official capacity as the
Milwaukee Election Director, CLAIRE WOODALL-
VOGG in her official capacity as the Executive Director
of the Milwaukee Election Commission, MAYOR TOM
BARRETT, JIM OWCZARSKI, MAYOR SATYA
RHODES-CONWAY, MARIBETH WITZEL-BEHL,
MAYOR CORY MASON, TARA COOLIDGE,
MAYOR JOHN ANTARAMIAN, MATT KRAUTER,
MAYOR ERIC GENRICH, KRIS TESKE, in their
official capacities; DOUGLAS J. LA FOLLETTE,
Wisconsin Secretary of State, in his official capacity, and
TONY EVERS, Governor of Wisconsin, in his official capacity,

       Defendants.

**CIVIL L. R. 7(h) EXPEDITED NONDISPOSITIVE MOTION TO QUASH SUBPOENA, FOR PROTECTIVE ORDER OR ORDER *IN LIMINE* BARRING TESTIMONY OF MARIBETH WITZEL-BEHL AND DELAYING ANY EVIDENTIARY HEARING**

       Defendants Scott McDonnell, Mayor Satya Rhodes-Conway and Maribeth Witzel-Behl respectfully move the Court to quash the subpoena of Maribeth Witzel-Behl and for a protective order or order *in limine* barring adverse examination of defendant Maribeth Witzel-Behl at the

hearing on plaintiff's motion for emergency relief scheduled for Thursday, December 10, 2020, at 9:00 a.m. In support of this motion, movants show the Court as follows:

1. The Court scheduled a hearing on plaintiff's motion for emergency relief for 9:00 a.m. on Thursday, December 10, 2020.

2. Plaintiff filed a witness list on Sunday, December 6, 2020, indicating that plaintiff intends to conduct an adverse examination of Maribeth Witzel-Behl as part of that hearing.

3. On December 7, 2020, at 4:20 P.M., Attorney Michael P. May received via e-mail a subpoena purporting to compel Ms. Witzel-Behl to appear as a witness on December 10, 2020 at 9:00 A.M.

4. Plaintiff has not been clear and complete in describing the purported evidence sought to be adduced from Ms. Witzel-Behl. Defendants question whether the description of the testimony sought is sufficient to put defendants on notice of the nature of the examination. Apparently, plaintiff seeks to obtain testimony on the administration of elections in Madison, Wisconsin.

5. The issues before the court in this case are purely legal issues, and do not involve factual determinations about the conduct of elections in Madison, Wisconsin. This is reflected in the Motions to Dismiss filed by defendants, relying on purely legal arguments. Elections are conducted pursuant to the provisions of chapters 5-12 of the Wisconsin Statutes, Rules and Guidance issued by the Wisconsin Elections Commission, and municipal ordinances establishing polling places. These are questions that may be answered as a matter of law, and there is no need for an election official to explain them. Whatever Ms. Witzel-Behl has to say will not add to record in a way that assists the court's determination.

6. To the extent plaintiff does not understand election administration in Wisconsin, plaintiff should have obtained such information prior to filing the complaint in this action, since the causes of action all relate to election administration.

7. In addition to barring the testimony of Ms. Witzel-Behl, defendants ask the Court to refrain from holding an evidentiary hearing until Defendants' motion to dismiss is considered. Defendants have raised defenses of standing, mootness and laches. Ms. Witzel-Behl's testimony is unnecessary to decide those issues. Moreover, the Court must address standing before it addresses the merits of the case. *Bensman v. U.S. Forest Serv.*, 408 F.3d 945, 952-53 (7th Cir. 2005) ("Before we may address the merits, we must consider the "threshold jurisdictional question" of whether [appellants] have standing to maintain this action.").

8. Because the testimony of Ms. Witzel-Behl would not advance the court's determination of the legal issues before it, and would unduly delay the final determinations in this case, she should not be required to testify.

9. The same arguments advanced on behalf of Ms. Witzel-Behl would apply to other municipal officials whose testimony is sought.

WHEREFORE, defendants Scott McDonnell, Mayor Satya Rhodes-Conway and Maribeth Witzel-Behl respectfully move for an order quashing the subpoena directed to Ms. Witzel-Behl, and a protective order or order *in limine* barring the adverse examination of Ms. Witzel-Behl.

Dated this 8th day of December, 2020.

        BOARDMAN & CLARK LLP
        By

        */s/ Michael P. May*
        Michael P. May, SBN 1011610
        James E. Bartzen, SBN 1003047
        Barry J. Blonien, SBN 1078848
        Attorneys for Defendants Mayor Satya Rhode-Conway, Maribeth Witzel-Behl and Scott McDonnell

        U.S. Bank Plaza, Suite 410
        1 South Pinckney Street
        P.O. Box 927
        Madison, Wisconsin 53701-0927
        (608) 257-9521
        mmay@boardmanclark.com
        jbartzen@boardmanclark.com
        bblonien@boardmanclark.com