No. _____

# In the Supreme Court of Wisconsin

DONALD J. TRUMP, MICHAEL R. PENCE, and DONALD J. TRUMP FOR PRESIDENT, INC.,

PETITIONERS,

*v.*

ANTHONY S. EVERS, Governor of Wisconsin in his official capacity, THE WISCONSIN ELECTIONS COMMISSION, ANN S. JACOBS, Chair of the Wisconsin Elections Commission in her official capacity, SCOTT MCDONELL, Dane County Clerk in his official capacity, ALAN A. ARNSTEN, Member of the Dane County Board of Canvassers in his official capacity, JOYCE WALDROP, Member of the Dane County Board of Canvassers in her official capacity, GEORGE L. CHRISTENSON, Milwaukee County Clerk in his official capacity, TIMOTHY H. POSNANSKI, Member of the Milwaukee County Board of Canvassers in his official capacity, RICHARD BASS, Member of the Milwaukee County Board of Canvassers in his official capacity, and DAWN MARTIN, Member of the Milwaukee County Board of Canvassers in her official capacity,

RESPONDENTS.

## PETITION FOR ORIGINAL ACTION
## PURSUANT TO WIS. STAT. § 809.70

James R. Troupis, SBN 1005341
**Troupis Law Office LLC**
4126 Timber Ln.
Cross Plains, WI 53528-9786
Phone: 608.305.4889
Email: troupisjames@gmail.com

R. George Burnett, SBN 1005964
**Conway, Olejniczak & Jerry S.C.**
231 S. Adams St.
Green Bay, WI 54305-3200
Phone: 920.437.0476
Email: rgb@lcojlaw.com

*Counsel for Petitioners*

**EXHIBIT 1**

No. _____

# In the Supreme Court of Wisconsin

DONALD J. TRUMP, MICHAEL R. PENCE, and DONALD J. TRUMP FOR PRESIDENT, INC.,

PETITIONERS,

*V.*

ANTHONY S. EVERS, Governor of Wisconsin in his official capacity, THE WISCONSIN ELECTIONS COMMISSION, ANN S. JACOBS, Chair of the Wisconsin Elections Commission in her official capacity, SCOTT MCDONELL, Dane County Clerk in his official capacity, ALAN A. ARNSTEN, Member of the Dane County Board of Canvassers in his official capacity, JOYCE WALDROP, Member of the Dane County Board of Canvassers in her official capacity, GEORGE L. CHRISTENSON, Milwaukee County Clerk in his official capacity, TIMOTHY H. POSNANSKI, Member of the Milwaukee County Board of Canvassers in his official capacity, RICHARD BASS, Member of the Milwaukee County Board of Canvassers in his official capacity, and DAWN MARTIN, Member of the Milwaukee County Board of Canvassers in her official capacity,

RESPONDENTS.

## PETITION FOR ORIGINAL ACTION PURSUANT TO WIS. STAT. § 809.70

James R. Troupis, SBN 1005341
**Troupis Law Office LLC**
4126 Timber Ln.
Cross Plains, WI 53528-9786
Phone: 608.305.4889
Email: troupisjames@gmail.com

R. George Burnett, SBN 1005964
**Conway, Olejniczak & Jerry S.C.**
231 S. Adams St.
Green Bay, WI 54305-3200
Phone: 920.437.0476
Email: rgb@lcojlaw.com

*Counsel for Petitioners*

## ISSUES PRESENTED BY THE CONTROVERSY

1. Whether absentee ballots issued in-person to voters by municipal clerks' offices in Milwaukee County and Dane County without the required written application, pursuant to Wis. Stat. § 6.86(1)(ar), are illegal and invalid.

2. Whether absentee ballots issued by municipal clerks' offices in Milwaukee County and Dane County without the required written application, pursuant to Wis. Stat. § 6.86(1)(ar), should be excluded from the Presidential Election results in Wisconsin as required by Wis. Stat. § 6.84(2).

3. Whether absentee ballots accompanied by incomplete certifications or on which municipal clerks added missing information in contravention of Wis. Stat. §§ 6.84(2) and 6.87(6d) are illegal and invalid.

4. Whether absentee ballots accompanied by incomplete certifications or on which municipal clerks added missing information in contravention of Wis. Stat. §§ 6.84(2) and 6.87(6d) should be excluded from the Presidential Election results in Wisconsin as required by Wis. Stat. § 6.84(2).

5. Whether absentee ballots cast by electors claiming Indefinite Confinement status, which status was claimed on or after March 25, 2020, for which there was no voter identification provided are illegal and invalid.

6. Whether absentee ballots cast by electors claiming Indefinite Confinement status, which status was claimed on or after March 25, 2020, for which there was no voter identification provided should be excluded from the Presidential Election results in Wisconsin.

7. Whether stationing poll workers, receiving ballots, witnessing ballot certifications and other clerk's office activities in Madison's "Democracy in the Park" events complied with Wisconsin Election laws.

8. Whether relief by drawdown is appropriate for legal violations committed at the "Democracy in the Park" events.

## INTRODUCTION[1]

The 2020 Presidential Election (the "Election") is one of the closest contests in history, with Wisconsin and other states reporting results within a single percentage point. Recounts or other actions have been undertaken in Georgia, Pennsylvania, Michigan, Arizona, and Nevada as well as in Wisconsin, and the outcome of the Election hangs in the balance.

The unofficial results of the Election in Wisconsin reported by the Wisconsin Elections Commission ("WEC") indicate that President Donald J. Trump and Vice President Michael R. Pence received 1,610,076 votes and

---

[1] Citations to "App. ___" refer to the page(s) of the Appendix filed with Petitioners' Petition for Original Action in this matter; citations to the transcript of the Recount proceedings in Milwaukee County appear as "Milwaukee Cty. Trans. [date] at [page:line]" and citations to the transcript of the Recount proceedings in Dane County appear as "Dane Cty. Trans. [date] at [page:line]."

3

Joseph R. Biden and Senator Kamala D. Harris received 1,630,503 votes, a difference of 20,427 votes or 0.620%. WEC, Unofficial Results for the November 3, 2020 General Election, *available at* https://elections.wi.gov/node/7234. The final results of the recount and statewide canvas were made by WEC on Monday, November 30, 2020 in the late afternoon. The final totals relevant to this Petition were President Donald J. Trump and Vice President Michael R. Pence 1,610,184 and Joseph R. Biden and Senator Kamala D. Harris 1,630,866. Milwaukee Cty. Trans. 11/27/20 at 27:11-28:7, App. 122-123; Dane Cty. Trans. 11/29/20 at 12:15-13:5, App. 263; WEC, Signed Canvass for President – Vice President, *available at* https://elections.wi.gov/sites/elections.wi.gov/files/2020-11/Jacobs%20-%20Signed%20Canvass%20for%20President%20-%20Vice%20President.pdf.

Petitioners, President Donald J. Trump and Vice President Michael R. Pence, as candidates for the offices of President and Vice President of the United States, requested a recount of the results in both Milwaukee County and Dane County pursuant to Wis. Stat. § 9.01(1)(a)1. (the "Recount"). The Recount Petition details mistakes, irregularities and illegal behavior affecting more than enough votes to alter the outcome of the Election. WEC, Trump Campaign Recount Petition, *available at* https://elections.wi.gov/sites/elections.wi.gov/files/2020-

4

11/Trump%20Campaign%20Recount%20Petition.pdf.          The    Recount

verified those claims.

While there was a pattern of activities improperly undertaken that affected the Election, four stand out: (1) a total of at least 170,140 absentee ballots were improperly counted as they were issued without the elector having first submitted a written application as expressly required by Wis. Stat. § 6.86(1)(ar); (2) no less than 5,517absentee ballots were improperly counted as the certifications were, when received by the clerks' offices, incomplete and, as to a substantial proportion, the clerks' offices subsequently altered the certifications by inserting missing information; (3) 28,395 absentee ballots were counted that were improperly cast by individuals claiming Indefinite Confinement status even as there was "reliable information that [the]… elector no longer qualifies for the service." Wis. Stat. 6.86(2); and (4) 17,271 absentee ballots were improperly cast or received at "Democracy in the Park" events.

Despite clear law to the contrary and the express objections by Petitioners to the inclusion of the ballots identified in the Recount totals, the Milwaukee County and Dane County Boards of Canvassers improperly included those ballots in their Recount totals.  The Milwaukee County and Dane County Boards of Canvassers' decisions are in direct conflict with applicable Wisconsin Statutes and case law and implicate an urgent matter

5

of state-wide and national importance.

The matter has been made even more urgent by Governor Evers' illegal attempt to certify the election and name Wisconsin's electors prior to the closing of the post-recount appeal deadline allowed to Petitioners. *See* Wis. Stat. § 7.70(5)(a)("When a valid petition for recount is filed … the governor or commission may not issue a certificate of election until the recount has been completed and the time allowed for filing an appeal has passed, or if appealed until the appeal is decided.); Wis. Stat. § 9.01(6)("within 5 business days after completion of the recount determination by the commission chairperson … any candidate … aggrieved by the recount may appeal …").

This matter warrants the Court's exercise of its original jurisdiction.

## STATEMENT OF FACTS

1. Petitioner, Donald J. Trump, is the sitting President of the United States. President Trump is a resident of the State of Florida.

2. Petitioner, Michael R. Pence, is the sitting Vice President of the United States. Vice President Pence is a resident of the State of Indiana.

3. Petitioner, Donald J. Trump for President, Inc. (the "Trump Campaign"), is the Presidential Campaign of the sitting President of the United States. The Trump Campaign's principal office is located at 725 Fifth

6

Avenue, New York, NY 10022 and the Trump Campaign has numerous local offices throughout the State of Wisconsin.

4.     Respondent Anthony S. Evers is the Governor of the State of Wisconsin, with his principal office, in his official capacity, located at 115 East, State Capitol, Madison, WI 53702.

5.     The Wisconsin Elections Commission is an agency of the State of Wisconsin established to administer and enforce state election laws, with its principal office located at 212 East Washington Ave., Third Floor, Madison, WI 53707.

6.     Respondent Ann S. Jacobs is the Chair of the Wisconsin Elections Commission, with her principal office, in her official capacity, located at 212 East Washington Ave., Third Floor, Madison, WI 53707.

7.     Respondent Scott McDonell is the Dane County Clerk and a Member of the Dane County Board of Canvassers, with his principal office, in his official capacity, located at 210 Martin Luther King Jr. Blvd., Madison, WI 53703.

8.     Respondent Alan A. Arnsten is a Member of the Dane County Board of Canvassers, with his principal office, in his official capacity, located at 210 Martin Luther King Jr. Blvd., Madison, WI 53703.

9.     Respondent Joyce Waldrop is a Member of the Dane County Board of Canvassers, with her principal office, in her official capacity,

located at 210 Martin Luther King Jr. Blvd., Madison, WI 53703.

10.     Respondent George L. Christenson is the Milwaukee County Clerk, with his principal office, in his official capacity, located at 901 North 9th Street, Milwaukee, WI 53233.

11.     Respondent Timothy H. Posnanski is a Member of the Milwaukee County Board of Canvassers, with his principal office, in his official capacity, located at 901 North 9th Street, Room 105, Milwaukee, WI 53233.

12.     Respondent Richard Bass is a Member of the Milwaukee County Board of Canvassers, with his principal office, in his official capacity, located at 901 North 9th Street, Milwaukee, WI 53233.

13.     Respondent Dawn Martin is a Member of the Milwaukee County Board of Canvassers, with her principal office, in her official capacity, located at 901 North 9th Street, Milwaukee, WI 53233.

14.     The unofficial results of the Election in Wisconsin indicate that President Donald J. Trump's and Vice President Michael R. Pence's electors received 1,610,076 votes and Joseph R. Biden's and Senator Kamala D. Harris' electors received 1,630,503 votes, a difference of 20,427 votes or 0.620%. The Wisconsin Elections Commission, Unofficial Results for the November 3, 2020 General Election, *available at* https://elections.wi.gov/node/7234. The totals following the recount and

canvas reported by WEC on November 30, 2020 were President Donald J. Trump's and Vice President Michael R. Pence's electors received 1,610,184 votes and Joseph R. Biden's and Senator Kamala D. Harris' electors received 1,630,866 votes. WEC, Signed Canvass for President – Vice President, *available at* https://elections.wi.gov/sites/elections.wi.gov/files/2020-11/Jacobs%20-%20Signed%20Canvass%20for%20President%20-%20Vice%20President.pdf.

15.    Petitioners, President Trump and Vice President Pence, requested, and the respective Boards of Canvassers have now completed, a recount of the results in both Milwaukee County and Dane County for the Election, pursuant to Wis. Stat. § 9.01(1)(a)1. (the "Recount").

16.    The Recount began on Friday, November 20, 2020 and was completed on Sunday, November 29, 2020. The Wisconsin Election Commission completed its review of the recount on November 30, 2020.

17.    In what appears to be an attempt to deny Petitioners their right to appeal the determination of the recount, Governor Ever's publicly stated: "Today I carried out my duty to certify the November 3rd election, and as required by state and federal law, I've signed the Certificate of Ascertainment for the slate of electors for President-elect Joe Biden and Vice President-elect Kamala                     Harris,"                     *See*

*https://www.jsonline.com/story/news/politics/elections/2020/11/30/showdo*

9

18.     The Governor's actions violate Wisconsin statutory law and the due process rights of the Petitioners under both the Wisconsin and U.S. Constitutions. *See* Wis. Stat. § 7.70(5)(a)("When a valid petition for recount is filed … the governor or commission may not issue a certificate of election until the recount has been completed and the time allowed for filing an appeal has passed, or if appealed until the appeal is decided.); Wis. Stat. § 9.01(6)("within 5 business days after completion of the recount determination by the commission chairperson … any candidate … aggrieved by the recount may appeal …"). These actions must not be allowed to stand.

19.     A total of 170,140 absentee ballots were issued and cast in Milwaukee (108,947) and Dane (61,193) Counties during the 14-day period in which in-person absentee balloting was allowed, pursuant to Wis. Stat. § 6.86(1)(b) (the "In-Person Absentee Ballots")[2]. Milwaukee Cty. Trans. 11/21/20 at 184:14-187:22, App. 61-64; Dane Cty. Trans. 11/22/20 at 57:23-59:13; 59:14-62:22, App. 144-145.

20.     Despite the fact that Wis. Stat. § 6.86(1)(ar) expressly prohibits

---

[2] Although colloquially referred to as "early voting," Wisconsin law does not actually permit early voting. Instead, Wisconsin law authorizes a 14-day window preceding the election during which electors are authorized to apply for their absentee ballot in person at their clerk's office and during which the clerk is authorized to act as the witness on an elector's absentee ballot envelope. Wis. Stat. § 6.86(1)(b). Once the completed absentee ballot envelope is witnessed by the clerk, an elector's absentee ballot is added to any absentee ballots the clerk has received by mail and processed and counted in the same manner as all other absentee ballots in the elector's ward. *Id.* These are, as a matter of law, no different than any other absentee ballot and are treated as such.

10

a clerk from issuing an absentee ballot without having first received a written application, both the Milwaukee and Dane County Clerks did not require voters to submit a written application in order to receive an absentee ballot during the 14-day in-person absentee voting period. Instead, in both Dane and Milwaukee Counties, the Canvassing Boards found that the Clerk's receipt of form EL-122 (the "Envelope" in which the absentee ballot is placed by the elector after it has already been received by the elector and after it has been completed) was sufficient to satisfy the statutory written application requirement. Milwaukee Cty. Trans. 11/20/2020 at 57:1-66:2, App. 10-19; Dane Cty. Trans. 11/22/2020 at 58:7-59:7. Other municipalities, outside of Dane and Milwaukee County followed the statute by requiring a written Application. Dane Cty. Trans. 11/28/20 at 7:7-25; Aff. Lori Opitz; App. 115 at 6:7-25, 182-183.

21. A total of 5,517 ballots were cast in Milwaukee (2,215) and Dane (3,302) Counties with incomplete or incorrect EL-122 Ballot Envelopes. Aff. Joseph Voiland at ¶4, App. 271; Aff. Kyle Hudson dated 11/30/2020 at ¶4, App. 268. Clerks changed the Ballot Envelopes after they had been submitted by supplying missing witness address information or Ballot Envelopes were left incomplete but nonetheless counted (collectively, the "Altered-Certification Absentee Ballots"). *Id.*; Aff. Claire Woodall-Vogg at ¶¶5-8. All of these ballots were improperly counted.

22.     The Wisconsin Legislature recently reaffirmed via the passage of 2015 Wis. Act 261 the long-held legal position of the State, that explicitly prohibits those actions of the Clerks and requires the exclusion of ballots contained in incomplete or improperly completed Ballot Envelopes. Wis. Stat. § 6.87(6d) ("If a certificate is missing the address of a witness, the ballot may not be counted."); *see also* 2015 Wis. Act 261, § 78 (creating Wis. Stat. § 6.87(6d)).

23.     28,395 Indefinitely Confined Absentee Ballots issued to those claiming that status after March 25, 2020, without the required photo identification, were cast in violation of law and must be excluded from any certified results of the Election. Milwaukee Cty. Trans. 11/27/20 at 19:23-22:3, App. 118-121; Dane Cty. Trans. 11/28/20 at 7:2-12:6, App. 155-156; Aff. Jordan Moskowitz (dated 11/27/20) ₽₽ 2-6, Exs. 1-4, App. 224-233.

24.     Municipal Clerks are expressly charged with the responsibility to review and expunge from the voter rolls those claiming to be Indefinitely Confined Voters when the Clerk has "reliable information that [the]… elector no longer qualifies for the service." Wis. Stat. 6.86(2)(b). Electors who claimed they were Indefinitely Confined, but were not themselves physically, ill, infirm, elderly, or disabled were also obligated to take steps to be removed from that status prior to the November 3, 2020, election. Wis. Stat. § 6.86(2)(a).  Those registering for such status after March 25, 2020

were necessarily suspect and include numerous persons easily identified. Milwaukee Cty. Trans. 11/27/20 at 19:23-22:3; App. 118-121; Dane Cty. Trans. 11/28/20 at 7:2-12:6, App. 155-156; Aff. Jordan Moskowitz (dated 11/27/20) ⫪⫪ 2-6, Exs. 1-4, App. 224-233.

25.     17,271 absentee ballots were completed and/or delivered to employees of the City of Madison on September 26, 2020, and October 3, 2020, at 206 separate locations in an event dubbed "Democracy in the Park." Dane Cty. Trans. 11/24/20 at 52:16-56:15, App. 148-149; Aff. Kyle J. Hudson (11/23/20) ¶¶3-6, Exs. B-E, App. 163-184.  The Biden Campaign widely advertised the event (Dane Cty. Trans. 11/24/20 at 57:11-58:16, App. 149-150; Aff. Kyle J. Hudson (11/23/20) ¶2, Ex. A, App. 163-166), as did the Madison City Clerk. (City of Madison, Statement of Madison City Clerk Maribeth Witzel Behl Regarding Democracy in the Park (Sept. 25, 2020), *available at* https://www.cityofmadison.com/clerk/news/statement-of-madison-city-clerk-maribeth-witzel-behl-regarding-democracy-in-the-park; *See also* App. 168-184 (City of Madison post regarding "Democracy in the Park").  The representatives of the City Clerk's Office registered voters, received ballots, helped in the completion of Ballot Envelopes, instructed on the ballot process, and acted as witnesses for voters. Dane Cty. Trans. 11/24/20 at 52:16-64:10, App. 148-151.

26.     The creation of 206 separate locations for the Clerk's Office

did not comply with Wis. Stat. 6.855(1) in numerous respects. As such, the activities conducted were illegal. In the alternative, if the recipients of the ballots were not representatives of the Clerk's Office, then their actions did not comply with the requirement that ballots must be returned by mail or delivered in person to the municipal clerk. Wis. Stat. 6.87(4)(b).

27. Absentee balloting, as opposed to voting in person at the polls on election day, is a "privilege." Wis. Stat. § 6.84(1) ("LEGISLATIVE POLICY. The legislature finds that voting is a constitutional right, the vigorous exercise of which should be strongly encouraged. In contrast, *voting by absentee ballot is a privilege* exercised wholly outside the traditional safeguards of the polling place. The legislature finds that *the privilege of voting by absentee ballot must be carefully regulated to prevent the potential for fraud or abuse*. . . .") (emphasis added).

28. Because of the higher probability that absentee balloting may be subject to "fraud or abuse … overzealous solicitation of absent electors who may prefer not to participate in an election … undue influence on an absent elector … or other similar abuses," the Legislature has made clear that the statutory requirements for absentee balloting are mandatory and must be strictly applied. *Id.*; Wis. Stat. § 6.84(2) (requiring that "matters relating to the absentee ballot process," including Wis. Stat. §§ 6.86 and 6.87(3) to (7) "shall be strictly construed as mandatory.").

14

*The In-Person Absentee Ballots*

29.     During the Recount, representatives and/or agents of Petitioners objected to the counting of any In-Person Absentee Ballots issued without a corresponding written application and requested that such ballots be rejected. Milwaukee Cty. Trans. 11/22/20 at 4:20-24, App. 68; Dane Cty. Trans. 11/20/20 at 15:9-18:14, App. 126-127.

30.     Both the Milwaukee County and Dane County Boards of Canvassers overruled Petitioners' objections to the counting of In-Person Absentee Ballots without a corresponding written application, and such ballots were included and counted in the Recount. Milwaukee Cty. Trans. 11/21/20 at 186:11-187:10, App. 63-64; Dane Cty. Trans. 11/20/20 at 36:15-40:25, App. 129-130.

31.     The Milwaukee County and Dane County Boards of Canvassers were wrong, as a matter of law, to include in the Recount In-Person Absentee Ballots issued without a corresponding written application.

32.     Wisconsin's statutes forbid clerks from issuing an absentee ballot to an elector unless the elector first submits a written application therefor:  "[T]he municipal clerk ***shall not issue an absentee ballot unless the clerk receives a written application therefor*** from a qualified elector of the municipality."  Wis. Stat. § 6.86(1)(ar) (emphasis added).

33.     The clerk must retain the written applications for absentee

15

ballots. Wis. Stat. § 6.86(1)(ar) ("The clerk shall retain each absentee ballot application until destruction is authorized under s. 7.23 (1).").

34. Our Statutes not only allow an elector to submit a written application for an absentee ballot in person, they require it.

> Any elector of a municipality who is registered to vote whenever required and who qualifies under ss. 6.20 and 6.85 as an absent elector may make written application to the municipal clerk of that municipality for an official ballot by one of the following methods:
>
> * * *
>
> 2. In person at the office of the municipal clerk or at an alternate site under s. 6.855, if applicable.

Wis. Stat. § 6.86(1)(a).

35. Likewise, the Statutes dispel the notion that a ***written*** application is not required when an elector applies in person. Indeed, when an elector applies for an absentee ballot in person, the clerk must compare the name on the written application to the name on the proof of identification produced by the elector: "The clerk shall verify that the name on the proof of identification presented by the elector conforms to the name on the elector's application and shall verify that any photograph appearing on that document reasonably resembles the elector." Wis. Stat. § 6.86(1)(ar); *see also* WI Application for Absentee Ballot, Form EL-121, App. 161-162 ("If in-person voter, check here:").

36. Compliance with the rules for absentee balloting is mandatory, and ballots cast in violation of those rules must not be counted:

16

Notwithstanding s. 5.01(1), with respect to matters relating to the absentee ballot process, ss. **6.86**, 6.87 (3) to (7) and 9.01(1)(b) 2. and 4. **shall be construed as mandatory**. **Ballots cast in contravention of the procedures specified in those provisions may not be counted. Ballots counted in contravention of the procedures specified in those provisions may not be included in the certified result of any election.**

Wis. Stat. § 6.84(2) (emphasis added); *see also Lee v. Paulson*, 2001 WI App 19, 241 Wis.2d 38, 623 N.W.2d 577 (excluding 5 absentee ballots from the certified election results because there was no corresponding written application, and the removal of the 5 ballots changed the outcome of the election).

37.     Clear and unambiguous statutory law and associated case law dictates that all In-Person Absentee Ballots issued by municipalities without the required application "***may not be counted***" and if such ballots were erroneously counted, they "***may not be included in the certified result of any election.*"** *Id.* (emphasis added).

38.     The Boards of Canvassers for Dane and Milwaukee County, however, in direct contravention of the unambiguous law, improperly included in the Recount totals the In-Person Absentee Ballots despite the lack of a written application. Municipal clerks elsewhere followed the law and required a separate application. Aff. Lori Opitz; App. 222-223.

### *Altered-Certification Absentee Ballots*

39.     During the Recount, the Petitioners objected to the counting of any Incomplete or Altered-Certification Absentee Ballots. Dane Cty. Trans.

17

11/20/20 at 48:25-49:8, App. 131; Milwaukee Cty. Trans. 11/23/20 at 25:19-27:21, App. 106-108.

40.     Both the Milwaukee County and Dane County Boards of Canvassers overruled Petitioners' objections to the counting of Altered-Certification Absentee Ballots, and such ballots were counted and included in the Recount. Dane Cty. Trans. 11/20/20 at 60:1-65:14, App. 134-135; Milwaukee Cty. Trans. 11/20/20 at 115:11-128:17, App. 28-41.

41.     The Milwaukee County and Dane County Boards of Canvassers were wrong, as a matter of law, to include Altered-Certification Absentee Ballots in the Recount.

42.     When casting an absentee ballot, the elector completes his or her ballot, places it inside the ballot certification envelope and seals it, which process must be witnessed, and the certification on the outside of the envelope requires the witness to sign *and provide his or her address*.  Wis. Stat. § 6.87 (2) (emphasis added).

43.     Without the witness's address on the certification, the absentee ballot may not be counted: "If a certificate is missing the address of a witness, the ballot *may not be counted*."  Wis. Stat. sec. 6.87 (6d) (emphasis added).

44.     There is only one statutorily authorized method for remedying an improperly completed absentee ballot certification (such as a certification lacking the witness's address), and that is to return it to the elector:  "If a

Case 2:20-cv-01785-BHL   Filed 12/08/20   Page 19 of 29   Document 73-1

municipal clerk receives an absentee ballot with an improperly completed certificate or with no certificate, the clerk may return the ballot to the elector, inside the sealed envelope when an envelope is received, together with a new envelope if necessary, whenever time permits the elector to correct the defect and return the ballot . . ." Wis. Stat. § 6.87 (9).

45.    The Boards of Canvassers for Dane and Milwaukee County improperly included in the recount totals from the Incomplete and Altered-Certification Absentee Ballots.

### Improper Indefinitely Confined Ballots.

46.    Municipal Clerks are expressly charged with the responsibility to review and expunge from the voter rolls those claiming to be Indefinitely Confined Voters when the Clerk has "reliable information that [the]… elector no longer qualifies for the service." Wis. Stat. § 6.86 (2) (b). Likewise, electors who claimed they were Indefinitely Confined, but were not themselves physically ill, infirm, elderly, or disabled, are obligated to take steps to be removed from that status prior to the November 3, 2020 election. Wis. Stat. § 6.86(2)(a).  Those registering for such status after March 25, 2020 were necessarily suspect and include numerous persons easily identified. Milwaukee Cty. Trans. 11/27/20 at 19:23-22:3, App. 118-121; Dane Cty. Trans. 11/28/20 at 7:2-12:6, App. 155-156; Aff. Jordan Moskowitz (dated 11/27/20) ⫫ 2-6, Exs. 1-4, App. 224-233.

19

47.     During the Recount, Petitioners objected to the counting of any Indefinitely Confined Absentee Ballots and, as the review of recount materials progressed, objected more narrowly to a specific subset of the group identified. That precise subset included persons claiming the status after March 25 (the date of the Clerk's improper posts) who did vote using the status on November 3 and who had no ID on file.  Dane Cty. Trans. 11/20/20 at 53:22-55:20, App. 132-133; Milwaukee Cty. Trans. 11/27/20 at 19:23-22:2, App. 118-121.  Petitioners' objection was denied, and all the ballots were counted. Dane Cty. Trans. 11/28/20 at 28:3-6, App. 160; Milwaukee Cty. Trans. 11/27/20 at 21:7-22:2, App. 120-121.

48.     Both the Milwaukee County and Dane County Boards of Canvassers overruled Petitioners' objections to the counting of Indefinitely Confined Absentee Ballots and, as a result, such ballots were improperly counted and included during the entire Recount. *Id.*

49.     The Milwaukee County and Dane County Boards of Canvassers were wrong, as a matter of law, to include the specific subset of Indefinitely Confined Absentee Ballots in the Recount.

50.     Wisconsin statutory law expressly requires that all eligible electors must provide proof of identification in order to register to vote, and each time they vote. Wis. Stat. §§ 6.79(2)(a), 6.87(1).

51.     Photo identification is also required when requesting to vote by

absentee ballot. Wis. Stat. §§ 6.86(1)(ac), (ar), and 6.87(1).

52.     There are very limited exceptions to the requirement that an elector must provide photo identification with any application for an absentee ballot, including an exception if an elector certifies that he or she is "indefinitely confined because of age, physical illness or infirmity or is disabled for an indefinite period." Wis. Stat. § 6.86(2)(a). In order to qualify for this exception, an elector must be "elderly, infirm or disabled **and** indefinitely confined." *Frank v. Walker*, 17 F. Supp. 3d 837, 844 (E.D. Wis. Apr 29, 2014) (emphasis added), *rev'd on other grounds*, 768 F.3d 744 (7th Cir. 2014).

53.     An elector who meets the strict definition of "indefinitely confined" in Wis. Stat. § 6.86(2)(a) must sign a statement to that effect, and then "the elector may, in lieu of providing proof of identification, submit with his or her absentee ballot a statement . . . which contains the name and address of the elector and verifies that the name and address are correct." Wis. Stat. § 6.87(4)(b)2.

54.     For the Election, the number of electors claiming "indefinitely confined" status and thereby obtaining an absentee ballot without the otherwise required photo identification increased massively in Milwaukee and Dane Counties.

55.     In *Jefferson v. Dane*, No. 2020AP557-OA, this Court issued an

Order addressing certain concerns about the Indefinitely Confined status. In that Order the Court acknowledged that on March 25, 2020, the Dane County Clerk, and the Milwaukee County Clerk as well, publicly approved the use of Indefinitely Confined status by all voters due to the pandemic.[3] *See, e.g.,* App. 235-237, March 31, 2020 Order, *Jefferson v. Dane*, No. 2020AP557-OA at 2 (explaining that the Dane County and Milwaukee County Clerks indicated that "all Dane [and Milwaukee] County voters could declare themselves to be 'indefinitely confined' under Wis. Stat. § 6.86(2)" because of the Safer at Home Order, "thereby avoiding the legal requirement to present or upload a copy of the voter's proof of identification when requesting an absentee ballot" and concluding that such "advice was legally incorrect."). The total number of voters claiming that status after that date was 28,395 for those two counties. Milwaukee Cty. Trans. 11/27/20 at 19:23-22:3, App. 118-121; Aff. Jordan Moskowitz (dated 11/25/20) ¶4, Exs. 1-2, App. 240; Dane Cty. Trans. 11/28/20 at 7:2-12:6, App. 155-156; Aff. Jordan Moskowitz (dated 11/27/20) ¶¶ 2-6, Exs. 1-4, App. 224-233. Excluding all those with that status who otherwise had IDs on file, those that did not cast a ballot and those that voted in a manner consistent with legitimately claiming

---

[3] It is also true that claiming to be indefinitely confined was not necessary for any elector who wished to participate in the election and avoid excess contact with others. Any elector could have applied for an absentee ballot, voted that ballot and mailed that ballot back to the clerk without leaving their home. Claiming to be indefinitely confined, however, did allow tens of thousands of electors to vote without providing the legally required photo identification.

the status, the remaining voters totaled 15,102. *Id.*

56.     Though expressly required by statute to take appropriate measures to insure the legitimacy of the voting rolls, Wis. Stat. §§ 6.50 and 9.01(1)(b)1., and to examine suspect Indefinitely Confined Voters, Wis. Stat. § 6.86(2)(b) and 9.01(1)(b)2., no effort was made by the clerks to verify the legitimate status of the Indefinitely Confined Voters as evidenced by the cumulative numbers from March 25 through the election. Aff. Jordan Moskowitz (dated 11/27/20) ¶¶ 2-6, Exs. 1-4, App. 224-233; Aff. Kyle J. Hudson (dated 11/25/20) ¶2, Exs. A-G, App. 242-258.

57.     All Indefinitely Confined Absentee Ballots issued to those claiming that status after March 25, 2020, without the required photo identification, were issued in violation of law and must be excluded from any certified results of the Election. Wis. Stat. § 6.86(2)(a); *Frank*, 17 F. Supp. 3d at 844), *rev'd on other grounds*, 768 F.3d 744 (7th Cir. 2014). The Boards of Canvassers for Dane and Milwaukee County improperly included those ballots in the Recount totals.

58.     During the Recount, the Petitioners objected to the counting of ballots collected during the "Democracy in the Park" events. Dane Cty. Trans. 11/24/20 at 52:3 – 56:15, App. 148-149. 17,271 ballots were collected at those events. *Id.* at 56:13, App. 149.

59.     As a matter of law, these absentee ballots cannot be counted.

23

Wisconsin's careful regulation of absentee balloting requires that all absentee ballots must "be mailed by the elector, or delivered in person, to the municipal clerk issuing the ballot or ballots." Wis. Stats. § 6.87(4)(b)1; *accord Olson v. Lindberg*, 2 Wis. 2d 229, 236, 85 N.W.2d 775, 780 (1957) (excluding absentee ballots delivered to a location other than the appropriate municipal clerk's office under a prior version of the statute).

60. In the alternative, these "Democracy in Park" locations were not legally established alternate absentee ballot sites because they failed to meet many of Wis. Stat. 6.855(1) obligations. For example, the sites were not established by an act of the governing body—the City of Madison Common Council. Alternate absentee ballot sites may only be established by the "governing body of a municipality" and, if such a site is designated by the governing body of a municipality, "no function related to voting and return of absentee ballots that is to be conducted at the alternate site may be conducted in the office of the municipal clerk or board of election commissioners." Wis. Stat. § 6.855(1)

61. The Milwaukee County and Dane County Boards of Canvassers' decision to count In-Person Absentee Ballots without a corresponding written application, count Incomplete and Altered-Certification Absentee Ballots, count all Indefinitely Confined Absentee Ballots and count 17,271 Absentee Ballots received at "Democracy in the

Park" events caused harm to the Trump Campaign because no fewer than 17,271 votes were counted in contravention of the express language of the Wisconsin Statutes and those votes were included in the Recount, thereby directly impacting the outcome of the Election in Wisconsin.[4]

## STATEMENT OF RELIEF SOUGHT

If this Court grants the Petition, Petitioners will ask this Court to issue a declaratory judgment, *see, e.g.*, Wis. Stat. § 806.04, which declares the Governor's certification of the election and naming of the electors void *ab initio* and orders it withdrawn, and declares and orders that the Milwaukee County and the Dane County Boards of Canvassers, WEC and/or the Governor shall exclude as defective from the Recount totals and any certified Election results, or results used to issue a Certificate of Election, In-Person Absentee Ballots without an associated written application, Incomplete and Altered-Certification Absentee Ballots, Indefinitely Confined Absentee Ballots, as defined earlier, and "Democracy in the Park" Absentee Ballots.

Petitioners will also request that this Court provide other appropriate equitable relief, *see, e.g.*, Wis. Stat. § 806.04, including to prohibit and restrain WEC from preparing, and Governor Evers from signing, a Certificate of Election, pursuant to Wis. Stat. § 7.70(5), unless and until such

---

[4] If voter rolls are reduced by the number of non-legal voters Petitioners request through drawdowns (Wis. Stat. § 9.01(b)2-4.), then Petitioners would necessarily win Wisconsin.

25

illegal absentee ballots are excluded from the results of the Election. The Court should take such action as is necessary to maintain the status quo, so that when the Court determines the outcome in this matter, the appropriate set of electors will be duly qualified to cast Wisconsin's electoral votes.

## STATEMENT OF THE REASONS WHY THIS COURT SHOULD TAKE JURISDICTION

As discussed in more detail in the Memorandum In Support of Petition for Original Action, this Court should grant this Petition because the matters it raises satisfy the criteria for this Court's exercise of its original jurisdiction under Article VII, Section 3 of the Wisconsin Constitution. This is an "exceptional case[] in which a judgment by the court [would] significantly affect[] the community at large." *Wisconsin Professional Police Ass'n v. Lightbourn*, 2001 WI 59, ¶4, 243 Wis. 2d 512, 627 N.W.2d 807.

This case involves the election for the electors of the Office of President and Vice President of the United States and the outcome of the Recount and this matter will not only decide which candidates obtain Wisconsin's 10 Electoral College Electors, but may very well decide the outcome of the election nationwide. Prompt resolution of this legal dispute is of the essence to the public interest because, absent this Court's action, In-Person Absentee Ballots without a corresponding written application, Incomplete and Altered-Certification Absentee Ballots, all Indefinitely Confined Absentee Ballots, and "Democracy in the Park" Absentee Ballots,

26

will be included in the results of the Election despite clear and unambiguous law to the contrary.

It is also true that absent action by this Court these violations of Wisconsin's election laws will continue into future elections, casting doubt on the legitimacy of those future elections to accurately and legally give voice to the will of Wisconsin's electorate. This case provides a live, justiciable controversy that will allow this Court to clarify the law and its application to elections.

This case presents only purely legal issues of statutory interpretation, meaning that no fact finding by this Court would be needed.

## CONCLUSION

This Court should grant the Petition and issue the requested relief and order strict compliance with clear and unambiguous statutory law requiring the exclusion of In-Person Absentee Ballots, Incomplete and Altered-Certification Absentee Ballots, certain Indefinitely Confined Absentee Ballots and "Democracy in the Park" Absentee Ballots from any certified results of the Election.

Dated this 1st day of December, 2020.

**TROUPIS LAW OFFICE LLC**
*Attorneys for Petitioners*

James R. Troupis, SBN 1005341
4126 Timber Ln.
Cross Plains, WI 53528-9786
Phone:        608.833.8037
Email: judgetroupis@gmail.com

**CONWAY, OLEJNICZAK & JERRY S.C.**
*Attorneys for Petitioners*

By: _____
R. George Burnett, SBN 1005964
231 S. Adams St.
P.O. Box 23200
Green Bay, WI 54305-3200
Phone:        920.437.0476
Facsimile:    920.437.2868
Email: rgb@lcojlaw.com

28