# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

DONALD J. TRUMP, Candidate for President of the
United States of America,

      Plaintiff,

  v.                                  Case No.: 2:20-cv-01785-BHL

THE WISCONSIN ELECTIONS COMMISSION, and its
Members, ANN S. JACOBS, MARK L. THOMSEN,
MARGE BOSTELMANN, DEAN KNUDSON,
ROBERT F. SPINDELL, JR., in their official capacities,
SCOTT MCDONELL in his official capacity as the Dane
County Clerk, GEORGE L. CHRISTENSON in his
official capacity as the Milwaukee County Clerk,
JULIETTA HENRY in her official capacity as the
Milwaukee Election Director, CLAIRE WOODALL-
VOGG in her official capacity as the Executive Director
of the Milwaukee Election Commission, MAYOR TOM
BARRETT, JIM OWCZARSKI, MAYOR SATYA
RHODES-CONWAY, MARIBETH WITZEL-BEHL,
MAYOR CORY MASON, TARA COOLIDGE,
MAYOR JOHN ANTARAMIAN, MATT KRAUTER,
MAYOR ERIC GENRICH, KRIS TESKE, in their
official capacities; DOUGLAS J. LA FOLLETTE,
Wisconsin Secretary of State, in his official capacity, and
TONY EVERS, Governor of Wisconsin, in his official capacity,

      Defendants.

DEFENDANTS CORY MASON, TARA COOLIDGE, JOHN ANTARAMIAN,
MATT KRAUTER, ERIC GENRICH, KRIS TESKE, SATYA RHODES-CONWAY,
MARIBETH WITZEL-BEHL, AND SCOTT MCDONELL'S
RESPONSE TO DONALD TRUMP'S MOTION FOR EXPEDITED DECLARATORY
RELIEF AND FOR AN EXPEDITED HEARING ON THE MOTION FOR EXPEDITED
DECLARATORY AND INJUNCTIVE RELIEF

Defendants Cory Mason, Tara Coolidge, John Antaramian, Matt Krauter, Eric Genrich and Kris Teske, by their attorneys Lawton & Cates, S.C. by Daniel Bach, Dixon Gahnz, and Terry Polich and defendants Satya Rhodes-Conway, Maribeth Witzel-Behl and Scott McDonell, by their attorneys Boardman & Clark, LLP, by Michael P. May, James Bartzen and Barry Blonien, respond to Plaintiff Donald Trump's Motion For Expedited Declaratory Relief And For An Expedited Hearing On The Motion For Expedited Declaratory And Injunctive Relief ("Motion") as follows:

## INTRODUCTION

The Plaintiff's Motion purports to incorporate the allegations set forth his in Complaint for Expedited Declaratory and Injunctive Relief Pursuant to Article II of the United States Constitution ("Complaint"). [Dkt. 6, ¶ 1]. Defendants incorporate their respective motions to dismiss the Complaint, together with the jointly filed brief as though set forth in full. The Plaintiff's Motion makes clear, however, that (1) He has not, and will not, make a threshold showing entitling him to preliminary relief pursuant to Federal Rule of Civil Procedure 65 and (2) therefore, the Plaintiff's request for an expedited hearing should be denied and the hearing currently set for December 10, 2020 should be adjourned.

## ARGUMENT

**I.** <u>**Standard for Preliminary Injunctive Relief.**</u>

To obtain a preliminary injunction, any plaintiff must show, "(1) that he will suffer irreparable harm absent preliminary injunctive relief during the pendency of his action; (2) inadequate remedies at law exist; and (3) he has a reasonable likelihood of success on the merits." *Whitaker By Whitaker v. Kenosha Unified Sch. Dist. No. 1 Bd. of Educ.*, 858 F.3d 1034, 1044 (7th Cir. 2017)]. Only if the moving party shows likelihood of success on the merits and a suffering of irreparable harm if the injunction does not issue, then "the court weighs the competing harms to the parties if an injunction is granted or denied and also considers the public interest." *Wis. Right*

*to Life, Inc. v. Barland,* 751 F.3d 904, 830 (7th Cir. 2014) (citation omitted). "The equitable balancing proceeds on a sliding-scale analysis; the greater the likelihood of success on the merits, the less heavily the balance of harms must tip in the moving party's favor." *Id*. (internal citation omitted).

A preliminary injunction is an extraordinary and drastic remedy and is never awarded as a matter of right. *Munaf v. Geren*, 553 U.S. 674, 689–90 (2008). "[A]n injunction requiring an affirmative act by the defendant" must be "cautiously viewed" and granted only "sparingly." *Graham v. Med. Mut. of Ohio*, 130 F.3d 293, 295 (7th Cir. 1997). "Preliminary relief is properly sought only to avert irreparable harm to the moving party." *Chi. United Indus., Ltd. v. City of Chicago,* 445 F.3d 940, 944 (7th Cir. 2006).

Preliminary relief "should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). "Evidence that goes beyond the unverified allegations of the pleadings and motion papers must be presented to support or oppose a motion for a preliminary injunction." 11A Mary Kay Kane, Fed. Prac. & Proc. § 2949 (3d ed.). "Of course, pleadings are not evidence." *Garrett v. Dintelman*, No. CIV. 10-955-GPM, 2013 WL 4495663, at *3 (S.D. Ill. Aug. 21, 2013)

"Delay in pursuing a preliminary injunction may raise questions regarding the plaintiff's claim that he or she will face irreparable harm if a preliminary injunction is not entered." *Ty, Inc. v. Jones Grp., Inc., 237 F.3d 891, 903* (7th Cir. 2001), *citing Ideal Industries, Inc. v. Gardner Bender, Inc*., 612 F.2d 1018, 1025 (7th Cir. 1979).

**II.  The Plaintiff Has Not Demonstrated Entitlement to Any Injunctive Relief**

    **a.  The Plaintiff Has No Likelihood of Success on the Merits**

        i.  <u>The Plaintiff's Legal Claims Cannot Succeed.</u>

3

For the reasons set forth in Defendants respective Motions to Dismiss the Complaint, together with the jointly filed brief, the Plaintiff's legal claims and theories are without merit and warrant dismissal under the doctrines of mootness, laches, the Eleventh Amendment, abstention, standing and redressability. The undersigned Defendants will not restate those arguments in full but rather incorporate them as if fully set forth herein. Because the Plaintiff's claims must be dismissed, he cannot be likely to succeed on the merits, which is sufficient to deny the Motion.

ii. <u>The Plaintiff Has Not and Cannot Meet His Burden</u>

The Complaint seeks relief under "42 U.S.C. § 1983 and Art. I, § 4, cl. 2, Art. II, § 1, cl. 4 and the First and Fourteenth Amendments of the United States Constitution." The Plaintiff's Motion makes clear that he is seeking relief for alleged violations of Wisconsin state statutes pertaining to the conduct of elections. [Dkt. No. 6, ¶ 2 "Defendants have violated the Wisconsin Election Code, and thereby also violated the Electors and Elections Clauses and have also violated the Equal Protection and Due Process Clauses of the United States Constitution."]. The Plaintiff requests a finding that more than 50,000 votes were tainted by alleged general violations of Wisconsin election law. [Dkt. 6, ¶ 17]. For reasons set forth in these Defendants' Motion to Dismiss, such claims cannot be adjudicated in federal district court. *See e.g. Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 ("A federal court's grant of relief against state officials on the basis of state law, whether prospective or retroactive, does not vindicate the supreme authority of federal law. On the contrary, it is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law.")

Notably, the Plaintiff does not even attempt to demonstrate why he believes he has a likelihood of success on the merits. His motion merely recites the phrase. [Dkt. No. 6, ¶ 4]. This

4

is insufficient for the Plaintiff to meet his burden. A Plaintiff seeking such extraordinary relief must "set forth by affidavit or other evidence specific facts rather than general factual allegations of injury." *Speech First, Inc. v. Killeen*, 968 F.3d 628, 638 (7th Cir. 2020), as amended on denial of reh'g and reh'g en banc (Sept. 4, 2020), *citing Six Star Holdings, LLC v. City of Milwaukee*, 821 F.3d 795, 801–02 (7th Cir. 2016 "When considering a motion for preliminary injunction, 'the court may consider affidavits and verified pleadings as evidence.'" *Instant Technology, LLC v. DeFazio*, 2012 WL 357031, at *3 (N.D. Ill. Feb. 1, 2012), *quoting Hunter v. Atchison, T. & S.F. Ry. Co.*, 188 F.2d 294, 298 (7th Cir. 1951)). *Johnson & Johnson v. Advanced Inventory Mgmt., Inc.*, No. 20-CV-3471, 2020 WL 6119516, at *9 (N.D. Ill. Oct. 16, 2020). The Complaint in this case is not verified, and therefore cannot constitute evidence or a showing of likelihood of success on the merits for purpose of a Rule 65 Motion.

The paltry evidence which the Plaintiff has submitted and, based on the witness list, is likely to submit, does not meet the standard for a preliminary injunction. The Plaintiff submitted ten affidavits and declarations[1], along with one Wisconsin Elections Commission Complaint form, as exhibits to his unverified Complaint. These fall well short of establishing that the Plaintiff is entitled to the relief sought. Most focus on the declarant's or affiant's alleged difficulties serving as a poll observer. [*See e.g.* Dkt. 12-34 – Klobuchar Aff.; 12-38 – Brown Dec.; 12-40 – Amgalt Dec.; 12-41 – Goetz Aff.; 12-42 Sloane Dec.; 12-43 – Hudson Aff.; 12-44 – Bowers Aff.]. Those few documents that do allege actual errors in processing absentee ballots – alleged violations of Wisconsin state law – utterly fail to establish the type of alleged irregularities described in the Complaint. For example, the Bowers Affidavit describes "more than 10 counting errors" without

---

[1] [Dkt. 12-33 – WEC Complaint Form and Declarations of Bartholomew Williams & Jean M. Bury Weymier; Dkt. 12-34 – Affidavit of Anne Marie Klobuchar; 12-38 – Declaration of Beth Brown; 12-39 – Declaration of Mary Angelina Horn; 12-40 – Declaration of Charles A. Armgardt; 12-41; Dkt. 12-42 – Declaration of Lana Sloane; Dkt. 12-43 – Affidavit of Kyle Hudson; Dkt. 12-44 – Affidavit of Jeremy Bowers].

providing any detail. [Dkt. 12-44]. The Hudson Affidavit, which contains nearly identical language as the Bowers Affidavit throughout, describes the same number of errors – "more than 10." [Dkt. 12-43]. Others are much more ambiguous, including the WEC Complaint and Declaration from Bartholomew Williams, also included on the Plaintiff's witness list. [Weymier. [Dkt. 12-33]. Mr. Williams admits that he could neither see nor hear any ballot irregularities, but nonetheless possessed a "genuine belief" that ballots were being "tampered with" in violation of Wisconsin law. [12-33, p. 4]. No declarant or affiant comes close to establishing that the Defendants did not conduct the 2020 Presidential Election consistent with the direction of the Wisconsin Legislature or Wisconsin law. [*Cf.* Dkt. 1, ¶ 302].

The Plaintiff's witness list makes it clear that he will not be able to meet his burden of production, much less provide proof beyond a reasonable doubt that 50,000 votes were tainted. [*See* Dkt. 51]. The Plaintiff identified seven witnesses, none of whom are expected to testify that a particular voter cast an improper ballot, much less 50,000. Most of the named witnesses are either named defendants[2] or their representatives[3]. The Plaintiff expects those witnesses to testify as to "planning" "administration" "policies" and "procedures" involved in Wisconsin elections, rather than identifying any specific irregularities or certainly identifying any specific ballots that were cast contrary to Wisconsin law. The other three witnesses include one poll observer and two ballot counters, all from Milwaukee Central Count, who are expected to testify regarding meaningful opportunity for observation, the status of absentee ballots, the actions of elections officials and the instructions they received. The Plaintiff does not indicate, nor does it seem possible, that these witnesses can provide proof enough to substantiate the extraordinary claims in the Complaint. The

---

[2] Including Maribeth Witzel-Behl, the Madison City Clerk; Claire Woodall-Vogg, the Milwaukee Election Commission Executive Director; and Tom Barrett, Mayor of Milwauee. [Dkt. 51].
[3] Meagan Wolfe, Administrator of the Wisconsin Elections Commission. [Dkt. 51].

6

Plaintiff seems to acknowledge as much, instead requesting that this Court find it "likely" that over 50,000 ballots were tainted. This is plainly not enough for any motion for a preliminary injunction, let alone a motion seeking to overturn the certified results of a Presidential election.

The Plaintiff does not identify a single voter whose vote was tainted or a witness to testify that any ballots were tainted, much less that 50,000 ballots were tainted. States retain the power to regulate their own elections. *Burdick v. Takushi*, 504 U.S. 428, 433 (1992). The Wisconsin Legislature, which the Plaintiff argues has plenary authority over Wisconsin election practices, has set forth a mandatory procedure by which any qualified elector may challenge the eligibility of another elector to vote. In *Logerquist v Board of Canvassers for Town of Naseqaupee*, the court held that Wisconsin Stats. § 9.01 provides the mechanism for post-election challenges to an elector's eligibility. 150 Wis. 2d 907, 442 N.W.2d551 (Ct. App. 1989) The Wisconsin Supreme Court limited post-election challenges to those made by electors residing in the affected territory. *Town of Burke v City of Madison,* 17 Wis. 2d 623, 628, 117 N.W.2d 580 (1962). The Plaintiff knows this rule well – five days ago, the Wisconsin Supreme Court denied his petition for an original action under Wis. Stat. § (Rule) 809.70 and directed him to file an action under Wis. Stat. §9.01 (6) in Wisconsin circuit court. *Trump v. Evers*, No. 2020AP1971-OA (Wis. Supr. Ct. Dec. 3, 2020). He has since filed an action in Milwaukee County Circuit Court. *Trump v. Biden*, Milwaukee Cty. Cir. Ct. Case No. 2020-cv-7092. Wisconsin law does not allow the Plaintiff to make unsupported allegations about the validity of a vote. He is required to prove the allegations beyond a reasonable doubt. *Logerquist*, 150 Wis.2d at 917.

The Plaintiff does not allege that he is an elector in Wisconsin, has provided no proof that he filed a petition pursuant to Wisconsin Stats. § 9.01 and has not identified any of the 50,000 electors who cast tainted ballots. To the contrary, it appears that the Plaintiff is a resident of Florida

7

Case 2:20-cv-01785-BHL   Filed 12/08/20   Page 7 of 11   Document 75

[Dkt. 1-1]. He is therefore not entitled, under the Wisconsin Legislature's stated procedure, to challenge electors within the State of Wisconsin. He has not set forth any other evidence that ballots were unlawfully cast.

"One might expect that when seeking such a startling outcome, a plaintiff would come formidably armed with compelling legal arguments and factual proof of rampant corruption, such that this Court would have no option but to regrettably grant the proposed injunctive relief despite the impact it would have on such a large group of citizens." *Trump v. Boockvar*, Case No. 4:20-cv-2078-MWB (M.D. Penn. Nov. 21, 2020); *see also Wisconsin Voters Alliance v. Wisconsin Elections Comm.*, Case No. 2020AP1930-OA (Wis. Supr. Ct. Dec. 4, 2020) (Hagedorn, J. concurring) ("One might expect that this solemn request would be paired with evidence of serious errors tied to substantial and demonstrated set of illegal votes."). In this case, the Plaintiff has once again failed to meet this standard, or even come close. His legal arguments are meritless. The thin evidence presented with his Complaint fails to demonstrate any widespread election administration issues or that the Defendants failed to comply with Wisconsin statutes. His witness list indicates that he will fare no better with live testimony. In short, he has not established any likelihood, even remote, that he will succeed on the merits. This is sufficient for the Court to deny injunctive relief. Considering the demonstrated lack of evidence and clearly established legal deficiencies, this Court should join other courts in a similar position and decide the matter without an unnecessary evidentiary hearing. *King v. Whitmer*, No. 2:20-cv-13134, ECF No. 62 (E.D. Mich. Dec. 7, 2020); *Pearson v. Kemp*, No. 1:20-cv-04809, oral decision issued from the bench (N.D. Ga. Dec. 7, 2020).

    b. **The Balance of Harms Analysis Overwhelmingly Favors Denying the Motion.**

A failure to meet any of the prongs of the test for injunctive relief is sufficient, alone, for this Court to deny relief. *Orlando v. CFS Bancorp, Inc.*, No. 2:13-CV-261 JD, 2013 WL 5797624,

8

Case 2:20-cv-01785-BHL   Filed 12/08/20   Page 8 of 11   Document 75

at *3 (N.D. Ind. Oct. 28, 2013), *citing East St. Louis Laborers' Local 100 v. Bellon Wrecking & Salvage Co.*, 414 F.3d 700, 703 (7th Cir.2005). Put otherwise, "[a]lthough no one factor is controlling, a finding that there is simply no likelihood of success on the merits is usually fatal.". *Jolivette v. Husted,* 694 F.3d 760, 765 (6th Cir. 2012). Therefore, the Court need not address the balance of the factors. However, one factor – the balance of harms – overwhelmingly favors denying the relief sought. "In balancing the harms, the court must weigh the error of denying a preliminary injunction to the party who would win the case on the merits against the error of granting an injunction to the party who would lose." *Foodcomm Int'l v. Barry*, 328 F.3d 300, 305 (7th Cir. 2003). In addition, the Court simultaneously considers the final factor, which is whether the preliminary injunction will harm the public interest. *See St. John's United Church of Christ v. City of Chi.*, 502 F.3d 616, 625 (7th Cir. 2007).

In this case, the relief requested in the Plaintiff's preliminary injunction would cause untold damage to the public interest. The Plaintiff is seeking to take away the authority of the people of Wisconsin to select their leaders, which they have done. In so doing, the Plaintiff seeks to invalidate the votes of the over 3.2 million Wisconsin electors[4] who cast a ballot. "The possibility that any law might disenfranchise qualified voters requires serious consideration when balancing the harms. *Democratic Nat'l Comm. v. Bostelmann*, 451 F. Supp. 3d 952, 972 (W.D. Wis. 2020), *citing Purcell v. Gonzalez*, 549 U.S. 1, 4-5, 127 S.Ct. 5, 166 L.Ed.2d 1 (2006). "[T]he public interest "favors permitting as many qualified voters to vote as possible." *Id.*, *citing Obama for Am. v. Husted*, 697 F.3d 423, 437 (6th Cir. 2012). The effect of the proposed relief – declaring that the votes of the people of Wisconsin do not count – is more than enough for this Court to deny relief. But the public interest does not end there: "Something far more fundamental than the winner of

---

[4] https://elections.wi.gov/sites/elections.wi.gov/files/County%20by%20County%20Report%20-%20President%20of%20the%20United%20States%20post%20recount.pdf (last visited November 7, 2020).

Wisconsin's electoral votes is implicated in this case. At stake, in some measure, is faith in our system of free and fair elections, a feature central to the enduring strength of our constitutional republic." *Wisconsin Voters Alliance*, Case No. 2020AP1930-OA (Wis. Supr. Ct. Dec. 4, 2020) (Hagedorn, J. concurring). The harm to the public posed by this Motion and Complaint are beyond compare. "The loss of public trust in our constitutional order resulting from the exercise of this kind of judicial power would be incalculable." *Id.*

It is not even clear what plaintiff could enjoin these defendants to do or not do that would have any effect on the election just past. The work of these defendants is finished; the ballots are counted and certified. As the court noted in the initial status conference, it really appears that all plaintiff seeks is an emergency declaratory judgment.

Therefore, this Court should DENY the motion and DISMISS the Complaint.

Dated this 8th day of December, 2020.          Respectfully Submitted,

*/s/ Michael P. May*
Michael P. May, SBN 1011610
James E. Bartzen, SBN 1003047
Barry J. Blonien, SBN 1078848
Boardman & Clark LLP
U.S. Bank Plaza, Suite 410
1 South Pinckney Street
P.O. Box 927
Madison, WI  53701-0927
(608) 257-9521
jbartzen@boardmanclark.com
bblonien@boardmanclark.com
mmay@boardmanclark.com

*Attorneys for Defendants*
*Satya Rhodes-Conway, Mayor of the City of*
*Madison, Maribeth Witzel-Behl, City Clerk of the*
*City of Madison, and*
*Scott McDonell, Dane County Clerk*

*/s/ Dixon R. Gahnz*
Dixon R. Gahnz, SBN 1024367
Daniel Bach, SBN 1005751
Terrence M. Polich , SBN 1031375
Daniel S. Lenz, SBN 1082058
Lawton & Cates, S.C.
345 West Washington Avenue, Suite 201
Madison, WI 53703
(608) 282-6200
dgahnz@lawtoncates.com
dbach@lawtoncates.com
tpolich@lawtoncates.com
dlenz@lawtoncates.com

*Attorneys for Defendants*
*Cory Mason, Mayor of the City of Racine,*
*Tara Coolidge, City Clerk of the City of Racine,*
*John Antaramian, Mayor of the City of Kenosha,*
*Matt Krauter, City Clerk of the City of Kenosha,*
*Eric Genrich, Mayor of the City of Green Bay, and*
*Kris Teske, City Clerk of the City of Green Bay*