IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

DONALD J. TRUMP,

    Plaintiff,

v.                                                                   Case no. 20-CV-01785

WISCONSIN ELECTIONS COMMISSION, et al.

    Defendants.

DEFENDANT BARRETT'S, OWCZARSKI'S, AND WOODALL-VOGG"S
<u>CIVIL L. R. 7(h) EXPEDITED NON-DISPOSITIVE MOTION</u>
TO
STAY EVIDENTIARY HEARING OR, IN THE ALTERNATIVE,
TO QUASH SUBPOENA FOR THOMAS BARRETT AND CLAIRE WOODALL-VOGG

Defendants Thomas Barrett, James Owczarski, and Claire Woodall-Vogg (collectively "City of Milwaukee" or "City"), hereby move under Civil Local Rule 7(h) to stay the evidentiary hearing currently scheduled for December 10, 2020, or in the alternative, to quash the subpoenas for the aforementioned persons in this matter. As grounds for this motion, the City of Milwaukee submits the following.

### A. THE CITY OF MILWAUKEE ADOPTS THE ARGUMENTS ALREADY MADE IN DEFENDANTS' PREVIOUSLY FILED MOTIONS TO STAY AND QUASH

While the City of Milwaukee was today in the process of drafting its own motion to stay and quash for this matter, Assistant Attorney General Steven Kilpatrick filed on behalf of several other Defendants—the Wisconsin Elections Commission and its members, and the Wisconsin Secretary of State, Douglas La Follette—a virtually identical motion to stay and quash. (ECF 62). As such, with those Defendants' express permission, and in the interests of conserving judicial resources, the City hereby adopts the arguments presented by those Defendants in ECF

1

62. All points of law and fact applicable to Ms. Wolfe are equally applicable to Mayor Barrett and Executive Director Woodall-Vogg. Because this case presents solely questions of law, there are no evidentiary disputes that require resolution by hearing.

In addition to the arguments already made, the City notes only that this Court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "Evidence is 'cumulative' when it adds very little to the probative force of the other evidence in the case, so that if it were admitted its contribution to the determination of truth would be outweighed by its contribution to the length of trial, with all the potential for confusion..." *United States v. Williams*, 81 F.3d 1434, 1443 (7th Cir.1996). As it relates to Director Woodall-Vogg, any information that could possibly be gleaned from her oral testimony is already contained in a declaration accompanying the City's motion to dismiss, which the City anticipates filing shortly. The taking of additional oral testimony from Director Woodall-Vogg would therefore be cumulative and a waste of this Court's time. For these reasons and those presented in the adopted motion, the City joins the other Defendants in requesting a stay of the proposed hearing and quashing of the subpoenas.

### B. PLAINTIFF HAS FAILED TO PROPERLY SERVE MAYOR BARRETT AND EXECUTIVE DIRECTOR WOODALL-VOGG WITH SUBPOENAS

Alternatively, Plaintiff's subpoenas targeting Mayor Barrett and MEC Executive Director Woodall-Vogg should be quashed because Plaintiff has failed to effectuate proper service under Federal Rule of Civil Procedure 45. That rule requires a subpoena to be served by "delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance…" Fed. R. Civ. P. 45(b)(1). While the Seventh Circuit Court of

2

Case 2:20-cv-01785-BHL    Filed 12/08/20    Page 2 of 4    Document 79

Appeals has interpreted this provision as allowing service through certain means other than hand delivery, such as certified U.S. mail, a party is still bound to fulfill their independent obligation to comply with Rule 45's other mandatory requirements—including the requirement for one day's witness fees to accompany a subpoena.. *See Ott v. City of Milwaukee, 682 F.3d 552, 557* (7th Cir.2012); and Fed. R. Civ. P. 45(b)(1) ("Serving a subpoena *requires*..., if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance…") (emphasis added).

Here, Plaintiff appears to have failed to comply with Rule 45's service requirements by not only failing to "deliver[ ] a copy" of each subpoena to Mayor Barrett and Director Woodall-Vogg, but also by failing to simultaneously tender witness fees. At the scheduling conference for this matter, the City unequivocally refused to waive service of any kind. As of the time of this drafting, the City is not aware of any effort Plaintiff has made to serve the subpoenas at issue other than e-mailing copies of each subpoena to one of the City's counsel. The City is not aware of any effort by Plaintiff to tender the required fees to either the City or its counsel. As such, Plaintiff's attempted service is per se defective.

While—as outlined above—there are certainly far more substantive reasons to quash Plaintiff's subpoenas, Plaintiff's refusal to comply with basic procedural requirements should not go unrecognized. It was Plaintiff—not Defendants—that instigated this extraordinary action. This lawsuit has already consumed hundreds of combined work-hours of the named Defendants, their attorneys, and this Court and its staff. The City of Milwaukee is not—nor should it be—obliged to compound this burden by waiving Plaintiff's procedural shortcomings and voluntarily submitting its officers, at taxpayers' expense, to questioning solely for Plaintiff's benefit. For these reasons, the City requests that this Court quash Plaintiff's subpoena.

*(Signature page follows)*

Signed at the City of Milwaukee, this 8th day of December, 2020.

TEARMAN SPENCER
City Attorney, State Bar No. 1030676


s/Patrick J. McClain
James M. Carroll (State Bar No. 1068910)
Scott F. Brown (State Bar No. 1089753)
Kathryn Z. Block (State Bar No. 1029749)
Patrick J. McClain (State Bar No. 1100896)
Elleny B. Christopoulos (State Bar No. 1105495)
Tyrone M. St. Junior (State Bar No. 1079284)
Julie P. Wilson (State Bar No. 1034792)
Attorneys for Defendants, Tom Barrett, Claire Woodall-Vogg, and Jim Owczarski
CITY OF MILWAUKEE
Milwaukee City Attorney's Office
200 E. Wells Street, Room 800
Milwaukee, WI 53202-3515
Telephone: (414) 286-2601
Facsimile: (414) 286-8550
jmcarr@milwaukee.gov