UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DONALD J. TRUMP,

                Plaintiff,

v.                                                                     Case No. 20-C-1785

THE WISCONSIN ELECTIONS COMMISSION, et al.,

                Defendants.

## DECLARATION OF CLAIRE WOODALL-VOGG

I, Claire Woodall-Vogg, do hereby affirm under the pains and penalties of perjury as follows:

1. I am the Executive Director of the City of Milwaukee Elections Commission ("MEC"). In my capacity as Executive Director, I administer elections for the City of Milwaukee ("City"), and led the MEC's operations in connection with the November 3, 2020 general election, including our office's handling of the absentee balloting process.

2. Presumably as a result of the COVID-19 pandemic, our office processed an unprecedented number of absentee ballot requests in the Spring Election conducted on April 7, 2020, the Fall Primary conducted on August 11, 2020, and the General Election conducted on November 3, 2020.

3. When our office received returned absentee ballots, we reviewed the envelopes to confirm that they included the required voter signature, witness signature, and witness address.

4. If an absentee ballot envelope was missing a voter signature or a witness signature, we returned the envelope to the voter with instructions to add the missing signature(s) and return the corrected envelope no later than 8:00 p.m. on election day.

5. If an absentee ballot envelope included the signatures of the voter and witness, but was missing some or all of the witness' address, we followed the October 18, 2016, Wisconsin Election Commission ("WEC") Guidance Memorandum addressed to all Wisconsin County and Municipal Clerks as well as the City and County of Milwaukee Elections Commissions, attached as Exhibit A. In that memo, the WEC instructed that Clerks "**must** take corrective actions in an attempt to remedy a witness address error. If clerks are reasonably able to discern any missing information from outside sources, clerks are not required to contact the voter before making that correction directly to the absentee ballot envelope." (Emphasis in original.)

6. The WEC Guidance is reinforced by the WEC Election Administration Manual at page 99, attached as Exhibit B, which states: "Clerks may add a missing witness address using whatever means are available. Clerks should initial next to the added witness address."

7. Since receiving the WEC Memo in October 2016, the MEC consistently adhered to the following process for completing missing witness address information on an absentee ballot envelope certification:

    a. If the only missing item was the municipality, we confirmed that the street address was located in the City and we added the municipality.

    b. If the street address was not in the City, but we could confirm the municipality from available governmental databases, we added the municipality.

    c. If there was not a full street address but the witness signature was legible, we consulted the WisVote database or the Tax Assessor's database to determine the

address of the witness. If there was only one person by the witness's name, we would add the address. If more than one person went by that name, we would call the voter to ask the identity and address of the witness.

    d.    If the witness signature was not legible, we called the voter to acquire the missing information. If the voter could provide the missing information, we added it to the envelope. If the voter could not, we informed the voter that the absentee ballot would not be processed unless the information could be provided and offered to send the envelope back to the voter to add the missing information.

8. All added information was done using a red pen so that it was transparent that the MEC had added the information.

9. We have not received any complaints about the witness address process from any candidate or any voter.

10. The MEC at all times followed the WEC's Guidance for Indefinitely Confined Electors issued on March 29, 2020, attached as Exhibit C.

11. If at any point the MEC had within its possession reliable information that an elector no longer qualified as indefinitely confined, the name of that elector would have been removed from the list of indefinitely confined electors pursuant to Wis. Stat. § 6.86(2)(b).

12. The City applied for a grant from the Center for Tech and Civic Life ("CTCL") in the amounts and for the purposes listed in the attached Grant Agreement and Wisconsin Safe Voting Plan (collectively "Agreement") attached as Exhibit D.

13. The City received a grant in the amount of $2,154,500.00 from CTCL.

14. I examined the Agreement, which awards CTCL grant funds to the City and sets rules for how the funds are to be spent.

15. Pursuant to the Agreement, the City must use the CTCL grant funds exclusively for the purpose of planning and operationalizing safe and secure election administration in the City in accordance with the Wisconsin Safe Voting Plan.

16. My office is charged with administering the CTCL grant for the City.

17. The City has expended or encumbered all of the CTCL grant funds.

18. All of the CTCL grant money that was spent or encumbered by the City was done so in accordance with the rules given in the Agreement.

19. All of the CTCL grant money that was spent or encumbered by the City was done so in accordance with the laws governing the conduct of elections in the state of Wisconsin.

20. None of the CTCL grant money was spent or encumbered to engineer a certain election result or for a partisan purpose.

21. Rather, the CTCL grant money was spent or encumbered City-wide to protect the right to vote and accommodate the safety of voters during the COVID-19 pandemic.

22. Attached as Exhibit E is a true and correct copy of the CTCL Statement on the Amistad Project.

23. I have examined the CTCL Statement on the Amistad Project, and it indicates that 111 towns, townships, villages, and cities in the state of Wisconsin have received grant funds from the CTCL in 2020 as of October 5, 2020.

24. Attached as Exhibit F is a true and correct copy of Judge Griesbach's Order Denying Motion for Preliminary Relief in *Wisconsin Voters Alliance, et al. v. City of Racine*, Case No. 20-C-1487, dated October 14, 2020.

25. The MEC at all times followed the WEC's Absentee Ballot Drop Box Information Memo issued on August 19, 2020 and attached as Exhibit G.

4

Case 2:20-cv-01785-BHL   Filed 12/08/20   Page 4 of 6   Document 80

26. Attached as Exhibit H is a true and correct copy of the 7th Circuit Court of Appeals Order Denying an Injunction Pending Appeal in *Wisconsin Voters Alliance, et al. v. City of Racine*, No. 20-3002, dated October 23, 2020.

27. Attached as Exhibit I is a true and correct copy of webpage of the WEC's webpage users are directed to when clicking on the link entitled "Information for Local Election Officials and the Public about COVID-19 and the WEC's Response to the Pandemic," (December 3, 2020).

28. Attached as Exhibit J is a true and correct copy of "Fact check: Trump falsely claims that votes shouldn't be counted after Election Day," by Barbara Sprunt (NPR), November 2, 2020.

29. For nearly ten years, I and other MEC officials have sought changes to state law that would allow for the processing of absentee ballots prior to election day.

30. Attached as Exhibit K is a true and correct copy of "Debunking Trump's Tweets: Biden's 143K Vote 'Dump' in Wisconsin," by David Mikkelson (Snopes), November 18, 2020.

31. Attached as Exhibit L is a true and correct copy of the WEC's Observer Rules At-A-Glance, issued in October, 2020.

32. Attached as Exhibit M is a true and correct copy of the WEC's Recount Manual issued in November, 2020.

33. Attached as Exhibit N is a true and correct copy of an Order issued by the Wisconsin Supreme Court on December 3, 2020 in *Trump v. Evers*, 2020AP1971.

34. Attached as Exhibit O is a true and correct copy of an Order issued by the Wisconsin Supreme Court on December 4, 2020 in *Wisconsin Voters Alliance v. Wisconsin Election Commission*, 2020AP1930.

5

Case 2:20-cv-01785-BHL   Filed 12/08/20   Page 5 of 6   Document 80

35. Attached as Exhibit P is a true and correct copy of an Order issued by the Wisconsin Supreme Court on March 31, 2020 in *Jefferson v. Dane County*, 2020AP557.

36. A partial recount was requested by the Plaintiff in this matter, President Donald J. Trump, of both Milwaukee and Dane Counties.

37. The recount in Milwaukee County, of which the City of Milwaukee is a part, took place over a span of 10, approximately 8 hour or longer days, excluding Thanksgiving, from Friday, November 20, 2020 through Sunday, November 29, 2020.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury, under the laws of the United States, that the foregoing is true and correct to the best of my knowledge.

Dated: December 8, 2020.

            s/Claire Woodall-Vogg__
            Claire Woodall-Vogg
            Executive Director, Milwaukee Election Commission

1077-2020-1711:272594