Case 2020CV007092　　Document 44　　Filed 12-07-2020　　Page 1 of 16

FILED
12-07-2020
John Barrett
Clerk of Circuit Court
2020CV007092

STATE OF WISCONSIN　　CIRCUIT COURT　　MILWAUKEE COUNTY

---

DONALD J. TRUMP, MICHAEL R. PENCE, et al.

        Plaintiffs/Appellants,　　　　Milwaukee County Case No.: 2020CV7092

v.　　　　　　　　　　　　　　　　　　　　　Dane County Case No.: 2020CV2514

JOSEPH R. BIDEN, KAMALA D. HARRIS, et al.

        Defendants/Appellees,

---

## MILWAUKEE COUNTY COMPLAINT

Plaintiffs/Appellants, Donald J. Trump, Michael R. Pence, and Donald J. Trump for President, Inc. (collectively, "Plaintiffs"), by their attorneys, Troupis Law Office and the Law Firm of Conway, Olejniczak & Jerry, S.C., hereby allege and show the Court as follows:

### THE PARTIES

1. Plaintiff, Donald J. Trump, is the sitting President of the United States. President Trump is a resident of the State of Florida with an address of 1100 South Ocean Boulevard, Palm Beach, FL 33480.

2. Plaintiff, Michael R. Pence, is the sitting Vice President of the United States. Vice President Pence is a resident of the State of Indiana and has a residence of 4750 North Meridian Street, Indianapolis, Indiana 46208.

3. Plaintiff, Donald J. Trump for President, Inc., is the Presidential Campaign of the sitting President of the United States. The Trump Campaign's principal office is located at 725 Fifth Avenue, New York, NY 10022.

4. Defendant, Joseph R. Biden, is the Democratic Party Candidate for the President of the United States and former Vice President of the United States. Former Vice President Biden is

a resident of the State of Delaware with an address of 1209 Barley Mill Road, Wilmington, Delaware 19807.

5. Defendant, Kamala D. Harris, is the Democratic Party candidate for Vice President of the United States and is a United States Senator. Senator Kamala D. Harris is a resident of the State of California with an address of 435 N. Kenter Avenue, Los Angeles, California 90049.

6. Defendant, Milwaukee County Clerk, with a principal office located at 901 North 9th Street, Milwaukee, Wisconsin 53233. George L. Christenson is the sitting Milwaukee County Clerk.

7. Defendant, Milwaukee County Board of Canvassers, with a principal office located at 901 North 9th Street, Room 105, Milwaukee, Wisconsin 53233. Timothy H. Posnanski is the Chairman of the Milwaukee County Board of Canvassers.

8. Defendant, Wisconsin Election Commission ("WEC"), with a principal office located at 212 E. Washington Avenue, Third Floor, Madison, Wisconsin 53703.

9. Defendant, Ann S. Jacobs, is the Chairman of WEC, with her principal office, in her official capacity, located at 212 E. Washington Avenue, Third Floor, Madison, Wisconsin 53705.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over Defendants pursuant to Wis. Stat. § 9.01(6) and § 801.05(1).

11. Venue is proper in the Wisconsin Circuit Court pursuant to Wis. Stat.§ 9.01(6), § 801.50(2)(a) and (c) as it is the county in which the recount took place and the recount determination was made.

## BACKGROUND

12. The unofficial results of the Election indicate that President Donald J. Trump and Vice President Michael R. Pence's elector's received 1,610,076 votes and Former Vice President Joseph R. Biden's and Senator Kamala D. Harris' elector's received 1,630,503 votes, a difference of 20,427 votes or 0.620%, which was within the 1% margin required for an aggrieved candidate to request a recount. THE WISCONSIN ELECTIONS COMMISSION, UNOFFICIAL RESULTS FOR THE NOVEMBER 3, 2020 GENERAL ELECTION, https://elections.wi.gov/node/7234.

13. According to WEC, of the total votes submitted in the Election, 1,957,514 votes were submitted by absentee ballot, which represents more than half of all votes cast in the Election. THE WISCONSIN ELECTIONS COMMISSION, ABSENTEE BALLOT REPORT – NOVEMBER 3, 2020 GENERAL ELECTION, https://elections.wi.gov/node/7236 (file entitled "AbsenteeCounts_County 11-6-2020.csv).

14. On November 18, 2020, Plaintiffs, President Trump and Vice President Pence, formally submitted a Verified Recount Petition to require a recount of the results of the Election, pursuant to Wis. Stat. § 9.01(1)(a)1, based on information and belief that either a mistake and/or fraud had occurred in Milwaukee County and Dane County, and that other defects, irregularities and illegalities existed (the "Recount"). A true and correct copy of that Verified Recount Petition is attached and marked as **Exhibit 1**.

15. The Recount Petition indicated, among other things:

    a. That clerks throughout Milwaukee County issued absentee ballots to electors in direct contravention to Wis. Stat. § 6.86(1)(ar), which states that "the municipal clerk shall not issue an absentee ballot unless the clerk receives a written application therefor from a qualified elector of the municipality."

    b.    That clerks throughout Milwaukee County improperly altered absentee ballot certifications by adding missing or correcting missing witness addresses in contravention to the statutory instruction that, "If a certificate is missing the address of a witness, the ballot may not be counted." Wis. Stat. § 6.87(6d).

    c.    That Milwaukee County clerks improperly and incorrectly communicated to voters that they can declare themselves to be "indefinitely confined" pursuant to Wis. Stat.§ 6.86(2), which allows the mailing of absentee ballots without showing or providing identification as proof of a voter's identity, and such communications led to ballots cast by those claiming to be "indefinitely confined" who were not in fact indefinitely confined.

    d.    That pursuant to Wis. Stat. § 6.84(1) and (2), "voting by absentee ballot is a privilege that must be carefully regulated to prevent the potential for fraud or abuse" and that matters relating to the absentee ballot process are "mandatory," which requires that any ballot cast in contravention of that process "may not be included in the certified result of any election."

    e.    Substantial and additional mistakes and improper actions were expected to be discovered.

16.    A copy of the Verified Recount Petition was hand delivered to, and filed with, WEC on November 18, 2020. WEC ordered a recount as requested of Dane and Milwaukee Counties.

17.    The Ordered Recount began on November 20, 2020 and was completed on November 27, 2020 in Milwaukee County. It was limited to Dane and Milwaukee Counties. A true and correct copy of the Transcript from the Milwaukee County Recount is attached and marked as

**Exhibit 2**.

18.　The statewide totals following the Recount reported by WEC on November 30, 2020 were President Donald J. Trump's and Vice President Michael R. Pence's electors received 1,610,184 votes and Joseph R. Biden's and Senator Kamala D. Harris' electors received 1,630,866 votes (the "WEC Determination"). WEC, Signed Canvass for President – Vice President, *available at* https://elections.wi.gov/sites/elections.wi.gov/files/2020-11/Jacobs%20-%20Signed%20Canvass%20for%20President%20-%20Vice%20President.pdf

19.　A Notice of Appeal was filed pursuant to Wis. Stat. § 9.01(6), within five business of the completion of the Recount. WEC expressly indicated to Plaintiffs that the filing of this matter would be timely if made on or before December 4, 2020.

20.　This Appeal seeks to set aside, modify and overturn certain findings and conclusions of the Boards of Canvassers of Milwaukee and Dane Counties.

21.　As more fully described below, the Recount revealed irregularities, defects, mistakes and/or fraud.

## ALLEGATIONS

**Ballots Were Issued Without the Elector Having First Submitted a Written Application As Required by Law**

22.　During the Recount, the Board of Canvassers for Milwaukee County found that 108,947 in-person ballots were issued by municipal clerks and cast by voters in the County. Those ballots were issued during the 14 day period allowed for in-person absentee balloting.

23.　In the course of the Recount, the Plaintiffs discovered, and the Board confirmed, that the clerks of the County did not obtain a separate written application for those in-person absentee ballots ("In-Person Absentee Ballots"). The Board found and held that all of those in-person ballots satisfied the legal requirement for an application because they were delivered to the

clerks in a Form EL-122 absentee ballot envelope ("Ballot Envelope"). The Board held that the Form El-122 Ballot Envelope satisfies the obligation for a written application.

24. In order to reach that conclusion, the Board of Canvassers erroneously interpreted the applicable Wisconsin Statutes. That legal conclusion, that the EL-122 Ballot Envelope constitutes a sufficient written application is contrary to the express words of the Statutes.

25. Plaintiffs timely objected to the inclusion of those in-person absentee ballots based on a variety of statutory provisions, and the Board denied that Objection.

26. That legal determination by the Board was clearly erroneous as it is contrary to at least the following Statutory provisions: Wis. Stat. §§ 6.84(1), 6.86(1)(a), 6.86(1)(b), 6.86(1)(ar), 6.84(2), 6.86(1)(b), 7.52(4)(i).

27. The Milwaukee County Board of Canvassers was wrong, as a matter of law, to include in the Recount In-Person Absentee Ballots issued without a corresponding separate written application.

28. The El-122 Ballot Envelope is not a legal application, and so each of the votes cast solely with the EL-122 Ballot Envelope was not cast with an application and was, accordingly, not a legal vote.

29. Wisconsin's statutes forbid clerks from issuing an absentee ballot to an elector unless the elector first submits a written application therefor: "[T]he municipal clerk ***shall not issue an absentee ballot unless the clerk receives a written application therefor*** from a qualified elector of the municipality." Wis. Stat. § 6.86(1)(ar) (emphasis added).

30. Wisconsin Statutes require a separate written application for an in person absentee ballot.

> Any elector of a municipality who is registered to vote whenever required and who qualifies under ss. 6.20 and 6.85 as an absent elector may make written application to

6

the municipal clerk of that municipality for an official ballot by one of the following methods:

\* \* \*

2. In person at the office of the municipal clerk or at an alternate site under s. 6.855, if applicable.

Wis. Stat. § 6.86(1)(a).

31. Clear and unambiguous statutory law and associated case law dictates that all In-Person Absentee Ballots issued by municipalities without the required application "***may not be counted***" and if such ballots were erroneously counted, they "***may not be included in the certified result of any election.***" Wis. Stat. § 6.84(2) (emphasis added); *see also Lee v. Paulson,* 2001 WI App 19, 241 Wis.2d 38, 623 N.W.2d 577 (excluding 5 absentee ballots from the certified election results because there was no corresponding written application, and the removal of the 5 ballots changed the outcome of the election).[1]

32. The Board of Canvassers for Milwaukee County in direct contravention of the unambiguous law, improperly included in the Recount totals the In-Person Absentee Ballots despite the lack of a written application. The determinations of the Board of Canvassers for Milwaukee County was based on erroneous interpretations of law.

### Incomplete and Altered Certification Envelopes

33. In the course of the Recount, the Plaintiffs discovered that a total of 2,231 ballots were cast in Milwaukee County with incomplete or incorrect EL-122 Ballot Envelopes.

---

[1] It is important to note that just a few hours after Plaintiffs delivered the Verified Recount Petition to WEC on November 18, 2020, WEC attempted to change its recount guidance (as stated in its 2018 Election Recount Procedures Manual) in a way that would not allow Plaintiffs' to examine absentee ballot applications for absentee ballots during the Recount, which is contrary to law. *Compare* WEC, Election Procedures Manual (November 2020), at p. 8, *available at*: https://elections.wi.gov/sites/elections.wi.gov/files/2020-11/Recount%20Manual%20Final%20%2811-2020%29.pdf *with* WEC, Election Recount Procedures (August 2018), at p. 7, *available at*: https://elections.wi.gov/sites/elections.wi.gov/files/2019-02/Recount%20Manual%20Final%20%288-2018%29.pdf ("The board of canvassers then reviews the written applications for absentee ballots and the list of absentee voters maintained by the municipal clerk.") *See also* Wis. Stat. §§ 9.01(1)(b)11, 7.54.

34. In particular, incomplete EL-122 Envelopes were submitted and the clerks inappropriately changed the EL-122 Ballot Envelopes after they had been submitted by supplying missing witness address information or Ballot Envelopes were left incomplete. The Board of Canvassers improperly counted the corresponding ballots (collectively, the "Incomplete or Altered-Certification Absentee Ballots").

35. During the Recount, Plaintiffs objected to the counting of any Incomplete or Altered-Certification Absentee Ballots.

36. The Milwaukee County Board of Canvassers overruled Plaintiffs' objections to the counting of Altered-Certification Absentee Ballots, and such ballots were counted and included in the Recount.

37. The Milwaukee County Board of Canvassers was wrong, as a matter of law, to include the 2,231 Incomplete or Altered-Certification Absentee Ballots in the Recount.

38. Absentee ballots submitted to a municipal clerk must be signed by the elector in the presence of a witness who is an adult U.S. citizen pursuant to Wis. Stat. § 6.87(4)(b)1 and as explained by WEC in its Elections Day Manual, stating:

> **Note**: If the envelope has been opened or resealed, <u>the signature of either the elector or the witness is missing or the witness' address is missing, the absentee ballot certificate envelope is insufficient, and the absentee ballot must be rejected</u>.

THE WISCONSIN ELECTIONS COMMISSION, ELECTION DAY MANUAL FOR WISCONSIN ELECTION OFFICIALS (Sept. 2020), https://elections.wi.gov/sites/elections.wi.gov/files/2020-11/Election%20Day%20Manual%20%282020-09%29.pdf (emphasis added).

39. Furthermore, Wisconsin law expressly provides that if an absentee ballot "certificate is missing the address of a witness, the ballot may not be counted." Wis. Stat. § 6.87(6d).

40. The only process under Wisconsin law to correct an absentee ballot certificate (which is part of the Ballot Envelope) that is missing a signature or a witness' address is to return it to the elector to correct the defect. Wis. Stat. § 6.87(9).

41. Despite the aforementioned Wisconsin Statutes and its prior Election Day guidance, WEC has issued guidance that directly contradicts Wisconsin law stating that a missing witness signature or address on the certificate means the ballot cannot be counted.

42. As part of election training, the City of Milwaukee informed election officials and poll workers that if a certificate is missing a witness address, they should use "red ink" to fill in the missing witness address for the voter. Youtube.com, *Milwaukee Central Count Training Video* (April 1, 2020), https://www.youtube.com/watch?v=hbm-pPaYIqk (last visited November 25, 2020)(City of Milwaukee training video indicating, from 10:40 to 11:15 of the video, that election officials may insert a missing witness address in "red ink," which is contrary to law).

43. As recent as October 19, 2020, WEC wrongly directed local clerks to alter absentee ballot certifications by adding missing addresses for witnesses "through reliable information (personal knowledge, voter registration information, through a phone call with the voter or witness)" rather than the witness personally writing in the missing information as required by law. See WISCONSIN ELECTIONS COMMISSION, SPOILING ABSENTEE BALLOT GUIDANCE (October 19, 2020), https://elections.wi.gov/sites/elections.wi.gov/files/2020-10/Spoiling%20Ballot%20Memo%2010.2020.pdf.

44. The conclusions and findings of the Milwaukee County Board of Canvassers to allow the counting of ballots associated with incomplete and altered certifications was based on an erroneous interpretation of Wisconsin Statutes. In particular, that erroneous interpretation included interpretation of at least the following statutes: Wis. Stat. §§ 6.87(2), 6.87(6d), 6.84(2),

6.87(9)

45. 2,231 Incomplete or Altered-Certification Absentee Ballots were improperly counted and unlawfully included in the Election results as a result of the erroneous interpretation of the laws by the Board of Canvassers.

**Massive Surge in Indefinitely Confined Absentee Ballot Voters in 2020**

46. Wisconsin statutory law expressly requires that all eligible electors must provide proof of identification in order to register to vote, and each time they vote. Wis. Stat. §§ 6.79(2)(a), 6.87(1).

47. Photo identification is also required when requesting to vote by absentee ballot. Wis. Stat. §§ 6.86(1)(ac), (ar), and 6.87(1).

48. There are very limited exceptions to the requirement that an elector must provide photo identification with any application for an absentee ballot, including an exception if an elector certifies that he or she is "indefinitely confined because of age, physical illness or infirmity or is disabled for an indefinite period." Wis. Stat. § 6.86(2)(a). In order to qualify for this exception, an elector must be "elderly, infirm or disabled ***and*** indefinitely confined." *Frank v. Walker*, 17 F. Supp. 3d 837, 844 (E.D. Wis. Apr 29, 2014) (emphasis added), *rev'd on other grounds*, 768 F.3d 744 (7th Cir. 2014).

49. Pursuant to Wis. Stat. § 6.86(2)(a), anyone "who is indefinitely confined because of age, physical illness or infirmity or is disabled for an indefinite period" may, by "signing a statement to that effect require that an absentee ballot be sent to the elector automatically for every election," and does not need to provide photo identification.

50. As such, a qualified "indefinitely confined" absentee ballot elector is a limited exception to the rule requiring that a voter provide photo identification in order to vote and, by that

10

very fact, makes it more susceptible to fraud or abuse than other forms of absentee ballot voting.

51. The number of Indefinitely Confined Absentee Voters increased dramatically in 2020. In part, that increase was a direct result of incorrect advice provided by the Clerks of Dane and Milwaukee Counties.

52. One cause for the massive increase in "indefinitely confined" absentee ballot voters is due to the Milwaukee County and Dane County Clerks' public Facebook posts suggesting that voters could broadly declare themselves to be "indefinitely confined" solely due to the Governor's Safer at Home Order and the COVID-19 pandemic, and thereby avoid having to provide photo identification.

53. Such posts were an invitation to the public to abuse the "indefinitely confined" absentee ballot requirements, which specifically requires that the voter be "indefinitely confined because of age, physical illness or infirmity or is disabled for an indefinite period." Wis. Stat. § 6.86(2)(a).

54. In *Jefferson v. Dane*, No. 2020AP557-OA, the Supreme Court of Wisconsin issued an Order addressing certain concerns about the Indefinitely Confined status. In that Order the Court acknowledged that on March 25, 2020, the Dane County Clerk and the Milwaukee County Clerk publicly approved the use of Indefinitely Confined status by all voters due to the pandemic.[2] *See, e.g.,* March 31, 2020 Order, *Jefferson v. Dane*, No. 2020AP557-OA at 2 (explaining that the Dane County and Milwaukee County Clerks indicated that "all Dane [and Milwaukee] County voters could declare themselves to be 'indefinitely confined' under Wis. Stat. § 6.86(2)" because of the

---

[2] It is also true that claiming to be indefinitely confined was not necessary for any elector who wished to participate in the election and avoid excess contact with others. Any elector could have applied for an absentee ballot, voted that ballot and mailed that ballot back to the clerk without leaving their home. Claiming to be indefinitely confined, however, did allow tens of thousands of electors to vote without providing the legally required photo identification.

11

Safer at Home Order, "thereby avoiding the legal requirement to present or upload a copy of the voter's proof of identification when requesting an absentee ballot" and concluding that such "advice was legally incorrect.").

55. During the Recount, Plaintiffs objected to the counting of any indefinitely confined absentee ballots and, as the review of recount materials progressed, objected more narrowly to a specific subset of the group identified.

56. Based on data provided by WEC and the Board, the names and dates of those claiming the status of Indefinitely Confined was identified. From that data, a subset could be developed that more precisely determined the impact of the Clerks' improper advice. Specifically, those persons who registered under the status after March 25, 2020, who actually voted and had no photo identification on file or otherwise did not present a photo identification. The total of that group is 19,488.

57. Plaintiffs' objected to the inclusion of that precise subgroup and the objection was denied, and all those ballots were improperly counted in the Recount.

58. The Milwaukee County Board of Canvassers was wrong, as a matter of law, to include the specific subset of Indefinitely Confined Absentee Ballots in the Recount.

59. Municipal Clerks are expressly charged with the responsibility to review and expunge from the voter rolls those claiming to be Indefinitely Confined voters when the Clerk has "reliable information that [the]… elector no longer qualifies for the service." Wis. Stat. 6.86(2)(b). Electors who claimed they were indefinitely confined, but were not themselves physically, ill, infirm, elderly, or disabled were also obligated to take steps to be removed from that status prior to the November 3, 2020, election. Wis. Stat. § 6.86(2)(a).

60. Those registering for such status after March 25, 2020, were necessarily suspect

and include numerous persons easily identified.

61. Though expressly required by statute to take appropriate measures to ensure the legitimacy of the voting rolls, Wis. Stat. §§ 6.50 and 9.01(1)(b)1., and to examine suspect Indefinitely Confined voters, Wis. Stat. § 6.86(2)(b) and 9.01(1)(b)2. The Board's conclusion to overrule the objection is based on an erroneous interpretation of the obligations of the clerk's to perform a reasonable inquiry into the status claimed. That is particularly true in that the actions of the Milwaukee County Clerk had encouraged the illegal behaviors.

62. All indefinitely confined absentee ballots issued to those claiming that status after March 25, 2020, without the required photo identification, were issued in violation of law and must be excluded from any certified results of the Election. Wis. Stat. § 6.86(2)(a). The Milwaukee County Board of Canvassers improperly included those ballots in the Recount totals.

## CLAIM FOR RELIEF

63. The actions taken and determinations made by the Milwaukee County Board of Canvassers were contrary to Wisconsin law.

64. In particular, the Milwaukee County Board of Canvassers acted contrary to law by not excluding the following from the Recount results:

    a. Absentee ballots submitted in-person by an elector who did not submit a prior written application for an absentee ballot in violation of Wis. Stat. §§ 6.86(1)(ar), 6.86(1)(a), and 6.84(2).

    b. Absentee ballots issued to electors who submitted absentee ballot certifications with missing information, including, but not limited to, missing signatures, missing initials and missing witness addresses, and absentee ballot certifications that were altered by the municipal clerk

          or employees of the clerk in violation of Wis. Stat. §§ 6.87(2), 6.87(6d), 6.87(9), and 6.84(2).

    c.    Absentee ballots issued to electors who submitted absentee ballot certifications without the required photo identification and who were not indefinitely confined due to being elderly, physically ill or infirm or disabled for an indefinite period in violation of Wis. Stat. §§ 6.86(2)(a), 6.87(4)(b)2, and 6.84(2).

65.    By failing to reject the aforementioned absentee ballots, or absentee ballot envelopes and certifications, the Milwaukee County Board of Canvassers caused harm to Plaintiffs by counting votes cast in contravention of the Wisconsin Statutes and including those votes in the Recount totals, thereby directly impacting the outcome of the Election.

66.    In addition, Wis. Stat. § 9.01(1)(b)11 expressly requires that "all materials and ballots" be "viewed and identified" by the candidates during a recount.

67.    Despite the clear requirement that all the candidates be allowed to view "all materials and ballots," the Milwaukee County Board of Canvassers also refused to allow Plaintiffs the opportunity to view any written absentee ballot application forms.

68.    The failure of the Milwaukee County Board of Canvassers to enforce Wisconsin's stringent absentee voting and recount procedures by excluding illegal votes has, in effect, harmed a corresponding number of Wisconsin voters who legally voted in the Election.

69.    As a result, Plaintiffs are entitled to a drawdown of equal to the number of absentee ballots and absentee ballot envelopes or certifications, that were improperly counted or included in the Recount, which totals at least 130,666. The drawdown of these ballots is likely to change the outcome of the Election.

WHEREFORE, Plaintiffs, Donald J. Trump and Michael R. Pence, respectfully request relief, as follows:

    A.    To set aside the Milwaukee County Board of Canvassers' legal determination that in-person absentee ballots in Milwaukee County should be counted, because such determination violates Wis. Stat. §§ 6.84(2) and 6.86(1)(a), which requires such ballots be preceded by a written application therefor to the municipal clerk;

    B.    To set aside the legal determination by the Milwaukee County Board of Canvassers that incomplete ballot certifications, including those on which the municipal clerk made additions or changes should be counted, because such a determination violates Wis. Stat. §§ 6.84(2), 6.87(2) & (6d), which require a witness address as a prerequisite to the validity of a ballot and Wis. Stat. §6.87(9) which forbids clerks from adding a missing address to the ballot envelope;

    C.    To set aside the Milwaukee County Board of Canvassers' legal determination that certain absentee ballots cast by certain purportedly indefinitely confined voters be counted, because legally erroneous advice provided by the Milwaukee County clerk permitted and encouraged such electors to cast ballots in violation of Wis. Stat. §§6.79(2)(a), 6.84(2), 6.86(1)(ac) & (ar) and 6.87(1), and the clerks failed to take affirmative steps to verify that the voter claiming that status after the erroneous advice was qualified to vote under that status;

    D.    To order the Milwaukee County Board of Canvassers to draw down those ballots necessary to address each of the determinations reversed by this Court, as required by Wis. Stat.§9.01(1)(b)4.b. & e. and related election statutes;

E.  To provide such equitable and other relief, including if necessary injunctive relief, to accomplish the purposes and intents of this Court's Orders; and

F.  To provide such other and further relief and make such other findings Orders as the Court deems required by Chapter 9.

Dated this 7th day of December, 2020.

**TROUPIS LAW OFFICE LLC**
*Attorneys for Plaintiffs*

By: *Electronically Signed by James R. Troupis*
James R. Troupis, SBN 1005341
4126 Timber Ln.
Cross Plains, WI 53528-9786
Phone:    608.833.8037
Email:    judgetroupis@gmail.com

**CONWAY, OLEJNICZAK & JERRY S.C.**
*Attorneys for Plaintiffs*

By: *Electronically Signed by R. George Burnett*
R. George Burnett, SBN 1005964
Kurt A. Goehre, SBN 1068003
231 S. Adams St.
P.O. Box 23200
Green Bay, WI 54305-3200
Phone:    920.437.0476
Facsimile: 920.437.2868
Email:    rgb@lcojlaw.com