UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| DONALD J. TRUMP, Candidate for President of the United States of America,<br><br>    Plaintiff,<br><br>  v.<br><br>THE WISCONSIN ELECTIONS COMMISSION, and its members, ANN S. JACOBS, MARK L. THOMSEN, MARGE BOSTELMANN, DEAN KNUDSON, ROBERT F. SPINDELL, JR., in their official capacities, SCOTT MCDONELL in his official capacity as the Dane County Clerk, GEORGE L. CHRISTENSON in his official capacity as the Milwaukee County Clerk, JULIETTA HENRY in her official capacity as the Milwaukee Election Director, CLAIRE WOODALL-VOGG in her official capacity as the Executive Director of the Milwaukee Election Commission, MAYOR TOM BARRETT, JIM OWCZARSKI, MAYOR SATYA RHODES-CONWAY, MARIBETH WITZEL-BEHL, MAYOR CORY MASON, TARA COOLIDGE, MAYOR JOHN ANTARAMIAN, MATT KRAUTER, MAYOR ERIC GENRICH, KRIS TESKE, in their official capacities; DOUGLAS J. LA FOLLETTE, Wisconsin Secretary of State, in his official capacity, and TONY EVERS, Governor of Wisconsin, in his official capacity.<br><br>    Defendants. | Case No.: 20CV1785 |

## DEFENDANT GOVERNOR TONY EVERS'S
## MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Plaintiff's Complaint (Dkt. 1) is woefully deficient on its face. Critically, the complaint fails to state a cause of action, let alone any plausible claim for relief this Court has authority to grant. That alone is fatal, but Plaintiff is also not entitled to bring his claims in federal court. Rather, he is bound by state law, which prescribes the exclusive remedy for adjudicating Plaintiff's claims. Plaintiff has availed himself of the state remedy, but now asks that this federal

Court adjudicate the same claims while state judicial review is ongoing. The doctrines of abstention and exclusive jurisdiction make this complaint nonjusticiable. The Court should dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(1) and (6). Plaintiff's complaint is also nonjusticibile because he inappropriately requests that the Court issue an advisory opinion. Moreover, given Plaintiff's delay in filing his complaint, even if Plaintiff had properly pleaded justiciable claims, they are now foreclosed under the doctrine of laches and, even if they were not, Plaintiff's request for relief is most certainly moot.

For all of these reasons, Defendant Governor Tony Evers moves this Court to dismiss Plaintiff's claims entirely and with prejudice before even considering Plaintiff's Motion for Expedited Declaratory and Injunctive Relief (Dkt. 6).

This Motion to Dismiss must be heard before any motion for relief in this matter. At Plaintiff's request, the Court has scheduled an expedited evidentiary hearing, with minimal discovery, through which Plaintiff seeks final adjudication on the merits. And, the relief that Plaintiff seeks—invalidating the results of the general election in which a record number of nearly 3.3 million Wisconsinites cast ballots—would be both irreversible and highly prejudicial. Accordingly, Fed. R. Civ. P. 12(i) requires the Court to hear and decide this motion before adjudicating Plaintiff's request for injunctive relief.

The grounds for this motion are fully set forth in the accompanying brief.

Dated: December 8, 2020          Respectfully submitted,

/s/ Jeffrey A. Mandell
Jeffrey A. Mandell
Rachel E. Snyder
Richard A. Manthe
STAFFORD ROSENBAUM LLP

2

222 W. Washington Ave., Suite 900
Madison, WI 53701-1784
Telephone: 608-256-0226
Email: jmandell@staffordlaw.com
Email: rsnyder@staffordlaw.com
Email: rmanthe@staffordlaw.com

Justin A. Nelson
Stephen E. Morrissey
Stephen Shackelford Jr.
Davida Brook
SUSMAN GODFREY L.L.P.
1000 Louisiana St., Suite 5100
Houston, TX 77002
(713) 651-9366
jnelson@susmangodfrey.com
smorrissey@susmangodfrey.com
sshackelford@susmangodfrey.com
dbrook@susmangodfrey.com

Paul Smith
CAMPAIGN LEGAL CENTER
1101 14th St. NW, Suite 400
Washington, DC 20005
(202) 736-2200
psmith@campaignlegalcenter.org

*Attorneys for Defendant, Governor Tony Evers*