UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DONALD J. TRUMP,

        Plaintiff,

v.                         Case No. 20-C-1785

THE WISCONSIN ELECTIONS COMMISSION, et al.,

        Defendants.

**BRIEF OF DEFENDANTS BARRETT, WOODALL-VOGG, AND OWCZARSKI IN SUPPORT OF THEIR MOTION TO DISMISS**

Defendants Milwaukee Mayor Tom Barrett, Milwaukee Election Commission Executive Director Claire Woodall-Vogg, and City Clerk Jim Owczarski (collectively, the "City of Milwaukee" or "City"), by their attorneys, submit the following Brief in Support of their Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and (6). The City requests that for the reasons set forth below, the Court enter an order cancelling the now-scheduled evidentiary hearing, dismissing the complaint and this action, and awarding costs and attorneys' fees.

**INTRODUCTION**

Plaintiff Donald J. Trump asks this Court to subvert the will of Wisconsin's electorate and "remand" the choice of Wisconsin's presidential electors to the Wisconsin state legislature. In seeking such an extreme and unprecedented remedy, one might expect Plaintiff to assert specific and pervasive instances of voter fraud, or to provide at least a scrap of support for the premise that the Defendants' actions "likely tainted more than 50,000 ballots." One might also anticipate a coherent legal framework for the Plaintiff's claims. The Plaintiff's Complaint offers none of these things. Instead, though a month has elapsed since the Plaintiff was defeated in the

Wisconsin general election, the best he can muster is a befuddling array of speculative allegations, conclusory statements, and hollow legal citations.

Plaintiff's Complaint fails as a matter of law in several respects. First, because Plaintiff cannot establish constitutional claims, this Court lacks jurisdiction over this action. Second, his Complaint fails to state any plausible claim for relief. Third, his claims are not justiciable because his exclusive remedies are controlled by state law and he has no standing to proceed. Lastly, abstention doctrine dictates that this Court should refrain from deciding this matter. For all these reasons, and without the need for consideration of the merits or the taking of live testimony, Plaintiff's Complaint should be dismissed in its entirety pursuant to Fed. R. Civ. P. 12(b)(6).

## PROCEDURAL BACKGROUND

On December 2, 2020, Plaintiff filed a Complaint and accompanying "Motion for Expedited Declaratory and Injunctive Relief and for an Expedited Hearing." *See* Complaint (ECF No. 1); Motion for Expedited Declaratory and Injunctive Relief and for an Expedited Hearing ("Motion") (ECF No. 6). During the December 4, 2020, status/scheduling conference in this matter, Plaintiff appeared to concede that he is not really seeking injunctive relief at all. For that reason, as well as those set forth in its separate response to Plaintiff's motion, the City of Milwaukee maintains that the plaintiff is entitled to neither injunctive relief nor the expedited hearing currently scheduled for December 10, 2020. However, as discussed herein, the Court need not reach those questions because the Plaintiff's Complaint should be dismissed as facially insufficient.

## ARGUMENT

### I. This Court Lacks Subject-Matter Jurisdiction Over the Plaintiff's Claims.

Though his Complaint is frequently difficult to decipher, it seems that Plaintiff ultimately seeks: (1) a declaration that various defendants violated Wisconsin statutes when conducting the November 3, 2020, general election, and (2) a different outcome in that election, apparently via a "remand" to the Wisconsin legislature. In alleging that this Court has subject-matter jurisdiction to provide these remedies, Plaintiff cites to 28 U.S.C. §§ 1331 and 1343, which assigns to federal district courts "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." (Compl. ¶ 24).

Federal courts are not "constituted as free-wheeling enforcers of the Constitution and laws." *Initiative & Referendum Inst. v. Walker*, 450 F.3d 1082, 1087 (10th Cir. 2006) (en banc). A party suing in federal court thus must show that his suit falls within that court's jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673 (1994). Plaintiff apparently maintains that this case presents a federal question within this Court's subject-matter jurisdiction pursuant to the Constitution's Electors Clause, First Amendment, and Fourteenth Amendment. Plaintiff is wrong. This Court should reject Plaintiff's contrived attempts to transform his grievances into matters of federal constitutional import.

"[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514, 126 S. Ct. 1235 (2006). Additionally, "when evaluating a facial challenge to subject matter jurisdiction under Rule 12(b)(1), a court should use *Twombly–Iqbal's* 'plausibility' requirement, which is the same standard used to evaluate facial challenges to claims under Rule

3

12(b)(6)." *Silha v. ACT, Inc.*, 807 F.3d 169, 174 (7th Cir. 2015). Section II, *infra*, explains in detail why the Plaintiff's alleged First Amendment, Fourteenth Amendment, and Electors Clause claims fail under the applicable pleading standard and thus are facially invalid. Without any viable constitutional claims there is nothing further for this Court to do. This Court should decline to exercise jurisdiction for the same reasons that the Plaintiff fails to state a constitutional claim and dismiss the Complaint in its entirety.

### II. The Plaintiff Fails to State a Plausible Claim for Relief.

In order to state a claim upon which relief may be granted, Plaintiff had to plead plausible facts. Plaintiff must offer more than conclusory allegations; rather, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007)); *see also Cooney v. Rossiter,* 583 F.3d 967, 971 (7th Cir. 2009) (before subjecting defendants to "paranoid pro se litigation ... alleging ... a vast, encompassing conspiracy," the plaintiff must meet a "high standard of plausibility"). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* For the reasons explained in detail below as to each alleged claim, the Complaint does not meet the baseline specificity requirements under *Twombly* and *Iqbal*.[1]

---

[1] If this case were proceeding under a normal timeline, the City defendants would have instead brought a motion under Federal Rule of Civil Procedure 12(e) for a more definite statement. Despite Plaintiff having a month in which to draft his Complaint, the City defendants maintain that the Complaint is so vague that the they cannot reasonably prepare a response. However, given the extremely unusual timeline presented in this case at Plaintiff's request, the City Defendants recognize the unlikelihood of Plaintiff submitting a more definite statement prior to the scheduled hearing on Thursday, December 10, 2020.

4

In deciding a motion to dismiss, the Court presumes the veracity of all well-pleaded material allegations in the Complaint, *Firestone Fin. Corp. v. Meyer*, 796 F.3d 822, 826 (7th Cir. 2015), but "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (alteration in original) (quoting Fed. R. Civ. P. 8(a)). "[C]onclusory statements of law . . . and their unwarranted inferences . . . are not sufficient to defeat a motion to dismiss for failure to state a claim." *N. Tr. Co. v. Peters*, 69 F.3d 123, 129 (7th Cir. 1995). ." This standard "ordinarily requires describing the 'who, what, when, where, and how'" of the fraud. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 615 (7th Cir. 2011).

### a. The Plaintiff's First Amendment Claims Fail as a Matter of Law.

Plaintiff's Complaint contains precisely one reference to the First Amendment to the United States Constitution. In a section alleging his bases for jurisdiction and venue in this Court, Plaintiff states: "This action arises under 42 U.S.C. § 1983 and Art. I, § 4, cl. 2, Art. II, § 1, cl. 4 and the **First** and Fourteenth Amendments of the United States Constitution." (Compl. ¶ 23) (emphasis added). The First Amendment states: "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances." U.S. Const. amend. I. The Complaint, however, makes no allegations concerning Plaintiff's First Amendment rights. Further, Plaintiff seeks no declaratory or injunctive relief concerning his First Amendment rights. *See* Motion for Expedited Declaratory and Injunctive Relief and for an Expedited Hearing ("Motion") (ECF No. 6); *see also* Compl. at 71-72 (prayer for relief). Plaintiff's Complaint does not contain even

5

threadbare First Amendment allegations. The First Amendment claim fails to meet the *Twombly* and *Iqbal* pleading standard and should be dismissed accordingly.

### b. The Plaintiff's Fourteenth Amendment Claims Fail as a Matter of Law.

The Complaint fails to plead plausible facts to state either an Equal Protection or Due Process claim under the Fourteenth Amendment. The seventy-two-page Complaint refers to equal protection and due process only five times—three of them occurring in the conclusion and request for relief sections—and at no point makes any distinction between the two claims.

Plaintiff is a resident of the State of Florida and was a candidate for President of the United States in the November 3, 2020 election held in the State of Wisconsin for the selection of electors for the offices of President and Vice President of the United States. (Compl. ¶ 1). Plaintiff does not allege that he voted in the State of Wisconsin—nor could he have done so, as a resident of Florida. *See generally* Compl.. Plaintiff's Complaint alleges multiple violations of the Wisconsin Election Code, including: (1) "Ignoring or compromising state law limits on the availability of mail-in balloting for those reasonably able to cast a ballot in person"; (2) "Proliferating unmanned mail-in ballot drop boxes"; (3) "Processing and counting vast numbers of mail-in ballots outside the visibility of poll watchers"; (4) "Reducing or eliminating mandatory voter information certifications for mail-in ballots"; and (5) "Permitting 'ballot tampering.'" (Compl. ¶ 28).

Plaintiff does not plead any facts demonstrating that these alleged illegal practices disfavored votes for him as opposed to his opponent in the election. (*See e.g.* Compl. at 72, ¶ 3 "Declaring that the constitutional violations of the Defendants likely tainted more than 50,000 ballots, a number well in excess of the current estimated difference between the vote totals for the Republican and Democrat candidates for President"). Plaintiff then makes a conclusory

6

statement that these practices "violated equal protection and due process standards, significantly undercutting the predictable and uniform application of the law, while serially undermining the Wisconsin Election Code." (Compl. ¶ 29). Similarly, in relation to the ballot drop boxes, Plaintiff alleges that there was "an abject lack of uniform standards regarding the handling, security and openness of the process to the public in connection with the new use of un-manned, absentee ballot drop boxes," making them "constitutionally suspect under the Equal Protection and Due Process Clauses." (Compl. ¶ 199).

The Fourteenth Amendment of the United States Constitution requires that no State shall "deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." It is entirely unclear how Plaintiff believes his Equal Protection or Due Process rights were violated through the various alleged Wisconsin Electoral Code violations. Plaintiff's Complaint lacks any factual allegations that he (not even a Wisconsin voter) or any Wisconsin voters were treated differently under like circumstances. Similarly, Plaintiff's Complaint makes no factual allegation of being denied process of the law or being denied the fundamental right to vote. Plaintiff's Complaint is completely devoid of factual allegations as to how any of his constitutional rights were violated. Plaintiff does not even attempt to make threadbare recitals of the elements of a cause of action, and instead improperly relies only on conclusory statements to support his claims. Given this lack of factual specificity, the Complaint fails to state a Fourteenth Amendment claim for either Equal Protection or Due Process. As such, Plaintiff's claims fail to meet the *Twombly* and *Iqbal* pleading standard and should be dismissed accordingly.[2]

### c. The Plaintiff's Elections Clauses Claims Fail as a Matter of Law.

---

[2] The City also joins the due process and equal protection arguments articulated by Defendant Democratic National Committee.

Plaintiff asks this Court for judgment declaring that "the Defendants violated the Electors Clause by failing to abide with the directions of the Wisconsin Legislature in connection with the conduct of the 2020 Presidential Election in Wisconsin." (Compl. at 71, ¶ 1). He further seeks judgment "Remanding this case to the Wisconsin Legislature to consider the Defendants' violations of the Electors […] Clause[ ] and determine what remedy, if any, the Wisconsin Legislature should impose within its authority pursuant to the Electors Clause." (Compl. at 72, ¶ 4). Plaintiff asserts jurisdiction and venue exist pursuant to Article II, § 1, cl. 4, as well as Article I, § 4, cl. 2. (Compl. ¶ 23).

The Complaint refers at times to the Electors Clause alone and at others to the Elections Clauses collectively.[3] The "Electors Clause" of the Constitution states: "Each State shall appoint, in such Manner as the Legislature thereof may direct, a Number of Electors …." U.S. Const. art. II, § 1, cl. 2. The Elections Clause is found at Article I, § 4, cl. 1 and provides in part: "The Times, Places and Manner of holding Elections for Senators and Representatives, shall be prescribed in each State by the Legislature thereof[.]" U.S. Const. art. I, § 4, cl. 1.

Plaintiff does not allege that either Clause authorizes a federal court provide the extraordinary remedy of remanding to a state legislature for the fashioning of a remedy. He can point to no authority for this proposition. Plaintiff does not allege that the declaratory relief requested of this Court is a predicate to seeking a remedy through the Wisconsin Legislature, which is his apparent objective. He does not allege the status of other pending litigation in state and federal court, such that the parties and this Court may fully contemplate abstention principles. Nor does Plaintiff specifically identify how the Elections Clauses were violated by the City. His Complaint contains conclusory statements wedged into what are otherwise clearly

---

[3] *See* Compl. ¶¶ 42, 45, 50, 56, 57, 63, 67, 70, 72, 105, 161-62, 178, 211-12, 299, 301-02.

state law claims. *See, e.g.,* Compl. ¶ 105 ("it is clear that due to the conduct of the Defendants unlawful ballots under Wisconsin Law and the Electors Clause of the U.S. Constitution were cast and counted, throughout the State.").

Another federal district court recently held that, given similar pleadings, the plaintiffs did not "explain how or why such violations of state election procedures automatically amount to violations of the clauses." Slip Op. at 30, *King v. Whitmer*, No. 2:20-cv-13134 (E.D. Mich. Dec. 7, 2020). Instead, the plaintiffs' claims were "in fact state law claims disguised as federal claims." Despite having had a month following the election to draft his Complaint, it is not clearly divided into intelligible causes of action; however, even within allegations grouped within a common heading, there are entire passages in which Plaintiff makes no mention of the Elections Clauses. *See, e.g.,* Compl. ¶¶ 74-82 (concerning voter identification). Simply, Plaintiff fails to adequately allege a claim upon which relief may be granted. Plaintiff's Elections Clauses claims fail to meet the *Twombly* and *Iqbal* pleading standard and should be dismissed accordingly.

### III. The Plaintiff's Claims Are Not Justiciable Because the Plaintiff's Exclusive Remedies Lie in State Law and He Lacks Standing.

#### a. State Law Provides Plaintiff's Exclusive Remedies.

The Plaintiff's failure to plead plausible constitutional claims is compounded by the fact that his exclusive remedies lie elsewhere: in the laws of Wisconsin. Wis. Stat. § 9.01(11) expressly and unequivocally states that "[t]his section constitutes the exclusive judicial remedy for testing the right to hold an elective office as the result of an alleged irregularity, defect or mistake committed during the voting or canvassing process." *See also Carlson v. Oconto Cty. Bd. of Canvassers*, 2001 WI App 20, ¶ 7, 240 Wis. 2d 438, 623 N.W.2d 195 (deeming Wis. Stat.

9

§ 9.01 the "exclusive remedy for any claimed election fraud or irregularity). Any appeal regarding the recount process thus must commence in a circuit court in Wisconsin and then work its way through Wisconsin's higher courts, as appropriate. Wis. Stat. §§ 9.01(6)-(9).

Plaintiff is well aware of Wisconsin's recount statute and the procedures contained therein. He requested recounts in Dane and Milwaukee Counties and unsuccessfully pursued an original action in the Wisconsin Supreme Court following the conclusion of those recounts. *Trump v. Evers,* No. 2020AP001971 at 2 (Wis. Sup. Ct. Dec. 4, 2020). Plaintiff's petition was denied because he failed to comply with the procedural requirements of Wis. Stat. § 9.01, and the Court directed him to follow those requirements by filing in circuit court. *Id.* Justice Hagedorn, concurring, noted that "[a]ll parties seem to agree that Wis. Stat. § 9.01 (2017-18) constitutes the 'exclusive judicial remedy' applicable to this claim." *Trump v. Evers,* No. 2020AP001971 at 2 (Wis. Sup. Ct. Dec. 4, 2020) (Hagedorn, J., concurring).

To the extent that Plaintiff's Complaint takes issue with guidance issued by the Wisconsin Elections Commission ("WEC"), such guidance is also subject to a statutory exclusive remedy provision. (*See generally* Compl.). Pursuant to Wis. Stat. § 227.40(1):

> the exclusive means of judicial review of the validity of a rule or guidance document shall be an action for declaratory judgment as to the validity of the rule or guidance document brought in the circuit court for the county where the party asserting the invalidity of the rule or guidance document resides or has its principal place of business or, if that party is a nonresident or does not have its principal place of business in this state, in the circuit court for the county where the dispute arose.

This statute clearly provided the Plaintiff with a means for challenging any established WEC guidance with which he disagreed well before the election occurred. Indeed, a declaratory judgment from a Wisconsin court clarifying election procedures prior to the election might well have assisted election officials in conducting as safe and fair an election as possible during a

10

global pandemic.[4]  Unfortunately, the Plaintiff's interest here is in obfuscation, not clarity.  Only by pretending that he had no other options can Plaintiff hope to obscure the emptiness of his supposed federal claims.

Additionally, Plaintiff appears to concede that his Elections Clauses claims, which form the core of his purported constitutional arguments, are better addressed elsewhere.  Plaintiff endeavors to specifically address justiciability in the Complaint.  (Compl. ¶¶ 64-72).  He concedes, as he must, that "**in relation to the Electors Clause … it is ultimately the exclusive province of the Wisconsin Legislature to determine the remedy for violations of Article II of the U.S. Constitution in Wisconsin**."  (Compl. ¶ 67) (emphasis added); *see also* Compl. ¶ 70 ("it is the State Legislature alone that has the *final* say" on questions about whether state laws were followed by state officials).  Plaintiff further acknowledges, albeit without specificity, that there are several lawsuits pertaining to the presidential election filed in state and federal courts.  (Compl. ¶ 66).  Plaintiff even grants that the Wisconsin legislature is likely aware of—and perhaps even itself investigating—elections-related issues.  (Compl. ¶¶ 64-65).

Despite these facts, Plaintiff alleges that it is proper to bring his claims in this Court.  (Compl. ¶¶ 68-69).  He points to *Marbury v. Madison*, 5 U.S. 137, 177, 2 L. Ed. 60 (1803) for the general proposition that it is the duty of the courts to "'say what the law is.'"  (Compl. ¶ 68).  To get from the broad proposition to his desired outcome of justiciability in this Court, Plaintiff cites a three-justice concurrence to the *per curiam* opinion in *Bush v. Gore*, 531 U.S. 98, 115, 121 S. Ct. 525, 148 L. Ed. 2d 388 (2000).  (Compl. ¶ 71).  However, *Bush v. Gore* is procedurally and factually distinct from the present case; there the Supreme Court ruled so as to allow the State of Florida to proceed with its responsibilities under the Electors Clause and state law, not to interfere with and undermine that process.  While litigation is ongoing pursuant to the

---

[4] See City Defendants' laches arguments contained in their motion response brief.

procedures set out by the Wisconsin Legislature, Plaintiff asks this Court to intervene in the process by which Wisconsin chooses electors. Federal courts are not venues for plaintiffs to assert a bare right "to have the Government act in accordance with law." *Allen v. Wright*, 468 U.S. 737, 754, 104 S. Ct. 3315, 82 L.Ed.2d 556 (1984), *abrogated on other grounds by Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 126–27, 134 S. Ct. 1377, 188 L.Ed.2d 392 (2014).

The fact that Plaintiff's efforts in state court have been fruitless may well speak to the underlying merits of his claims. That fact does not, however, mean he was without a remedy at law. Plaintiff's efforts to demonstrate justiciability fall short because his relief lies elsewhere, and his claims should be dismissed.

### b. The Plaintiff Lacks Standing.

The City of Milwaukee maintains that this matter is not justiciable because the Plaintiff lacks standing to proceed. In the interests of economy as directed by the Court, the City of Milwaukee joins and adopts as its own the standing arguments advanced by Defendant Democratic National Committee.

### IV. This Court Should Abstain from Deciding This Matter.

The City of Milwaukee maintains that this Court should abstain from deciding this matter. In the interests of economy as directed by the Court, the City joins and adopts as its own the abstention arguments advanced by Defendant Democratic National Committee.

### CONCLUSION

For the reasons stated herein, and pursuant to Fed. R. Civ. P. 12(b)(1) and (6), the City of Milwaukee Defendants Tom Barrett, Claire Woodall-Vogg, and Jim Owczarski respectfully ask this Court to dismiss the Plaintiff's Complaint in its entirety and without need for further proceedings. They further request the award of costs and attorneys' fees.

Dated at Milwaukee, Wisconsin, this 8th day of December, 2020.

TEARMAN SPENCER
City Attorney, State Bar No. 1030676


s/James M. Carroll
James M. Carroll (State Bar No. 1068910)
Scott F. Brown (State Bar No. 1089753)
Kathryn Z. Block (State Bar No. 1029749)
Patrick J. McClain (State Bar No. 1100896)
Elleny B. Christopoulos (State Bar No. 1105495)
Tyrone M. St. Junior (State Bar No. 1079284)
Julie P. Wilson (State Bar No. 1034792)
*Attorneys for Defendants, Tom Barrett, Claire Woodall-Vogg, and Jim Owczarski*
CITY OF MILWAUKEE
Milwaukee City Attorney's Office
200 E. Wells Street, Room 800
Milwaukee, WI 53202-3515
Telephone: (414) 286-2601
Facsimile: (414) 286-8550
jmcarr@milwaukee.gov

1077-2020-1711:272599