UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

DONALD J. TRUMP, Candidate for President of
the United States of America,

    Plaintiff,

vs.

THE WISCONSIN ELECTIONS
COMMISSION, et al.,

    Defendants,

and

WISCONSIN STATE CONFERENCE NAACP,
et al.,

    Intervenor-Defendants.

Case No. 2:20-cv-01785-BHL

**NOTICE OF JOINDER IN DEFENDANTS' EXPEDITED MOTIONS
TO STAY EVIDENTIARY HEARING [DKTS. 62 AND 79] ON
BEHALF OF INTERVENOR–DEFENDANTS WISCONSIN STATE
CONFERENCE NAACP, DOROTHY HARRELL, WENDELL J.
HARRIS, SR., AND EARNESTINE MOSS**

The Court has set an evidentiary hearing on President Trump's motion for preliminary injunction and declaratory relief beginning at 9:00 a.m. on Thursday, December 10, 2020. Pursuant to the Court's Order from earlier today [Dkt. 61], Intervenor-Defendants Wisconsin State Conference NAACP, Dorothy Harrell, Wendell J. Harris, Sr., and Earnestine Moss (collectively the "Wisconsin NAACP") will be filing a motion to dismiss the President's Complaint pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction and pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. The Wisconsin NAACP's motion, which will be filed today by the Court's 5:00 p.m. deadline,

will raise various threshold legal issues which the Court needs to resolve before holding the scheduled hearing.

Before a court can consider the merits of a claim, it "must first consider threshold issues of justiciability" which bear on the Court's jurisdiction. *Wernsing v. Thompson*, 423 F.3d 732, 742–43 (7th Cir. 2005). "Jurisdiction is the 'power to declare law,' and without it the federal courts cannot proceed." *Hay v. Indiana State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002) (quoting *Ruhrgas v. Marathon Oil Co.*, 526 U.S. 574, 577, 583 (1999)). The Wisconsin NAACP's motion to dismiss, and the others now filed or in the process of being filed by other defendants in this case, directly address the Court's inability to hear this matter or to otherwise proceed on the merits. Before the vast resources necessary to prepare for an evidentiary hearing are expended, the Court should first adjudicate the legal issues before it.

Resolving the threshold questions raised in the various motions to dismiss likely will eliminate the need for any evidentiary hearing or at least narrow the issues if one is to occur. On November 9, 2020, the Trump Campaign filed suit in the Middle District of Pennsylvania alleging a series of election improprieties, similar (and equally frivolous) to those alleged by Plaintiff here. In *Donald J. Trump for President, Inc. v. Kathy Boockvar*, No. 4:20-cv-02078, 2020 WL 6821992 (Nov. 21, 2020), Judge Matthew Brann initially scheduled an evidentiary hearing on the plaintiffs' motion for preliminary relief, but after hearing oral argument on the defendants' motion to dismiss, he not only adjourned the hearing without resetting it, but denied the plaintiffs' motion for leave to file a second amended complaint. *Boockvar*, 2020 WL 6821992 at *3-4, 14.

The court in a post-election challenge in Arizona approached the problem similarly. *See Bowyer v. Ducey*, No. 2:20-cv-02321 (D. Ariz.) [Dkt. 51]. There the district court had initially scheduled an evidentiary hearing, as this Court has, but changed its mind after seeing the

justiciability concerns raised by the defendants. In so doing, the district court modified the schedule to use the time initially designated for an evidentiary presentation instead for legal argument on these threshold issues.

The Wisconsin NAACP respectfully requests that this Court proceed in a similar manner. For the reasons stated herein, Intervenor-Defendants Wisconsin State Conference NAACP, Dorothy Harrell, Wendell J. Harris, Sr., and Earnestine Moss, join the expedited motions filed earlier today by the Wisconsin Elections Commission, its members, and Secretary of State La Follette [Dkt. 62] and the City of Milwaukee defendants [Dkt. 79], asking this Court to stay Thursday's evidentiary hearing until after a final decision is made regarding the pending and forthcoming motions to dismiss.

Dated this 8th day of December 2020.

*s/ Joseph S. Goode*
Joseph S. Goode (WI State Bar No. 1020886)
Mark M. Leitner (WI State Bar No. 1009459)
John W. Halpin (WI State Bar No. 1064336)
Allison E. Laffey (WI State Bar No. 1090079)
LAFFEY, LEITNER & GOODE LLC
325 E. Chicago Street
Suite 200
Milwaukee, WI 53202
(414) 312-7003 Phone
(414) 755-7089 Facsimile
jgoode@llgmke.com
mleitner@llgmke.com
jhalpin@llgmke.com
alaffey@llgmke.com

Kristen Clarke (*admission pending*)
Jon Greenbaum
Ezra Rosenberg
Ajay Saini (*admission pending*)
Jacob Conarck
Ryan Snow (*admission pending*)
LAWYERS' COMMITTEE FOR CIVIL RIGHTS UNDER LAW

1500 K Street NW
9th Floor
Washington, DC 20005
(202) 662-8315 (phone)
(202) 783-0857 (fax)
kclarke@lawyerscommittee.org
jgreenbaum@lawyerscommittee.org
erosenberg@lawyerscommittee.org
asaini@lawyerscommittee.org
jconarck@lawyerscommittee.org
rsnow@lawyerscommittee.org

*Attorneys for Intervenor-Defendants Wisconsin State Conference NAACP, Dorothy Harrell, Wendell J. Harris, Sr., and Earnestine Moss*