UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| Donald J. Trump, Candidate for President of the United States of America,<br><br>Plaintiff,<br><br>v.<br><br>The Wisconsin Elections Commission, and its members, Ann S. Jacobs, Mark L. Thomsen, Marge Bostelman, Dean Knudson, Robert F. Spindell, Jr., in their official capacities, Scott McDonnell in his official capacity as the Dane County Clerk, George L. Christenson in his official capacity as the Milwaukee County Clerk, Julietta Henry in her official capacity as the Milwaukee Election Director, Claire Woodall-Vogg in her official capacity as the Executive Director of the Milwaukee Election Commission, Mayor Tom Barrett, Jim Owczarski, Mayor Satya Rhodes-Conway, Maribeth Witzel-Behl, Mayor Cory Mason, Tara Coolidge, Mayor John Antaramian, Matt Krauter, Mayor Eric Genrich, Kris Teske, in their official Capacities, Douglas J. LaFollette, Wisconsin Secretary of State, in his official capacity, and Tony Evers, Governor of Wisconsin, in his Official capacity,<br><br>Defendants. | Case No. 20-cv-01785-BHL |

## CIVIL L. R. 7(h) EXPEDITED NON-DISPOSITIVE MOTION FOR LEAVE TO FILE NON-PARTY AMICUS BRIEF

Non-party The Center for Tech and Civic Life ("CTCL") hereby moves the Court for leave to file an amicus brief, in the same form as attached as **Exhibit A** to this motion. As grounds for its motion, CTCL states as follows:

1. While there is no rule of procedure that explicitly allows a non-party leave to file a brief as an amicus curiae in district court, this Court has previously allowed non-parties to file amicus briefs. *See Johnson v. U.S. Office of Pers. Mgmt.*, No. 14-C-0009, 2014 WL 1681691,

1

at *1 (E.D. Wis. Apr. 28, 2014) (citing *Voices for Choices v. Illinois Bell Tel. Co.*, 339 F.3d 542, 544 (7th Cir.2003) (noting that "the Seventh Circuit has explained that allowing an amicus curiae brief is a matter of 'judicial grace.'"). "[T]he criterion for deciding whether to accept a brief should be the same for any would-be amici: 'whether the brief will assist the judge[ ] by presenting ideas, arguments, theories, insights, facts, or data that are not to be found in the parties' briefs.'" *Id.* That criterion is more likely to be met when "the amicus presents 'a unique perspective or specific information that can assist the court beyond what the parties can provide.'" *Id.* (internal citation omitted).

2. CTCL is a non-partisan, non-profit organization whose mission is to promote civic engagement and the modernization of election administration procedures.

3. CTCL's leadership is bipartisan and its Board of Directors and Advisory Committee consist primarily of individuals who have dedicated their careers to nonpartisan election administration.

4. In 2020, CTCL recognized that election administrators nationwide faced unprecedented challenges in adapting to the pandemic. CTCL therefore created a COVID-19 Response Grant Program. This nationwide charitable grant program offered funding to help local officials adopt secure voting procedures amid the pandemic. Ultimately, over 2,500 cities and counties across the country—including 221 jurisdictions in Wisconsin—received election administration grants from CTCL.

5. In its Complaint, Plaintiff alleges that CTCL's grants "promote[d] a massive absentee ballot expansion program and opened the doors to ballot harvesting and voter coercion, among other practices about which the Wisconsin Legislature has expressly stated concerns." *See* Compl. ¶ 223, Dkt. No. 1; *see also id.* ¶¶ 227-28 (alleging CTCL's funding of election

administration programs evidenced "a potential municipal vs. rural bias," undermined state election law, and was influenced by "partisan political" motives).

6. Because the Complaint contains extensive and material allegations relating directly to the legality and propriety of the CTCL COVID-19 Response Grant Program, CTCL has a clear interest in this litigation.

7. In particular, CTCL has an interest in aiding the Court's decisional process by providing an accurate description of its grant program, addressing the baseless and offensive charges leveled by Plaintiff, and offering a more comprehensive account of how its grant program operated both in Wisconsin and across the United States.

8. CTCL is also uniquely well positioned to provide this Court with additional context for the allegations set forth in the Complaint: specifically, a survey of nine federal and state lawsuits filed over the past two months in which litigants unsuccessfully challenged the legality of accepting and using CTCL grant funds. Those lawsuits include a case filed in this Court, in which Judge Griesbach held that the Wisconsin Voters Alliance was not likely to succeed on the merits of its claims (and where both the United States Court of Appeals for the Seventh Circuit and United States Supreme Court denied motions for injunctive relief pending appeal.

9. In sum, CTCL seeks to fulfill the traditional role of an *amicus curiae*: assisting the Court by providing factual and legal context based on its own unique experiences that are directly relevant to the claims and issues at hand.

10. Finally, given the rapid pace at which this case is proceeding, including briefing deadlines on December 8 and 9, 2020 and an evidentiary hearing scheduled for December 10,

2020, *see* Dkt. No. 45, CTCL requests this court consider this motion under an expedited review pursuant to Civil L.R. 7(h).

WHEREFORE, CTCL respectfully requests this Court grant its motion for leave to file a non-party amicus brief in this case in the same form as that attached as **Exhibit A** to this motion.

Dated this 8th day of December, 2020.

By: *s/ Kendall W. Harrison*
Kendall W. Harrison (#1023438)
Mike B. Wittenwyler (#1025895)
Maxted Lenz (#1104692)
Godfrey & Kahn, S.C.
One East Main Street, Suite 500
P.O. Box 2719
Madison, WI 53701-2719
Phone: 608-257-3911
Fax: 608-257-0609
kharriso@gklaw.com
mwittenw@gklaw.com
mlenz@gklaw.com

Joshua Matz, NY Bar No. 5388962
Harmann Singh, NY Bar No. 5811021
Kaplan Hecker & Fink LLP
350 Fifth Avenue, Suite 7110
New York, NY 10118
jmatz@kaplanhecker.com
hsingh@kaplanhecker.com
Phone: 212-763-0883

*Attorneys for The Center for Tech and Civic Life (CTCL)*

# CERTIFICATE OF SERVICE

I, Kendall W. Harrison, with the law firm of Godfrey & Kahn, S.C., hereby certify under penalty of perjury under the laws of the State of Wisconsin that I caused The Center for Tech and Civic Life's Civil L. R. 7(h) Expedited Non-Dispositive Motion For Leave To File Non-Party Amicus Brief, Exhibit A, proposed Order, and Rule 7.1 Disclosure Statement to be electronically filed with the Clerk of Court using the ECF system on December 8, 2020, which will make this document available to counsel of record for viewing and downloading from the ECF system.

I further certify that I caused a copy of the foregoing to be served via U.S. First-Class Mail, postage prepaid, on December 8, 2020, on the following non-ECF participants:

Richard D. Bernstein
1875 K Street, N.W.
Washington, D.C. 20006
*Counsel for Amicus Christine Todd Whitman et al. Amici Group*

Kathryn Z. Block, Scott Brown, Tearman Spencer
Milwaukee City Attorney's Office
200 E. Wells St., Suite 800
Milwaukee, WI 53202
*Counsel for Defendant Claire Woodall-Vogg*

Ajay Saini, Kristen Clarke, Ryan Snow
Lawyer's Committee for Civil Rights Under Law
1500 K St. NW - 9th Floor
Washington, DC 20005
*Counsel for Intervenor Defendant Wisconsin State Conference NAACP*

Marc E. Elias, Zachary J Newkirk
Perkins Coie LLP
700 13th St. NW, Suite 800
Washington, DC 20005
*Counsel for Intervenor Defendant Democratic National Committee*

                                           *s/ Kendall W. Harrison*
                                           Kendall W. Harrison

23825988.1