# EXHIBIT 10

Case 2:20-cv-01785-BHL   Filed 12/08/20   Page 1 of 3   Document 94-10

2020 WL 6129510
Only the Westlaw citation is currently available.
United States District Court, E.D. Wisconsin.

Wisconsin Voters
ALLIANCE, et al., Plaintiffs,
v.
CITY OF RACINE, et al., Defendants.

Case No. 20-C-1487
|
Signed 10/14/2020

**Attorneys and Law Firms**

Gregory M. Erickson, William F. Mohrman, Erick G. Kaardal, Mohrman Kaardal & Erickson PA, Minneapolis, MN, for Plaintiffs.

Scott R. Letteney, City of Racine City Attorney's Office, Racine, WI, James M. Carroll, Kathryn Z. Block, Milwaukee City Attorney's Office, Milwaukee, WI, Bryan A. Charbogian, Christine M. Genthner, Edward R. Antaramian, City of Kenosha, Kenosha, WI, Vanessa R. Chavez, Lindsay Mather, City of Green Bay, Green Bay, WI, Michael R. Haas, Patricia A. Lauten, Steven C. Brist, Madison City Attorneys Office, Madison, WI, for Defendants.

**ORDER DENYING MOTION FOR PRELIMINARY RELIEF**

William C. Griesbach, United States District Judge

*1 Plaintiffs Wisconsin Voters Alliance and six of its members filed this action against the Cities of Green Bay, Kenosha, Madison, Milwaukee, and Racine seeking to enjoin the defendant Cities from accepting grants totaling $6,324,527 from The Center for Tech and Civic Life (CTCL), a private non-profit organization, to help pay for the upcoming November 3, 2020 election. Plaintiffs allege that the defendant Cities are prohibited from accepting and using "private federal election grants" by the Elections and Supremacy Clauses of the United States Constitutions, the National Voters Registration Act (NVRA), 52 U.S.C. §§ 20501–20511, the Help America Vote Act (HAVA), 52 U.S.C. §§ 20901–21145, and Section 12.11 of the Wisconsin Statutes, which prohibits election bribery. The case is before the Court on Plaintiffs' Motion for a Temporary Restraining Order. The defendant Cities oppose Plaintiffs' motion and have filed a motion to dismiss for lack of standing. Having reviewed the affidavits and exhibits submitted by the parties and considered the briefs and arguments of counsel, the Court concludes, whether or not Plaintiffs have standing, their Motion for a Temporary Restraining Order should be denied because Plaintiffs have failed to show a reasonable likelihood of success on the merits.

It is important to note that Plaintiffs do not challenge any of the specific expenditures the defendant Cities have made in an effort to ensure safe and efficient elections can take place in the midst of the pandemic that has struck the nation over the last eight months. In other words, Plaintiffs do not claim that the defendant Cities are using funds to encourage only votes in favor of one party. It is the mere acceptance of funds from a private and, in their view, left-leaning organization that Plaintiffs contend is unlawful. Plaintiffs contend that CTCL's grants have been primarily directed to cities and counties in so-called "swing states" with demographics that have progressive voting patterns and are clearly intended to "skew" the outcome of statewide elections by encouraging and facilitating voting by favored demographic groups.

The defendant Cities, on the other hand, note that none of the federal laws Plaintiffs cite prohibit municipalities from accepting funds from private sources to assist them in safely conducting a national election in the midst of the public health emergency created by the COVID-19 pandemic. The defendant Cities also dispute Plaintiffs' allegations concerning their demographic make-up and the predictability of their voting patterns. The defendant Cities note that municipal governments in Wisconsin are nonpartisan and that, in addition to the five cities that are named as defendants, more than 100 other Wisconsin municipalities have been awarded grants from CTCL. The more densely populated areas face more difficult problems in conducting safe elections in the current environment, the defendant Cities contend, and this fact best explains their need for the CTCL grants.

*2 Plaintiffs have presented at most a policy argument for prohibiting municipalities from accepting funds from private parties to help pay the increased costs of conducting safe and efficient elections. The risk of skewing an election by providing additional private funding for conducting the election in certain areas of the State may be real. The record before the Court, however, does not provide the support

© 2020 Thomson Reuters. No claim to original U.S. Government Works.   1

needed for the Court to make such a determination, especially in light of the fact that over 100 additional Wisconsin municipalities received grants as well. Decl. of Lindsay J. Mather, Ex. D. Plaintiffs argue that the receipt of private funds for public elections also gives an appearance of impropriety. This may be true, as well. These are all matters that may merit a legislative response but the Court finds nothing in the statutes Plaintiffs cite, either directly or indirectly, that can be fairly construed as prohibiting the defendant Cities from accepting funds from CTCL. Absent such a prohibition, the Court lacks the authority to enjoin them from accepting such assistance. To do so would also run afoul of the Supreme Court's admonition that courts should not change electoral rules close to an election date. *Republican Nat'l Comm. v. Democratic Nat'l Comm.*, 140 S. Ct. 1205, 1207 (2020).

The Court therefore concludes that Plaintiffs have failed to show a reasonable likelihood of success on the merits. Plaintiffs' Motion for a Temporary Restraining Order and other preliminary relief is therefore **DENIED**. A decision on the defendant Cities' motion to dismiss for lack of standing will await full briefing.

**SO ORDERED** at Green Bay, Wisconsin this 14th day of October, 2020.

**All Citations**

Slip Copy, 2020 WL 6129510

---

**End of Document**

© 2020 Thomson Reuters. No claim to original U.S. Government Works.