# EXHIBIT 12

Case 2020CV007092   Document 35   Filed 12-07-2020   Page 1 of 3

**FILED
12-07-2020
John Barrett
Clerk of Circuit Court
2020CV007092**

STATE OF WISCONSIN     CIRCUIT COURT     MILWAUKEE COUNTY

DONALD J. TRUMP, MICHAEL R. PENCE, et al.

        Plaintiffs/Appellants,   Milwaukee County Case No.: 2020CV7092

v.   Dane County Case No.: 2020CV2514

JOSEPH R. BIDEN, KAMALA D. HARRIS, et al.

        Defendants/Appellees,

## MOTION FOR JUDGMENT

Now comes the Plaintiffs/Appellants, by counsel, and hereby move the Court, pursuant to Wis. Stat. 9.01(8)(d), to declare, determine and issue a mandate as follows:

A.    To set aside the Milwaukee County Board of Canvassers' legal determination that in-person absentee ballots in Milwaukee County should be counted, because such determination violates Wis. Stat. § 6.86(1)(a), which requires such ballots be preceded by a written application therefor to the municipal clerk;

B.    To set aside the Dane County Board of Canvassers' legal determination that in-person absentee ballots should be counted, because such determination violates Wis. Stat. § 6.86(1)(a), which requires such ballots be preceded by a written application therefor to the municipal clerk;

C.    To set aside the legal determination by the Milwaukee County Board of Canvassers that incomplete ballot certifications, including those on which the municipal clerk made additions or changes should be counted, because such a determination violates Wis. Stat. §§ 6.87(2) & (6d), which require a witness address as a prerequisite to the validity of a ballot and Wis. Stat. § 6.87(9), which forbids clerks from adding a missing address to the ballot envelope;

  D. To set aside the legal determination by the Dane County Board of Canvassers that incomplete ballot certifications, including those on which the municipal clerk made additions or changes, should be counted, because such a determination violates Wis. Stat. §§ 6.87(2) & (6d), which require a witness address as a prerequisite to validity of a ballot and Wis. Stat. 6.87(9), which forbids clerks from adding a missing address to the ballot envelope;

  E. To set aside the Milwaukee County Board of Canvassers' legal determination that certain absentee ballots cast by certain purportedly indefinitely confined voters be counted, because legally erroneous advice provided by the Milwaukee County clerk permitted and encouraged such electors to cast ballots in violation of Wis. Stat. 6.79(2)(a), 6.86(1)(ac) & (ar) and 6.87(1) and the clerks failed to take affirmative steps to verify that the voter claiming that status after the erroneous advice was qualified to vote under that status;

  F. To set aside the Dane County Board of Canvassers' legal determination that certain absentee ballots cast by certain purportedly indefinitely confined voters be counted, because legally erroneous advice provided by the Milwaukee County clerk permitted and encouraged such electors to cast ballots in violation of Wis. Stat. §§ 6.79(2)(a), 6.86(1)(ac) & (ar) and 6.87(1), and the clerks failed to take affirmative steps to verify that the voter claiming that status after the erroneous advice was qualified to vote under that status;

  G. To set aside the legal determination by the Dane County Board of Canvassers that ballots cast at "Democracy in the Park" events should be counted, because voting at such locations violated Wis. Stat. §§ 6.855(1) and 6.87(4)(b), which permit voting only at validly authorized polling places;

H.	To order the Milwaukee County Board of Canvassers and Dane County Board of Canvassers to draw down those ballots necessary to address each of the determinations reversed by this Court, as required by Wis. Stat. § 9.01(1)(b)4.b.-e., and related election statutes;

I.	To provide such equitable and other relief, including if necessary injunctive relief, to accomplish the purposes and intents of this Court's Orders;

J.	To deny those Affirmative Defenses, if any, asserted by the other Parties; and

K.	To provide such other and further relief and make such other findings Orders as the Court deems required by Chapter 9.

This Motion is based upon all pleadings and documents filed in support herewith, including, but not limited to, the proposed findings of fact and conclusions of law.

Respectfully submitted this 7th day of December, 2020.

**TROUPIS LAW OFFICE LLC**
*Attorneys for Plaintiffs*

By: <u>*Electronically Signed by James R. Troupis*</u>
　　James R. Troupis, SBN 1005341
　　4126 Timber Ln.
　　Cross Plains, WI 53528-9786
　　Phone:　　608.833.8037
　　Email:　　judgetroupis@gmail.com

**CONWAY, OLEJNICZAK & JERRY S.C.**
*Attorneys for Plaintiffs*

By: <u>*Electronically Signed by R. George Burnett*</u>
　　R. George Burnett, SBN 1005964
　　Kurt A. Goehre, SBN 1068003
　　231 S. Adams St.
　　P.O. Box 23200
　　Green Bay, WI 54305-3200
　　Phone:　　920.437.0476
　　Facsimile: 920.437.2868
　　Email:　　rgb@lcojlaw.com