# EXHIBIT 6

OFFICE OF THE CLERK

Supreme Court of Wisconsin

110 EAST MAIN STREET, SUITE 215
P.O. BOX 1688
MADISON, WI 53701-1688

TELEPHONE (608) 266-1880
FACSIMILE (608) 267-0640
Web Site: www.wicourts.gov



March 31, 2020

**To:**

| | |
|---|---|
| David R. Gault | Eric M. McLeod |
| Marcia A. MacKenzie | Lane E. B. Ruhland |
| Dane County Corporation Counsel | Husch Blackwell LLP |
| Room 419 | P.O. Box 1379 |
| 210 Martin Luther King Jr. Blvd. | Madison, WI 53701-1379 |
| Madison, WI 53703-3345 | |
| | Misha Tseytlin |
| Lisa M. Lawless | Kevin M. LeRoy |
| Husch Blackwell, LLP | Troutman Sanders LLP |
| 555 E. Wells St., Ste. 1900 | 1 N. Wacker Dr., Ste. 2905 |
| Milwaukee, WI 53202-3819 | Chicago, IL 60606 |

You are hereby notified that the Court has entered the following order:

2020AP557-OA       Jefferson v. Dane County

On March 27, 2020, petitioners, Mark Jefferson and the Republican Party of Wisconsin, filed a petition for leave to commence an original action under Wis. Stat. § (Rule) 809.70, a supporting legal memorandum, and a motion for temporary injunctive relief. On that same date, the court ordered the named respondents, Dane County and Scott McDonell, in his official capacity as Dane County Clerk, to file a response to the original action petition and the motion for temporary injunctive relief by 1:00 on March 30, 2020. The court has reviewed the filings of the parties and now addresses the motion for temporary injunctive relief.

When we have considered whether to grant temporary injunctive relief, we have required a movant to show (1) a reasonable probability of success on the merits; (2) a lack of an adequate remedy at law; (3) that the movant will suffer irreparable harm in the absence of an injunction; and (4) that a balancing of the equities favors issuing the injunction. See, e.g., Pure Milk Products Coop. v. National Farmers Org., 90 Wis. 2d 781, 800, 280 N.W.2d 691 (1979); Werner v. A.L. Grootemaat & Sons, Inc., 80 Wis. 2d 513, 520, 259 N.W.2d 310 (1977). The decision whether to grant an injunction is a discretionary one, although injunctions are not to be issued lightly. Werner, 80 Wis. 2d at 520.

The temporary injunction the petitioners seek would order respondent, Scott McDonell, the Dane County Clerk, to remove a March 25, 2020 Facebook post in which he indicated, inter alia, that all Dane County voters could declare themselves to be "indefinitely confined" under Wis. Stat. § 6.86(2) due to illness solely because of the Wisconsin Department of Health Services Emergency Order #12 (the Safer at Home Order) and difficulties in presenting or uploading a valid proof of identification, thereby avoiding the legal requirement to present or upload a copy of the voter's proof of identification when requesting an absentee ballot.[1] The petitioners further ask this court to order respondent McDonell and respondent Dane County to issue new statements setting forth the statutory interpretation proposed by the petitioners.

Although respondents do not represent that McDonell's original March 25, 2020 post has been removed, they argue that McDonell's later posting renders the petitioners' motion moot because McDonell has now posted the Wisconsin Elections Commission's (WEC) guidance on his Facebook page. They also argue that the petitioners' petition and motion for temporary relief cannot go forward in this court because they have not exhausted their administrative remedies by first filing a complaint with the WEC under Wis. Stat. § 5.06(1) and (2).

McDonell's March 25, 2020, advice was legally incorrect. In addition, McDonell's subsequent Facebook posting does not preclude McDonell's future posting of the same erroneous advice. Furthermore, his erroneous March 25, 2020 Facebook posting continues distribution on the internet.

Accordingly, we conclude that clarification of the purpose and proper use of the indefinitely confined status pursuant to Wis. Stat. § 6.86(2) as well as a temporary injunction are warranted.

In regard to clarification, the WEC has met and has issued guidance on the proper use of indefinitely confined status under Wis. Stat. § 6.86(2) in its March 29, 2020 publication, "Guidance for Indefinitely Confined Electors COVID-19." The WEC guidance states as follows:

1. Designation of indefinitely confined status is for each individual voter to make based upon their current circumstances. It does not require permanent or total inability to travel outside of the residence. The designation is appropriate for electors who are indefinitely confined because of age, physical illness or infirmity or are disabled for an indefinite period.

2. Indefinitely confined status shall not be used by electors simply as a means to avoid the photo ID requirement without regard to whether they are indefinitely confined because of age, physical illness or infirmity, or disability.

We conclude that the WEC's guidance quoted above provides the clarification on the purpose and proper use of the indefinitely confined status that is required at this time.

We further determine that the petitioners have demonstrated a reasonable probability of success on the merits, at least with respect to certain statements in McDonell's March 25th

---

[1] Petitioners note that the Milwaukee County Clerk issued nearly identical advice.

Facebook post.  Voters may be misled to exercise their right to vote in ways that are inconsistent with Wis. Stat. § 6.86(2).  Namely, McDonell appeared to assert that all voters are automatically, indefinitely confined solely due to the emergency and the Safer at Home Order and that voters could therefore declare themselves to be indefinitely confined when requesting an absentee ballot, which would allow them to skip the step of presenting or uploading a valid proof of identification.  Indeed, we do not see how the respondents could prevail with an argument that such statements in the March 25th post constitute an accurate statement of the relevant statutory provisions.

	NOW THEREFORE, IT IS ORDERED that the petitioners' motion for temporary injunctive relief is granted and we order McDonell to refrain from posting advice as the County Clerk for Dane County inconsistent with the above quote from the WEC guidance.

	DANIEL KELLY, J., did not participate.

					Sheila T. Reiff
					Clerk of Supreme Court