# EXHIBIT 9

# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| South Carolina Voter's Alliance, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | Civil Action No. 2:20-3710-RMG |
| ) | |
| v. ) | |
| ) | |
| Charleston County, a political subdivision ) | |
| of the State of South Carolina; Richland ) | **ORDER** |
| County, a political subdivision of State of ) | |
| South Carolina, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter comes before the Court on Plaintiffs' motion for a temporary restraining order (TRO) seeking to enjoin certain private grants received by Defendants from The Center for Tech and Civil Life to cover additional costs associated with conducting an election amidst a pandemic. (Dkt. No. 4). Plaintiffs allege that these grants violate the Help America Vote Act (HAVA), 52 U.S.C. § 21112, the National Voters Registration Act, 52 U.S.C. §§ 20501-20511, and the Election and Supremacy Clauses of the United States Constitution and demand immediate injunctive relief prior to the November 3, 2020 General Election. (Dkt. No. 1). This suit was filed on October 22, 2020, 12 days before the election. According to the Court's docket, Defendants have not yet been served, even though they are among the State's most populous counties and their county governments are not difficult to locate. This suit was filed two days after a District Court in the Northern District of Iowa denied a similar request for a TRO. *Iowa Voter Alliance v. Black Hawk County*, No. C20-2078-LTS, 2020 WL 6151559 (N.D. Iowa Oct. 20, 2020).

1

## Legal Standards

It is well-settled that a preliminary injunction is "an extraordinary remedy never awarded as of right." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008); *see also U.S. Dep't of Labor v. Wolf Run Mining Co.*, 452 F.3d 275, 281 n.1 (4th Cir. 2006).

To obtain a preliminary injunction Plaintiffs must show:

(1) a likelihood of success on the merits;
(2) irreparable harm in the absence of preliminary injunctive relief;
(3) the balance of equities tips in the favor of the moving party; and
(4) an injunction is in the public interest.

*Winter*, 555 U.S. at 20. A plaintiff seeking injunctive relief must show that all four of the *Winter* factors support granting relief. *See Id.*; *see also Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 812 (4th Cir. 1991) (noting that the Plaintiff "bears the burden of establishing that each of these factors supports granting the injunction") (quoting *Technical Publ'g Co. v. Lebhar-Friedman, Inc.*, 729 F.2d 1136, 1139 (7th Cir. 1984)).

A federal court's general reluctance to grant temporary injunctive relief is particularly heightened when the relief sought would impact an imminent election. *Purcell v. Gonzalez*, 549 U.S. 1 (2006). Indeed, the United States Supreme Court recently entered stays in election law cases where injunctive relief was granted by lower courts in the weeks before the election. *Andino v. Middleton*, No. 20A55, 2020 WL 5887393 (2020); *Republican National Committee v. Democratic National Committee,* 140 S. Ct. 1205, 1207 (2020). As Justice Kavanaugh noted in a concurring opinion supporting a stay in *Andino v. Middleton*, "this Court has repeatedly emphasized that federal courts ordinarily should not alter state election rules in the period close to an election." 2020 WL 5887393, at *1.

## Discussion

There are, to say the least, numerous reasons the requested TRO should not be granted. First, as skillfully addressed recently by the District Court in *Iowa Voter Alliance*, Plaintiffs do not appear to have a likelihood of success on the merits. Plaintiffs appear to lack a private right of action for any of their causes of action and their underlying legal premises are dubious, at best. 2020 WL 6151559, at *1-4. Second, granting an injunction would likely disrupt the efforts of Defendants to conduct an orderly election and make voting in person less safe. The United States Supreme Court has made it crystal clear that, in the face of an imminent election, courts should grant injunctive relief only in the most urgent of circumstances. Under the circumstances here, a TRO is plainly not in the public interest and the balance of equities tips decidedly in favor of Defendants. Third, as noted by the court in *Iowa Voter Alliance*, Plaintiffs appear to have little risk of irreparable harm. *Id.* at *4.

## Conclusion

Based on the foregoing, Plaintiffs' motion for a TRO (Dkt. No. 4) is **DENIED**.

**AND IT IS SO ORDERED**.

s/ Richard Mark Gergel<br>
Richard Mark Gergel<br>
United States District Judge

October 26, 2020
Charleston, South Carolina