# EXHIBIT 15

OFFICE OF THE CLERK

Supreme Court of Wisconsin

110 EAST MAIN STREET, SUITE 215
P.O. BOX 1688
MADISON, WI 53701-1688

TELEPHONE (608) 266-1880
FACSIMILE (608) 267-0640
Web Site: www.wicourts.gov



October 29, 2020

**To:**

Kyle J. Sargent
Deputy Corporation Counsel
320 S. Walnut St.
Appleton, WI 54911

Kimberly A. Tenerelli
Corporation Counsel
Calumet County
206 Court St.
Chilton, WI 53014

Thomas C. Bellavia
S. Michael Murphy
Colin T. Roth
Assistant Attorneys General
P.O. Box 7857
Madison, WI 53707

Christopher Behrens
Amanda Kate Abshire
City of Appleton Attorney's Office
100 North Appleton Street
Appleton, WI 54911

*Address list continued on page 5.

You are hereby notified that the Court has entered the following order:

No. 2020AP1761-OA     <u>O'Bright v. Lynch</u>

The court has considered the following filings: (1) an "Emergency Petition For Original Jurisdiction And Declaratory Judgment" filed by Outagamie County and Calumet County; (2) responses to the petition filed by the City of Appleton; the Village of Black Creek; the Town of Buchanan, et al.; the Town of Cicero; the Town of Center, et al.; the Village of Hortonville, et al.; the City of Kaukauna; the Town of Vandenbroek; and the Wisconsin Elections Commission; and (3) a statement in support of the petition filed by amicus curiae, Wisconsin Counties Association;

IT IS ORDERED that the petition is denied.

¶1     PATIENCE DRAKE ROGGENSACK, C.J. *(concurring).* Wisconsinites have a fundamental right to vote. Therefore, a vote legally cast and received by the time the polls close on Election Day must be counted if the ballot expresses the will of the voter.

¶2   In the present case, clerks for Outagamie County and Calumet County are concerned that they cannot count and report such votes by a statutorily-imposed deadline. They ask us to assume original jurisdiction and issue what amounts to an advisory opinion explaining what election laws they are free to disregard. We will not do that. However, I write separately to clarify that our denial of the petition for an original action should not be construed as an endorsement to disregard Wisconsinites' fundamental right to vote. Accordingly, I respectfully concur.

## I.     BACKGROUND

¶3   For context, the petitioners for declaratory judgment are the clerks of Outagamie County and Calumet County. For the upcoming November 3rd election, the Outagamie County clerk ordered ballots on behalf of all municipalities in Outagamie County and the portions of the City of Appleton and the Town of Harrison that fall in Calumet and Winnebago Counties. On September 3, the Outagamie County clerk approved proofs of ballots provided by JP Graphics, Inc. From September 8 to September 16, JP delivered more than 133,000 printed ballots for absentee voting to the municipalities. Subsequently, the municipalities mailed some of those absentee ballots to registered voters who had requested them.

¶4   Unfortunately, a portion of the absentee ballots had a printing error, which has been described to us as a blemish in the timing mark that prevents the affected ballots from being counted by electronic voting systems. Approximately 13,500 absentee ballots with this error were available to be mailed to voters.

¶5   Outagamie County and Calumet County became concerned that those absentee ballots were "defective" such that municipalities had to follow the procedures outlined in Wis. Stat. § 5.85(3) (2017-18),[1] which require that defective ballots that cannot be counted by an electronic voting system be duplicated in the presence of witnesses. If such a procedure were required, Outagamie County and Calumet County worried that their municipalities could not comply with statutorily-imposed deadlines set forth in Wis. Stat. § 7.51(5)(b) by 4 p.m. on the day following the election.

¶6   Outagamie County asked the Wisconsin Elections Commission (WEC) for advice about how to proceed. The WEC responded that it lacked the authority to extend deadlines imposed by Wis. Stat. § 7.51(5)(b). Furthermore, it could not authorize the municipalities to utilize a procedure other than Wis. Stat. § 5.85(3). The WEC also explained that, while it could authorize a hand count pursuant to Wis. Stat. § 5.40(5m), it did not believe that it could authorize hand counting of only affected ballots. As it stated, "[p]ermission to hand count is not a 'mix or match' situation where some ballots in a municipality may be counted by electronic voting equipment, and other ballots counted by hand. Either all ballots in a municipality must be counted by electronic voting equipment, or, if permission is granted, all ballots [in] that municipality must be counted by hand." According to Outagamie County and Calumet County, they cannot comply

---

[1] All subsequent references to the Wisconsin Statutes are to the 2017-18 version.

with Wis. Stat. § 5.85(3) by 4 p.m. November 4. Outagamie County and Calumet County did not discuss hand-counting some or all of the ballots in their petition or memorandum relating to an original action.

## II.  DISCUSSION

### A.  The Right to Vote

¶7     The right to vote is protected by Wis. Const. art. III, § 1. Therefore, a vote legally cast and received by the time the polls close on Election Day must be counted if the ballot expresses the will of the voter.[2] In Ollmann v. Kowalewski, 238 Wis. 574, 578, 300 N.W. 183 (1941), we explained the extent of the protection afforded by § 1. There, we noted that "the voters' constitutional right to vote 'cannot be baffled by latent official failure or defect.'" Id. at 579 (quoting State ex rel. Wood v. Baker, 38 Wis. 71 (1875)).

¶8     Ollmann is not a standalone case. As the court of appeals explained in Board of Canvassers of the City of Bayfield v. Erickson: "Wisconsin has a long tradition of protecting the individual citizen's right to have his vote counted, consistent with necessary restrictions to insure the integrity of the election process." 147 Wis. 2d 467, 471, 433 N.W.2d 266 (Ct. App. 1988).

### B.  Application

¶9     Here, election officials desire to ignore deadlines imposed by Wis. Stat. § 7.51(5)(b), or, alternatively, to use a procedure other than the one prescribed by Wis. Stat. § 5.85(3). Effectively, they ask us to render legal advice about how to proceed. We will not do that. However, a vote legally cast and received by the time the polls close on Election Day must be counted if the ballot expresses the will of the voter.

¶10    Election officials may have to make difficult decisions regarding how to proceed as they comply with what the law requires. Obtaining more election workers appears to be necessary.

## III.  CONCLUSION

¶11    In conclusion, I write separately to clarify that our denial of the petition for an original action should not be construed as an endorsement to disregard Wisconsinites' fundamental right to vote. We have repeatedly recognized that Wisconsinites have a fundamental right to vote, and a vote legally cast and received by the time the polls close on Election Day must be counted if the ballot expresses the will of the voter. Accordingly, I respectfully concur to the order.

---

[2] Similar protection is afforded by the United States Constitution. Reynolds v. Sims, 377 U.S. 533, 554 (1964) ("It has been repeatedly recognized that all qualified voters have a constitutionally protected right to vote and to have their votes counted." (Internal citations omitted)).

¶12     ANN WALSH BRADLEY, J.   (*dissenting*).  In recent months, this court has been inundated with petitions for original actions.  And the court has accepted the lion's share.[3]  Yet in this case, arguably one of the most consequential of the lot and a case where time is of the essence, the court denies the petition without explanation.

¶13     The petitioners, the Clerks of Outagamie and Calumet Counties, together with all of the respondents[4] as well as the Wisconsin Counties Association, ask this court to grant the petition for original action.  The parties may differ in approach, but they are unanimous in their desire that some relief be granted.

¶14     The issues presented are significant and meet the criteria established for the court to exercise its original jurisdiction as set forth in Wis. Stat. § (Rule) 809.70.  If the court exercises original jurisdiction and declares the parties' rights and obligations as requested in the petition, it would provide the necessary clarity and certainty as to the election process and avoid disputes that may arise after Election Day.

¶15     I conclude that our input is needed to provide critical guidance to local election officials in advance of processing ballots for a national, state, and local election that is already underway.  Accordingly, I would grant the petition for original action.

¶16     The majority, however, concludes otherwise.  In explaining its rationale for the denial, the concurrence seemingly rests its analysis on the premise that if the court grants the petition it would be rendering a prohibited advisory opinion.  See Chief Justice Roggensack's concurrence, ¶9 ("Effectively, they ask us to render legal advice about how to proceed.  We will not do that.").  That premise appears to be merely an excuse.

¶17     The petition here requests a declaratory judgment from this court.  The very essence of a declaratory judgment is to declare the rights and obligations of the parties so that they know

---

[3] See, e.g., Fabick v. Evers, No. 2020AP1718-OA; James v. Heinrich, No. 2020AP1419-OA; Wis. Council of Independent and Religious Schools v. Heinrich, No. 2020AP1420-OA; St. Ambrose Academy, Inc. v. Heinrich, No. 2020AP1446-OA; Hawkins v. Wis. Elections Comm'n, 2020 WI 75, 393 Wis. 2d 629, 948 N.W.2d 877; Jefferson v. Dane Cty., No. 2020AP557-OA; Wis. Legislature v. Palm, 2020 WI 42, 391 Wis. 2d 497, 942 N.W.2d 900; Wis. Legislature v. Evers, No. 2020AP608-OA, unpublished order (Apr. 6, 2020).

[4] The respondents in this action are the Wisconsin Elections Commission and the clerks for the City of Appleton, City of Kaukauna, Town of Bovina, Town of Buchanan, Town of Center, Town of Cicero, Town of Ellington, Town of Freedom, Town of Grand Chute, Town of Hortonia, Town of Kaukauna, Town of Maine, Town of Maple Creek, Town of Oneida, Town of Osborn, Town of Seymour, Town of Vandenbroek, Village of Black Creek, Village of Combined Locks, Village of Hortonville, Village of Kimberly, Village of Nichols, Village of Shiocton, and Village of Harrison.

how to proceed consistent with the law.  Wis. Stat. § 806.04.  It is a well-recognized and often used procedure in courts throughout this state.

¶18    Having eschewed the very idea of being called upon to render an advisory opinion, the concurrence seemingly engages in what it says it will not do.  It observes that the clerks "did not discuss hand-counting some or all of the ballots in their petition or memorandum relating to an original action."  Chief Justice Roggensack's concurrence, ¶6.  It appears that the concurrence makes this observation to suggest a possible avenue of recourse.  Such a suggestion, however, may be inconsistent with both reality and the law.

¶19    Given the resources available to municipalities, it appears inconsistent with the on-the-ground reality of some of the clerks' abilities to report their results within the statutory deadline of 4:00 p.m. the following day.  See Wis. Stat. § 7.51(5)(b).  Additionally, it may be inconsistent with the law in that it suggests hand-counting all ballots without advance permission from the Elections Commission or some ballots in violation of Elections Commission guidance.  Wis. Stat. § 5.40(5m).

¶20    In sum, the majority leaves local election officials in the lurch.  Without the requested and critical guidance from this court, they are left to do their best under difficult circumstances.  For the foregoing reasons, I respectfully dissent.

¶21    I am authorized to state that Justice REBECCA FRANK DALLET and Justice JILL J. KAROFSKY join this dissent.

---

Sheila T. Reiff
Clerk of Supreme Court

Address list continued:

Kevin Davidson
Kaukauna City Attorney
144 W 2nd St
Kaukauna, WI 54130

Ashley C. Lehocky
Adam V. Marshall
Richard J. Carlson
Town Counsel Law & Litigation, LLC
119 N. McCarthy Rd, Suite C
Appleton, WI 54913

Steven J. Frassetto
MENN Law Firm
2501 E. Enterprise Ave.
P.O. Box 785
Appleton, WI 54912

Robert E. Sorenson
MENN Law Firm
223 North Pine Street
Hortonville, WI 54944

Matthew Parmentier
Dempsey, Edgarton, St Peter, Petak & Rosenfeldt
P.O. Box 1276
Fond du Lac, WI 54936

Charles D. Koehler
Andrew J. Rossmeissl
Tyler J. Claringbole
Herrling Clark Law Firm LTD
800 North Lynndale Dr
Appleton, WI 54914

Debra K. Vander Heiden
Clerk for Town of Kaukauna
W780 Greiner Rd
Kaukauna, WI 54130-8028

Anthony J. Steffek
Davis & Kuelthau, SC
318 S. Washington St., Ste. 300
Green Bay, WI 54301

Robert D. Sweeney
Sweeney Law Office, S.C.
P.O. Box 206
Seymour, WI 54165

Andrew T. Phillips
von Briesen & Roper, S.C.
411 E. Wisconsin Ave., Ste. 1000
Milwaukee, WI 53202