# EXHIBIT D

OFFICE OF THE CLERK

Supreme Court of Wisconsin

110 EAST MAIN STREET, SUITE 215
P.O. BOX 1688
MADISON, WI 53701-1688

TELEPHONE (608) 266-1880
FACSIMILE (608) 267-0640
Web Site: www.wicourts.gov



December 4, 2020

**To:**

Gregory M. Erickson
Erick G. Kaardal
Mohrmann, Kaardal and Erickson
150 S. 5th Street, Suite 3100
Minneapolis, MN 55414

Colin T. Roth
Thomas C. Bellavia
Colin R. Stroud
Brian P. Keenan
Wisconsin Department of Justice
P.O. Box 7857
Madison, WI 53707-7857

Brian S. Levy
Katten & Temple
11512 N. Port Washington Road, Suite 101J
Mequon, WI 53092

Joseph S. Goode
Mark M. Leitner
John W. Halpin
Allison E. Laffey
Laffey, Leitner & Goode LLC
325 E. Chicago Street, Suite 200
Milwaukee, WI 53202

*Address list continued on page 5.

You are hereby notified that the Court has entered the following order:

---

No. 2020AP1930-OA     <u>Wisconsin Voters Alliance v. Wisconsin Elections Commission</u>

      A petition for leave to commence an original action under Wis. Stat. § (Rule) 809.70 and a supplement thereto, a supporting legal memorandum, and supporting expert reports have been filed on behalf of petitioners, Wisconsin Voters Alliance, et al. A response to the petition has been filed by respondents, Wisconsin Elections Commission, Ann S. Jacobs, Mark L. Thomsen, Marge Bostelman, Julie M. Glancey, Dean Knudsen, and Robert F. Spindell, and a separate response has been filed by respondent Governor Tony Evers. Amicus briefs regarding the issue of whether to grant leave to commence an original action have been filed by (1) Christine Todd Whitman, et al; (2) the City of Milwaukee; (3) Wisconsin State Conference NAACP, et al.; and (4) the Center for Tech and Civic Life. In addition, a motion to intervene has been filed by proposed intervenor-respondent, Democratic National Committee.

      After considering all of the filings, we conclude that this petition does not satisfy our standards for granting leave to commence an original action. Although the petition raises time-

sensitive questions of statewide significance, "issues of material fact [would] prevent the court from addressing the legal issues presented." State ex rel. Ozanne v. Fitzgerald, 2011 WI 43, ¶19, 334 Wis. 2d 70, 798 N.W.2d 436 (Prosser, J., concurring).  It is therefore not an appropriate case in which to exercise our original jurisdiction.  Accordingly,

IT IS ORDERED that the petition for leave to commence an original action is denied; and

IT IS FURTHER ORDERED that the motion to intervene is denied as moot.

BRIAN HAGEDORN, J.,  (*concurring*).  The Wisconsin Voters Alliance and a group of Wisconsin voters bring a petition for an original action raising a variety of questions about the operation of the November 3, 2020 presidential election.  Some of these legal issues may, under other circumstances, be subject to further judicial consideration.  But the real stunner here is the sought-after remedy.  We are invited to invalidate the entire presidential election in Wisconsin by declaring it "null"——yes, the whole thing.  And there's more.  We should, we are told, enjoin the Wisconsin Elections Commission from certifying the election so that Wisconsin's presidential electors can be chosen by the legislature instead, and then compel the Governor to certify those electors.  At least no one can accuse the petitioners of timidity.

Such a move would appear to be unprecedented in American history.  One might expect that this solemn request would be paired with evidence of serious errors tied to a substantial and demonstrated set of illegal votes.  Instead, the evidentiary support rests almost entirely on the unsworn expert report[1] of a former campaign employee that offers statistical estimates based on call center samples and social media research.

This petition falls far short of the kind of compelling evidence and legal support we would undoubtedly need to countenance the court-ordered disenfranchisement of every Wisconsin voter.  The petition does not even justify the exercise of our original jurisdiction.

As an initial matter, the Wisconsin Supreme Court is not a fact-finding tribunal.  Yet the petition depends upon disputed factual claims.  In other words, we couldn't just accept one side's description of the facts or one side's expert report even if we were inclined to believe them.[2]  That alone means this case is not well-suited for an original action.  The petition's legal support is no less wanting.  For example, it does not explain why its challenge to various election processes

---

[1] After filing their petition for original action, the Petitioners submitted a second expert report.  But the second report only provides additional computations based on the assumptions and calculations in the initial expert report.

[2] The Attorney General and Governor offer legitimate arguments that this report would not even be admissible evidence under Wis. Stat. § 907.02 (2017-18).

All subsequent references to the Wisconsin Statutes are to the 2017-18 version.

comes after the election, and not before.  Nor does it grapple with how voiding the presidential election results would impact every other race on the ballot, or consider the import of election statutes that may provide the "exclusive remedy."[3]  These are just a few of the glaring flaws that render the petition woefully deficient.  I therefore join the court's order denying the original action.

Nonetheless, I feel compelled to share a further observation.  Something far more fundamental than the winner of Wisconsin's electoral votes is implicated in this case.  At stake, in some measure, is faith in our system of free and fair elections, a feature central to the enduring strength of our constitutional republic.  It can be easy to blithely move on to the next case with a petition so obviously lacking, but this is sobering.  The relief being sought by the petitioners is the most dramatic invocation of judicial power I have ever seen.  Judicial acquiescence to such entreaties built on so flimsy a foundation would do indelible damage to every future election.  Once the door is opened to judicial invalidation of presidential election results, it will be awfully hard to close that door again.  This is a dangerous path we are being asked to tread.  The loss of public trust in our constitutional order resulting from the exercise of this kind of judicial power would be incalculable.

I do not mean to suggest this court should look the other way no matter what.  But if there is a sufficient basis to invalidate an election, it must be established with evidence and arguments commensurate with the scale of the claims and the relief sought.  These petitioners have come nowhere close.  While the rough and tumble world of electoral politics may be the prism through which many view this litigation, it cannot be so for us.  In these hallowed halls, the law must rule.

Our disposal of this case should not be understood as a determination or comment on the merits of the underlying legal issues; judicial review of certain Wisconsin election practices may be appropriate.  But this petition does not merit further consideration by this court, much less grant us a license to invalidate every single vote cast in Wisconsin's 2020 presidential election.

I am authorized to state that Justices ANN WALSH BRADLEY, REBECCA FRANK DALLET, and JILL J. KAROFSKY join this concurrence.

ROGGENSACK, C.J.  (*dissenting*).  It is critical that voting in Wisconsin elections not only be fair, but that the public also perceives voting as having been fairly conducted.

This is the third time that a case filed in this court raised allegations about purely legal questions that concern Wisconsin Elections Commission (WEC) conduct during the November 3,

---

[3] See Wis. Stat. § 9.01(11) (providing that § 9.01 "constitutes the exclusive judicial remedy for testing the right to hold an elective office as the result of an alleged irregularity, defect or mistake committed during the voting or canvassing process"); Wis. Stat. § 5.05(2m)(k) (describing "[t]he commission's power to initiate civil actions" under § 5.05(2m) as the "exclusive remedy for alleged civil violations of chs. 5 to 10 or 12").

2020, presidential election.[4]  This is the third time that a majority of this court has turned its back on pleas from the public to address a matter of statewide concern that requires a declaration of what the statutes require for absentee voting.  I dissent and write separately because I have concluded that the court has not meet its institutional responsibilities by repeatedly refusing to address legal issues presented in all three cases.

I agree with Justice Hagedorn that we are not a circuit court, and therefore, generally, we do not take cases for which fact-finding is required.  Green for Wisconsin v. State Elections Bd., 2006 WI 120, 297 Wis. 2d 300, 301, 723 N.W.2d 418.  However, when the legal issue that we wish to address requires it, we have taken cases that do require factual development, referring any necessary factual determinations to a referee or to a circuit court.  State ex rel. LeFebre v. Israel, 109 Wis. 2d 337, 339, 325 N.W.2d 899 (1982); State ex rel White v. Gray, 58 Wis. 2d 285, 286, 206 N.W.163 (1973).

We also have taken cases where the issues we wish to address are purely legal questions for which no factual development is required in order to state what the law requires.  Wisconsin Legislature v. Palm, 2020 WI 42, 391 Wis. 2d 497, 942 N.W.2d 900.  The statutory authority of WEC is a purely legal question. There is no factual development required for us to declare what the law requires in absentee voting.

Justice Hagedorn is concerned about some of the relief that Petitioners request.  He begins his concurrence saying, "the real stunner here is the sought after remedy."  He next relates, "The relief being sought by the petitioners is the most dramatic invocation of judicial power I have ever seen."  Then, he concludes with, "this petition does not merit further consideration by this court, much less grant us a license to invalidate every single vote cast in Wisconsin's 2020 presidential election."[5]

Those are scary thoughts, but Justice Hagedorn has the cart before the horse in regard to our consideration of this petition for an original action.  We grant petitions to exercise our jurisdiction based on whether the legal issues presented are of state wide concern, not based on the remedies requested.  Petition of Heil, 230 Wis. 428, 284 N.W.42 (1938).

Granting a petition does not carry with it the court's view that the remedy sought is appropriate for the legal issues raised.  Historically, we often do not provide all the relief requested. Bartlett v. Evers, 2020 WI 68, ¶9, 393 Wis. 2d 172, 945 N.W.2d 685 (upholding some but not all partial vetoes).  There have been occasions when we have provided none of the relief requested by the petitioner, but nevertheless declared the law.  See Sands v. Menard, Inc., 2010 WI 96, ¶46, 328 Wis. 2d 647, 787 N.W.2d 384 (concluding that while reinstatement is the preferred remedy under

---

[4] Trump v. Evers, No. 2020AP1971-OA, unpublished order (Wis. S. Ct. Dec. 3, 2020); Mueller v. WEC, No. 2020AP1958-OA, unpublished order (Wis. S. Ct. Dec. 3, 2020) and Wisconsin Voters Alliance v. WEC, No. 2020AP193-OA.

[5] Justice Hagedorn forgets to mention that one form of relief sought by Petitioners is, "Any other relief the Court deems appropriate."

Title VII, it is an equitable remedy that may or may not be appropriate); Coleman v. Percy, 96 Wis. 2d 578, 588-89, 292 N.W.2d 615 (1980) (concluding that the remedy Coleman sought was precluded).

We have broad subject matter jurisdiction that enables us to grant the petition for original action pending before us. Our jurisdiction is grounded in the Wisconsin Constitution. Wis. Const., art. VII, Section 3(2); City of Eau Claire v. Booth, 2016 WI 65, ¶7, 370 Wis. 2d 595, 882 N.W.2d 738.

I dissent because I would grant the petition and address the people of Wisconsin's concerns about whether WEC's conduct during the 2020 presidential election violated Wisconsin statutes. As I said as I began, it is critical that voting in Wisconsin elections not only be fair, but that the public also perceives voting as having been fairly conducted. The Wisconsin Supreme Court should not walk away from its constitutional obligation to the people of Wisconsin for a third time.

I am authorized to state that Justices ANNETTE KINGSLAND ZIEGLER and REBECCA GRASSL BRADLEY join this dissent.

Sheila T. Reiff
Clerk of Supreme Court

Address list continued:

Tearman Spencer
Mary L. Schanning
Scott F. Brown
Kathryn Z. Block
Patrick J. McClain
Tyrone M. St. Junior
James M. Carroll
Milwaukee City Attorney's Office
200 East Wells Street
800 City Hall
Milwaukee, WI 53202

Kendall W. Harrison
Mike B. Wittenwyler
Godfrey & Kahn
1 E. Main St., Ste 500
P.O. Box 2719
Madison, WI 53701-2719

Jeffrey A. Mandell
Rachel E. Snyder
Stafford Rosenbaum LLP
222 W. Washington Avenue
Post Office Box 1784
Madison, WI 53701

Charles G. Curtis, Jr.
Sopen B. Shah
Will M. Conley
Perkins Coie LLP
One East Main St., Ste. 201
Madison, WI 53703

Matthew W. O'Neill
Fox, O'Neill & Shannon, S.C.
622 North Water Street Suite 500
Milwaukee, WI 53202

Joshua Matz
Harmann Singh
350 Fifth Avenue, Suite 7110
New York, NY 10118

Justin A. Nelson
Stephen Shackelford Jr.
Davida Brook
Susman Godfrey LLP
1000 Louisiana Street
Suite 5100
Houston, TX 77002

Paul Smith
Campaign Legal Center
1101 14th Street NW, Suite 400
Washington, DC 20005

David S. Lesser
Jamie Dycus
Wilmer Cutler Pickering Hale and Dorr LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007

Marc E. Elias
John Devaney
Zachary J. Newkirk
Perkins Coie LLP
700 Thirteenth St., N.W., Suite 800
Washington, D.C. 20005

Seth P. Waxman
Wilmer Cutler Pickering Hale and Dorr LLP
1875 Pennsylvania Ave., NW
Washington, DC 20006