UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DONALD J TRUMP,

Plaintiff,

v.                                                    Case No. 20-cv-1785-bhl

THE WISCONSIN ELECTIONS COMMISSION ET AL,

Defendants.

## ORDER ESTABLISHING REMOTE HEARING PROTOCOLS

The Court has scheduled a hearing for December 10, 2020, beginning at 9:00 a.m. (CST), on the Plaintiff's Complaint and Motion for Expedited Declaratory and Injunctive Relief and for an Expedited Hearing on the Motion. (ECF Nos. 1, 6.) Due to the COVID-19 emergency, the Court finds that the interests of public health and safety require the avoidance of in-person proceedings if possible. Pursuant to Federal Rule of Civil Procedure 43(a), the public danger presented by the COVID-19 pandemic provides "good cause in compelling circumstances" to conduct the hearing remotely, through the use of videoconferencing technologies. Further, the Court finds that the procedures adopted herein will provide "appropriate safeguards" for purposes of Rule 43(a) of the Federal Rules of Civil Procedure and ensure due process of law.

Accordingly, it is hereby ORDERED:

1.     General Arrangements. The hearing shall take place using videoconferencing arrangements described herein. Participants in the hearing will be connected with the courtroom using these technologies but will not be physically present in the courtroom. The Court will utilize the audio streaming services for observation-only parties and Zoom for participating parties.

      a.     Observation-Only. Parties, counsel, and members of the public who wish to observe, but not participate or appear on the record, will be able to:

(1)     Listen to a live audio-only stream of the hearing on the Eastern District of Wisconsin's YouTube Channel:  https://www.youtube.com/channel/UCNFX-Kc5eFiouztHrbznXEg.

(2)     Watch a live video stream of the hearing in Room 398 of the United States Courthouse, 517 East Wisconsin Avenue, Milwaukee, Wisconsin.  All persons visiting the courthouse must wear a face covering or mask.

b.     Participating Parties-of-Record.  Parties, counsel, and/or witnesses presenting evidence or argument during the hearing must participate using Zoom.

(1)     The court will send invitations to counsel who will appear at the hearing, limited to two attorneys per party.

(2)     By **December 9, 2020 at 9:00 p.m.** (CT), counsel should email the court at LudwigPO@wied.uscourts.gov and provide the names of witnesses and one or two attorneys per party who will participate in the hearing.

c.     Any photographing, recording, or rebroadcasting of federal court proceedings is prohibited.  *See* E.D. Wis. General L.R. 83(a)(1).  The United States Attorney may enforce these prohibitions by seeking an order that requires any person who violates General L. R. 83(a)(1) to appear before a judge to answer to a charge of contempt.  E.D. Wis. General L.R. 83(a)(3).

2.     Required Equipment.  Each participating attorney and each witness must have access to (a) a computer, tablet, or smartphone, equipped with a camera, that is capable of receiving and transmitting video using Zoom, (b) Internet browsing software that is adequate to facilitate Zoom, and (c) an Internet connection with bandwidth adequate to support the individual's use of Zoom.

3.     Documentary Evidence.

a.     Counsel is directed to retain custody of all admitted exhibits.  See E.D. Wis. General L.R. 79(a).  In the event of an appeal, counsel will be responsible for providing electronic copies to the appellate court if requested.

b.     At the hearing, screen sharing will be available for participants, if needed.  At the appropriate time during the party's presentation, counsel will indicate his or her intent to

share an exhibit and the Court will allow access.  Please note that the Court will have the ability to prohibit screen sharing if the exhibit is objected to or the Court determines it irrelevant.

4.      Remote Witness Testimony.  Having found "good cause in compelling circumstances" and "appropriate safeguards," any witness called to testify at the evidentiary hearing shall testify by contemporaneous transmission from his or her respective location into the courtroom.

    a.      All witnesses shall be placed under oath and their testimony shall have the same effect and be binding upon the witness in the same manner as if such witness was sworn and testified in open court.

    b.      Each witness shall provide their testimony from a quiet room and must situate themselves in such a manner as to be able to both view the video feed and be seen by the Court.

    c.      While the witness is sworn and testifying: (i) no person may be present in the room from which the witness is testifying, unless specifically authorized by the Court, (ii) the witness may not have in the room any documents except the exhibit(s) submitted by the parties, and (iii) the witness may not communicate with any other person regarding the subject of their testimony, by electronic means or otherwise.  If the witness or counsel seek to communicate with one another, either shall openly request a recess for such purpose.  If such request is granted, the witness and counsel may privately confer "offline," *i.e.* by telephonic means that are not transmitted to the other parties.

5.      Responsibility for Remote Witnesses.  The party sponsoring each witness shall be responsible for ensuring that the witness understands the procedures established in this Order. The sponsoring party is also responsible for ensuring that the witness has obtained the link to the video conference, has obtained all exhibits prior to the hearing, has registered with Zoom as applicable, and has equipment, electrical power, and internet service sufficient to permit participation via videoconference in the evidentiary hearing.

6.      Courtroom Formalities.  Although conducted using videoconferencing technologies, the hearing constitutes a court proceeding.  The formalities of a courtroom shall be observed.

Counsel and witnesses shall dress appropriately, exercise civility, and otherwise conduct themselves in a manner consistent with the dignity of the Court and its proceedings.

7.      Technical Pre-Hearing Testing.  On **December 10, at 8:45 am. (CST)** (fifteen minutes before the set time for the hearing), all counsel and witnesses shall participate in a pre-hearing testing of the Zoom audio and video conference technologies with Court personnel to confirm that each participant's audio and video capabilities are functional.  All participants are admonished not to discuss the substance of the hearing at the technical pre-hearing testing session, but instead to limit their comments to the functionality and use of the technology for the purposes of conducting the hearing.

Dated at Milwaukee, Wisconsin on December 9, 2020.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge