# DECLARATION

1. My name is Charles A. Armgardt. I am over the age of 18. All the facts stated herein are true and based on my personal knowledge.

2. I am a resident of Illinois, and live at ▮▮▮▮▮▮▮▮▮▮▮▮

3. I am a registered voter in ▮▮▮▮▮▮▮▮

4. I voted early in the November 3, 2020 election.

5. I served as a Wisconsin Election Observer in Racine, WI on November 3, 2020.

6. In the five Racine polling places where I attempted to observe, election officials denied me the proximity to election activity that was needed in order for me to conduct meaningful observation. This is explained more fully below.

7. The polling places where I sought to observe are (1) Humble Park Community Center, 2200 Blaine Ave., Racine, WI 53405; (2) Knapp Elementary School, 2701 17th St., Racine, WI 53405; (3) Festival Park Hall, 5 5th St., Racine, WI 53403; (4) Dr. M. L. King Jr. Community Center, 1134 Dr. Martin Luther King Dr., Racine WI 53404; and (5) Cesar Chavez Community Center, 2221 Douglas Ave., Racine, WI 53402. I visited each of these polling places twice during the course of my observer activities, from about 6:45 a.m. to 5:45 p.m.

8. In each of these five polling places, election officials required that I and other observers remain within small rectangular areas that they had marked off with tape on the floor. Many of these designated observer areas were placed some twenty feet or more away from any election activity, resulting in observers including myself having no ability whatsoever to conduct any meaningful observation from those locations.

9. Each polling place also maintained a designated observer area that was somewhat closer to election activity. However, very little meaningful election observation could be done from these areas as well. Each of the five polling places had set up a single file line of tables

1

Exhibit 40

where people entering the room to vote checked in with an election worker. These lines of tables ranged from approximately twenty-five feet to forty feet in length. Each table in the line contained a separate voter check-in station. The lines were comprised of approximately six to eight separate tables/check-in stations. The somewhat closer designated observer areas, identified above in this paragraph, were located approximately five to six feet off to the side of the long single file line of check-in stations. As a result of this configuration, in each of the five polling places where I attempted to observe, I was only able to observe activity at just one table/check-in station, namely the station at the end of the long line which was next to the designated observer area. I was not allowed to observe near any other stations in the single file line of tables that were used for voter check-in.

10. I was also denied access by election officials to the station within the polling places where mailed or absentee ballots were checked in and counted. At Festival Park Hall, for example, the absentee ballot station was placed in the back of the room, approximately seventy feet from any designated observer area. The two exceptions to this wholesale denial of access to the absentee ballot stations were at (1) the Dr. M. L. King Jr. Community Center, where the absentee ballot station was at the end of the line of check-in tables next to the designated observer area, and (2) Knapp Elementary School, where access to the absentee ballot station was denied to me during the morning, but where by the time I returned in the afternoon (and apparently in response to complaints) the Chief Election Inspector had established an additional observer designated area which was located next to the absentee ballot station.

11. In each of the five polling places where I attempted to observe, I specifically asked the Chief Election Inspector or another election worker for better access to election activity, but my requests were denied (with the possible exception of Knapp Elementary School,

2

as noted above). At the Dr. M. L. King Jr. Community Center, where I could observe the absentee ballot station but no other station, I asked a woman who I understood from others was the City Clerk (named Tara, someone said) for improved access, but she also refused my request, stating "we're in compliance." The woman said this even after I pointed out to her that while observers may have been allowed to stand about six feet from the side edge of the long line of check-in tables, the line of tables was so long that we could only observe a small portion of the ongoing election activity.

12. Other observers indicated to me that based on their experience with prior elections, the denials of access to observers were illegal. At Knapp Elementary School, an official of some kind who I understood from others was a City of Racine worker agreed that this denial of access to election observers was wrong and not legal.

13. Discussion among observers indicated that election officials blamed the observer access denials on COVID. However, the designated observer areas were so small that in many cases the observers could not practice our own social distancing.

14. At Knapp Elementary School, and perhaps elsewhere, I observed election workers not checking the ineligible voter list for same-day registration voters.

15. I declare under penalty of perjury pursuant to that the forgoing is true and correct (28 U.S.C. § 1746)

Executed on November 11, 2020.

Charles A. Armgardt

State of Illinois
County of Cook

Signed and affirmed to me the notary on
11, Nov, 2020 (Date) By Charles A. Armgardt
(Signature of Notary Public)
(Notary Seal)

OFFICIAL SEAL
RUFUS LACY JR
NOTARY PUBLIC, STATE OF ILLINOIS
My Commission Expires 06/29/2024

3