# EXHIBIT 502


**Troupis Law Office**

4126 Timber Lane
Cross Plains, Wi. 53528
Ph. 608-305-4889
troupisjames@gmail.com

HAND DELIVERED

November 18, 2020

Wisconsin Elections Commission
212 East Washington Avenue
Third Floor
Madison, Wisconsin 53707-7984

VIA HAND DELIVERY

In Re: The 2020 Election for President of the United States, Verified Petition for Recount

Petitioners Donald J. Trump and Michael R. Pence

Please find enclosed the Original Verified Petition for Recount for The 2020 Election for President of the United States ("Petition"). This is filed on behalf of Donald J. Trump and Michael R. Pence.

As noted in the Petition, the recount sought is limited, at this time, to All of Dane County and Milwaukee County.

Your office provided these Petitioners with a county based breakdown of costs that must be prepaid for this recount. A wire transfer of $3,000,000 was made to the Wisconsin Elections Commission by the Petitioners to cover costs specified by you for the selected Counties.

Please let us know if there is any question.

Very truly yours,
Troupis Law Office

James R. Troupis
Petitioners Counsel

# RECOUNT PETITION

In Re: The 2020 Election for President of the United States

Verified Petition
For Recount

Petitioners Donald J. Trump and Michael R. Pence allege and show to the Wisconsin Elections Commission, as follows:

1. That Petitioners were candidates for the office of President and Vice President of the United States in an election held on November 3, 2020. They appeared together on the ballot as a single candidate. Voters who voted for Donald J. Trump necessarily voted, as well, for Michael R. Pence;

2. That Petitioners are informed and believe that mistakes and fraud were committed throughout the State of Wisconsin, including particularly in the City of Madison, the City of Milwaukee, and throughout Dane County and Milwaukee County in the counting and return of votes cast in the election for President of the United States;

3. That Petitioners are an "aggrieved party" as that term is defined in Wis. Stat. § 9.01(1);

4. That Petitioners are informed and believe that:

   a. The Wisconsin Legislature has rightly concluded that "voting is a constitutional right, the vigorous exercise of which should be strongly encouraged. In contrast, voting by absentee ballot is a privilege exercised wholly outside the traditional safeguards of the polling place. The legislature finds that the privilege of voting by absentee ballot must be carefully regulated to prevent the potential for fraud or abuse; to prevent overzealous solicitation of absent electors who may prefer not to participate in an election; to prevent undue influence on an absent elector to vote for or against a candidate or to cast a particular vote in a referendum; or other similar abuses." Wis. Stat. § 6.84(1).

1

b. Municipal clerks throughout the State of Wisconsin illegally altered absentee ballot envelopes by independently adding witness addresses to absentee ballot envelopes that were returned to the clerk without a witness address supplied, as required by Wis. Stat. §§ 6.87(2), (6d) and (9).

c. These actions violate Wis. Stat. § 6.87(6d), which states: "If a certificate is missing the address of a witness, the ballot may not be counted."

d. These actions also violate Wis. Stat. § 6.87(9), which states: "If a municipal clerk receives an absentee ballot with an improperly completed certificate or with no certificate, the clerk may return the ballot to the elector . . . ."

e. The municipal clerks conducted these illegal actions based on illegal guidance issued by the Wisconsin Election Commission in a memorandum to all municipal clerks dated October 18, 2016. That memo instructed clerks that they "**must** take corrective action" to add a missing witness address." (emphasis in original) The memorandum further instructed clerks that if they are "reasonably able to discern any missing information from outside sources, clerks are not required to contact the voter . . . ." Clerks were instructed that they could rely on their own "personal knowledge," or unspecified "lists or databases at his or her disposal" to add the missing witness address.

f. These actions of the clerks are unlawful. Any envelopes upon which a clerk altered the information supplied, by adding a missing address or part of an address, must be deemed deficient and the ballots provided in those envelopes must not be counted in the certified vote totals.

5. That Petitioners are further informed and believe that:

a. The Wisconsin Legislature has commanded, "with respect to matters relating to the absentee ballot process," § 6.86 "shall be construed as mandatory. Ballots cast in contravention of [it] . . . may not be counted. Ballots counted in contravention of [it] . . .may not be included in the certified result of any election." Wis. Stat. § 6.84(2)

b. Municipal clerks across Wisconsin issued tens of thousands of absentee ballots to electors in direct contravention of Wis. Stat. § 6.86(1)(ar), which states: "the municipal clerk **shall not issue an absentee ballot unless the clerk receives a written application** therefor from a qualified elector of the municipality." (emphasis added)

c. Despite this clear mandatory requirement, clerks issued absentee ballots without first collecting a written application from persons who requested absentee ballots in person, including during the two week in-person absentee period that ran from October 20, 2020 through November 1, 2020.

d. These actions violate Wis. Stat. § 6.86(1)(ar).

e. The absentee voting statutes are mandatory and provide detailed and explicit procedural safeguards in substantial part to prevent fraud and undue influence. The Wisconsin Legislature itself acknowledges those factors as it explicitly states in its statutes, Wis. Stat. § 6.84(1), "The legislature finds that the privilege of voting by absentee ballot must be carefully regulated to prevent the potential for fraud or abuse; to prevent overzealous solicitation of absent electors who may prefer not to participate in an election; to prevent undue influence on an absent elector to vote for or against a candidate . . . or other similar abuses."

f. These actions of the clerks in failing to obtain a written application from electors prior to providing that elector with a ballot are illegal and absentee ballots that were issued without a written application must be deemed deficient and the ballots must not be counted in the certified vote totals.

g. On information and belief, more than 60,000 votes were cast in Milwaukee County alone in violation of these mandatory statutory provisions.

6. That Petitioners are further informed and believe that:

a. Voter identification is an essential requirement in Wisconsin and elsewhere to ensure that only eligible voters vote.

3

b. In order to facilitate voting by a voter who is, unfortunately, "indefinitely confined because of age, physical illness or infirmity or is disabled for an indefinite period . . . ." (Wis. Stat. § 6.86(2)(a)) a special provision of Wisconsin Statutes allows the mailing of absentee ballots, and the return of those ballots without further need to provide proof of the voter's identity.

c. In a clear abuse of those unique provisions, the clerk of Dane County, Scott McDonell, told Dane County voters, and with wide circulation told other voters as well throughout Wisconsin, to declare themselves to be "indefinitely confined" under Wis. Stat. § 6.86(2) in order to, in part, avoid having to provide proof that they are eligible voters. A similar notice was given by the Milwaukee County Clerk.

d. The Wisconsin Supreme Court entered an Order against those notices, but the damage was already done and could not be corrected.

e. Those claiming to be "indefinitely confined" rose from 72,000 in 2019 to more than 240,000 at the time of the November 3, 2020 election. A substantial number of those claiming that status were sent and returned ballots without proper identification and without otherwise meeting the requirements for that status.

f. Ballots cast by those claiming to be indefinitely confined who were not in fact indefinitely confined are fraudulent and the ballots must not be counted in the certified vote totals.

7. That Petitioners are further informed and believe that:

   a. In order to insure free and fair elections, it is the policy of the State of Wisconsin and the United States that citizens are to be provided access sufficient to observe voting and the processing of ballots. Wis. Stat. § 7.41.

   b. Observation of vote tabulation and observation of polling places is essential to preventing fraud and mistakes.

   c. On at least the following occasions during the election and tabulation, representatives of the Petitioners were not given access to the process

4

proceedings or to realistically determine, at that time, whether fraud, mistakes and other unlawful activities law occurred. Specifically:

    i.) At the City of Milwaukee Central Count location Petitioners observers were required to remain behind tapelines affixed to the floor. With relation to numerous tables these areas were approximately 30 to 35 feet from tables at which absentee ballots were being processed. The restrictions imposed were so great that the Petitioners observers were required to purchase binoculars which did not end up being effective in allowing Petitioners observers to observe the absentee ballot processing;

    ii.) At the City of Milwaukee Central Count location, the election inspector in charge of the location made an announcement that all challenges to absentee ballots based on the unlawful actions described in paragraphs 4.a-f above had been prejudged and that all such objections were rejected and that election inspectors should not stop processing absentee ballots to hear and determine the objections.

  d. On information and belief, once observational access is provided during a recount, mistakes, violations of the law (in addition to the open access violations already known) and fraud will be discovered.

8. The Petitioners are informed and believe that with further investigation, substantial and additional mistakes and fraud will be discovered.

**WHEREFORE:** Petitioners respectfully requests a recount of those wards, municipalities and counties specified on Exhibit A, attached hereto and made a part hereof.

Dated this ___16th___ day of November, 2020.

5

_____
Donald J. Trump, Petitioner

I, Donald J. Trump, being first duly sworn, on oath, state that the matters contained in the above petition are known to me to be true except for those allegations stated on information and belief, which I believe to be true.

_____
Donald J. Trump, Petitioner

Subscribed and sworn to before me this ___16___ day of November, 2020.

_____
Notary Public
My Commission Expires ___1/31/2022___

6



Michael R. Pence, Petitioner

I, Michael R. Pence, being first duly sworn, on oath, state that the matters contained in the above petition are known to me to be true except for those allegations stated on information and belief, which I believe to be true.

Michael R. Pence, Petitioner

Subscribed and sworn to before me this ___16th___ day of November, 2020.

District of Columbia : SS

_____
Notary Public
My Commission Expires 5/31/2022



7

# EXHIBIT A

Wards to be Recounted:

All of Dane County (Every City, Village, Town, Ward and other voting unit in the County)

All of Milwaukee County (Every City, Village, Town, Ward and other voting unit in the County)