# Exhibit F

865 F.2d 264
Unpublished Disposition
NOTICE: THIS IS AN UNPUBLISHED OPINION.
(The Court's decision is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter. Use FI CTA9 Rule 36-3 for rules regarding the citation of unpublished opinions.)
United States Court of Appeals, Ninth Circuit.

G. Donald MASSEY; Bruce L. Bax; Donna L. Sergi, Plaintiffs–Appellants,

v.

A. COON, District Judge; Circuit Court of Oregon for Josephine County; Supreme Court of the State of Oregon; L.A. Cushing, District Judge, Defendants–Appellees.

No. 87–3768.
|
Submitted[*] Nov. 28, 1988.
|
Decided Jan. 3, 1989.

**Synopsis**
D.Or.

AFFIRMED.

Appeal from the United States District Court for the District of Oregon; James A. Redden, District Judge, Presiding.

Before CHOY, TANG and O'SCANNLAIN, Circuit Judges.

MEMORANDUM[**]

*1 G. Donald Massey, Bruce L. Bax, and Donna L. Sergi appeal *pro se* the district court's judgment dismissing their action for injunctive and declaratory relief.

Massey, Bax, and Sergi filed an action in federal district court seeking declaratory and injunctive relief against the Oregon Supreme Court, the Circuit Court of Oregon for Josephine County, Oregon State District Judge A. Coon, and Oregon Circuit Judge L.A. Cushing. The complaint alleged that the defendants violated the plaintiffs' federal due process and equal protection rights by unlawfully assigning Coon to serve as circuit court judge *pro tem* in plaintiffs' quiet title action in state court. Defendants moved to dismiss the complaint for failure to state a claim. The magistrate recommended granting dismissal and the district court adopted the magistrate's findings and recommendations and dismissed the action. The appeal now comes before this court.

A. *Jurisdiction Over Bax and Sergi*
This court does not have jurisdiction to hear an appeal by *pro se* appellants who do not personally sign the notice of appeal. *Carter v. Commissioner,* 784 F.2d 1006, 1008 (9th Cir.1986). Bax and Sergi signed neither the original nor the amended notices of appeal. Therefore, Bax and Sergi's appeals must be dismissed.

B. *Massey's Appeal*
Massey contends that Article VII Section 2(a)(3) of the Oregon Constitution and several Oregon statutes (1) prohibit the appointment of a state circuit judge *pro tem* to serve in the judicial district for which the judge was elected; and (2) forbid a state circuit judge to name a judge *pro tem* as that power is reserved to the Oregon Supreme Court.

Massey also contends that such assignment, because it is contrary to state law, violates the due process and equal protection clauses of the Constitution. Assuming, arguendo, that Massey has correctly interpreted state law, we nonetheless conclude that the eleventh amendment bars his suit.

The eleventh amendment prevents federal courts from hearing suits brought against a state without its consent, regardless of the type of relief sought. *See Pennhurst State School & Hosp. v. Halderman,* 465 U.S. 89, 100 (1984). Massey has failed to indicate any explicit waiver of Oregon's immunity to suit in federal court. He contends that the eleventh amendment is inapplicable because his suit is not in substance brought against the state. He further argues that this suit is excepted from the general jurisdictional bar by the principles of *Ex Parte Young,* 209 U.S. 123 (1908). We reject both arguments.

The eleventh amendment bars any suit nominally brought against individual state officials where the state is the real party in interest.[1] *Pennhurst,* 465 U.S. at 101. A suit for non-monetary relief is in substance against the sovereign if "the

effect of the judgment would be 'to restrain the Government from acting or compel it to act.' " *Pennhurst,* 465 U.S. at 101 n. 11 (citing *Dugan v. Rank,* 372 U.S. 609, 620 (1963)). Here, the relief sought would require the state, acting through its officials, to conform its conduct to state law by appointing a judge from another district to serve as judge *pro tem* in this case.

*2 Massey contends that this suit is not brought against the state for purposes of the eleventh amendment because defendants' actions were outside their delegated power. However, a state official is not entitled to eleventh amendment immunity only when he acts "without any authority whatever." *Pennhurst,* 465 U.S. at 101 n. 11 (citing *Florida Dept. of State v. Treasure Salvors, Inc.,* 458 U.S. 670, 697 (1982) (plurality opinion)). "A claim of error in the exercise of [an official's delegated] power is therefore not sufficient" to support a claim of ultra vires. *Larson v. Domestic & Foreign Commerce Corp.,* 337 U.S. 682, 690 (1949). Oregon's Constitution and statutes clearly did provide a mechanism for appointing judges *pro tem,* even though the procedures may not have been followed correctly in this case. Therefore, this case does not fall within the narrow scope of the ultra vires doctrine as enunciated by the Supreme Court. The action against Judges Coon and Cushing was thus in substance an action against the state.

Massey argues that if the suit is deemed to be one against the state, it is not barred by the eleventh amendment because it falls under the exception enunciated in *Ex Parte Young. Young* provides that a suit for injunctive relief challenging a state official's action under the Constitution is not considered a suit against the state for purposes of the eleventh amendment. *Young,* 209 U.S. at 167. Although on its face the complaint states a claim under the due process and equal protection clauses of the Constitution, these constitutional claims are entirely based on the failure of defendants to conform to state law. "[W]hen a plaintiff alleges that a state official has violated *state* law.... the entire basis for the doctrine of *Young* ... disappears." *Pennhurst,* 465 U.S. at 106 (emphasis in original). Therefore, the *Young* exception does not apply and the district court correctly dismissed the suit against Judges Coon and Cushing.

Finally, the district court properly dismissed Massey's action without leave to amend. Where amendment of the complaint would have served no purpose because the acts complained of could not constitute a cognizable claim for relief, it is not error to dismiss a complaint without leave to amend. *See Jones v. Community Redevelopment Agency,* 733 F.2d 646, 650 (9th Cir.1984). No restatement of Massey's claim could constitute a claim for relief cognizable in federal court.[2]

AFFIRMED.

**All Citations**

865 F.2d 264 (Table), 1989 WL 884

Footnotes

\* The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34–4.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1 We consider only the claims against Judges Coon and Cushing because Massey does not argue on appeal that the district court erred in its determination that the state court defendants are immune from suit in federal court.

2 We also deny Massey's motion to file an amended opening brief. The amended brief adds no new arguments and would have no effect on the outcome of this case.

**End of Document** © 2020 Thomson Reuters. No claim to original U.S. Government Works.