UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

DONALD J. TRUMP, Candidate for President of the United States of America,

    Plaintiff,

v.

THE WISCONSIN ELECTIONS COMMISSION, and its members, ANN S. JACOBS, MARK L. THOMSEN, MARGE BOSTELMANN, DEAN KNUDSON, ROBERT F. SPINDELL, JR., in their official capacities, SCOTT MCDONELL in his official capacity as the Dane County Clerk, GEORGE L. CHRISTENSON in his official capacity as the Milwaukee County Clerk, JULIETTA HENRY in her official capacity as the Milwaukee Election Director, CLAIRE WOODALL-VOGG in her official capacity as the Executive Director of the Milwaukee Election Commission, MAYOR TOM BARRETT, JIM OWCZARSKI, MAYOR SATYA RHODES-CONWAY, MARIBETH WITZEL-BEHL, MAYOR CORY MASON, TARA COOLIDGE, MAYOR JOHN ANTARAMIAN, MATT KRAUTER, MAYOR ERIC GENRICH, KRIS TESKE, in their official capacities; DOUGLAS J. LA FOLLETTE, Wisconsin Secretary of State, in his official capacity, and TONY EVERS, Governor of Wisconsin, in his official capacity.

    Defendants.

Case No.:20CV1785

**GOVERNOR EVERS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Governor Evers submits this Notice of Supplemental Authority to alert the Court of a decision granting the motion to dismiss in *Feehan v. Wisconsin Election Commission*, No. 20-cv-1771, Doc. 83 (E.D. Wis. Dec. 9, 2020). That decision is attached as Exhibit A.

The *Feehan* opinion addresses a number of issues relevant to this Court's decision. *First*, the court notes that it "must resolve the defenses before moving to the merits. . . . If this court does not have jurisdiction to hear and decide those claims, any decision it might make regarding the merits of the claims would be invalid. For that reason, the court considers the motions to dismiss before considering the plaintiff's request for injunctive relief." Ex. A. at 13. *Second*, the court notes that no standing exists due to the lack of redressability. *Id.* at 22-23. It also found that the Electors Clause "confers on the *state* the right to appoint electors and confers on the *legislature* the right to decide the way those electors will be appointed. It confers no right on the *electors* themselves." *Id.* at 28. *Third*, the court found that Eleventh Amendment immunity bars the suit because the relief requested—decertifying the election and ordering Wisconsin's electors to vote for President Trump—is retrospective. *Id.* at 33-38.

Respectfully submitted this 9th day of December 2020.

/s/ Davida Brook
Justin A. Nelson
Stephen E. Morrissey
Stephen Shackelford Jr.
Davida Brook
SUSMAN GODFREY L.L.P.
1000 Louisiana St., Suite 5100
Houston, TX 77002
(713) 651-9366
jnelson@susmangodfrey.com
smorrissey@susmangodfrey.com
sshackelford@susmangodfrey.com
dbrook@susmangodfrey.com

Jeffrey A. Mandell
Rachel E. Snyder

Richard A. Manthe
STAFFORD ROSENBAUM LLP
222 W. Washington Ave., Suite 900
Madison, WI 53701-1784
Telephone: 608-256-0226
Email: jmandell@staffordlaw.com
Email: rsnyder@staffordlaw.com
Email: rmanthe@staffordlaw.com

Paul Smith
CAMPAIGN LEGAL CENTER
1101 14th St. NW, Suite 400
Washington, DC 20005
(202) 736-2200
psmith@campaignlegalcenter.org

*Attorneys for Defendant, Governor Tony Evers*

# CERTIFICATE OF SERVICE

    I hereby certify that on Wednesday, December 9, 2020, I filed a copy of the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

    /s/ Davida Brook