UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

Donald J. Trump, Candidate for President of the United States of America,

Plaintiff,

vs.

The Wisconsin Elections Commission, et al.

Defendants.

Case No. 2:20-cv-01785-BHL

**STIPULATION OF PROPOSED FACTS AND EXHIBITS**

Plaintiff Donald J. Trump, by counsel, and Defendants the Wisconsin Elections Commissions and its members ("WEC"), Scott McDonell in his official capacity as the Dane County Clerk, George L. Christenson in his official capacity as the Milwaukee County Clerk, Julietta Henry in her official capacity as the Milwaukee Election Director, Claire Woodall-Vogg in her official capacity as the Executive Director of the Milwaukee Election Commission, Mayor Tom Barrett, Jim Owczarski, Mayor Satya Rhodes-Conway, Maribeth Witzel-Behl, Mayor Cory Mason, Tara Coolidge, Mayor John Antaramina, Matt Krauter, Mayor Eric Genrich, Kris Teske, in their official capacities, Douglas J. La Folette, Wisconsin Secretary of State, in his official capacity, and Tony Evers, Governor of Wisconsin, in his official capacity, as well as all Intervenor Defendants (collectively, "Defendants"), all by counsel, here stipulate to the following:

**SITUPLATED EXHIBITS**

1. Subject to the objection listed in Paragraph 2 below, the Parties stipulate Plaintiff's Exhibits 1-75 and Defendants' Exhibits 501-506 are admissible into evidence in their

1

entirety and useable for all purposes and that statements attributed to any Defendant therein is a true and accurate record of their prior statements and useable for all purposes, subject to paragraph 2 below.

The Parties further agree not to oppose the introduction of or reliance on any documents or declarations attached to, referenced in, or filed with any of the Defendants' briefing on the Motions To Dismiss or Request for Temporary Restraining Order.

2. Defendants contend that Plaintiff's exhibits are not relevant to this action, and that their consideration at the hearing is likely to cause delay and confusion, including because the exhibits will need to be placed in context. Defendants therefore object, and will briefly restate their objection on the record, to the use of these exhibits at today's hearing under FRE 401 and 403. Subject to preserving that objection, Defendants will not oppose introduction and use of Plaintiff's exhibits. In sum, for purposes of this action Defendants reserve relevance and competence objections, and reserve the right to introduce additional testimony and evidence (including exhibits not heretofor disclosed as exhibits) to place the documents in context. For clarity, Defendants do not stipulate to the accuracy of any of the information in Plaintiff's exhibits.

## UNDISPUTED FACTS

3. Plaintiff contends that the facts set forth below would be sufficient to establish a *prima facie* case for his claim. Defendants disagree, but do not dispute the facts set forth below (whether on relevance, hearsay, or other grounds) for purposes of allowing the Court to assess Plaintiff's claims. Defendants reserve the right to put on additional evidence to place Plaintiff's evidence and claim in context should the Court conclude that live witnesses are necessary.

4. The election-related procedures at issue in this action (specifically, election officials' treatment of witness address corrections, drop-boxes, and indefinitely confined voter status), were made public before November 3, 2020. Specifically:

    a. The witness address guidance issued on October 19, 2016;

    b. The indefinitely confined voter guidance issued on March 29, 2020; and

    c. The drop boxes guidance issued on August 19, 2020.

5. Plaintiff President Trump did not bring any legal challenge to any of the procedures identified in Stipulated Fact No. 4 before November 3, 2020.

6. President Trump did bring at least the following pre-election actions challenging election procedures in other states: *Donald J. Trump for Pres., Inc. v. Boockvar*, No. 2:20-cv-00966 (W.D. Pa.); *Donald J. Trump for President v. Cegavske* No. 2:20-cv-01445 (D. Nev.); *Donald J. Trump for President v. Murphy* No. 3:20-cv-10753 (D.N.J.); *Donald J. Trump for President et al v. Bullock et al* No. 6:20-cv-00066 (D. Mont.); *Donald J. Trump for Pres., Inc. v. Philadelphia Cnty. Bd. of Elections* No. 200902035 (Penn. Ct. Common Pleas, Philadelphia Cnty.); *Donald J. Trump for President v. Gloria* No. A-20-824153-C (Nev. Dist. Ct.); *Donald J. Trump for Pres., Inc. v. Philadelphia Cnty.* No. 983 CD 2020 (Pa. Commw. Ct.); *Donald J. Trump for President v. Simon*, No. A20-1362 (Minn. Sup. Ct.). Plaintiff contends that suits brought in other states are not relevant to this action, and that their consideration at the hearing is likely to cause delay and confusion. Plaintiff therefore objects, and will briefly restate the objection on the record, to the consideration of these suits at the hearing under FRE 401 and 403.

7. The November 3, 2020 election took place on that day. Nearly 3.3 million Wisconsin voters cast a vote in that election.

3

Case 2:20-cv-01785-BHL    Filed 12/10/20    Page 3 of 12    Document 127

8. On November 17, 2020, the last county canvass was submitted to the WEC. The final state canvass was completed on November 30, 2020.

9. The deadline for requesting a recount in Wisconsin was November 18, 2020, and on that day President Trump formally requested a recount for Dane and Milwaukee counties. President Trump did not challenge Wisconsin's canvass results as to any other counties. The cost to file for this recount was $3 million. It would have cost approximately $8 million to conduct a recount of the entire state.

10. There was a recount in Dane and Milwaukee Counties which was completed on November 27, 2020 in Milwaukee County, and on November 29, 2020 in Dane County. Those recounts confirmed the results of the initial canvass, though they are now subject to an appeal currently pending before Judge Simanek.

11. Municipal clerks and election officials in Milwaukee County, the City of Milwaukee, Dane County, and the City of Madison used the written guidance from the WEC contained in the documents identified on the Parties' exhibit lists to guide their treatment of absentee ballot witness certificate addresses, use of absentee ballot drop boxes and handling of voters claiming indefinitely confined status.

12. WEC does not maintain records concerning the number of ballots deposited in absentee ballot drop boxes and does not require that such records be maintained.

13. As of November 1, 2020, the City of Madison had collected approximately 9,346 absentee ballots from dropboxes in the city for the November 3, 2020 election, that figure represents approximately 7% of absentee ballots received in the City of Madison. This is the best information currently available from the City of Madison.

14. For the November 3, 2020 election, the City of Milkwaukee had returned 169,519 absentee ballots, of those only approximately 108,000 were non in-person absentee ballots, of those 60-70% are estimated to have been returned via dropbox. This is the best information currently available from the City of Milkwaukee.

15. A total of 17,271 absentee ballots were collected through Democracy in the Park events in the 2020 Election in the City of Madison. Because of ballot secrecy, the totals of those ballots for each candidate are unknown.

16. City of Madison Clerk Maribeth Witzel-Behl referred to the election workers who received absentee ballots at the Democracy in the Park events as "human drop boxes."

17. Some absentee ballots that were counted as valid votes as of the Recount Conclusion Date had information added to the witness address on the ballot envelope by an election worker (including but not limited to by a municipal clerk or an employee of a municipal clerk or other election administrator) in the 2020 Election in Wisconsin.[1] Municipal clerks' offices do not keep statistics or records concerning election workers adding to witness certifications that would allow calculation of the number of such additions. Nor are there any records that would allow anyone to ascertain for whom such ballots were cast.

18. As of November 10, 2020, approximately 240,000 requests for absentee ballots on and indefinitely confined basis were received, but they were not necessarily cast and counted on that basis. Efforts are still being undertaken to reconcile how many of such ballots were cast and counted on that basis. This is the best information currently available for the WEC.

19. Defendants agree and stipulate that the total number of indefinitely confined absentee ballots cast and counted in the 2016 general presidential election was 66,611. This

---

[1] Defendant WEC does not maintain this data, nor is it required to.

represents 7.8% of absentee ballots cast in that election. Because of ballot secrecy, it is unknown for whom such ballots were cast.

20. Defendants agree and stipulate that the total number of indefinitely confined ballots cast and counted in the April 2019 non-partisan election was 71,157. This represents 40.67% of absentee ballots cast in that election. Because of ballot secrecy, it is unknown for whom such ballots were cast.

21. As of the November 3, 2020 election, a total of 11,374 voters in the City of Madison were listed in official records as having identified themselves as indefinitely confined.

22. As of the November 3, 2020 election, a total of 29,391 voters in the City of Milwaukee were listed in official records as having identified themselves as indefinitely confined.

23. On or about, March 25, 2020, the Clerk of Dane County, Scott McDonell, issued the following statement on his official Facebook page:

> I have informed Dane County Municipal Clerks that during this emergency and based on the Governors Stay at Home order <u>I am declaring all Dane County voters may indicate as needed that they are indefinitely confined due to illness.</u> This declaration will make it easier for Dane County voters to participate in this election by mail in these difficult times. <u>I urge all voters who request a ballot and have trouble presenting [a] valid ID to indicate that they are indefinitely confined.</u>
>
> People are reluctant to check the box that says they are indefinitely confined but this is a pandemic…. The process works like this:
>
> • A voter visits myvote.wi.gov to request a ballot.
>
> • A voter can select a box that reads "I certify that I am indefinitely confined due to age illness, infirmity or disability and request ballots be sent to me for every election until I am no longer confined or fail to return a ballot.["]
>
> • The voter is then able to skip the step of uploading an ID in order to receive a ballot for the April 7 election. Voters are confined due to the COVID-19 illness. When the Stay at Home order by the Governor is lifted, the voter can change their

6

designation back by contacting their clerk or updating their information in myvote.wi.gov. Voters who are able to provide a copy of their ID should do so and not indicate that they are indefinitely confined.

24. On March 25, 2020, the Dane County Clerk emailed the same announcement and instructions to all clerks responsible for administering elections in the municipalities within Dane County.

25. The Clerk of Milwaukee County, George Christenson, issued a similar statement to Clerk McDonell's March 25, 2020 statement.

26. On March 31, 2020, Milwaukee County Clerk George Christenson deleted his original statement regarding the COVID-19 pandemic and placed the following statement on his Facebook page. He also issued a press release with the same statement below.

> This statement replaces the statement issued by the Milwaukee County Clerk's Office on March 25th to reflect guidance adopted and other decisions by the Wisconsin Election Commission (WEC) since that date. As always, the Clerk's Office is here to serve the citizens of Milwaukee County. If you have any questions about the upcoming election, please call 414-278-8683. That number once again is 414-278-VOTE!
>
> The Wisconsin Election Commission (WEC) met on Friday, March 27th to clarify Wis. Stat. § 6.86(2)(a) given the Governor's "Safer at Home Order." Specifically, Section 6.86(2)(a) reads in relevant part:
>
>> An elector who is indefinitely confined because of age, physical illness or infirmity or is disabled for an indefinite period may by signing a statement to that effect require that an absentee ballot be sent to the elector automatically for every election.
>
> The WEC Board of Commissioners adopted two points of guidance on Friday, March 27, 2020:
>
>> 1. Each voter must decide for themselves whether they qualify for the "indefinitely confined" photo identification exception based upon their current circumstances. "Indefinite confinement" does not require permanent or total inability to travel outside of the residence. The designation is appropriate for electors who are indefinitely confined because of age, physical illness, or infirmity, or disability.

> 2. Indefinitely confined status shall not be used by electors simply as a means to avoid the photo identification requirement without regard to whether they are indefinitely confined because of age, physical illness, infirmity, or disability.

Voters should follow this guidance when determining whether they are indefinitely confined, considering the COVID-19 global pandemic, the Governor's Safer at Home Emergency Order, and the individual circumstances of each voter. If a voter determines that they are "indefinitely confined" because of age, physical illness, infirmity or disability, they do not need to upload evidence of a photo ID to receive a ballot for the April 7 election.

It is very important to note that "indefinite confinement" based only upon the Governor's Safer at Home Emergency Order cannot be used to legally avoid the photo ID requirement. An elector must meet the above-noted requirements of Wis. Stat. § 6.86(2)(a).

I hope this information is helpful. For additional voting information, you may also visit MyVoteWisconsin.

27. Absentee Ballot Boxes used by municipalities in Dane and Milwaukee Counties were not staffed by the municipal clerk or the executive director of the board of election commissioners, or employees of the clerk or the board of election commissioners.

28. Over five hundred Absentee Ballot Boxes were used in the 2020 Presidential Election in Wisconsin.

29. The City of Milwaukee used 15 Absentee Ballot Boxes in the 2020 Presidential Election.

30. The City of Madison added Absentee Ballot Boxes on October 16, 2020. One of the Absentee Ballot Boxes was placed in a large public park in Madison not adjacent to any building.

31. The City of Madison held "Democracy in the Park" events on September 26, 2020 and October 3, 2020, at which voters could drop off completed ballots at any of Madison's 206 city parks.

32. On September 26, 2020, 10,813 ballots were collected at the City of Madison held "Democracy in the Park" event.

33. Election workers were trained that missing information relating to a witness address could be written on the ballot envelope in red if the election worker was able to locate the witness's address.

34. Republicans, Democrats, and Independents were limited to 15 observers at the City of Milwaukee Central Count location where more than 200 election workers counted absentee ballots.

35. Wisconsin engaged in a recount in Dane and Milwaukee Counties, with preliminary vote totals from the November 3, 2020 election showing a more than 20,000 vote difference margin between Vice President Joe Biden and President Trump.

36. Bart Williams ("Williams") was admitted as an Observer for the November 3, 2020 election and worked at the City of Milwaukee Central Count at 501 W. Michigan St. Milwaukee, WI. On December 10, 2020, counsel for Plaintiff provided an unsigned affidavit for Mr. Williams, attached as Exhibit A, in support of Plaintiff's motion. To the extent that Plaintiff's counsel submits a signed copy of Mr. Williams's affidavit before the conclusion of these proceedings, Defendants do not dispute the authenticity of the affidavit or challenge it on hearsay grounds, and agree the Court may consider it to the extent it may be considered competent, relevant, and material evidence with respect to the issues.

37. On December 10, 2020, counsel for Plaintiff provided an unsigned affidavit for David Bolter, attached as Exhibit B. To the extent that Plaintiff's counsel submits a signed copy of Mr. Bolter's affidavit before the conclusion of these proceedings, Defendants do not dispute the authenticity of the affidavit or challenge it on hearsay grounds, and agree the Court may

consider it to the extent it may be considered competent, relevant, and material evidence with respect to the issues.

Date <u>December 10, 2020</u>

/s/ *William Bock III*
William Bock III, Indiana Atty. No. 14777-49
James A. Knauer, Indiana Atty. No. 5436-49
Kevin D. Koons, Indiana Atty. No. 27915-49
Kroger, Gardis & Regas, LLP
111 Monument Circle, Suite 900
Indianapolis, Indiana 46204-5125
Reception: (317) 692-9000

*Attorneys for Plaintiff Donald J. Trump*


Date <u>December 10, 2020</u>

/s/ *Michael May*
Michael P. May, SBN 1011610
James E. Bartzen, SBN 1003047
Barry J. Blonien, SBN 1078848
Boardman & Clark LLP

U.S. Bank Plaza, Suite 410
1 South Pinckney Street
P.O. Box 927
Madison, Wisconsin 53701-0927
(608) 257-9521
mmay@boardmanclark.com
jbartzen@boardmanclark.com
bblonien@boardmanclark.com

Attorneys for Defendants Mayor Satya Rhodes-Conway,
Maribeth Witzel-Behl and Scott McDonell

Date <u>December 10, 2020</u>

/s/ *Colin Roth*
Joshua L. Kaul
Attorney General of Wisconsin
Signed by:
Colin T. Roth
Assistant Attorney General
SBN #1103985

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 264-6219 (CTR)
rothct@doj.state.wi.us

*Attorneys for Defendants Wisconsin Elections Commission and its members, and Secretary of State La Follette*

Date <u>December 10, 2020</u>

s/*Patrick J. McClain*
Patrick J. McClain SBN 1100896
James M. Carroll SBN 1068910
Scott F. Brown SBN1089753
Kathryn Z. Block SBN 1029749
Elleny B. Christopoulos SBN 1105495
Tyrone M. St. Junior SBN 1079284
Julie P. Wilson SBN 1034792

CITY OF MILWAUKEE
Milwaukee City Attorney's Office
200 E. Wells Street, Room 800
Milwaukee, WI 53202-3515
Telephone: (414) 286-2601
Facsimile: (414) 286-8550

Date December 10, 2020

s/ *Joseph S. Goode*
Joseph S. Goode (WI State Bar No. 1020886)
Mark M. Leitner (WI State Bar No. 1009459)
John W. Halpin (WI State Bar No. 1064336)
Allison E. Laffey (WI State Bar No. 1090079)
LAFFEY, LEITNER & GOODE LLC
325 E. Chicago Street
Suite 200
Milwaukee, WI 53202
(414) 312-7003 Phone
(414) 755-7089 Facsimile
jgoode@llgmke.com
mleitner@llgmke.com
jhalpin@llgmke.com
alaffey@llgmke.com

Kristen Clarke (admission pending)
Jon Greenbaum
Ezra Rosenberg
Ajay Saini (admission pending)
Jacob Conarck
Ryan Snow (admission pending)
LAWYERS' COMMITTEE FOR CIVIL
RIGHTS UNDER LAW
1500 K Street NW
9th Floor
Washington, DC 20005
(202) 662-8315 (phone)
(202) 783-0857 (fax)
kclarke@lawyerscommittee.org
jgreenbaum@lawyerscommittee.org
erosenberg@lawyerscommittee.org
asaini@lawyerscommittee.org
jconarck@lawyerscommittee.org

*Attorneys for Intervenor-Defendants Wisconsin State Conference NAACP, Dorothy Harrell, Wendell J. Harris, Sr., and Earnestine Moss*

Date December 10, 2020

 /s/ *Jeffrey Mandell*

*Attorneys for Defendants Tom Barrett, Claire Woodall-Vogg, and Jim Owczarski*

Date December 10, 2020

/s/ *Andrew A. Jones*
Andrew A. Jones
301 N. Broadway, Suite 400
Milwaukee, WI 53202
(414) 455-7676 (phone)
(414) 273-8476 (fax)
ajones@hansenreynolds.com

*Attorneys for Defendants George L. Christenson and Julietta Henry*

Date December 10, 2020

/s/ *Charles Curtis*
 Charles G. Curtis, Jr.
  SBN 1013075
 Michelle M. Umberger
  SBN 1023801
 Sopen B. Shah
  SBN 1105013
 Will M. Conley
  SBN 1104680
 PERKINS COIE LLP
 One East Main St., Suite 201
 Madison, WI 53703
 (608) 663-7460
 ccurtis@perkinscoie.com
 mumberger@perkinscoie.com
 sshah@perkinscoie.com
 wconley@perkinscoie.com

 Marc E. Elias
 John Devaney
 Zachary J. Newkirk
 PERKINS COIE LLP
 700 Thirteenth St., N.W.,
  Suite 800

11

Jeffrey A. Mandell
Rachel E. Snyder
Richard A. Manthe
STAFFORD ROSENBAUM LLP
222 W. Washington Ave., Suite 900
Post Office Box 1784
Madison, WI 53701-1784
Telephone: 608-256-0226
jmandell@staffordlaw.com
rsnyder@staffordlaw.com
rmanthe@staffordlaw.com

Paul Smith
CAMPAIGN LEGAL CENTER
1101 14th St. NW, Suite 400
Washington, DC 20005
Telephone: (202) 736-2200
psmith@campaignlegalcenter.org

Justin A. Nelson
Stephen E. Morrissey
Stephen Shackelford Jr.
Davida Brook
SUSMAN GODFREY L.L.P.
1000 Louisiana St., Suite 5100
Houston, TX 77002
Telephone: 713-651-9366
jnelson@susmangodfrey.com
smorrissey@susmangodfrey.com
sshackelford@susmangodfrey.com
dbrook@susmangodfrey.com

*Attorneys for Defendant,
Governor Tony Evers*

Washington, D.C. 20005
(202) 654-6200
melias@perkinscoie.com
jdevaney@perkinscoie.com
znewkirk@perkinscoie.com

*Counsel for Respondent-Intervenor
Democratic National Committee*

Date December 10, 2020

*/s/ Dixon R. Gahnz*
Dixon R. Gahnz, SBN 1024367
Daniel Bach, SBN 1005751
Terrence M. Polich , SBN 1031375
Daniel S. Lenz, SBN 1082058
Lawton & Cates, S.C.
345 West Washington Avenue, Suite 201
Madison, WI 53703
(608) 282-6200
dgahnz@lawtoncates.com
dbach@lawtoncates.com
tpolich@lawtoncates.com
dlenz@lawtoncates.com

Attorneys for Defendants
Cory Mason, Mayor of the City of Racine, Tara Coolidge, City Clerk of the City of Racine, John Antaramian, Mayor of the City of Kenosha, Matt Krauter, City Clerk of the City of Kenosha, Eric Genrich, Mayor of the City of Green Bay, and Kris Teske, City Clerk of the City of Green Bay