# United States District Court
# Eastern District of Wisconsin (Milwaukee)
# CIVIL DOCKET FOR CASE #: <u>2:20–cv–01785–BHL</u>

Trump v. The Wisconsin Elections Commission et al
Assigned to: Judge Brett Ludwig
Cause: 42:1983 Civil Rights Act

Date Filed: 12/02/2020
Jury Demand: None
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

Settlement Conference:

**<u>Plaintiff</u>**

**Donald J Trump**
*Candidate for President of the United States of America*

represented by **James A Knauer**
Kroger Gardis & Regas LLP
111 Monument Cir – Ste 900
Indianapolis, IN 46204
317–692–9000
Email: jknauer@kgrlaw.com
*ATTORNEY TO BE NOTICED*

**Kevin D Koons**
Kroger Gardis & Regas LLP
111 Monument Cir – Ste 900
Indianapolis, IN 46204
317–777–7431
Email: kkoons@kgrlaw.com
*ATTORNEY TO BE NOTICED*

**William Bock , III**
Kroger Gardis & Regas LLP
111 Monument Cir – Ste 900
Indianapolis, IN 46204
317–692–9000
Fax: 317–264–6832
Email: wbock@kgrlaw.com
*ATTORNEY TO BE NOTICED*

V.

**<u>Defendant</u>**

**The Wisconsin Elections Commission**
*and its members*

represented by **Colin T Roth**
Wisconsin Department of Justice
Office of the Attorney General
17 W Main St
PO Box 7857
Madison, WI 53707–7857
608–266–0020
Fax: 608–267–2223

Email: rothct@doj.state.wi.us
*ATTORNEY TO BE NOTICED*

**Corey F Finkelmeyer**
Wisconsin Department of Justice
Office of the Attorney General
17 W Main St
PO Box 7857
Madison, WI 53707−7857
608−266−7342
Fax: 608−267−8906
Email: finkelmeyercf@doj.state.wi.us
*ATTORNEY TO BE NOTICED*

**Gabe Johnson−Karp**
Wisconsin Department of Justice
Office of the Attorney General
17 W Main St
PO Box 7857
Madison, WI 53707−7857
608−267−8904
Fax: 608−266−9594
Email: johnsonkarpg@doj.state.wi.us
*ATTORNEY TO BE NOTICED*

**Steven C Kilpatrick**
Wisconsin Department of Justice
Office of the Attorney General
17 W Main St
PO Box 7857
Madison, WI 53707−7857
608−266−1792
Fax: 608−294−2907
Email: kilpatricksc@doj.state.wi.us
*ATTORNEY TO BE NOTICED*

**Thomas C Bellavia**
Wisconsin Department of Justice
Office of the Attorney General
17 W Main St
PO Box 7857
Madison, WI 53707−7857
608−266−8690
Fax: 608−267−2223
Email: bellaviatc@doj.state.wi.us
*ATTORNEY TO BE NOTICED*

**Defendant**

**Commissioner Ann S Jacobs**
*in her official capacity*

represented by **Colin T Roth**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Corey F Finkelmeyer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Gabe Johnson–Karp**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Steven C Kilpatrick**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Thomas C Bellavia**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

| **Mark L Thomsen** | represented by | **Colin T Roth** |
| *in his official capacity* | | (See above for address) |
| | | *ATTORNEY TO BE NOTICED* |

**Corey F Finkelmeyer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Gabe Johnson–Karp**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Steven C Kilpatrick**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Thomas C Bellavia**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

| **Commissioner Marge Bostelmann** | represented by | **Colin T Roth** |
| *in her official capacity* | | (See above for address) |
| | | *ATTORNEY TO BE NOTICED* |

**Corey F Finkelmeyer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Gabe Johnson–Karp**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Steven C Kilpatrick**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Thomas C Bellavia**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Commissioner Dean Knudson**                    represented by    **Colin T Roth**
*in his official capacity*                                          (See above for address)
                                                                    *ATTORNEY TO BE NOTICED*

                                                                    **Corey F Finkelmeyer**
                                                                    (See above for address)
                                                                    *ATTORNEY TO BE NOTICED*

                                                                    **Gabe Johnson–Karp**
                                                                    (See above for address)
                                                                    *ATTORNEY TO BE NOTICED*

                                                                    **Steven C Kilpatrick**
                                                                    (See above for address)
                                                                    *ATTORNEY TO BE NOTICED*

                                                                    **Thomas C Bellavia**
                                                                    (See above for address)
                                                                    *ATTORNEY TO BE NOTICED*

**Defendant**

**Robert F Spindell, Jr**                        represented by    **Colin T Roth**
*in his official capacity*                                          (See above for address)
                                                                    *ATTORNEY TO BE NOTICED*

                                                                    **Corey F Finkelmeyer**
                                                                    (See above for address)
                                                                    *ATTORNEY TO BE NOTICED*

                                                                    **Gabe Johnson–Karp**
                                                                    (See above for address)
                                                                    *ATTORNEY TO BE NOTICED*

                                                                    **Steven C Kilpatrick**
                                                                    (See above for address)
                                                                    *ATTORNEY TO BE NOTICED*

                                                                    **Thomas C Bellavia**
                                                                    (See above for address)
                                                                    *ATTORNEY TO BE NOTICED*

**Defendant**

                                                 represented by

**George L Christenson**
*in his official capacity as the Milwaukee County Clerk*

**Andrew A Jones**
Hansen Reynolds LLC
301 N Broadway St – Ste 400
Milwaukee, WI 53202
414–326–4952
Fax: 414–273–8476
Email: ajones@hansenreynolds.com
*ATTORNEY TO BE NOTICED*

**Andrew J Kramer**
Hansen Reynolds LLC
301 N Broadway St – Ste 400
Milwaukee, WI 53202
414–455–7676
Fax: 414–273–8476
Email: akramer@hansenreynolds.com
*ATTORNEY TO BE NOTICED*

**James F Cirincione**
Hansen Reynolds LLC
301 N Broadway St – Ste 400
Milwaukee, WI 53202
414–326–4941
Email: jcirincione@hansenreynolds.com
*ATTORNEY TO BE NOTICED*

**John W McCauley**
Hansen Reynolds LLC
10 E Doty St – Ste 800
Madison, WI 53703
608–841–1510
Fax: 414–273–8476
Email: jmccauley@hrdclaw.com
*ATTORNEY TO BE NOTICED*

**Margaret C Daun**
Milwaukee City Attorney's Office
200 E Wells St – Ste 800
Milwaukee, WI 53202
414–286–2601
Fax: 414–286–8550
Email: margaret.daun@milwaukeecountywi.gov
*ATTORNEY TO BE NOTICED*

**Defendant**

**Julietta Henry**
*in her official capacity as the Milwaukee Election Director*

represented by **Andrew A Jones**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Andrew J Kramer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**James F Cirincione**
(See above for address)
*ATTORNEY TO BE NOTICED*

**John W McCauley**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Margaret C Daun**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Claire Woodall–Vogg**
*in her official capacity as the Executive*
*Director of the Milwaukee Election*
*Commission*

represented by **Elleny B Christopoulos**
City of Milwaukee
200 E Wells St – Ste 800
Milwaukee, WI 53202–3653
414–286–2641
Fax: 414–286–8550
Email: echris@milwaukee.gov
*ATTORNEY TO BE NOTICED*

**James M Carroll**
Milwaukee City Attorney
841 N Broadway – 7th Fl
Milwaukee, WI 53202
414–286–8481
Email: jmcarr@milwaukee.gov
*ATTORNEY TO BE NOTICED*

**Julie P Wilson**
Milwaukee City Attorney's Office
200 E Wells St – Ste 800
Milwaukee, WI 53202
414–286–2617
Fax: 414–286–8550
Email: jwilson@milwaukee.gov
*ATTORNEY TO BE NOTICED*

**Kathryn Z Block**
Milwaukee City Attorney's Office
200 E Wells St – Ste 800
Milwaukee, WI 53202
414–286–2601
Fax: 414–286–8550
*ATTORNEY TO BE NOTICED*

**Patrick J McClain**
Milwaukee City Attorney's Office
200 E Wells St – Ste 800
Milwaukee, WI 53202

414–286–2601
Fax: 414–286–8550
Email: pmccla@milwaukee.gov
*ATTORNEY TO BE NOTICED*

**Scott Brown**
Milwaukee City Attorney's Office
200 E Wells St – Ste 800
Milwaukee, WI 53202
414–286–2601
*ATTORNEY TO BE NOTICED*

**Tearman Spencer**
Milwaukee City Attorney's Office
200 E Wells St – Ste 800
Milwaukee, WI 53202
414–286–2601
Fax: 414–286–8550
*ATTORNEY TO BE NOTICED*

**Tyrone Martin St Junior , II**
City of Milwaukee
200 E Wells St – Ste 800
Milwaukee, WI 53202–3653
504–274–9430
Fax: 414–286–8550
Email: tstjun@milwaukee.gov
*ATTORNEY TO BE NOTICED*

**Defendant**

| | | |
|---|---|---|
| **Mayor Tom Barrett**<br>*in his official capacity* | represented by | **Elleny B Christopoulos**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

**James M Carroll**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Julie P Wilson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kathryn Z Block**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Patrick J McClain**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Scott Brown**
(See above for address)

*ATTORNEY TO BE NOTICED*

**Tearman Spencer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Tyrone Martin St Junior , II**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Jim Owczarski**
*in his official capacity*

represented by **Elleny B Christopoulos**
(See above for address)
*ATTORNEY TO BE NOTICED*

**James M Carroll**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Julie P Wilson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kathryn Z Block**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Patrick J McClain**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Scott Brown**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Tearman Spencer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Tyrone Martin St Junior , II**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Mayor Satya Rhodes–Conway**
*in her official capacity*

represented by **Barry J Blonien**
Boardman & Clark LLP
1 S Pinckney St – 4th Fl
PO Box 927
Madison, WI 53701–0927
608–257–9521
Fax: 608–283–1709

Email: bblonien@boardmanclark.com
*ATTORNEY TO BE NOTICED*

**James E Bartzen**
Boardman & Clark LLP
1 S Pinckney St – 4th Fl
PO Box 927
Madison, WI 53701–0927
608–257–9521
Fax: 608–283–1709
Email: JBartzen@boardmanlawfirm.com
*ATTORNEY TO BE NOTICED*

**Michael P May**
Boardman & Clark LLP
1 S Pinckney St – Ste 410
Madison, WI 53703
608–257–9521
Fax: 608–283–1709
Email: mmay@boardmanclark.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Maribeth Witzel–Behl**
*in her official capacity*

represented by **Barry J Blonien**
(See above for address)
*ATTORNEY TO BE NOTICED*

**James E Bartzen**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael P May**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Mayor Cory Mason**
*in his official capacity*

represented by **Daniel Bach**
Lawton & Cates, S.C.
PO BOX 399
146 East Milwaukee Street
Ste 120
Jefferson, WI 53549
920–674–4567
Email: dbach@lawtoncates.com
*ATTORNEY TO BE NOTICED*

**Daniel S Lenz**
Lawton & Cates SC
345 W Washington Ave – Ste 201
Madison, WI 53703
608–282–6200

Fax: 608–282–6252
Email: dlenz@lawtoncates.com
*ATTORNEY TO BE NOTICED*

**Dixon R Gahnz**
Lawton & Cates SC
345 W Washington Ave – Ste 201
Madison, WI 53703
608–282–6200
Email: dgahnz@lawtoncates.com
*ATTORNEY TO BE NOTICED*

**Terrence M Polich**
Lawton & Cates SC
345 W Washington Ave – Ste 201
Madison, WI 53703
608–282–6200
Fax: 608–282–6252
Email: tpolich@lawtoncates.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Tara Coolidge**                     represented by     **Daniel Bach**
*in her official capacity*                              (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Daniel S Lenz**
                                                        (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Dixon R Gahnz**
                                                        (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Terrence M Polich**
                                                        (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

**Defendant**

**Mayor John Antaramian**             represented by     **Daniel Bach**
*in his official capacity*                              (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Daniel S Lenz**
                                                        (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Dixon R Gahnz**
                                                        (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

Terrence M Polich
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Matt Krauter**
*in his official capacity*

represented by **Daniel Bach**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Daniel S Lenz**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Dixon R Gahnz**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Terrence M Polich**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Eric Genrich**
*in his official capacity*

represented by **Daniel Bach**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Daniel S Lenz**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Dixon R Gahnz**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Terrence M Polich**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Kris Teske**
*in her official capacity*

represented by **Daniel Bach**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Daniel S Lenz**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Dixon R Gahnz**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Terrence M Polich**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Douglas J La Follette**                          represented by    **Colin T Roth**
*in his official capacity as Wisconsin*                              (See above for address)
*Secretary of State*                                                *ATTORNEY TO BE NOTICED*

                                                                    **Corey F Finkelmeyer**
                                                                    (See above for address)
                                                                    *ATTORNEY TO BE NOTICED*

                                                                    **Gabe Johnson–Karp**
                                                                    (See above for address)
                                                                    *ATTORNEY TO BE NOTICED*

                                                                    **Steven C Kilpatrick**
                                                                    (See above for address)
                                                                    *ATTORNEY TO BE NOTICED*

                                                                    **Thomas C Bellavia**
                                                                    (See above for address)
                                                                    *ATTORNEY TO BE NOTICED*

**Defendant**

**Tony Evers**                                     represented by    **Davida Brook**
*in his official capacity as Governor of*                           Susman Godfrey LLP
*Wisconsin*                                                         1901 Ave of the Stars – Ste 950
                                                                    Los Angeles, CA 90061
                                                                    310–789–3100
                                                                    Fax: 310–789–3150
                                                                    Email: dbrook@susmangodfrey.com
                                                                    *ATTORNEY TO BE NOTICED*

                                                                    **Jeffrey A Mandell**
                                                                    Stafford Rosenbaum LLP
                                                                    222 W Washington Ave – Ste 900
                                                                    PO Box 1784
                                                                    Madison, WI 53701–1784
                                                                    608–256–0226
                                                                    Fax: 608–259–2600
                                                                    Email: jmandell@staffordlaw.com
                                                                    *ATTORNEY TO BE NOTICED*

                                                                    **Justin A Nelson**
                                                                    Susman Godfrey LLP
                                                                    1000 Louisiana St – Ste 5100
                                                                    Houston, TX 77002–5096
                                                                    713–653–7895
                                                                    Fax: 713–654–6666

Email: jnelson@susmangodfrey.com
*ATTORNEY TO BE NOTICED*

**Paul M Smith**
Campaign Legal Center
1101 14th St NW – Ste 400
Washington, DC 20005
202–856–7901
Fax: 202–736–2222
Email: psmith@campaignlegal.org
*ATTORNEY TO BE NOTICED*

**Rachel E Snyder**
Stafford Rosenbaum LLP
222 W Washington Ave – Ste 900
PO Box 1784
Madison, WI 53701–1784
608–259–2657
Fax: 608–259–2600
Email: rsnyder@staffordlaw.com
*ATTORNEY TO BE NOTICED*

**Richard Manthe**
Stafford Rosenbaum LLP
222 W Washington Ave – Ste 900
PO Box 1784
Madison, WI 53701–1784
608–259–2684
Email: rmanthe@staffordlaw.com
*ATTORNEY TO BE NOTICED*

**Stephen Morrissey**
Susman Godfrey LLP
1201 3rd Ave – Ste 3800
Seattle, WA 98101
206–373–7380
Email: smorrissey@susmangodfrey.com
*ATTORNEY TO BE NOTICED*

**Stephen Shackelford , Jr**
Susman Godfrey LLP
1301 Ave of the Americas –32nd Fl
New York, NY 10019
212–729–2012
Email: sshackelford@susmangodfrey.com
*ATTORNEY TO BE NOTICED*

**Defendant**

| | | |
|---|---|---|
| **Scott McDonell**<br>*in his official capacity as the Dane County Clerk* | represented by | **Barry J Blonien**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

**James E Bartzen**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael P May**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Intervenor Defendant**

**Wisconsin State Conference NAACP**    represented by    **Jacob Conarck**
Lawyer's Committee for Civil Rights Under
Law
1500 K St NW – 9th Fl
Washington, DC 20005
202–662–8315
Fax: 202–783–0857
Email: jpconarck@gmail.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ajay Saini**
Lawyer's Committee for Civil Rights Under
Law
1500 K St NW – 9th Fl
Washington, DC 20005
202–662–8315
Fax: 202–783–0857
*ATTORNEY TO BE NOTICED*

**Allison E Laffey**
Laffey Leitner & Goode LLC
325 E Chicago St – Ste 200
Milwaukee, WI 53202
414–312–7003
Fax: 414–755–7089
Email: alaffey@llgmke.com
*ATTORNEY TO BE NOTICED*

**Ezra D Rosenberg**
Lawyers Committee for Civil Rights Under
Law
1500 K Street NW – Ste 900
Washington, DC 20005
202–662–8345
Fax: 202–783–0857
Email: erosenberg@lawyerscommittee.org
*ATTORNEY TO BE NOTICED*

**John W Halpin**
Laffey Leitner & Goode LLC
325 E Chicago St – Ste 200
Milwaukee, WI 53202

414–312–7261
Fax: 414–755–7089
Email: jhalpin@llgmke.com
*ATTORNEY TO BE NOTICED*

**Jon Greenbaum**
Lawyers'Committee for Civil Rights Under
Law
District Of Columbia
1500 K Street NW – 9th Fl
Washington, DC 20005
202–662–8315
Email: jgreenbaum@lawyerscommittee.org
*ATTORNEY TO BE NOTICED*

**Joseph S Goode**
Laffey Leitner & Goode LLC
325 E Chicago St – Ste 200
Milwaukee, WI 53202
414–312–7003
Fax: 414–755–7089
Email: jgoode@llgmke.com
*ATTORNEY TO BE NOTICED*

**Kristen Clarke**
Lawyer's Committee for Civil Rights Under
Law
1500 K St NW – 9th Fl
Washington, DC 20005
202–662–8315
Fax: 202–783–0857
*ATTORNEY TO BE NOTICED*

**Mark M Leitner**
Laffey Leitner & Goode LLC
325 E Chicago St – Ste 200
Milwaukee, WI 53202
414–312–7003
Fax: 414–755–7089
Email: mleitner@llgmke.com
*ATTORNEY TO BE NOTICED*

**Ryan Snow**
Lawyer's Committee for Civil Rights Under
Law
1500 K St NW – 9th Fl
Washington, DC 20005
202–662–8315
Fax: 202–783–0857
*ATTORNEY TO BE NOTICED*

**Intervenor Defendant**

| | | |
|---|---|---|
| **Dorothy Harrell** | represented by | **Jacob Conarck** |
| | | (See above for address) |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |

**Ajay Saini**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Allison E Laffey**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Ezra D Rosenberg**
(See above for address)
*ATTORNEY TO BE NOTICED*

**John W Halpin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jon Greenbaum**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joseph S Goode**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kristen Clarke**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Mark M Leitner**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Ryan Snow**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Intervenor Defendant**

| | | |
|---|---|---|
| **Wendell J. Harris, Sr.** | represented by | **Jacob Conarck** |
| | | (See above for address) |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |

**Ajay Saini**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Allison E Laffey**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Ezra D Rosenberg**
(See above for address)
*ATTORNEY TO BE NOTICED*

**John W Halpin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jon Greenbaum**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joseph S Goode**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Mark M Leitner**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Ryan Snow**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Intervenor Defendant**

**Earnestine Moss**                    represented by   **Jacob Conarck**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ajay Saini**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Allison E Laffey**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Ezra D Rosenberg**
(See above for address)
*ATTORNEY TO BE NOTICED*

**John W Halpin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jon Greenbaum**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joseph S Goode**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kristen Clarke**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Mark M Leitner**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Ryan Snow**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Intervenor Defendant**

**Democratic National Committee**      represented by     **Charles G Curtis , Jr**
Perkins Coie LLP
33 E Main St – Ste 201
Madison, WI 53703
608–663–5411
Fax: 608–663–7499
Email: ccurtis@perkinscoie.com
*ATTORNEY TO BE NOTICED*

**Christopher Bouchoux**
Wilmer Cutler Pickering Hale and Dorr
LLP
7 World Trade Center
New York, NY 10007
212–230–8823
Email: christopher.bouchoux@wilmerhale.com
*ATTORNEY TO BE NOTICED*

**David S Lesser**
Wilmer Cutler Pickering Hale and Dorr
LLP
7 World Trade Center
New York, NY 10007
212–230–8851
Email: david.lesser@wilmerhale.com
*ATTORNEY TO BE NOTICED*

**Jamie Dycus**
Wilmer Cutler Pickering Hale and Dorr
LLP
7 World Trade Center
New York, NY 10007
212–937–7236
Email: jamie.dycus@wilmerhale.com

*ATTORNEY TO BE NOTICED*

**John Devaney**
Perkins Coie LLP
700 13th St NW – Ste 800
Washington, DC 20005
202–654–6200
Email: jdevaney@perkinscoie.com
*ATTORNEY TO BE NOTICED*

**Marc E Elias**
Perkins Coie LLP
700 13th St NW – Ste 800
Washington, DC 20005
202–654–6200
*ATTORNEY TO BE NOTICED*

**Matthew W O'Neill**
Fox O'Neill & Shannon SC
622 N Water St – Ste 500
Milwaukee, WI 53202
414–273–3939
Fax: 414–273–3947
Email: mwoneill@foslaw.com
*ATTORNEY TO BE NOTICED*

**Michelle M Umberger**
Perkins Coie LLP
33 E Main St – Ste 201
Madison, WI 53703
608–663–7460
Fax: 608–663–7499
Email: MUmberger@perkinscoie.com
*ATTORNEY TO BE NOTICED*

**Seth P Waxman**
Wilmer Cutler Pickering Hale and Dorr
LLP
1875 Pennsylvania Ave NW
Washington, DC 20006
202–663–6800
Fax: 202–663–6363
Email: seth.waxman@wilmerhale.com
*ATTORNEY TO BE NOTICED*

**Sopen B Shah**
Perkins Coie LLP
33 E Main St – Ste 201
Madison, WI 53703
608–663–7460
Fax: 608–663–7460
Email: SShah@perkinscoie.com

*ATTORNEY TO BE NOTICED*

**Will McDonell Conley**
Perkins Coie LLP
33 E Main St – Ste 201
Madison, WI 53703
608–663–7460
Fax: 608–663–7499
Email: WConley@perkinscoie.com
*ATTORNEY TO BE NOTICED*

**Zachary J Newkirk**
Perkins Coie LLP
700 13th St NW – Ste 800
Washington, DC 20005
202–654–6200
*ATTORNEY TO BE NOTICED*

**Amicus**

**Christine Todd Whitman et al Amici Group**

represented by **Nancy A Temple**
Katten & Temple LLP
209 S LaSalle St – Ste 950
Chicago, IL 60604
312–663–0800
Fax: 312–663–0900
Email: ntemple@kattentemple.com
*ATTORNEY TO BE NOTICED*

**Richard D Bernstein**
202–303–1000
*ATTORNEY TO BE NOTICED*

**Amicus**

**Center for Tech and Civic Life**

represented by **Harmann Singh**
Kaplan Hecker & Fink LLP
350 5th Ave – Ste 7110
New York, NY 10118
212–763–0883
Email: hsingh@kaplanhecker.com
*ATTORNEY TO BE NOTICED*

**Joshua A Matz**
Kaplan Hecker & Fink LLP
350 5th Ave – Ste 7110
New York, NY 10118
929–294–2537
Fax: 212–564–0883
Email: jmatz@kaplanhecker.com
*ATTORNEY TO BE NOTICED*

**Kendall W Harrison**

Godfrey & Kahn SC
1 E Main St – Ste 500
PO Box 2719
Madison, WI 53701–2719
608–257–3911
Fax: 608–257–0609
Email: kharrison@gklaw.com
*ATTORNEY TO BE NOTICED*

**Maxted M Lenz**
Godfrey & Kahn SC
1 E Main St – Ste 500
PO Box 2719
Madison, WI 53701–2719
608–257–3911
Fax: 608–257–0609
Email: mlenz@gklaw.com
*ATTORNEY TO BE NOTICED*

**Mike B Wittenwyler**
Godfrey & Kahn SC
1 E Main St – Ste 500
PO Box 2719
Madison, WI 53701–2719
608–284–2616
Email: wittenwyler@gklaw.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 12/02/2020 | 1 | | COMPLAINT *For Expedited Declaratory and Injunctive Relief Pursuant to Article II of the United States Constitution* against All Defendants filed by Donald J Trump; EXHIBITS filed at 12 ( Filing Fee PAID $402 receipt number AWIEDC–3655237)(Bock, William) (Additional attachment(s) added on 12/3/2020: # 1 Civil Cover Sheet) (cmb) |
| 12/02/2020 | 2 | | INCORRECT Document Attached – to be re–filed ~~DISCLOSURE Statement by Donald J Trump.~~ (Bock, William) Modified on 12/3/2020 (vkb) |
| 12/02/2020 | 3 | | NOTICE of Appearance by William Bock, III on behalf of Donald J Trump. Attorney(s) appearing: William Bock, III (Bock, William) |
| 12/02/2020 | 4 | | NOTICE of Appearance by Kevin D Koons on behalf of Donald J Trump. Attorney(s) appearing: Kevin D. Koons (Koons, Kevin) |
| 12/02/2020 | 5 | | NOTICE of Appearance by James A Knauer on behalf of Donald J Trump. Attorney(s) appearing: James A. Knauer (Knauer, James) |
| 12/02/2020 | 6 | | MOTION for Preliminary Injunction *For Expedited Declaratory and Injunctive Relief Pursuant to Article II of the United States Constitution* and MOTION for Expedited Hearing filed by Donald J Trump. (Attachments: # 1 Text of Proposed Order)(Bock, William). Added MOTION for Hearing on 12/3/2020 (vkb) |

| 12/02/2020 | 7 | | CERTIFICATE by Donald J Trump *Local Rule 7(A)(2) Certification* (Bock, William) |
|---|---|---|---|
| 12/02/2020 | | | NOTICE Regarding assignment of this matter to Judge Brett Ludwig; Consent/refusal forms for Magistrate Judge Duffin to be filed within 21 days; the consent/refusal form is available here. Pursuant to Civil Local Rule 7.1 a disclosure statement is to be filed upon the first filing of any paper and should be filed now if not already filed. (cmb) (Entered: 12/03/2020) |
| 12/03/2020 | 8 | | NOTICE by Tony Evers *of Related Case and Request for Assignment in Concert with that Related Case* (Mandell, Jeffrey) |
| 12/03/2020 | 9 | | REQUEST for Issuance of Summons by Donald J Trump (Attachments: # 1 Summons Woodall–Vogg, # 2 Summons Knudson, # 3 Summons La Follette, # 4 Summons Christenson, # 5 Summons Owczarski, # 6 Summons Henry, # 7 Summons Teske, # 8 Summons Bostelman, # 9 Summons Witzel–Behl, # 10 Summons Thomsen, # 11 Summons Krauter, # 12 Summons Mason, # 13 Summons Genrich, # 14 Summons Antaramian, # 15 Summons Rhodes–Conway, # 16 Summons Barrett, # 17 Summons Spindell, # 18 Summons McDonell, # 19 Summons Coolidge, # 20 Summons Evers)(Bock, William) |
| 12/03/2020 | 10 | | NOTICE of Appearance by Jeffrey A Mandell on behalf of Tony Evers. Attorney(s) appearing: Jeffrey A. Mandell (Mandell, Jeffrey) |
| 12/03/2020 | 11 | | NOTICE of Appearance by Rachel E Snyder on behalf of Tony Evers. Attorney(s) appearing: Rachel E. Snyder (Snyder, Rachel) |
| 12/03/2020 | 12 | | ATTACHMENTS *Appendix of Exhibits to Plaintiff's Complaint '* by Donald J Trump re 1 Complaint,. (Attachments: # 1 Exhibit 1 – Wisconsin Public Radio 11.6.20, # 2 Exhibit 2 – Guidance for Indefinitely Confined Electors, # 3 Exhibit 3 – Dane County Clerk Facebook Post, # 4 Exhibit 4 – Milwaukee Sentinel Journal 3.25.20, # 5 Exhibit 5 – Rep.Steineke and Sen. Roth editorial 4.20–.20, # 6 Exhibit 6 – Washington Examiner 11.10.20, # 7 Exhibit 7 – Building Confidence in U.S. Elections–Report of Comm. on Fed.Election Reform, # 8 Exhibit 8 – Fed.Prosecution of Election Offenses 2017, # 9 Exhibit 9 – Voting Fraud is a Real Concern – Newsweek, # 10 Exhibit 10 – As More Vote by Mail, Faulty Ballots Could Impact Elections – The New York Time, # 11 Exhibit 11 – Real Clear Politics Top Battlegrounds Page, # 12 Exhibit 12 – Approved Wisconsin State Voting Plan 2020, # 13 Exhibit 13 – WEC Drop Box Guidance 8.19.20, # 14 Exhibit 14 – Absentee Ballot Drop Box Info – WI Elections Commissions, # 15 Exhibit 15 – CISA Ballot Drop Box Page, # 16 Exhibit 16 – Wisconsin Center for Investigative Journalism 10.29.20, # 17 Exhibit 17 – Wisconsin Watch – Search for a ballot drop box in your community 10.27.20, # 18 Exhibit 18 – WEC Drop Box List, # 19 Exhibit 19 – Drop Box Info – Hayward WI, # 20 Exhibit 20 – Drop Box Info – City of Menasha Library Drop Box, # 21 Exhibit 21 – Drop Box Info – City of Vermont – Dane County, # 22 Exhibit 22 – Drop Box Info – Village of DeForest – Dane County, # 23 Exhibit 23 – Drop Box Info – Village of Boyd, # 24 Exhibit 24 – Milwaukee Journal Sentinel – Milwaukee gears up for historic election, # 25 Exhibit 25 – Milwaukee Journal Sentinel – Absentee ballot drop boxes replaced, # 26 Exhibit 26 – City of Madison Notice re Drop Boxes 10.16.20, # 27 Exhibit 27 – Drop Box Info – Madison, WI – Elver Park, # 28 Exhibit 28 – CTCL Partners with 5 Wisconsin Cities to Implement |

| | | | |
|---|---|---|---|
| | | | Safe Voting Plan 7.6.20, # 29 Exhibit 29 – Voter Turnout in Madison and Dane Surpass Record, # 30 Exhibit 30 – Green Bay Election, # 31 Exhibit 31 – CTCL Announcement of Zuckerberg Donation, # 32 Exhibit 32 – WEC Approves Grants and Mailing for Fall Elections 05–29–20, # 33 Exhibit 33 – Affidavit of Bartholomew R. Williams, # 34 Exhibit 34 – Affidavit of Marie Klobuchar, # 35 Exhibit 35 – Spoiling Absentee Ballot Guidance 10.19.20, # 36 Exhibit 36 – WEC Uniform Absentee Instructions – By–Mail Voters, # 37 Exhibit 37 – What Poll Watchers Can and Cant Do 10.20.20, # 38 Exhibit 38 – Affidavit of Beth A. Brown, # 39 Exhibit 39 – Affidavit of Mary Angelina Horn, # 40 Exhibit 40 – Affidavit of Charles A. Armgardt, # 41 Exhibit 41 – Affidavit of Steven S. Goetz, # 42 Exhibit 42 – Affidavit of Lana Sloane, # 43 Exhibit 43 – Affidavit of Kyle Hudson, # 44 Exhibit 44 – Affidavit of Jeremy Bowers)(Bock, William) |
| 12/03/2020 | 13 | | LETTER from Jeff Mandell . (Attachments: # 1 Exhibit Filings from 20–CV–1771)(Mandell, Jeffrey) |
| 12/03/2020 | | | Summons Issued as to John Antaramian, Tom Barrett, Marge Bostelmann, George L Christenson, Tara Coolidge, Tony Evers, Eric Genrich, Julietta Henry, Ann S Jacobs, Dean Knudson, Matt Krauter, Douglas J La Follette, Cory Mason, Scott McDonell, Jim Owczarski, Satya Rhodes–Conway, Robert F Spindell, Jr, Kris Teske, Mark L Thomsen, Maribeth Witzel–Behl and Claire Woodall–Vogg. (vkb) |
| 12/03/2020 | 14 | | NOTICE OF STATUS/SCHEDULING CONFERENCE: The Court will conduct a status/scheduling conference in this matter on 12/04/2020 at 1:00 p.m. by telephone. Counsel for the plaintiff is expected to provide notice to opposing counsel for any defendants who have not yet appeared. Counsel for all parties are expected to be ready to discuss a plan for the efficient resolution of the case and plaintiffs pending preliminary injunction motion. To appear by telephone, you must call the Court conference line at 1–866–434–5269, and enter access code 1737450# before the scheduled hearing time. All participants other than lead counsel for each party are asked to keep their phones muted. (cc: all counsel) (MP) |
| 12/03/2020 | 15 | | DISCLOSURE Statement by Donald J Trump. (Bock, William) |
| 12/03/2020 | 16 | | MOTION to Intervene *and MOTION for Leave to File Response to Plaintiff's Motion* by Wisconsin State Conference NAACP, Dorothy Harrell, Wendell J. Harris, Sr., Earnestine Moss. (Leitner, Mark). Added MOTION for Leave to File on 12/4/2020 (vkb) |
| 12/03/2020 | 17 | | BRIEF in Support filed by Dorothy Harrell, Wendell J. Harris, Sr., Earnestine Moss, Wisconsin State Conference NAACP re 16 MOTION to Intervene *and for Leave to File Response to Plaintiff's Motion* . (Attachments: # 1 Exhibit 1 – Pennsylvania Decision)(Leitner, Mark) |
| 12/03/2020 | 18 | | DECLARATION of Dorothy Harrell (Leitner, Mark) |
| 12/03/2020 | 19 | | DECLARATION of Wendell J. Harris Sr. (Leitner, Mark) |
| 12/03/2020 | 20 | | DECLARATION of Earnestine Moss (Leitner, Mark) |
| 12/03/2020 | 21 | | NOTICE of Appearance by Michelle M Umberger on behalf of Democratic National Committee. Attorney(s) appearing: Michelle M. Umberger |

| | | | |
|---|---|---|---|
| | | | (Umberger, Michelle) |
| 12/03/2020 | 22 | | NOTICE of Appearance by Charles G Curtis, Jr on behalf of Democratic National Committee. Attorney(s) appearing: Charles G. Curtis (Curtis, Charles) |
| 12/04/2020 | 23 | | MOTION to Intervene by Democratic National Committee. (Attachments: # 1 Text of Proposed Order)(Umberger, Michelle) |
| 12/04/2020 | 24 | | BRIEF in Support filed by Democratic National Committee re 23 MOTION to Intervene . (Umberger, Michelle) |
| 12/04/2020 | 25 | | DISCLOSURE Statement by Democratic National Committee. (Umberger, Michelle) |
| 12/04/2020 | 26 | | NOTICE of Appearance by Jon Greenbaum on behalf of Dorothy Harrell, Wendell J. Harris, Sr., Earnestine Moss, Wisconsin State Conference NAACP. Attorney(s) appearing: Jon Greenbaum (Greenbaum, Jon) |
| 12/04/2020 | 27 | | NOTICE of Appearance by Andrew A Jones on behalf of George L Christenson, Julietta Henry. Attorney(s) appearing: Andrew A. Jones (Jones, Andrew) |
| 12/04/2020 | 28 | | MOTION to Expedite *Discovery* by Donald J Trump. (Attachments: # 1 Exhibit A – RFP to WEC, # 2 Exhibit B – RFA to WEC, # 3 Exhibit C – RFA to Mayor Tom Barrett, # 4 Text of Proposed Order)(Bock, William) |
| 12/04/2020 | 29 | | DISCLOSURE Statement by Dorothy Harrell, Wendell J. Harris, Sr., Earnestine Moss, Wisconsin State Conference NAACP. (Leitner, Mark) |
| 12/04/2020 | 30 | | NOTICE of Appearance by Ezra D Rosenberg on behalf of Dorothy Harrell, Wendell J. Harris, Sr., Earnestine Moss, Wisconsin State Conference NAACP. Attorney(s) appearing: Ezra D. Rosenberg (Rosenberg, Ezra) |
| 12/04/2020 | 31 | | NOTICE of Appearance by Joseph S Goode on behalf of Dorothy Harrell, Wendell J. Harris, Sr., Earnestine Moss, Wisconsin State Conference NAACP. Attorney(s) appearing: Joseph S. Goode (Goode, Joseph) |
| 12/04/2020 | 32 | | NOTICE of Appearance by Mark M Leitner on behalf of Dorothy Harrell, Wendell J. Harris, Sr., Earnestine Moss, Wisconsin State Conference NAACP. Attorney(s) appearing: Mark M. Leitner (Leitner, Mark) |
| 12/04/2020 | 33 | | NOTICE of Appearance by John W Halpin on behalf of Dorothy Harrell, Wendell J. Harris, Sr., Earnestine Moss, Wisconsin State Conference NAACP. Attorney(s) appearing: John W. Halpin (Halpin, John) |
| 12/04/2020 | 34 | | NOTICE of Appearance by Allison E Laffey on behalf of Dorothy Harrell, Wendell J. Harris, Sr., Earnestine Moss, Wisconsin State Conference NAACP. Attorney(s) appearing: Allison E. Laffey (Laffey, Allison) |
| 12/04/2020 | 35 | | NOTICE of Appearance by James M Carroll on behalf of Tom Barrett, Jim Owczarski, Claire Woodall–Vogg. Attorney(s) appearing: Tearman Spencer, Scott Brown, Kathryn Block, James Carroll, Elleny Christopoulos, Patrick McClain, Tyrone St. Junior and Julie P. Wilson (Carroll, James) |
| 12/04/2020 | 36 | | NOTICE of Appearance by Justin A Nelson on behalf of Tony Evers. Attorney(s) appearing: Justin A. Nelson (Nelson, Justin) |

| 12/04/2020 | 37 | | NOTICE of Appearance by Davida Brook on behalf of Tony Evers. Attorney(s) appearing: Davida Brook (Brook, Davida) |
|---|---|---|---|
| 12/04/2020 | 38 | | NOTICE of Appearance by Steven C Kilpatrick on behalf of Marge Bostelmann, Ann S Jacobs, Dean Knudson, Douglas J La Follette, Robert F Spindell, Jr, The Wisconsin Elections Commission, Mark L Thomsen. Attorney(s) appearing: Colin T. Roth; Thomas C. Bellavia; Gabe Johnson−Karp (Kilpatrick, Steven) |
| 12/04/2020 | 39 | | NOTICE of Appearance by Stephen Shackelford, Jr on behalf of Tony Evers. Attorney(s) appearing: Stephen L. Shackelford, Jr. (Shackelford, Stephen) |
| 12/04/2020 | 40 | | NOTICE of Appearance by Richard Manthe on behalf of Tony Evers. Attorney(s) appearing: Richard A. Manthe (Manthe, Richard) |
| 12/04/2020 | 41 | | NOTICE of Appearance by Paul M Smith on behalf of Tony Evers. Attorney(s) appearing: Paul M. Smith (Smith, Paul) |
| 12/04/2020 | 42 | | NOTICE of Appearance by James E Bartzen on behalf of Scott McDonell, Satya Rhodes−Conway, Maribeth Witzel−Behl. Attorney(s) appearing: James E. Bartzen (Bartzen, James) |
| 12/04/2020 | 43 | | NOTICE of Appearance by Barry J Blonien on behalf of Scott McDonell, Satya Rhodes−Conway, Maribeth Witzel−Behl. Attorney(s) appearing: Barry J. Blonien (Blonien, Barry) |
| 12/04/2020 | 44 | | NOTICE of Appearance by Margaret C Daun on behalf of George L Christenson, Julietta Henry. Attorney(s) appearing: Margaret C. Daun (Daun, Margaret) |
| 12/04/2020 | 45 | | Court Minutes and Order from Status/Scheduling Conference held 12/4/20 before Judge Brett Ludwig. The court GRANTS 28 motion for expedited discovery. Defendants response to plaintiff's request for production and admission by 12/8/20 at 5:00 p.m. Plaintiff's witness lists due 12/6/20 at 12:00 p.m. Defendants' witness lists due 12/8 at 5:00 p.m. Defendants response to complaint and preliminary injunction due 12/8/20 at 5:00 p.m. Plaintiff must reply by 12/9/20 at 12:00 p.m. Final Pretrial Conference set for 12/9/2020 at 03:00 PM by Telephone. To appear by telephone, you must call the Court conference line at 1−866−434−5269, and enter access code 1737450#. Evidentiary Hearing set for 12/10/2020 at 09:00 AM by Video Conference. (Court Reporter Susan A.) (MP) |
| 12/04/2020 | 46 | | ANSWER to 1 Complaint, *by Proposed − Intervenor* by Democratic National Committee.(Umberger, Michelle) |
| 12/05/2020 | 47 | | NOTICE of Appearance by Dixon R Gahnz on behalf of John Antaramian, Tara Coolidge, Eric Genrich, Matt Krauter, Cory Mason, Kris Teske. Attorney(s) appearing: Dixon R. Gahnz (Gahnz, Dixon) |
| 12/05/2020 | 48 | | NOTICE of Appearance by Terrence M Polich on behalf of John Antaramian, Tara Coolidge, Eric Genrich, Matt Krauter, Cory Mason, Kris Teske. Attorney(s) appearing: Terrence M. Polich (Polich, Terrence) |
| 12/05/2020 | 49 | | NOTICE of Appearance by Daniel S Lenz on behalf of John Antaramian, Tara Coolidge, Eric Genrich, Matt Krauter, Cory Mason, Kris Teske. Attorney(s) appearing: Daniel S. Lenz (Lenz, Daniel) |

| 12/05/2020 | 50 | | NOTICE of Appearance by Daniel Bach on behalf of John Antaramian, Tara Coolidge, Eric Genrich, Matt Krauter, Cory Mason, Kris Teske. Attorney(s) appearing: Daniel P. Bach (Bach, Daniel) |
|---|---|---|---|
| 12/06/2020 | 51 | | Witness List by Donald J Trump. (Bock, William) |
| 12/07/2020 | 52 | | NOTICE of Appearance by Michael P May on behalf of Scott McDonell, Satya Rhodes–Conway, Maribeth Witzel–Behl. Attorney(s) appearing: Michael P. May (May, Michael) |
| 12/07/2020 | 53 | | TRANSCRIPT of Status Conference held on December 4, 2020 before Judge Brett H. Ludwig Court Reporter/Transcriber Susan Armbruster, Contact at 414–290–2641. Transcripts may be purchased using the Transcript Order Form found on our website or viewed at the court public terminal. **NOTICE RE REDACTION OF TRANSCRIPTS:** If necessary, within 7 business days each party shall inform the Court of their intent to redact personal identifiers by filing a Notice of Intent to Redact. Please read the policy located on our website  www.wied.uscourts.gov Redaction Statement due 1/4/2021. Redacted Transcript Deadline set for 1/11/2021. Release of Transcript Restriction set for 3/11/2021. (Armbruster, Susan) |
| 12/07/2020 | 54 | | NOTICE of Appearance by David S Lesser on behalf of Democratic National Committee. Attorney(s) appearing: David S. Lesser (Lesser, David) |
| 12/07/2020 | 55 | | NOTICE of Appearance by Jamie Dycus on behalf of Democratic National Committee. Attorney(s) appearing: Jamie S. Dycus (Dycus, Jamie) |
| 12/07/2020 | 56 | | NOTICE of Appearance by Nancy A Temple on behalf of Christine Todd Whitman, et al. Amici Group. Attorney(s) appearing: Nancy A. Temple (Temple, Nancy) |
| 12/07/2020 | 57 | | MOTION to File Amicus Brief by Christine Todd Whitman, et al. Amici Group. (Attachments: # 1 Exhibit Proposed Brief of Amici Curiae)(Temple, Nancy) |
| 12/07/2020 | 58 | | DISCLOSURE Statement by Christine Todd Whitman, et al. Amici Group. (Temple, Nancy) |
| 12/07/2020 | 59 | | NOTICE of Appearance by Stephen Morrissey on behalf of Tony Evers. Attorney(s) appearing: Stephen E. Morrissey (Morrissey, Stephen) |
| 12/08/2020 | 60 | | NOTICE of Appearance by Corey F Finkelmeyer on behalf of Marge Bostelmann, Ann S Jacobs, Dean Knudson, Douglas J La Follette, Robert F Spindell, Jr, The Wisconsin Elections Commission, Mark L Thomsen. Attorney(s) appearing: Corey F. Finkelmeyer (Finkelmeyer, Corey) |
| 12/08/2020 | 61 | | ORDER signed by Judge Brett Ludwig on 12/8/20 GRANTING 16 Motion to Intervene; GRANTING 23 Motion to Intervene. Intervenors may respond to plaintiffs complaint and motion for declaratory and injunctive relief by no later than 5:00 p.m. on 12/8/20. (cc: all counsel) (MP) |
| 12/08/2020 | 62 | | MOTION to Stay *Evidentiary Hearing, or in the alternative MOTION to Quash Subpoena for Meagan Wolfe* filed by Marge Bostelmann, Ann S Jacobs, Dean Knudson, Douglas J La Follette, Robert F Spindell, Jr, The Wisconsin Elections Commission, Mark L Thomsen. (Kilpatrick, Steven). Added MOTION to Quash on 12/8/2020 (vkb) |

| 12/08/2020 | 63 | | ORDER ESTABLISHING EXHIBIT PROCEDURES signed by Judge Brett Ludwig on 12/8/20. No later than Wednesday, December 9, 2020, at 5 p.m. (CT), the parties must file exhibits on the docket and deliver courtesy copes to the District Court. (cc: all counsel)(MP) |
| 12/08/2020 | 64 | | NOTICE of Appearance by Seth P Waxman on behalf of Democratic National Committee. Attorney(s) appearing: Seth P. Waxman (Waxman, Seth) |
| 12/08/2020 | 65 | | NOTICE of Appearance by James F Cirincione on behalf of George L Christenson, Julietta Henry. Attorney(s) appearing: James F. Cirincione (Cirincione, James) |
| 12/08/2020 | 66 | | NOTICE of Appearance by Andrew J Kramer on behalf of George L Christenson, Julietta Henry. Attorney(s) appearing: Andrew J. Kramer (Kramer, Andrew) |
| 12/08/2020 | 67 | | NOTICE of Appearance by John W McCauley on behalf of George L Christenson, Julietta Henry. Attorney(s) appearing: John W. McCauley (McCauley, John) |
| 12/08/2020 | 68 | | Rule 7(h) Expedited Non–Dispositive MOTION to Quash *Subpoena, MOTION for Protective Order or Order in Limine Barring Testimony of Maribeth Witzel–Behl and Delaying Any Evidentiary Hearing* by Scott McDonell, Satya Rhodes–Conway, Maribeth Witzel–Behl. (May, Michael). Added MOTION for Order in Limine and for Protective Order on 12/8/2020 (vkb) |
| 12/08/2020 | 69 | | MOTION to Dismiss by Scott McDonell, Satya Rhodes–Conway, Maribeth Witzel–Behl. (May, Michael) |
| 12/08/2020 | 70 | | COMBINED BRIEF in Support filed by John Antaramian, Tara Coolidge, Eric Genrich, Matt Krauter, Cory Mason, Scott McDonell, Satya Rhodes–Conway, Kris Teske, Maribeth Witzel–Behl re 69 MOTION to Dismiss . (May, Michael) |
| 12/08/2020 | 71 | | MOTION to Dismiss by John Antaramian, Tara Coolidge, Eric Genrich, Matt Krauter, Cory Mason, Kris Teske. (Gahnz, Dixon) |
| 12/08/2020 | 72 | | NOTICE by Tony Evers *of Joinder in Other State Defendants' Motion to Stay Evidentiary Hearing* (Mandell, Jeffrey) |
| 12/08/2020 | 73 | | DECLARATION of Michael P. May (Attachments: # 1 Exhibit 1 – Petition for Original Action, # 2 Exhibit 2 – Order entered by Supreme Court on 12/3/2020, # 3 Exhibit 3 – Notice of Appeal, # 4 Exhibit 4 – Certificate of Ascertainment for President, # 5 Exhibit 5 – Wisconsin Supreme Court Order dated 3/31/2020, # 6 Exhibit 6 – The Wisconsin Election Commission Amended Guidance, # 7 Exhibit 7 – Wisconsin Supreme Court Order dated 12/4/2020, # 8 Exhibit 8 – U.S. District Court Order dated 10/14/2020, # 9 Exhibit 9 – King v. Whitmer, No. 20–13134, # 10 Exhibit 10 – MI Court of Appeals Order dated 12/4/2020, # 11 Exhibit 11 – Photo of secure ballot drop box)(May, Michael) |
| 12/08/2020 | 74 | | CERTIFICATE OF SERVICE by Scott McDonell, Satya Rhodes–Conway, Maribeth Witzel–Behl (May, Michael) |
| 12/08/2020 | 75 | | |

| | | | |
|---|---|---|---|
| | | | RESPONSE to Motion filed by John Antaramian, Tara Coolidge, Eric Genrich, Matt Krauter, Cory Mason, Scott McDonell, Satya Rhodes−Conway, Kris Teske, Maribeth Witzel−Behl re 6 MOTION for Preliminary Injunction *For Expedited Declaratory and Injunctive Relief Pursuant to Article II of the United States Constitution* MOTION for Hearing . (Gahnz, Dixon) |
| 12/08/2020 | 76 | | RESPONSE to Motion filed by Tom Barrett, Jim Owczarski, Claire Woodall−Vogg re 6 MOTION for Preliminary Injunction *For Expedited Declaratory and Injunctive Relief Pursuant to Article II of the United States Constitution* MOTION for Hearing . (Carroll, James) |
| 12/08/2020 | 77 | | DISCLOSURE Statement by George L Christenson, Julietta Henry. (Jones, Andrew) |
| 12/08/2020 | 78 | | MOTION to Dismiss by George L Christenson, Julietta Henry. (Jones, Andrew) |
| 12/08/2020 | 79 | | Expedited MOTION to Stay *Evidentiary Hearing or in the Alternative, MOTION to Quash Subpoenas to Defendants Barrett and Woodall−Vogg* by Tom Barrett, Jim Owczarski, Claire Woodall−Vogg. (McClain, Patrick). Added MOTION to Quash on 12/8/2020 (vkb) |
| 12/08/2020 | 80 | | DECLARATION of Claire Woodall−Vogg (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N, # 15 Exhibit O, # 16 Exhibit P)(Carroll, James) |
| 12/08/2020 | 81 | | BRIEF in Opposition filed by George L Christenson, Julietta Henry re 6 MOTION for Preliminary Injunction *For Expedited Declaratory and Injunctive Relief Pursuant to Article II of the United States Constitution* and Motion for Hearing *and BRIEF IN SUPPORT of* 78 Motion to Dismiss (Jones, Andrew) |
| 12/08/2020 | 82 | | DECLARATION of Andrew A. Jones (Attachments: # 1 Exhibit 1 − Milwaukee County Complaint, # 2 Exhibit 2 − WI Appeal No. 2020−AP−557 Order)(Jones, Andrew) |
| 12/08/2020 | 83 | | Magistrate Judge Jurisdiction Form filed by George L Christenson, Julietta Henry. (NOTICE: Pursuant to Fed.R.Civ.P. 73 this document is not viewable by the judge.) (Jones, Andrew) |
| 12/08/2020 | 84 | | MOTION to Dismiss *Plaintiff's Complaint* by Tony Evers. (Mandell, Jeffrey) |
| 12/08/2020 | 85 | | NOTICE of Appearance by Maxted M Lenz on behalf of Center for Tech and Civic Life. Attorney(s) appearing: Maxted Lenz (Lenz, Maxted) |
| 12/08/2020 | 86 | | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Tom Barrett, Jim Owczarski, Claire Woodall−Vogg. (Carroll, James) |
| 12/08/2020 | 87 | | BRIEF in Support filed by Tom Barrett, Jim Owczarski, Claire Woodall−Vogg re 86 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM . (Carroll, James) |
| 12/08/2020 | 88 | | NOTICE of Appearance by Kendall W Harrison on behalf of Center for Tech and Civic Life. Attorney(s) appearing: Kendall W. Harrison (Harrison, |

| | | | |
|---|---|---|---|
| | | | Kendall) |
| 12/08/2020 | 89 | | DISCLOSURE Statement by Scott McDonell, Satya Rhodes–Conway, Maribeth Witzel–Behl. (May, Michael) |
| 12/08/2020 | 90 | | JOINDER by Dorothy Harrell, Wendell J. Harris, Sr., Earnestine Moss, Wisconsin State Conference NAACP re 62 MOTION to Stay *Evidentiary Hearing, or in the alternative to Quash Subpoena for Meagan Wolfe*, 79 Expedited MOTION to Stay *Evidentiary Hearing and Quash Subpoenas to Defendants Barrett and Woodall–Vogg* . (Goode, Joseph) |
| 12/08/2020 | 91 | | Rule 7(h) Expedited Non–Dispositive MOTION for Leave to File *Non–Party Amicus Brief* by Center for Tech and Civic Life. (Attachments: # 1 Exhibit A – Amicus Brief with Appendix A, # 2 Text of Proposed Order)(Harrison, Kendall) |
| 12/08/2020 | 92 | | DISCLOSURE Statement by Center for Tech and Civic Life. (Harrison, Kendall) |
| 12/08/2020 | 93 | | TEXT ONLY ORDER signed by Judge Brett Ludwig on 12/8/2020 re 62 Civil L.R. 7(h) Expedited Nondispositive Motion to Stay Evidentiary Hearing or, in the alternative, to Quash Subpoena for Meagan Wolfe by Defendants Wisconsin Elections Commission and its Members and Wisconsin Secretary of State Douglas LaFollette. The State Defendants' motion to stay the evidentiary hearing is denied. Consistent with the discussions at last Friday's status/scheduling conference, the Court will allow the plaintiff a hearing on the claims raised and relief sought in the complaint. Defendants will have the opportunity to make any arguments raised in their forthcoming motion to dismiss at the December 10, 2020 hearing. The State Defendants' motion to quash will be addressed at the December 9, 2020 final pretrial conference. The Court understands the State Defendants' desire not to unnecessarily burden the proposed witness, particularly where, as plaintiff has acknowledged, the material facts are not in dispute. Accordingly, in advance of the final pretrial conference, the parties are directed to meet and confer on a potential set of stipulated facts that would obviate the need for the witnesses' testimony. If no agreement is reached, the Court will rule on the motion at the final pretrial conference. (cc: all counsel) (MP) |
| 12/08/2020 | 94 | | BRIEF in Opposition filed by Tony Evers re 6 MOTION for Preliminary Injunction *For Expedited Declaratory and Injunctive Relief Pursuant to Article II of the United States Constitution* MOTION for Hearing . (Attachments: # 1 Exhibit 1 WVA v. WEC, # 2 Exhibit 2 Trump v. Boockvar, # 3 Exhibit 3 Trump v. Secretary Commonwealth, # 4 Exhibit 4 Trump v. Evers Order, # 5 Exhibit 5 Trump v. Biden Consolidation Order, # 6 Exhibit 6 King v. Whitmer, # 7 Exhibit 7 Kelly v. Commonwealth, # 8 Exhibit 8 Wood v. Raffensperger, # 9 Exhibit 9 Wood v. Raffensberger (11th Cir.), # 10 Exhibit 10 WVA v. Racine, # 11 Exhibit 11 Trump v. Biden Notice of Appeal, # 12 Exhibit 12 Trump v. Biden Motion for Judgment)(Mandell, Jeffrey) |
| 12/08/2020 | 95 | | BRIEF in Support filed by Tony Evers re 84 MOTION to Dismiss *Plaintiff's Complaint* . (Attachments: # 1 Appendix A Outline of Complaint Headings, # 2 Exhibit 1 King v. Whitmer, # 3 Exhibit 2 Pearson v. Kemp Dkt. 74, # 4 Exhibit 3 Trump v. Sec. of PA, # 5 Exhibit 4 Bognet v. Commonwealth, # 6 Exhibit 5 Hotze v. Hollins, # 7 Exhibit 6 Jefferson v. Dane County, # 8 Exhibit |

| | | | |
|---|---|---|---|
| | | | 7 WVA v. Racine, # 9 Exhibit 8 Ga. Voters All. v. Fulton Cty., # 10 Exhibit 9 S.C. Voters All. v. Charleston Cty., # 11 Exhibit 10 PA Voters All. v. Ctr. Cty., # 12 Exhibit 11 Tex. Voters All. v. Dallas Cty., # 13 Exhibit 12 Iowa Voters All. v. Black Hawk Cty., # 14 Exhibit 13 Election Integrity v. Lansing, # 15 Exhibit 14 Minn. Voters All. v. Minneapolis, # 16 Exhibit 15 O'Bright v. Lynch, # 17 Exhibit 16 Trump v. Evers, # 18 Exhibit 17 Wis. Voters All. v. WEC, # 19 Exhibit 18 Trump v. Biden Consolidation Order, # 20 Exhibit 19 Trump v. Biden Recount Petition, # 21 Exhibit 20 Wood v. Raffensperger (11th Cir.), # 22 Exhibit 21 Kelly v. Commonwealth, # 23 Exhibit 22 Wood v. Raffensperger, # 24 Exhibit 23 Andino v. Middleton)(Mandell, Jeffrey) |
| 12/08/2020 | 96 | | MOTION to Dismiss by Marge Bostelmann, Ann S Jacobs, Dean Knudson, Douglas J La Follette, Robert F Spindell, Jr, The Wisconsin Elections Commission, Mark L Thomsen. (Roth, Colin) |
| 12/08/2020 | 97 | | MOTION to Dismiss by Democratic National Committee. (Umberger, Michelle) |
| 12/08/2020 | 98 | | BRIEF in Opposition filed by Marge Bostelmann, Ann S Jacobs, Dean Knudson, Douglas J La Follette, Robert F Spindell, Jr, The Wisconsin Elections Commission, Mark L Thomsen 6 MOTION for Preliminary Injunction *For Expedited Declaratory and Injunctive Relief Pursuant to Article II of the United States Constitution and Motion for Hearing* and BRIEF IN SUPPORT of 96 MOTION to Dismiss . (Roth, Colin) Modified on 12/8/2020 (vkb) |
| 12/08/2020 | 99 | | MOTION to Dismiss for Failure to State a Claim and MOTION to Dismiss for Lack of Jurisdiction filed by Dorothy Harrell, Wendell J. Harris, Sr., Earnestine Moss and Wisconsin State Conference NAACP (Goode, Joseph) Modified on 12/8/2020 (vkb) |
| 12/08/2020 | 100 | | BRIEF IN OPPOSITION re 6 Motion for Preliminary Injunction and BRIEF IN SUPPORT re 99 MOTION to Dismiss for Lack of Jurisdiction and FOR FAILURE TO STATE A CLAIM filed by Dorothy Harrell, Wendell J. Harris, Sr., Earnestine Moss and Wisconsin State Conference NAACP. (Attachments: # 1 Exhibit A – Oral Argument, # 2 Exhibit B – Trump v. Evers, # 3 Exhibit C – Mueller v. Jacobs, # 4 Exhibit D – Wisc. Voters v. Wisc. Election Commission)(Goode, Joseph) Modified on 12/8/2020 (vkb) |
| 12/08/2020 | 101 | | BRIEF in Opposition filed by Democratic National Committee re 6 MOTION for Preliminary Injunction *For Expedited Declaratory and Injunctive Relief Pursuant to Article II of the United States Constitution* MOTION for Hearing . (Attachments: # 1 Exhibit 1 – Trump v. Evers Case, # 2 Exhibit 2 – Mueller v. Jacobs Case, # 3 Exhibit 3 – Wisconsin Voters Alliance Case, # 4 Exhibit 4 – King v. Whitmer Case, # 5 Exhibit 5 – March 29, 2020 Guidance, # 6 Exhibit 6 – Jefferson v. Dane Case, # 7 Exhibit 7 – CTCL Webpage, # 8 Exhibit 8 – Sept 26, 2020 Guidance, # 9 Exhibit 9 – Aug 19, 2020 Guidance, # 10 Exhibit 10 – October 18, 2016 Guidance, # 11 Exhibit 11 – Election Manual, # 12 Exhibit 12 – Wisconsin Election Commission Press Release)(Umberger, Michelle) |
| 12/08/2020 | 102 | | TEXT ONLY ORDER signed by Judge Brett Ludwig on 12/8/2020 re 57 Motion for Leave to File Brief of Amici Curiae Christine Todd Whitman, John Danforth, Lowell Weicker, et al., in Support of Defendants' Opposition to the |

| | | | |
|---|---|---|---|
| | | | Motion for Preliminary Injunctive Relief. The Motion is GRANTED. (cc: all counsel) (MP) |
| 12/08/2020 | 103 | | TEXT ONLY ORDER signed by Judge Brett Ludwig on 12/8/2020 re 91 Civil L.R. 7(h) Expedited Non–Dispositive Motion for Leave to File Non–Party Amicus Brief. The Motion is GRANTED. (cc: all counsel) (MP) |
| 12/08/2020 | 104 | | TEXT ONLY ORDER signed by Judge Brett Ludwig on 12/8/2020 re 68 Civil L.R. 7(h) Expedited Nondispositive Motion to Quash Subpoena, for Protective Order or Order In Limine Barring Testimony of Maribeth Witzel–Behl and Delaying Any Evidentiary Hearing. The Defendants' motion to delay the evidentiary hearing is denied. Consistent with the discussions at last Friday's status/scheduling conference, the Court will allow the plaintiff a hearing on the claims raised and relief sought in the complaint. The Defendants' motion to quash, for protective order or order in limine will be addressed at the December 9, 2020 final pretrial conference. The Court understands the Defendants' desire not to unnecessarily burden the proposed witness, particularly where, as plaintiff has acknowledged, the material facts are not in dispute. Accordingly, in advance of the final pretrial conference, the parties are directed to meet and confer on a potential set of stipulated facts that would obviate the need for the witnesses' testimony. If no agreement is reached, the Court will rule on the motion at the final pretrial conference. (cc: all counsel) (MP) |
| 12/08/2020 | 105 | | TEXT ONLY ORDER signed by Judge Brett Ludwig on 12/8/2020 re 79 Civil L.R. 7(h) Expedited Non–Dispositive Motion to Stay Evidentiary Hearing or, in the alternative, to Quash Subpoena for Thomas Barrett and Claire Woodall–Vogg. The Defendants' motion to stay the evidentiary hearing is denied. Consistent with the discussions at last Friday's status/scheduling conference, the Court will allow the plaintiff a hearing on the claims raised and relief sought in the complaint. Defendants will have the opportunity to make any arguments raised in their motion to dismiss at the December 10, 2020 hearing. The Defendants' motion to quash will be addressed at the December 9, 2020 final pretrial conference. The Court understands the Defendants' desire not to unnecessarily burden the proposed witnesses, particularly where, as plaintiff has acknowledged, the material facts are not in dispute. Accordingly, in advance of the final pretrial conference, the parties are directed to meet and confer on a potential set of stipulated facts that would obviate the need for the witnesses' testimony. If no agreement is reached, the Court will rule on the motion at the final pretrial conference. (cc: all counsel) (MP) |
| 12/08/2020 | 106 | | AMICUS BRIEF filed by Christine Todd Whitman, John Danforth, Lowell Weicker, et al in Support of Defendants' Oppositions to the Motion for Preliminary Injunctive Relief (vkb) |
| 12/08/2020 | 107 | | AMICUS BRIEF filed by Center for Tech and Civic Life (Attachments: # 1 Appendix A)(vkb) |
| 12/09/2020 | 108 | | AMENDED DISCLOSURE Statement filed by Scott McDonell, Satya Rhodes–Conway, Maribeth Witzel–Behl (May, Michael) Modified on 12/9/2020 (vkb) |
| 12/09/2020 | 109 | | |

| | | | |
|---|---|---|---|
| | | | REPLY BRIEF in Support filed by Donald J Trump re 6 MOTION for Preliminary Injunction *For Expedited Declaratory and Injunctive Relief Pursuant to Article II of the United States Constitution and Motion for a Hearing and BRIEF in Response to Motions to Dismiss (Consolidated)* (Motions to Dismiss 69 , 71 , 78 , 84 , 86 , 96 , 97 and 99 ) (Attachments: # 1 Exhibit A – WEC Original Action Brief)(Bock, William) Modified on 12/9/2020 (vkb) |
| 12/09/2020 | 110 | | MOTION for Leave to File Excess Pages *One Oversized Reply Brief of Up to Fifty Pages* by Donald J Trump. (Attachments: # 1 Text of Proposed Order)(Bock, William) |
| 12/09/2020 | 111 | | NOTICE of Appearance by Joshua A Matz on behalf of Center for Tech and Civic Life. Attorney(s) appearing: Joshua Matz (Matz, Joshua) |
| 12/09/2020 | 112 | | NOTICE of Appearance by Harmann Singh on behalf of Center for Tech and Civic Life. Attorney(s) appearing: Harmann Singh (Singh, Harmann) |
| 12/09/2020 | 113 | | DISCLOSURE Statement by John Antaramian, Tara Coolidge, Eric Genrich, Matt Krauter, Cory Mason, Kris Teske. (Gahnz, Dixon) |
| 12/09/2020 | 114 | | MOTION in Limine by Tony Evers. (Brook, Davida) |
| 12/09/2020 | 115 | | Report *of Parties' Meet and Confer Conference*. (Attachments: # 1 Exhibit A – Report of Parties Meet and Confer Conf.)(Bock, William) |
| 12/09/2020 | 116 | | ORDER ESTABLISHING REMOTE HEARING PROTOCOLS signed by Judge Brett Ludwig on 12/9/20. By 12/9/20 at 9:00 p.m. counsel should email the court and provide the names of witnesses and 1–2 attorneys per party who will participate in the hearing. On 12/10/20 at 8:45 am. (fifteen minutes before the set time for the hearing), all counsel and witnesses shall participate in a pre–hearingtesting of the Zoom audio and video conference technologies. (cc: all counsel)(MP) |
| 12/09/2020 | 117 | | Exhibit List by Donald J Trump. (Attachments: # 1 Exhibit 1 – Wisconsin Public Radio 11.6.20, # 2 Exhibit 2 – Guidance for Indefinitely Confined Electors, # 3 Exhibit 3 – Dane County Clerk Facebook Post, # 4 Exhibit 4 – Milwaukee Sentinel Journal 3.25.20, # 5 Exhibit 5 – Rep.Steineke and Sen. Roth editorial 4.20–.20, # 6 Exhibit 6 – Washington Examiner 11.10.20, # 7 Exhibit 7 – Building Confidence in U.S. Elections–Report of Comm. on Fed.Election Reform, # 8 Exhibit 8 – Fed.Prosecution of Election Offenses 2017, # 9 Exhibit 9 – Voting Fraud is a Real Concern – Newsweek, # 10 Exhibit 10 – As More Vote by Mail, Faulty Ballots Could Impact Elections – The New York Time, # 11 Exhibit 11 – Real Clear Politics Top Battlegrounds Page, # 12 Exhibit 12 – Approved Wisconsin State Voting Plan 2020, # 13 Exhibit 13 – WEC Drop Box Guidance 8.19.20, # 14 Exhibit 14 – Absentee Ballot Drop Box Info – WI Elections Commissions, # 15 Exhibit 15 – CISA Ballot Drop Box Page, # 16 Exhibit 16 – Wisconsin Center for Investigative Journalism 10.29.20, # 17 Exhibit 17 – Wisconsin Watch – Search for a ballot drop box in your community 10.27.20, # 18 Exhibit 18 – WEC Drop Box List, # 19 Exhibit 19 – Drop Box Info – Hayward WI, # 20 Exhibit 20 – Drop Box Info – City of Menasha Library Drop Box, # 21 Exhibit 21 – Drop Box Info – City of Vermont – Dane County, # 22 Exhibit 22 – Drop Box Info – Village of DeForest – Dane County, # 23 Exhibit 23 – Drop Box Info – Village of Boyd, # 24 Exhibit 24 – Milwaukee Journal Sentinel – Milwaukee gears up |

| | | | |
|---|---|---|---|
| | | | for historic election, # <u>25</u> Exhibit 25 – Milwaukee Journal Sentinel – Absentee ballot drop boxes replaced, # <u>26</u> Exhibit 26 – City of Madison Notice re Drop Boxes 10.16.20, # <u>27</u> Exhibit 27 – Drop Box Info – Madison, WI – Elver Park, # <u>28</u> Exhibit 28 – CTCL Partners with 5 Wisconsin Cities to Implement Safe Voting Plan 7.6.20, # <u>29</u> Exhibit 29 – Voter Turnout in Madison and Dane Surpass Record, # <u>30</u> Exhibit 30 – Green Bay Election, # <u>31</u> Exhibit 31 – CTCL Announcement of Zuckerberg Donation, # <u>32</u> Exhibit 32 – WEC Approves Grants and Mailing for Fall Elections 05–29–20, # <u>33</u> Exhibit 33 – Affidavit of Bartholomew R. Williams, # <u>34</u> Exhibit 34 – Affidavit of Marie Klobuchar, # <u>35</u> Exhibit 35 – Spoiling Absentee Ballot Guidance 10.19.20, # <u>36</u> Exhibit 36 – WEC Uniform Absentee Instructions – By–Mail Voters, # <u>37</u> Exhibit 37 – What Poll Watchers Can and Cant Do 10.20.20, # <u>38</u> Exhibit 38 – Affidavit of Beth A. Brown, # <u>39</u> Exhibit 39 – Affidavit of Mary Angelina Horn, # <u>40</u> Exhibit 40 – Affidavit of Charles A. Armgardt, # <u>41</u> Exhibit 41 – Affidavit of Steven S. Goetz, # <u>42</u> Exhibit 42 – Affidavit of Lana Sloane, # <u>43</u> Exhibit 43 – Affidavit of Kyle Hudson, # <u>44</u> Exhibit 44 – Affidavit of Jeremy Bowers, # <u>45</u> Exhibit 45 – Q&A with Meagan Wolfe, # <u>46</u> Exhibit 46 – WEC CARES Subgrant Prog.Announcement, # <u>47</u> Exhibit 47 – Article & Photo of Oshkosh City Hall, # <u>48</u> Exhibit 48 – Photo of Oshkosh City Hall–2020, # <u>49</u> Exhibit 49 – Stmt of Madison City Clerk Maribeth Witzel Behl, # <u>50</u> Exhibit 50 – Madison City Clerk Tweet – Sept 25, 2020, # <u>51</u> Exhibit 52 – Wisc. Republicans tried to stifle plan – 9.26.20, # <u>52</u> Exhibit 53 – City of Madison PowerPoint Pres. on Democracy in the Park, # <u>53</u> Exhibit 54 – Photo of Duffle Bags from City Madison PowerPoint, # <u>54</u> Exhibit 55 – Madison Democracy in the Park Event 10.1.20, # <u>55</u> Exhibit 56 – Video from Madison Democracy in the Park Event, # <u>56</u> Exhibit 57 – Photo of Madison Democracy in the Park 10.1.20, # <u>57</u> Exhibit 58 – Absentee Ballot Drop Boxes Available 15 locations (Madison), # <u>58</u> Exhibit 59 – Wisc.Public Radio, Madison Receives..., # <u>59</u> Exhibit 60 – City's Ballot Boxes Getting Heavy Use 10.6.20, # <u>60</u> Exhibit 61 – City Milwaukee Common Council Press Release, # <u>61</u> Exhibit 62 – Affidavit of Claire Woodall–Vogg 11.27.20, # <u>62</u> Exhibit 63 – Milwaukee Election Results Expedted...11.3.20, # <u>63</u> Exhibit 64 – Milwaukee's Central Count facility will tabulate...11.1.20, # <u>64</u> Exhibit 65 – Audio–Radio Ad for Democracry in the Park by Biden for President, # <u>65</u> Exhibit 66 – Pltf's Submission Excerpts from Wisc.Election Code, # <u>66</u> Exhibit 67 – Wisc.Elections Comm.Q&A with Clerks, # <u>67</u> Exhibit 68 – WEC's Responses to Pltf's Req.Admissions and Doc.Requests, # <u>68</u> Exhibit 69 – Tweet by Madison Clerk 10.28.20, # <u>69</u> Exhibit 70 – Organizing and Processing Absentee Ballots Schrenshot fr WEC Training Video, # <u>70</u> Exhibit 71 – WEC Clerks Training Video 2020, # <u>71</u> Exhibit 72 – WEC Response to Disc.Req. #1, # <u>72</u> Exhibit 73 (Part 1) – WEC Response to Req.No. 2, # <u>73</u> Exhibit 73 (Part 2) – WEC Response to Disc.Req. 2, # <u>74</u> Exhibit 74 – WEC Response to Disc.Req. #3 Concerning Public Access, # <u>75</u> Exhibit 75 – Affidavit of David Bolter)(Bock, William) |
| 12/09/2020 | <u>118</u> | | NOTICE of Appearance by Christopher Bouchoux on behalf of Democratic National Committee. Attorney(s) appearing: Christopher Bouchoux (Bouchoux, Christopher) |
| 12/09/2020 | <u>119</u> | | Exhibit List by Tony Evers. (Attachments: # <u>1</u> Exhibit 501 Wis. 2020 Certificate of Ascertainment, # <u>2</u> Exhibit 502 Recount Petition, # <u>3</u> Exhibit 503 11.11.20 Tweet from Donald Trump Jr., # <u>4</u> Exhibit 504 11.25.20 |

| | | |
|---|---|---|
| | | Washington Post Article, # 5 Exhibit 505 Summary of 2020 WI Election–Related Cases, # 6 Exhibit 506 Trump Withdrawal of Motion in Georgia)(Mandell, Jeffrey) |
| 12/09/2020 | 120 | REPLY BRIEF in Support filed by Tony Evers re 84 MOTION to Dismiss *Plaintiff's Complaint* . (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F)(Brook, Davida) |
| 12/09/2020 | 121 | NOTICE by Democratic National Committee *of Supplemental Authority* (Attachments: # 1 Exhibit 1: Bowyer v. Ducey Order)(Umberger, Michelle) |
| 12/09/2020 | 122 | Court Minutes and Order from Final Pre–trial Conference held 12/9/20 before Judge Brett Ludwig. The court granted 110 Motion for Leave to File Excess Pages. Parties may file replies to their motions to dismiss by 9:00 p.m. on 12/9/20. Parties shall meet and confer to discuss a potential stipulation of facts and an exhibit list to be used for each witness before the final hearing. A report of the conference must be filed by 8:30 a.m. on 12/10/20. (Court Reporter Thomas M.) (MP) |
| 12/09/2020 | 123 | NOTICE by Tony Evers *Governor Evers' Notice of Supplemental Authority* (Attachments: # 1 Exhibit A)(Brook, Davida) |
| 12/10/2020 | 124 | SUMMONS Returned Executed by Donald J Trump. All Defendants. (Attachments: # 1 Proof of Service – Rhodes–Conway, served on 12/4/2020 # 2 Proof of Service – Woodall–Vogg, served on 12/4/2020 # 3 Proof of Service – Christenon, served on 12/4/2020 # 4 Proof of Service – Jacobs, served on 12/4/2020 # 5 Proof of Service – Owczarski, served on 12/4/2020 # 6 Proof of Service – Thomsen, served on 12/4/2020 # 7 Proof of Service – Evers, served on 12/4/2020 # 8 Proof of Service – Mason, served on 12/4/2020 # 9 Proof of Service – Barrett, served on 12/4/2020 # 10 Proof of Service – Henry, served on 12/4/2020 # 11 Proof of Service – Teske, served on 12/4/2020 # 12 Proof of Service – Genrich, served on 12/4/2020 # 13 Proof of Service – Bostelman, served on 12/4/2020 # 14 Proof of Service – Spindell, served on 12/4/2020 # 15 Proof of Service – La Follette, served on 12/4/2020 # 16 Proof of Service – McDonell, served on 12/4/2020 # 17 Proof of Service – Coolidge, 12/4/2020 # 18 Proof of Service – Krauter, served on 12/4/2020 # 19 Proof of Service – Artaramian, served on 12/4/2020 # 20 Proof of Service – Knudson, served on 12/4/2020 # 21 Proof of Service – Witzel–Behl, served on 12/4/2020)(Bock, William) Modified on 12/10/2020 (asc). |
| 12/10/2020 | 125 | WAIVER OF SERVICE Returned Executed (Attachments: # 1 Waiver of Service – Christenson, waiver mailed on 12/7/2020 # 2 Waiver of Service – Henry, waiver mailed on 12/7/2020)(Bock, William) Modified on 12/10/2020 (asc). |
| 12/10/2020 | 126 | Report *Tender of Proof of Service of Subpoenas on Defendants*. (Attachments: # 1 Proof of Service (Subpoena) – Woodall–Vogg, # 2 Proof of Service (Subpoena) – Barrett, # 3 Proof of Service (Subpoena) – Atty Carroll for Woodall–Vogg and Barrett)(Bock, William) |
| 12/10/2020 | 127 | STIPULATION *of Proposed Facts and Exhibits* by Tony Evers. (Attachments: # 1 Exhibit A – Williams Declaration, # 2 Envelope B – Bolter Declaration)(Mandell, Jeffrey) |
| 12/10/2020 | 128 | |

| | | | |
|---|---|---|---|
| | | | DECLARATION of Bartholomew R. Williams and David J. Bolter **(SIGNED)** in reference to (ECF No. 127 ) (Attachments: # 1 Declaration of Bartholomew R. Williams, # 2 Declaration of David J. Bolter)(Bock, William) Modified on 12/10/2020 (mlm). Modified on 12/10/2020 (mlm). |
| 12/10/2020 | 129 | | NOTICE of Appearance by Mike B Wittenwyler on behalf of Center for Tech and Civic Life. Attorney(s) appearing: Mike B. Wittenwyler (Wittenwyler, Mike) |
| 12/10/2020 | 130 | | TRANSCRIPT of EVIDENTIARY HEARING held on 12/10/2020 before Judge Brett Ludwig Court Reporter/Transcriber John Schindhelm & Susan Armbruster, Contact at 414−290−2640 or 414−290−2641. Transcripts may be purchased using the Transcript Order Form found on our website or viewed at the court public terminal. **NOTICE RE REDACTION OF TRANSCRIPTS:** If necessary, within 7 business days each party shall inform the Court of their intent to redact personal identifiers by filing a Notice of Intent to Redact. Please read the policy located on our website www.wied.uscourts.gov Redaction Statement due 1/7/2021. Redacted Transcript Deadline set for 1/14/2021. Release of Transcript Restriction set for 3/15/2021. (Schindhelm, John) |
| 12/11/2020 | 131 | | NOTICE by Tony Evers *of Supplemental Authority* (Mandell, Jeffrey) |
| 12/11/2020 | 132 | | NOTICE by Tony Evers *of Supplemental Authority* (Attachments: # 1 Exhibit A − Simanek's Order, # 2 Exhibit B − Findings of Fact Excerpt, # 3 Exhibit C − Recount Hearing Transcript)(Mandell, Jeffrey) |
| 12/12/2020 | 133 | | Court Minutes and Order from Final Hearing held 12/10/20 before Judge Brett Ludwig. The court denies as moot: 62 Motion to Quash, 68 Motion to Quash, 79 Motion to Quash and 114 Motion in Limine. The court takes under advisement: 6 motion for preliminary injunction and all motions to dismiss,ECF Nos. 69 , 71 , 78 , 84 , 86 , 96 , 97 , and 99 . The stipulation of proposed facts and exhibits, 127 is APPROVED. Defendant Governor Evers oral motion for judgment is taken under advisement(Court Reporter John S. and Susan A.) (MP) |
| 12/12/2020 | 134 | | DECISION AND ORDER signed by Judge Brett Ludwig on 12/12/20. Plaintiffs complaint 1 is DISMISSED WITH PREJUDICE. Plaintiffs motion for preliminary injunction 6 is DENIED as moot. Defendants motions to dismiss 69 , 71 , 78 , 84 , 86 , 96 , 97 , and 99 , are GRANTED. Defendant Governor Evers oral motion for judgment under Fed. R. Civ. P. 52 is GRANTED. (cc: all counsel) (MP) |
| 12/12/2020 | 135 | | JUDGMENT signed by Deputy Clerk on 12/12/20. The action is DISMISSED WITH PREJUDICE and the plaintiff shall recover nothing on the complaint. (cc: all counsel) (MP) |
| 12/12/2020 | 136 | | NOTICE OF APPEAL as to 134 Order on Motion to Dismiss,,,,,,,, Order on Motion for Preliminary Injunction,, Order on Motion to Dismiss for Failure to State a Claim,,,,,,,, Order on Motion to Dismiss/Lack of Jurisdiction,, Order on Motion for Hearing, 135 Judgment by Donald J Trump. Filing Fee PAID $505, receipt number AWIEDC−3667398 (cc: all counsel) (Bock, William) |
| 12/12/2020 | 137 | | Docketing Statement by Donald J Trump re 136 Notice of Appeal, (cc: all counsel) (Bock, William) |

| 12/12/2020 | <u>138</u> | | Report *Plaintiff's Notice of Filing*. (Bock, William) |
|---|---|---|---|
| 12/14/2020 | <u>139</u> | | Attorney Cover Letter re: <u>136</u> Notice of Appeal, (Attachments: # <u>1</u> Docket Sheet)(jv) |

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN
### MILWAUKEE DIVISION

Donald J. Trump, Candidate for President )
of the United States of America, )
                                  )
                                  )
          Plaintiff, )
                                  )
vs. )   Case No. 2:-20-cv-01785-BHL
                                  )
                                  )
The Wisconsin Elections Commission, and )
its members, Ann S. Jacobs, Mark L. )
Thomsen, Marge Bostelman, Dean )
Knudson, Robert F. Spindell, Jr., in their )
official capacities, Scott McDonell in his )
official capacity as the Dane County Clerk, )
George L. Christenson in his official )
capacity as the Milwaukee County Clerk, )
Julietta Henry in her official capacity as the )
Milwaukee Election Director, Claire )
Woodall-Vogg in her official capacity as the )
Executive Director of the Milwaukee )
Election Commission, Mayor Tom Barrett, )
Jim Owczarski, Mayor Satya Rhodes- )
Conway, Maribeth Witzel-Behl, Mayor Cory )
Mason, Tara Coolidge, Mayor John )
Antaramian, Matt Krauter, Mayor Eric )
Genrich, Kris Teske, in their official )
Capacities; Douglas J. La Follette, )
Wisconsin Secretary of State, in his official )
capacity, and Tony Evers, Governor of )
Wisconsin, in his Official capacity. )
                                  )

         Defendants.

## PLAINTIFF'S NOTICE OF APPEAL

    Plaintiff Donald J. Trump, Candidate for President of the United States of

America, by counsel, hereby appeals to the United States Court of Appeals for the

Seventh Circuit the Decision and Order (Doc 134) and the Judgment dismissing this action with prejudice (Doc 135), each of which were entered in this action on the 12th day of December, 2020.

Respectfully Submitted,

KROGER, GARDIS & REGAS, LLP

/s/ William Bock, III
William Bock III, Indiana Attorney No. 14777-49
James A. Knauer, Indiana Attorney No. 5436-49
Kevin D. Koons, Indiana Attorney No. 27915-49

ATTORNEYS FOR PLAINTIFF DONALD J. TRUMP

KROGER, GARDIS & REGAS, LLP
111 Monument Circle, Suite 900
Indianapolis, IN 46204
Phone:  (317) 692-9000

## CERTIFICATE OF SERVICE

A copy of the foregoing document was served upon all parties' counsel of record via this Court's CM/ECF service on this 12th day of December, 2020.

/s/ William Bock, III

**No. 20-**
## IN THE UNITED STATES COURT OF APPEALS
## FOR THE SEVENTH CIRCUIT

Donald J. Trump, Candidate for President
of the United States of America,

        Plaintiff-Appellant,

vs.

The Wisconsin Elections
Commission, and its members,
Ann S. Jacobs, Mark L. Thomsen,
Marge Bostelman, Dean Knudson,
Robert F. Spindell, Jr., in their
official capacities, Scott McDonell
in his official capacity as the Dane
County Clerk, George L.
Christenson in his official capacity
as the Milwaukee County Clerk,
Julietta Henry in her official
capacity as the Milwaukee Election
Director, Claire Woodall-Vogg in
her official capacity as the
Executive Director of the
Milwaukee Election Commission,
Mayor Tom Barrett, Jim
Owczarski, Mayor Satya Rhodes-
Conway, Maribeth Witzel-Behl,
Mayor Cory Mason, Tara Coolidge,
Mayor John Antaramian, Matt
Krauter, Mayor Eric Genrich, Kris
Teske, in their official Capacities;
Douglas J. La Follette, Wisconsin
Secretary of State, in his official
capacity, and Tony Evers,
Governor of Wisconsin, in his
Official capacity.

        Defendants-Appellees

Appeal from the United States
District Court for the Eastern
District of Wisconsin, Milwaukee
Division

District Court No. 2:-20-cv-01785

The Honorable Brett H. Ludwig,
Judge Presiding

# DOCKETING STATEMENT

Plaintiff Donald J. Trump, Candidate for President of the United States of America, by counsel, pursuant to Fed. R. App. P. 12 and Cir. R. 3(c)(1), hereby submits his Docketing Statement:

1.    **District Court Jurisdiction.**  The United States District Court for the Eastern District of Wisconsin had jurisdiction over this matter as a civil action arising under the laws of the United States pursuant to 42 U.S.C. § 1983 and Art. I, § 4, cl. 2, Art. II, § 1, cl. 4 and the First and Fourteenth Amendments of the United States Constitution, and 28 U.S.C. § 1331 (federal question jurisdiction), 28 USC 1343 (civil rights and elective franchise), 28 U.S.C. § 2201 (authorizing declaratory relief), and 28 U.S.C. § 2202 (authorizing injunctive relief). Plaintiff-Appellant filed his *Complaint for Expedited Declaratory and Injunctive Relief Pursuant to Article II of the United States Constitution* on December 2, 2020.

2.    **Appellate Court Jurisdiction.**  The United States Court of Appeals for the Seventh Circuit has jurisdiction over appeals from the United States District Court for the Eastern District of Wisconsin, Milwaukee Division.  Additionally, the United States Court of Appeals for the Seventh Circuit has jurisdiction over an appeal from a final order pursuant to 28 U.S.C. §1291.  The date of Decision and Order sought to be reviewed was December 12, 2020, and was made a final judgment December 12, 2020.  The filing date of the Plaintiff/Appellant's Notice of Appeal was December 12, 2020.

Case 2:20-cv-01785-BHL   Filed 12/14/20   Page 40 of 67   Document 137

3.    **Timeliness of the Appeal.** On December 12, 2020, the district court entered its Decision and Order (Dkt. 134) and its Judgment (Dkt. 135). A notice of appeal has been timely filed in this matter on December 12, 2020, which is within 30 days of both entries of the district court's orders pursuant to Fed. R. App. 4(a)(1)(A).

4.    **Prior Appellate Proceedings.** There have been no prior related appellate proceedings in this case.

5.    **Additional Requirement of Circuit Rule 3(I).** This is a civil case that does not involve any criminal convictions. 28 U.S.C. § 1915(g) is inapplicable. The following defendants are parties in their official capacities:

    **a.** Ann S. Jacobs in her official capacity as a member of the Wisconsin Elections Commission;

    **b.** Mark L. Thomsen in his official capacity as a member of the Wisconsin Elections Commission;

    **c.** Marge Bostelman in her official capacity as a member of the Wisconsin Elections Commission;

    **d.** Dean Knudson in his official capacity as a member of the Wisconsin Elections Commission;

    **e.** Robert F. Spindell Jr. in his official capacity as a member of the Wisconsin Elections Commission;

    **f.** Scott McDonell in his official capacity as the Dane County Clerk;

Case 2:20-cv-01785-BHL   Document 137   Filed 12/18/20   Page 3 of 50

g. George L. Christenson in his official capacity as the Milwaukee County Clerk;

h. Julietta Henry in her official capacity as the Milwaukee Election Director;

i. Claire Woodall-Vogg in her official capacity as the Executive Director of the Milwaukee Election Commission;

j. Mayor Tom Barrett in his official capacity as the Mayor of the City of Milwaukee;

k. Jim Owczarski in his official capacity as the City Clerk of the City of Milwaukee;

l. Mayor Satya Rhodes-Conway in her official capacity as the Mayor of Madison;

m. Maribeth Witzel-Behl in her official capacity as the City Clerk of the City of Madison;

n. Mayor Cory Mason in his official capacity as the Mayor of Racine;

o. Tara Coolidge in her official capacity as the City Clerk of the City of Racine;

p. Mayor John Antaramian in his official capacity as the Mayor of the City of Kenosha;

q. Matt Krauter in his official capacity as the City Clerk of the City of Kenosha;

Case 2:20-cv-01785-BHL Filed 12/14/20 Page 42 of 67 Document 45

**r.** Mayor Eric Genrich in his official capacity as the Mayor of the City of Green Bay;

**s.** Kris Teske in her official capacity as the City Clerk of the City of Green Bay;

**t.** Douglas J. La Follette in his official capacity as the Wisconsin Secretary of State; and

**u.** Tony Evers in his official capacity as the Governor of Wisconsin.

Date: December 12, 2020

Respectfully Submitted,

/s/ William Bock, III
ATTORNEY FOR PLAINTIFF DONALD J. TRUMP

William Bock, III
James A. Knauer
Kevin D. Koons
KROGER, GARDIS & REGAS, LLP
111 Monument Circle, Suite 900
Indianapolis, IN 46204
Phone: (317) 692-9000

## CERTIFICATE OF SERVICE

A copy of the foregoing document was served upon all parties' counsel of record via this Court's CM/ECF service on this 12th day of December, 2020.

/s/ William Bock, III

5

---

DONALD J. TRUMP,

        Plaintiff,

   v.

                            Case No. 20-cv-1785-BHL

The WISCONSIN ELECTIONS COMMISSION, ET AL.,

        Defendants.

---

## DECISION AND ORDER

---

This is an *extraordinary* case.    Plaintiff Donald J. Trump is the current president of the United States, having narrowly won the state of Wisconsin's electoral votes four years ago, through a legislatively mandated popular vote, with a margin of just over 22,700 votes.    In this lawsuit, he seeks to set aside the results of the November 3, 2020 popular vote in Wisconsin, an election in which the recently certified results show he was defeated by a similarly narrow margin of just over 20,600 votes.    Hoping to secure federal court help in undoing his defeat, plaintiff asserts that the defendants, a group of some 20 Wisconsin officials, violated his rights under the "Electors Clause" in Article II, Section 1 of the Constitution.[1]    Plaintiff seizes upon three pieces of election guidance promulgated by the Wisconsin Elections Commission (WEC)—a creation of the Wisconsin Legislature that is specifically authorized to issue guidance on the state election statutes—and argues that the guidance, along with election officials' conduct in reliance on that guidance, deviated so significantly from the requirements of Wisconsin's election statutes that the election was itself a "failure."

Plaintiff's requests for relief are even more *extraordinary*.    He seeks declarations that defendants violated his Constitutional rights and that the violations "likely" tainted more than

---

[1] Plaintiff's complaint also refers to the First Amendment and the Equal Protection and Due Process Clauses of the Fourteenth Amendment.    At the December 9, 2020 final pre-hearing conference, plaintiff disclaimed reliance on any First Amendment or Due Process claims.    While counsel purported to reserve the Equal Protection claim, the complaint offers no clue of a coherent Equal Protection theory and plaintiff offered neither evidence nor argument to support such a claim at trial.    It is therefore abandoned.    *See Puffer v. Allstate Ins. Co.*, 675 F.3d 709, 718 (7th Cir. 2012) (undeveloped arguments and arguments unsupported by pertinent authority are waived).

50,000 ballots. Based on this declaratory relief, his complaint seeks a "remand" of the case to the Wisconsin Legislature to consider and remedy the alleged violations. Plaintiff's ask has since continued to evolve. In his briefing, he says he wants "injunctive relief" requiring the Governor "to issue a certificate of determination consistent with, and only consistent with, the appointment of electors by the Wisconsin legislature." In argument, counsel made plain that plaintiff wants the Court to declare the election a failure, with the results discarded, and the door thus opened for the Wisconsin Legislature to appoint Presidential Electors in some fashion other than by following the certified voting results.

Defendants want plaintiff's claims thrown out, arguing his complaint fails to state a claim and raising several knotty issues of federal jurisdiction. With the Electoral College meeting just days away, the Court declined to address the issues in piecemeal fashion and instead provided plaintiff with an expedited hearing on the merits of his claims. On the morning of the hearing, the parties reached agreement on a stipulated set of facts and then presented arguments to the Court. Given the significance of the case, the Court promised, and has endeavored, to provide a prompt decision. Having reviewed the caselaw and plaintiff's allegations, the Court concludes it has jurisdiction to resolve plaintiff's claims, at least to the extent they rest on federal law, specifically the Electors Clause. And, on the merits of plaintiff's claims, the Court now further concludes that plaintiff has not proved that defendants violated his rights under the Electors Clause. To the contrary, the record shows Wisconsin's Presidential Electors are being determined in the very manner directed by the Legislature, as required by Article II, Section 1 of the Constitution. Plaintiff's complaint is therefore dismissed with prejudice.[2]

## PROCEDURAL BACKGROUND
## AND FINDINGS OF FACT

### 1. THE PARTIES

Plaintiff Donald J. Trump is the current, properly elected, President of the United States. In 2016, after a statewide recount, plaintiff won Wisconsin's Presidential Electors by 22,748 votes. *Certificate of Ascertainment for President, Vice President and Presidential Electors General Election – November 8, 2016*, seal affixed by Governor Scott Walker, National Archives,

---

[2] This decision constitutes the Court's findings of fact and conclusions of law under Federal Rule of Civil Procedure 52.

https://www.archives.gov/electoral-college/2016.    Plaintiff went on to win the 2016 Electoral College with 304 electoral votes.    2016 Electoral College Results, National Archives, https://www.archives.gov/electoral-college/2016.    He was a candidate for reelection to a second term as President in the November 3, 2020 election.

Defendant Wisconsin Elections Commission is a creation of the Wisconsin Legislature. *See* 2015 Wis. Act 118 §4, Wis. Stat. §5.05.    It is a bi-partisan, six-person commission that has "responsibility for the administration" of the state election laws in Chapters 5 to 10 and 12 of the Wisconsin Statutes.[3]    Wis. Stat. §15.61.    Any action by the commission requires the affirmative vote of at least two-thirds of its members.    Wis. Stat. §5.05(1e).    Defendants Ann S. Jacobs, Mark L. Thomsen, Marge Bostelmann, Dean Knudson, and Robert F. Spindell, Jr. are five of the six members of the commission.[4]

Defendant Scott McDonnell is sued in his official capacity as the Dane County Clerk.    As the county clerk, McDonnell has a host of election-related responsibilities, including providing ballots and elections supplies to the municipalities, preparing ballots, educating voters, and training election officials.    *See* Wis. Stat. §7.10.    Additionally, McDonnell serves on the county board of canvassers, which is responsible for examining election returns and certifying the results to the WEC.    Wis. Stat. §7.60.

Defendants Maribeth Witzel-Behl, Tara Coolidge, Matt Krauter, and Kris Teske are sued in their official capacities as the City Clerks of Madison, Racine, Kenosha, and Green Bay.    As city clerks, they supervise both voter registration and elections.    Wis. Stat. §7.15.    They provide training for voters and election officials and equip the polling places.    *Id.*    Additionally, they are part of each respective city's board of canvassers.    Wis. Stat. §7.53.

Because of their substantial populations, Milwaukee County and the City of Milwaukee have additional "election boards."    Milwaukee County has a county board of election commissioners and the City of Milwaukee has a municipal board of election commissioners. Wis. Stat. §7.20(1).    These boards have the same powers and duties assigned to the municipal and county clerks in other parts of the state.    Wis. Stat. §7.21.    Defendant George L. Christiansen is sued in his official capacity as the Milwaukee County Clerk.    As the county clerk,

---

[3]  Chapter 11 of the Wisconsin Statutes contains the state's campaign finance laws, which are outside of the WEC's authority.
[4]  For reasons not explained, plaintiff did not name Commissioner Julie M. Glancey as a defendant.

he serves as the executive director of the county board of election commissioners, *id.*, but he is not on the county board of canvassers. *See* Wis. Stat. §7.60. Jim Owczarski is sued in his official capacity as the Milwaukee City Clerk. Like Defendant Christiansen, Owczarski maintains some election-related responsibilities, but he is not on the city's board of canvassers. Wis. Stat. §7.53.

Julietta Henry is sued in her official capacity as Milwaukee County Elections Director. The record in unclear on Henry's duties as Elections Director. Claire Woodall-Vogg is sued in her official capacity as the Executive Director of the City of Milwaukee Election Commission. She has the same powers and duties assigned to city clerks throughout the rest of the state. *See* Wis. Stat. §7.21.

Defendants Tom Barrett, Satya Rhodes-Conway, Cory Mason, John Antaramian, and Eric Genrich are sued in their official capacities as the Mayors of Milwaukee, Madison, Racine, Kenosha, and Green Bay. Plaintiff contends that these five mayors unlawfully promoted the expansion of mail-in voting in their cities by adopting practices that were banned by the Wisconsin Legislature. Under Wisconsin's election statutes, mayors play no formal role in presidential elections.

Defendants Tony Evers and Douglas La Follette are sued in their official capacities as the Governor and Secretary of State of Wisconsin. As governor, in accordance with Wis. Stat. §7.70, Defendant Evers signed the certificate of ascertainment prepared by the WEC, affixed the state seal, and forwarded the certificate to the U.S. administrator of general services. Wis. Stat. §7.70(5)(b). Defendant La Follette also signed the certificate of ascertainment.

## 2. WISCONSIN'S MANNER OF CHOOSING PRESIDENTIAL ELECTORS

Article II, Section 1, Clause 2 of the United States Constitution (the "Electors Clause") states, "Each State shall appoint, in such Manner as the Legislature thereof may direct, a Number of Electors…" U.S. CONST. art. II, §1, cl. 2. Pursuant to this federal Constitutional command, the Wisconsin Legislature has directed that Wisconsin choose its Presidential Electors through a general election. *See* Wis. Stat. §8.25. Specifically, the Wisconsin Legislature has directed:

> (1) Presidential electors. By general ballot at the general election for choosing the president and vice president of the United States there shall be elected as many electors of president and vice president as this state is entitled to elect senators and representatives in congress. A vote for the president and vice president nominations of any party is a vote for the electors of the nominees.

Wis. Stat. §8.25(1). The statutes define "general election" as "the election held in even-numbered years on the Tuesday after the first Monday in November to elect United States … presidential electors." Wis. Stat. §5.02(5).

The Wisconsin Legislature has also established laws detailing the particulars of election administration; these details are set forth in Chapters 5 to 12 of the Wisconsin Statutes. For the last five years, responsibility for the administration of Wisconsin elections has rested with the WEC. The Wisconsin Legislature created the WEC in 2015 specifically to "have the responsibility for the administration of … laws relating to elections and election campaigns." 2015 Wis. Act 118 §4; Wis. Stat. §5.05. To carry out these duties, the legislature has delegated significant authority to the WEC. The Wisconsin Legislature directed the WEC to appoint an administrator to "serve as the chief election officer" of the state. Wis. Stat. §5.05(3d), (3g). The Wisconsin Legislature has authorized the WEC to conduct investigations, issue subpoenas, and sue for injunctive relief. Wis. Stat. §5.05(b), (d). The legislature also directed the WEC to receive reports of "possible voting fraud and voting rights violations," Wis. Stat. §5.05(13), and to "investigate violations of laws administered by the commission and … prosecute alleged civil violations of those laws." Wis. Stat. §5.05(2m)(a).

The Wisconsin Legislature has also assigned powers and duties under the state election laws to municipal and county clerks, municipal and county boards of canvassers, and in Milwaukee, the municipal and county boards of election commissioners. Wis. Stat. §§7.10, 7.15, 7.21. The Wisconsin Legislature has directed that these officials, along with the WEC, administer elections in Wisconsin. *See* Wis. Stat. chs. 5 to 10 and 12. When the polls close after an election, these officials make sure that "all ballots cast at an election … be counted for the person … for whom … they were intended." Wis. Stat. §7.50(2). Once all the votes have been counted, the WEC chairperson "shall publicly canvass the returns and make his or her certifications and determinations on or before … the first day of December following a general election." Wis. Stat. §7.70(3)(a). For the determination of Presidential Electors, the Wisconsin Legislature has directed the WEC to "prepare a certificate showing the determination of the results of the canvass and the names of the persons elected." Wis. Stat. §7.70(5)(b). The legislature has further directed that "the governor shall sign [the certificate], affix the great seal of the state, and transmit the certificate by registered mail to the U.S. administrator of general services." *Id.* At noon on

the first Monday after the second Wednesday in December, the Presidential Electors meet to vote for the presidential candidate from the political party which nominated them.   Wis. Stat. §7.75.

In addition to logistically administering the election, the Wisconsin Legislature has directed the WEC to issue advisory opinions, Wis. Stat. §5.05(6a), and "[p]romulgate rules … applicable to all jurisdictions for the purpose of interpreting or implementing the laws regulating the conduct of elections or election campaigns."   Wis. Stat. §5.05(1)(f).   The WEC is to "conduct or prescribe requirements for educational programs to inform electors about voting procedures, voting rights, and voting technology."   Wis. Stat. §5.05(12).

Finally, the Wisconsin Legislature has provided detailed recount procedures.   Wis. Stat. §9.01.   After requesting a recount, "any candidate … may appeal to circuit court."   Wis. Stat. §9.01(6).   The legislature has also directed that "[Wis. Stat. §9.01] constitutes the exclusive judicial remedy for testing the right to hold an elective office as the result of an alleged irregularity, defect or mistake committed during the voting or canvassing process."   Wis. Stat. §9.01(11).

### 3.  WEC'S GUIDANCE IN ADVANCE OF THE 2020 PRESIDENTIAL ELECTION IN WISCONSIN

Consistent with its statutory mandate, since the start of the year, the WEC has published more than 175 messages to County and Municipal elections officials in anticipation of the November 2020 general election.   *See Recent Clerk Communications*, Wisconsin Elections Commission, https://elections.wi.gov/clerks/recent-communications.   In addition to notifying elections officials of training opportunities, relevant court decisions, and upcoming deadlines, these messages provided detailed guidance on how to prepare for the election and count the resulting votes.   *See id.*   As stipulated by the parties, the WEC issued specific guidance on three specific issues flagged by plaintiff:   missing or incorrect absentee ballot witness certificate addresses, voters claiming indefinitely confined status, and absentee ballot drop boxes. (Stipulation of Proposed Facts and Exhibits, ECF No. 127 ¶11.)

WEC's guidance on at least one of these issues dates back even further.   More than four years ago, on October 18, 2016, the WEC issued written guidance to city and county elections boards providing guidance on the topic of witness addresses provided in connection with absentee

balloting.   (Stipulation, ECF No. 127 ¶4.)[5]   This guidance explained to elections officials how to handle missing or incorrect witness addresses on absentee certificate envelopes.   (Pl. Ex. 73, ECF No. 117-72.)   The memo highlighted Wis. Stat. §6.87, which states "[i]f a certificate is missing the address of a witness, the ballot may not be counted."   (*Id.*)   Since the statute does not provide any additional details, the WEC defined "address" as a "street number, street name and name of municipality."   (*Id.*)   The memo then provided guidance for situations where a voter may have left off the certificate one or more components of the witness address.   In the memorandum, the WEC states "clerks **must** take corrective actions in an attempt to remedy a witness address error."   (*Id.*)   The guidance allowed clerks to contact the voter to notify them of the address requirement; however, the clerk only had to contact the voter if the clerk could not "remedy the address insufficiency from extrinsic sources."   (*Id.*)   The WEC stated "clerks shall do all that they can reasonably do to obtain any missing part of the witness address."   (*Id.*)   The purpose of the guidance was to "assist voters in completing the absentee certificate sufficiently so their votes may be counted."   (*Id.*)   This has been the unchallenged guidance on the issue for more than four years.

In September 2020, as directed in Wis. Stat. §7.08(3), the WEC updated the Wisconsin Election Administration Manual.   The updated manual states "[c]lerks may add a missing witness address using whatever means are available."   *Wis. Election Admin. Manual*, 99 (September 2020).   Finally, on October 19, 2020, the WEC issued "Spoiling Absentee Ballot Guidance," reaffirming the previous guidance, and stating "the clerk should attempt to resolve any missing witness address information prior to Election Day if possible, and this can be done through reliable information (personal knowledge, voter registration information, through a phone call with the voter or witness). The witness does not need to appear to add a missing address."   (Pl. Ex. 35, ECF No. 117-35.)

On March 29, 2020, in the early stages of the COVID-19 pandemic, the WEC issued "Guidance for Indefinitely Confined Electors COVID-19" to election officials across the state. (Pl. Ex. 2, ECF No. 117-2.)   Through the published guidance, the WEC stated that "many voters

---

[5]  The parties' stipulation describes this as an October 19, 2016 memorandum.   (Stipulation of Proposed Facts and Exhibits, ECF No. 127 ¶4.)   The memo itself is dated October 18, 2016, however.   (ECF No. 117-72.)   The Court will use the date on the actual document.

of a certain age or in at-risk populations" may meet the standard of indefinitely confined due to the ongoing pandemic. (*Id.*) The Guidance also stated:

> 1. Designation of indefinitely confined status is for each individual voter to make based upon their current circumstances. It does not require permanent or total inability to travel outside of the residence. The designation is appropriate for electors who are indefinitely confined because of age, physical illness or infirmity or are disabled for an indefinite period.

> 2. Indefinitely confined status shall not be used by electors simply as a means to avoid the photo ID requirement without regard to whether they are indefinitely confined because of age, physical illness or infirmity, or disability.

(*Id.*) The WEC issued this guidance after the Dane County Clerk issued a statement advising that the pandemic itself was sufficient to establish indefinite confinement for all voters. (*See* Stipulation, ECF No. 127 ¶23.) The statement was challenged in court, and the Wisconsin Supreme Court granted a temporary injunction against the Dane County Clerk. *See Jefferson v. Dane County*, 2020AP557-OA (March 31, 2020). In concluding that the Dane County guidance was incorrect, the Wisconsin Supreme Court expressly confirmed that the WEC guidance quoted above provided "the clarification on the purpose and proper use of the indefinitely confined status that is required at this time." *Id.*

On August 19, 2020, the WEC sent all Wisconsin election officials additional guidance that, among other things, discussed absentee ballot drop boxes. (Pl. Ex. 13, ECF No. 117-13.) Wisconsin law provides that absentee ballots "shall be mailed by the elector, or delivered in person, to the municipal clerk." Wis. Stat §6.87(4)(b). The WEC memorandum provided advice on how voters could return their ballots to the municipal clerk, including "information and guidance on drop box options for secure absentee ballot return for voters." (Pl. Ex. 13, ECF No. 117-13.) Citing to a resource developed by the U.S. Cybersecurity and Infrastructure Security Agency (CISA), the guidance states the "drop boxes can be staffed or unstaffed, temporary or permanent." (*Id.*) The memorandum stated that the "drop boxes … allow voters to deliver their ballots in person" and will allow voters "who wait until the last minute to return their ballot." (*Id.*) The memorandum lists potential types of drop boxes, along with security requirements, chain of custody, and location suggestions for the drop boxes. (*Id.*)

As stipulated by the parties, election officials in Milwaukee County, the City of Milwaukee, Dane County, and the City of Madison relied on the above WEC guidance when

handling absentee ballots with missing or incorrect witness address, using absentee ballot drop boxes, and handling voters that had claimed indefinitely confined status. (Stipulation, ECF No. 127 ¶11.) Because they relied on the guidance, election workers added missing information to the witness address on at least some absentee ballots, more than five hundred drop boxes were used throughout the state, and approximately 240,000 "indefinitely confined" voters requested absentee ballots. (*Id.* ¶¶ 17, 18, 28.)

### 4. THE 2020 PRESIDENTIAL ELECTION IN WISCONSIN

On November 3, 2020, nearly 3.3 million Wisconsin voters cast their ballots in the general election for the President and Vice President of the United States. (Stipulation, ECF No. 127 ¶7.) At 8:00 p.m., all polls in Wisconsin closed. Wis. Stat. §6.78. The respective boards of canvassers began to publicly canvass all the votes received at the polling place. Wis. Stat. §7.51.

Voting officials in Milwaukee dealt with an unprecedented number of absentee ballots during this election. (Pl. Ex. 62, ECF No. 117-61.) In Milwaukee and Dane Counties, and likely other locations, election officials processed the absentee ballots in accordance with guidance published by the WEC. (Stipulation, ECF No. 127 ¶11.) The WEC received the last county canvass on November 17, 2020. (*Id.* ¶8.) On November 18, 2020, the deadline for requesting a recount, plaintiff sought a recount under Wis. Stat. §9.01 of only Dane and Milwaukee Counties.[6] (*Id.* ¶9.) The Milwaukee County recount was completed on November 27, 2020 and the Dane County recount was completed on November 29, 2020. (Id. ¶10.) Once the recount was complete, the WEC prepared the Certificate of Ascertainment for the Governor's signature. *See* Wis. Stat. §7.70(5)(b). On November 30, 2020, Governor Evers signed the certificate and affixed the state seal. (Def. Ex. 501, ECF No. 119-1.)

On December 1, 2020, the day after Wisconsin certified its election results, Donald Trump, Michael Pence, and the Trump campaign filed a petition in the Wisconsin Supreme Court against Governor Tony Evers, the Wisconsin Elections Commission, and other state election officials.

---

[6] After receiving a recount petition and $3 million payment from the Trump campaign, the six-member, bipartisan commission conducted a meeting on November 18, 2020, at which the commission unanimously approved the recount order. The WEC ordered a partial recount of the presidential election results in Dane and Milwaukee Counties on November 19, 2020. The recount order required Dane and Milwaukee Counties' boards of canvassers to convene by 9 a.m. Saturday, November 21, and complete their work by noon on Tuesday, December 1. Wis. Elections Comm'n Order for Recount, Recount EL 20-01, https://elections.wi.gov/node/7250.

*Trump v. Evers*, No. 2020AP001971 (Wis. S. Ct.).    The issues presented by the plaintiffs included whether absentee ballots should be excluded due to various alleged deviations from legislated election procedures.    As a remedy, they asked the Court to decertify the state's election results and exclude 221,000 votes in Milwaukee and Dane Counties from the count.    On December 3, 2020, the Wisconsin Supreme Court denied the petition for leave to commence an original action in the state Supreme Court, but noted that, as an aggrieved candidate, plaintiff could refile at the circuit court level.

That same day, plaintiff filed his complaint in this Court.    Additionally on that day, plaintiff, along with Michael R. Pence, and Donald J. Trump for President, Inc. filed complaints in Dane and Milwaukee County Circuit Courts against Joseph R. Biden, Kamala D. Harris, and several Wisconsin election officials, some of whom are defendants in this case.    *Trump v. Biden*, No. 2020CV007092 (Milw. Co. Cir. Ct.), No. 2020CV002514 (Dane Co. Cir. Ct.).    Chief Justice Roggensack of the Wisconsin Supreme Court combined the cases and appointed Racine County Reserve Judge Stephen A. Simanek to hear it.    The suits are substantially similar and both allege irregularities in the way absentee ballots were administered.    In the Milwaukee County case, the plaintiffs allege the ballots were issued without the elector having first submitted a written application; there were incomplete and altered certification envelopes; and there was a massive surge in indefinitely confined absentee ballot voters.    The Dane County case included the same claims, plus one involving an allegation that absentee ballots were improperly completed or delivered to City of Madison employees at a public event, "Democracy in the Park."    The plaintiffs asked the state court to set aside the county board of canvassers' legal determinations that certain absentee ballots should be counted due to deviations in state elections laws.[7]

## LEGAL CONCLUSIONS AND ANALYSIS

Plaintiff claims that defendants violated his rights under the Electors Clause by "deviating from the law, substituting their 'wisdom' for the laws passed by the State Legislature and signed by the Governor."    (Pl. Br., ECF No. 109.)    In the complaint, plaintiff contends three specific pieces of guidance issued by the WEC, and followed by the named defendants, contradict

---

[7] On December 11, Judge Simanek affirmed the recount and ruled against plaintiff in the state court proceeding. *Trump v. Biden*, No. 2020CV007092, Doc. 101 (Milw. Co. Cir. Ct. Dec. 11, 2020).    Plaintiff has since filed an appeal in the Wisconsin Supreme Court.

Wisconsin's election statutes, and that the WEC lacked the authority to issue any guidance in contravention of Wisconsin law. (Compl., ECF No. 1.) Invoking the Court's federal question jurisdiction under 28 U.S.C. §1331, plaintiff asserts claims for the violation of his federal Constitutional rights under 42 U.S.C. §1983. (*Id.*) Among other remedies, he seeks declaratory relief under the Declaratory Judgment Act, 28 U.S.C. §2201, and asks this Court to declare the Wisconsin general election void under the U.S. Constitution. (*Id.*)

## I. This Court Has Limited Jurisdiction to Resolve Plaintiff's Electors Clause Challenge.

Before addressing the merits of plaintiff's claims, this Court has the obligation of confirming that it has jurisdiction even to consider them. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (federal district courts "possess only that power authorized by Constitution and statute"). Defendants offer a host of arguments related to the justiciability of plaintiff's claims. They insist that plaintiff lacks standing to assert his claims, that his claims are barred by the Eleventh Amendment, and that they are moot. (Defs. Brs., ECF No. 70, 81, 87, 95, 98, 100, 101, and 120.) Finally, they contend that even if this Court could resolve plaintiff's claims, it should abstain from doing so. (Defs. Brs., ECF No. 70, 81, 87, 95, 101, and 120.) Despite the tricky questions of federal jurisdiction implicated by plaintiff's claims and requests for relief, the Court concludes plaintiff's claims are justiciable, at least in part. Given the importance of the issues at stake and the need for a prompt resolution, the Court will not abstain from ruling on whether defendants violated plaintiff's federal rights under the Electors Clause.

### A. Plaintiff Has Standing to Seek an Adjudication of the Alleged Violation of His Rights under the Electors Clause.

Defendants insist that plaintiff lacks standing to assert claims and obtain declaratory relief based on the Electors Clause. (Defs. Brs., ECF No. 70, 81, 87, 95, 98, 100, 101, and 120.) That plaintiff seeks primarily declaratory relief does not remove his obligation to establish standing. The Declaratory Judgment Act permits the Court to "declare the rights and other legal relations of any interested party," but only when there is "a case of actual controversy within its jurisdiction." 28 U.S.C. §2201(a). "A 'controversy' in this sense must be one that is appropriate for judicial determination," *Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 240 (1937), and

"the core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992).

To establish standing, plaintiff bears the burden of proving that he "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016), as revised (May 24, 2016). An injury in fact is one in which plaintiff claims to have "suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* (quoting *Lujan*, 504 U.S. at 560).

Plaintiff asserts that he suffered an injury in fact when he "was denied the Constitutional right to have electors appointed in a lawful manner in an election in which he was a candidate." (Pl. Br., ECF No. 109.) The Court agrees. The Eighth Circuit and the Eleventh Circuit have concluded that losing candidates likely have standing to bring a claim under the Electors Clause, because such a candidate has suffered a "personal, distinct injury." *Wood v. Raffensperger*, No. 20-14418, 2020 WL 7094866, at *4 (11th Cir. Dec. 5, 2020); *Carson v. Simon*, 978 F.3d 1051, 1057 (8th Cir. 2020) ("An inaccurate vote tally is a concrete and particularized injury to candidates such as the Electors."). That is the situation here: plaintiff, a candidate for election, claims he was harmed by defendants' alleged failure to comply with Wisconsin law. Assuming he could prove his claims, he has suffered an injury. Plaintiff, as a candidate for election, has a concrete, particularized interest in the actual results of the general election. *Carson*, 978 F.3d at 1057; *see Carney v. Adams*, ___ S. Ct. ___, 2020 WL 7250101 (Dec. 10, 2020) (holding plaintiff had not proved injury in fact sufficient to establish standing where plaintiff was merely potential candidate and had not yet applied for judicial position). Plaintiff has therefore established injury in fact.

Based on the allegations in his complaint, plaintiff also meets the other requirements for standing. He contends that defendants' failure to comply with Wisconsin law has resulted in a failed election, one in which he was one of the two major-party candidates for President. (Compl., ECF No. 1.) As administrators of the election, defendants implemented the Wisconsin election statutes and WEC's guidance. His harms are therefore traceable to defendants. And as redress, he seeks a declaration that defendants violated the Electors Clause by failing to follow the

directions of the Wisconsin Legislature during the 2020 Presidential Election. [8]  (*Id.*)
Redressability is established because "plaintiff 'personally would benefit in a tangible way from
the court's intervention.'"   *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 104 n.5 (1998)
(quoting *Warth v. Seldin*, 422 U.S. 490, 508 (1975)).   Thus, his alleged injury is fairly traceable
to the challenged conduct of the defendants and would be redressed by a favorable judicial
decision.

Defendants' arguments against standing are largely premised on their challenges to the
merits of plaintiff's claims.   For example, defendants complain that "[p]laintiff offers no proof
whatsoever of how many votes were affected in the three categories of alleged state election law
violations he identifies."   (Def. Br., ECF No. 98.)   But that argument puts the cart before the
horse.   A court must determine standing based on the allegations in the complaint, not based on
its final resolution of the veracity of those allegations.   *Spokeo*, 136 S. Ct. at 1547 ("Where, as
here, a case is at the pleading stage, the plaintiff must 'clearly ... allege facts demonstrating' each
element.").   If plaintiff were to succeed in proving that defendants violated the Electors Clause,
causing Wisconsin's Presidential Electors to be appointed in a manner inconsistent with the
Wisconsin Legislature's directives, and depriving plaintiff of his opportunity to win those
Presidential Electors, he should have the ability (and the standing) to enforce the Constitution's
plain terms in federal court.

### B.   The Eleventh Amendment and *Pennhurst* Do Not Apply to Plaintiff's Unique Article II Claims.

Defendants next argue that plaintiff's claims are barred by the Eleventh Amendment and
the Supreme Court's decision in *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984).
(Defs. Brs., ECF No. 75, 81, 98, 101, and 120.)   They contend that plaintiff is complaining that
defendants failed to comply with state law such that the Eleventh Amendment bars this Court from
entertaining such claims.   (*Id.*)

---

[8] The complaint alleges the exclusive remedy for a failed election resides in the Wisconsin Legislature.   (Compl.,
ECF No. 1.)   That allegation brought strongly into question whether this Court could redress Plaintiff's injury, a
point raised by the Court at the initial hearing with the parties.   Plaintiff has since explained that he seeks a declaration
that the Wisconsin general election was a failed election under 3 U.S.C. §2, a declaration he argues is a predicate to
allowing the Wisconsin Legislature to take action to determine the manner in which the state should appoint its
Presidential Electors now that the originally chosen method has "failed."   (Transcript, ECF No. 130.)   While this
explanation is tenuous, it sufficiently ties the relief requested to a potential remedy to establish standing.

The Eleventh Amendment provides that: "The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." Defendants are correct that, as a general matter, the Eleventh Amendment bars litigation in federal courts against a state.[9] *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *MCI Telecommunications Corp. v. Illinois Bell Tel. Co.*, 222 F.3d 323, 336 (7th Cir. 2000) ("[The Eleventh] Amendment bars federal jurisdiction over suits brought against a state … [and] extends to state agencies as well."). But the Supreme Court has long held that suits against state agents, rather than against the state itself, based on those agents' violations of federal law, can be maintained in federal court without running afoul of the Eleventh Amendment. *See Ex parte Young*, 209 U.S. 123, 159-60 (1908). A federal court thus may adjudicate and order relief against state officers based on allegations of ongoing unconstitutional conduct. *Id.*; *MCI Telecommunications Corp.*, 222 F.3d at 345.

In *Pennhurst*, the Supreme Court clarified that the rule in *Ex parte Young* does not extend to claims based merely on alleged violations of state law. 465 U.S. at 106 ("[I]t is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law."). Thus, under the Eleventh Amendment and state sovereign immunity, a federal court "cannot enjoin a state officer from violating state law." *Dean Foods Co. v. Brancel*, 187 F.3d 609, 613 (7th Cir. 1999).

The *Pennhurst* exception to *Ex parte Young* does not apply here, because plaintiff's claims are based on federal law—the Electors Clause of Article II, Section 1 of the U.S. Constitution. *Donald J. Trump for President, Inc. v. Boockvar*, No. 2:20-CV-966, 2020 WL 5997680, at *75 (W.D. Pa. Oct. 10, 2020) (holding that claims under the Electors Clause are not barred by the Eleventh Amendment); *cf. Dean Foods Co.*, 187 F.3d at 614 ("the question at the heart of this jurisdictional matter is what is the source of the regulations' potential invalidity"). While plaintiff also cites provisions of Wisconsin's election statutes, he does so in an attempt to show that defendants violated not merely those statutes, but rather the Electors Clause itself. In this

---

[9] The Eleventh Amendment precludes a federal suit against state agencies, and this likely includes the Wisconsin Elections Commission. *See* Wis. Stat. §5.05; *MCI Telecommunications Corp. v. Illinois Bell Tel. Co.*, 222 F.3d 323, 336 (7th Cir. 2000); *Feehan v. Wisconsin Elections Commission*, No. 20-cv-1771, 2020 WL 7250219 (E.D. Wis. Dec. 9, 2020). The WEC has not made this argument. Even if it had, plaintiff's claims against the individual commission members would survive.

unique context, alleged violations of state laws implicate and may violate federal law. *See Bush v. Palm Beach Cnty. Canvassing Bd.*, 531 U.S. 70, 76 (2000) ("[I]n the case of a law enacted by a state legislature applicable not only to elections to state offices, but also to the selection of Presidential electors, the legislature is not acting solely under the authority given it by the people of the State, but by virtue of a direct grant of authority made under Art. II, §1, cl. 2, of the United States Constitution."). This is the opposite of what the Eleventh Amendment forbids; here, a truly federal cause of action is being articulated. Because plaintiff's claims and request for relief are premised on a federal Constitutional violation, not merely a violation of state law, *Pennhurst* does not apply, and the Eleventh Amendment does not bar plaintiff's claims.

### C. Plaintiff's Claims Are Not Moot.

Defendants also contend plaintiff's claims are moot. (Defs. Brs., ECF No. 70, 75, 95, 120.) They insist that because plaintiff waited until after Wisconsin certified the election results to file suit, his suit is too late. (*Id.*) They further maintain that plaintiff's claims are moot because Governor Evers has already signed a "Certificate of Ascertainment For President, Vice President, and Presidential Electors General Election - November 3, 2020" (2020 Electoral College Results, National Archives, https://www.archives.gov/electoral-college/2020) on November 30, 2020, an act they contend makes this action irrelevant. (*Id.*)

The final determination of the next President and Vice President of the United States has not been made, however, and the issuance of a Certificate of Ascertainment is not necessarily dispositive on a state's electoral votes. *See Bush v. Gore*, 531 U.S. 98, 144 (2000) (Ginsburg J., dissenting) (noting none of the various Florida elector deadlines "has ultimate significance in light of Congress' detailed provisions for determining, on 'the sixth day of January,' the validity of electoral votes").

Under the federal statute governing the counting of electoral votes, a state governor may issue a certificate of ascertainment based on the canvassing and then a subsequent certificate of "determination" upon the conclusion of all election challenges. 3 U.S.C. §6. The certificate of "determination" notifies the U.S. Congress of the state decision when Congress convenes on January 6 to count the electoral votes. Indeed, the WEC acknowledged that plaintiff's claims are not moot in a filing with the Wisconsin Supreme Court. (Response of Respondents Wisconsin Elections Commission and Commissioner Ann Jacobs, *Trump v. Evers*, No. 20AP1971-OA, filed

Dec. 1, 2020, ECF No. 109-1.)   At this time, it is also unclear whether the litigation commenced in state court, *Trump v. Biden*, No. 2020CV007092 (Milw. Co. Cir. Ct.), No. 2020CV002514 (Dane Co. Cir. Ct.), is coming to a final resolution sufficient to resolve plaintiff's challenges. Given plaintiff's pending appeal and the limited time available should that appeal succeed on the state law issues, this Court will proceed to decide the merits of the federal law claims.   The Court concludes this case is not yet moot.

### D. This Court Is Not Required to Abstain from Deciding Plaintiff's Challenge under the Electors Clause.

Defendants also contend that even if this Court could adjudicate plaintiff's claims, it should abstain from doing so.   (Defs. Brs., ECF No. 70, 81, 87, 95, 101, and 120.)   They focus on three different abstention doctrines: (1) *Wilton/Brillhart* abstention; (2) *Pullman* abstention; and (3) *Colorado River* abstention.   (*Id.*)   After reviewing the law under all three forms of abstention, this Court will decline defendants' invitation to abstain.

Defendants first invoke the *Wilton/Brillhart* abstention doctrine, derived from *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995), and *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491 (1942).   Under the *Wilton/Brillhart* abstention doctrine, "district courts possess significant discretion to dismiss or stay claims seeking declaratory relief, even though they have subject matter jurisdiction over such claims."   *R.R. St. & Co. v. Vulcan Materials Co.*, 569 F.3d 711, 713 (7th Cir. 2009).   While labelled with Supreme Court case names, this form of abstention arises from the plain terms of the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, itself.   Section 2201 expressly provides that district courts "*may* declare the rights and other legal relations of any interested party seeking such declaration."   28 U.S.C. § 2201(a) (emphasis added).   The statute thus gives district courts the discretion not to declare the rights of litigants.   The Seventh Circuit has confirmed that a district court properly exercises discretion to abstain where, for example, "declaratory relief is sought and parallel state proceedings are ongoing."   *Envision Healthcare, Inc. v. PreferredOne Ins. Co.*, 604 F.3d 983, 986 (7th Cir. 2010).

Defendants also invoke *Pullman* abstention.   *R.R. Comm'n of Tex. v. Pullman Co*., 312 U.S. 496, 501-02 (1941).   The *Pullman* doctrine "applies when 'the resolution of a federal constitutional question might be obviated if the state courts were given the opportunity to interpret ambiguous state law.'"   *Wisconsin Right to Life State Political Action Comm. v. Barland*, 664

F.3d 139, 150 (7th Cir. 2011) (quoting *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716-17 (1996)). *Pullman* abstention is appropriate if there is (1) "a substantial uncertainty as to the meaning of the state law" and (2) "a reasonable probability that the state court's clarification of state law might obviate the need for a federal constitutional ruling." *Id.* (internal quotation marks omitted).

Finally, defendants ask the Court to avoid deciding this case under *Colorado River* abstention. *See Colorado River Water Conservation District v. United States*, 424 U.S. 800, 818 (1976). Under *Colorado River* abstention principles, a federal court should abstain in favor of a parallel state court lawsuit if (1) "the concurrent state and federal actions are actually parallel" and (2) "the necessary exceptional circumstances exist to support a stay or dismissal." *DePuy Synthes Sales, Inc. v. OrthoLA, Inc.*, 953 F.3d 469, 477 (7th Cir. 2020) (internal quotation marks omitted).

The Court declines to abstain under any of these doctrines. The federal Constitutional issues raised in plaintiff's complaint are obviously of tremendous public significance. For the first time in the nation's history, a candidate that has lost an election for president based on the popular vote is trying to use federal law to challenge the results of a statewide popular election. While there is parallel litigation pending in the state court, that litigation does not address the federal constitutional issue that is the center of plaintiff's case. Given the importance of the federal issue and the limited timeline available, it would be inappropriate to wait for the conclusion of the state court case. In these circumstances, the Court will exercise its discretion to declare plaintiff's rights under the Electors Clause and will decline to utilize *Pullman* or *Colorado River* abstention principles to defer to the state court proceedings.

## II.  Plaintiff's Claims Fail on Their Merits—Wisconsin's Appointment of Presidential Electors for the 2020 Presidential Election Was Conducted in the Manner Directed by the Wisconsin Legislature.

To succeed on his claims for relief under 42 U.S.C. §1983, plaintiff must prove that defendants acted under the color of state law and deprived him of a right secured by the Constitution or laws of the United States. *Wilson v. Warren Cnty., Ill.*, 830 F.3d 464, 468 (7th Cir. 2016) (citations omitted). Plaintiff alleges that the defendants violated his rights under the Electors Clause in Article II, Section 1. (Compl., ECF No. 1.) There is no dispute that defendants' actions as alleged in the complaint were undertaken under the color of Wisconsin law.

Defendants strongly and uniformly dispute, however, that their conduct violated any Constitutional provision.    (Defs. Brs., ECF No. 70, 81, 87, 95, 98, 100, 101, and 120.)

## A. The Wisconsin Legislature Has Directed the Appointment of Presidential Electors to Be by Popular Vote.

The Electors Clause directs state legislatures to appoint presidential electors in a manner of their choosing.    U.S. CONST. art. II, § 1, cl. 2.    As the Supreme Court explained just this past summer, the Electors Clause was the result of "an eleventh-hour compromise" at the 1787 Constitutional convention.    *Chiafalo v. Washington*, __ U.S. __, 140 S. Ct. 2316, 2320 (2020). Apparently fatigued and ready to return to their homes, the delegates decided on language that would give state legislatures the responsibility of choosing the "Manner" in which presidential electors would be appointed.    *Id.*    And the Supreme Court has confirmed that state legislators have "the broadest power of determination" over who becomes a Presidential Elector.    *Id.* at 2324 (quoting *McPherson v. Blacker*, 146 U.S. 1, 27 (1892)).

Today, the manner of appointment among the states is largely uniform.    *See Chiafalo*, 140 S. Ct. at 2321.    All states use an appointment process tied to the popular vote, with political parties fielding presidential candidates having the responsibility to nominate slates of Presidential Electors.    *Id.* at 2321-22.    But that manner of appointing Presidential Electors is not required by the Constitution.    As Chief Justice Fuller explained in 1892:

> The constitution does not provide that the appointment of electors shall be by popular vote, nor that the electors shall be voted for upon a general ticket, nor that the majority of those who exercise the elective franchise can alone choose the electors. It recognizes that the people act through their representatives in the legislature, and leaves it to the legislature exclusively to define the method of effecting the object.

*McPherson*, 146 U.S. at 27.    Historically, presidential electors have been appointed directly by state legislatures, by general ticket, by districts, and by majority popular vote.    *Id.* at 27-32 (summarizing the methods by which presidential electors were appointed by state legislatures during the first four presidential elections).    But by 1832, "all States but one had introduced popular presidential elections."    *Chiafalo*, 140 S. Ct. at 2321.

The Wisconsin Legislature's decision to appoint the state's presidential electors by popular vote is embodied in Wis. Stat. §8.25(1).    This statute provides:

> Presidential electors. By general ballot at the general election for choosing the
> president and vice president of the United States there shall be elected as many
> electors of president and vice president as this state is entitled to elect senators
> and representatives in congress. A vote for the president and vice president
> nominations of any party is a vote for the electors of the nominees.

Wis. Stat. §8.25(1). The statutes define "general election" as "the election held in even-numbered years on the Tuesday after the first Monday in November to elect United States … presidential electors." Wis. Stat. §5.02(5).

Plaintiff contends defendants have violated the Electors Clause by failing to appoint the state's presidential electors in the "Manner" directed by the Wisconsin Legislature. (Compl., ECF No. 1.) By this, plaintiff means that he has raised issues with the WEC's guidance on three issues related to the administration of the election. This argument confuses and conflates the "Manner" of appointing presidential electors—popular election—with underlying rules of election administration. As used in the Electors Clause, the word "Manner" refers to the "[f]orm" or "method" of selection of the Presidential Electors. *Chiafalo*, 140 S. Ct. at 2330 (Thomas, J., concurring) (citations omitted). It "requires state legislatures merely to set the approach for selecting Presidential electors." *Id.* Put another way, it refers simply to "the mode of appointing electors—consistent with the plain meaning of the term." *Id.*; *see also McPherson v. Blacker*, 146 U.S. 1, 27 (1892) ("It has been said that the word 'appoint' is not the most appropriate word to describe the result of a popular election. Perhaps not; but it is sufficiently comprehensive to cover that mode…").

The approach, form, method, or mode the Wisconsin Legislature has set for appointing Presidential electors is by "general ballot at the general election." Wis. Stat. §8.25(1). There is no dispute that this is precisely how Wisconsin election officials, including all the defendants, determined the appointment of Wisconsin's Presidential Electors in the latest election. They used "general ballot[s] at the general election for choosing the president and vice president of the United States" and treated a "vote for the president and vice president nominations of any party is a vote for the electors of the nominees." Absent proof that defendants failed to follow this "Manner" of determining the state's Presidential Electors, plaintiff has not and cannot show a violation of the Electors Clause.

Plaintiff's complaints about the WEC's guidance on indefinitely confined voters, the use of absentee ballot drop boxes, and corrections to witness addresses accompanying absentee ballots

are not challenges to the "Manner" of Wisconsin's appointment of Presidential Electors; they are disagreements over election administration. Indeed, the existence of these (or other) disagreements in the implementation of a large election is hardly surprising, especially one conducted statewide and involving more than 3.2 million votes. But issues of mere administration of a general election do not mean there has not been a "general ballot" at a "general election." Plaintiff's conflation of these potential nonconformities with Constitutional violations is contrary to the plain meaning of the Electors Clause. If plaintiff's reading of "Manner" was correct, any disappointed loser in a Presidential election, able to hire a team of clever lawyers, could flag claimed deviations from the election rules and cast doubt on the election results. This would risk turning every Presidential election into a federal court lawsuit over the Electors Clause. Such an expansive reading of "Manner" is thus contrary both to the plain meaning of the Constitutional text and common sense.

**B. Even If "Manner" Includes Aspects of Election Administration, Defendants Administered Wisconsin's 2020 Presidential Election as Directed by the Wisconsin Legislature.**

Plaintiff's claims would fail even if the Court were to read the word "Manner" in Article II, Section 1, Clause 2 to encompass more than just the "mode" of appointment. Including material aspects of defendants' election administration in "Manner" does not give plaintiff a win for at least two reasons. First, the record shows defendants acted consistently with, and as expressly authorized by, the Wisconsin Legislature. Second, their guidance was not a significant or material departure from legislative direction.

Plaintiff's "Manner" challenges all stem from the WEC's having issued guidance concerning indefinitely confined voters, the use of absentee ballot drop boxes, and corrections to witness addresses on absentee ballots. (Compl., ECF No. 1.) Plaintiff expresses strong disagreement with the WEC's interpretations of Wisconsin's election statutes, accusing the WEC of "deviat[ing] from the law" and "substitut[ing] their 'wisdom' for the laws passed by the State Legislature and signed by the Governor." (Pl. Br., ECF No. 109.) While plaintiff's statutory construction arguments are not frivolous, when they are cleared of their rhetoric, they consist of little more than ordinary disputes over statutory construction.

These issues are ones the Wisconsin Legislature has expressly entrusted to the WEC.

Wis. Stat. §5.05(2w) ("The elections commission has the responsibility for the administration of chs. 5 to 10 and 12."). When the legislature created the WEC, it authorized the commission to issue guidance to help election officials statewide interpret the Wisconsin election statutes and new binding court decisions. Wis. Stat. §5.05(5t). The WEC is also expressly authorized to issue advisory opinions, Wis. Stat. §5.05(6a), and to "[p]romulgate rules … applicable to all jurisdictions for the purpose of interpreting or implementing the laws regulating the conduct of elections or election campaigns." Wis. Stat. §5.05(1)(f). The Wisconsin Legislature also directed that the WEC would have "responsibility for the administration of … laws relating to elections and election campaigns." Wis. Stat. §5.05(1). In sum, far from defying the will of the Wisconsin Legislature in issuing the challenged guidance, the WEC was in fact acting pursuant to the legislature's express directives.

If "Manner" in the Electors Clause is read to includes legislative enactments concerning election administration, the term necessarily also encompasses the Wisconsin Legislature's statutory choice to empower the WEC to perform the very roles that plaintiff now condemns. Thus, the guidance that plaintiff claims constitutes an unconstitutional deviation from the Wisconsin Legislature's direction, is, to the contrary, the direct consequence of legislature's express command. And, defendants have acted consistent with the "Manner" of election administration prescribed by the legislature.

Plaintiff points to language in Chief Justice Rehnquist's concurring opinion in *Bush v. Gore*, stating that "[a] significant departure from the legislative scheme for appointing Presidential electors presents a federal constitutional question." *Bush v. Gore*, 531 U.S. 98, 113 (2000) (Rehnquist, C.J., concurring). But the record does not show any *significant* departure from the legislative scheme during Wisconsin's 2020 Presidential election. At best, plaintiff has raised disputed issues of statutory construction on three aspects of election administration.[10] While plaintiff's disputes are not frivolous, the Court finds these issues do not remotely rise to the level of a material or significant departure from Wisconsin Legislature's plan for choosing Presidential Electors.

---

[10] Even these three statutory construction issues were raised only after-the-fact. If these issues were as significant as plaintiff claims, he has only himself to blame for not raising them *before* the election. Plaintiff's delay likely implicates the equitable doctrine of laches. The Court does not need to reach that issue, however, and therefore makes no findings or holdings on laches.

Because plaintiff has failed to show a clear departure from the Wisconsin Legislature's directives, his complaint must be dismissed. As Chief Justice Rehnquist stated, "in a Presidential election the clearly expressed intent of the legislature must prevail." *Bush v. Gore*, 531 U.S. 98, 120 (2000) (Rehnquist, C.J., concurring). That is what occurred here. There has been no violation of the Constitution.

## CONCLUSION

Plaintiff's Electors Clause claims fail as a matter of law and fact. The record establishes that Wisconsin's selection of its 2020 Presidential Electors was conducted in the very manner established by the Wisconsin Legislature, "[b]y general ballot at the general election." Wis. Stat. §8.25(1). Plaintiff's complaints about defendants' administration of the election go to the implementation of the Wisconsin Legislature's chosen manner of appointing Presidential Electors, not to the manner itself. Moreover, even if "Manner" were stretched to include plaintiff's implementation objections, plaintiff has not shown a significant departure from the Wisconsin Legislature's chosen election scheme.

This is an *extraordinary* case. A sitting president who did not prevail in his bid for reelection has asked for federal court help in setting aside the popular vote based on disputed issues of election administration, issues he plainly could have raised before the vote occurred. This Court has allowed plaintiff the chance to make his case and he has lost on the merits. In his reply brief, plaintiff "asks that the Rule of Law be followed." (Pl. Br., ECF No. 109.) It has been.

**IT IS HEREBY ORDERED:**

1. Plaintiff's complaint, ECF No. 1, is DISMISSED WITH PREJUDICE.

2. Plaintiff's motion for preliminary injunction, ECF No. 6, is DENIED as moot.

3. Defendants' motions to dismiss, ECF No. 69, 71, 78, 84, 86, 96, 97, and 99, are GRANTED.

4. Defendant Governor Evers' oral motion for judgment under Fed. R. Civ. P. 52 is GRANTED.

Dated at Milwaukee, Wisconsin on December 12, 2020.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

DONALD J TRUMP,

        Plaintiff,

v.

THE WISCONSIN ELECTIONS
COMMISSION, COMMISSIONER ANN S
JACOBS, MARK L THOMSEN,
COMMISSIONER MARGE BOSTELMANN,
COMMISSIONER DEAN KNUDSON,
ROBERT F SPINDELL, JR, GEORGE L
CHRISTENSON, JULIETTA HENRY,
CLAIRE WOODALL-VOGG, MAYOR TOM
BARRETT, JIM OWCZARSKI, MAYOR
SATYA RHODES-CONWAY, MARIBETH
WITZEL-BEHL, MAYOR CORY MASON,
TARA COOLIDGE, MAYOR JOHN
ANTARAMIAN, MATT KRAUTER, ERIC
GENRICH, KRIS TESKE, DOUGLAS J LA
FOLLETTE, TONY EVERS, SCOTT
MCDONELL,

        Defendants,

WISCONSIN STATE CONFERENCE
NAACP, DOROTHY HARRELL, WENDELL
J HARRIS, SR, EARNESTINE MOSS,
DEMOCRATIC NATIONAL COMMITTEE,

        Intervenor Defendants.

**JUDGMENT IN A CIVIL CASE**

Case No. 20-cv-1785-bhl

---

☒   **Decision by Court.**  This case came before the court, the court has decided the issues, and the court has rendered a decision.

PURSUANT TO THE COURT'S ORDER**,** the action is DISMISSED WITH PREJUDICE and the plaintiff shall recover nothing on the complaint.

Dated: December 12, 2020

                                        GINA M. COLLETTI
                                        Clerk of Court

                                        *s/ Melissa P.*
                                        (By) Deputy Clerk