UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

---

DONALD J. TRUMP, Candidate for President of the United States of America,

    Plaintiff,

  v.

THE WISCONSIN ELECTIONS COMMISSION, and its members, ANN S. JACOBS, MARK L. THOMSEN, MARGE BOSTELMANN, DEAN KNUDSON, ROBERT F. SPINDELL, JR., in their official capacities, SCOTT MCDONELL in his official capacity as the Dane County Clerk, GEORGE L. CHRISTENSON in his official capacity as the Milwaukee County Clerk, JULIETTA HENRY in her official capacity as the Milwaukee Election Director, CLAIRE WOODALL-VOGG in her official capacity as the Executive Director of the Milwaukee Election Commission, MAYOR TOM BARRETT, JIM OWCZARSKI, MAYOR SATYA RHODES-CONWAY, MARIBETH WITZEL-BEHL, MAYOR CORY MASON, TARA COOLIDGE, MAYOR JOHN ANTARAMIAN, MATT KRAUTER, MAYOR ERIC GENRICH, KRIS TESKE, in their official capacities; DOUGLAS J. LA FOLLETTE, Wisconsin Secretary of State, in his official capacity, and TONY EVERS, Governor of Wisconsin, in his official capacity.

    Defendants.

Case No. 20CV1785

---

## DEFENDANT GOVERNOR EVERS'S MOTION TO RECOVER ATTORNEY FEES AND COSTS

Four weeks after Wisconsin's presidential election, Plaintiff Donald J. Trump and his attorneys filed a meritless lawsuit asking for unprecedented relief: to overturn the will of nearly 3.3 million voters by declaring the election void and "remanding" the case to Wisconsin's Legislature. Trump demanded an expedited schedule and virtually immediate resolution of his motion for irrevocable injunctive relief. In a little over a week, Defendants had filed and fully briefed a motion to dismiss, as well as their opposition to Trump's injunction motion, stipulated to facts for a merits hearing, held oral argument, and this Court issued a thorough opinion dismissing the case. Trump then filed an appeal with the U.S. Court of Appeals for the Seventh Circuit. Two days later, Wisconsin's Supreme Court dispatched Trump's parallel state-court claims that were substantially similar to the federal claims. Nonetheless, Trump continued with his meritless appeal, where the issues were fully briefed within a week. On December 24, 2020, the Seventh Circuit upheld this Court's decision both on the merits and under the doctrine of laches. Despite Trump's state-court loss precluding his claims, and Wisconsin's presidential electors officially casting their votes for Joe Biden, Trump filed a motion for certiorari review in the U.S. Supreme Court.

Although Trump's claims were bereft of legal or factual basis, the stakes were immense. Governor Tony Evers had no choice but to defend zealously against the claims and to engage with Trump's scattershot litigation tactics. This litigation imposed significant costs on the taxpayers of Wisconsin. Those costs were needless, because Trump's suit never had any merit, this litigation was precluded by exclusive state-court proceedings, and the costs were exacerbated by strategic choices made by Trump and his lawyers.

Accordingly, Governor Evers respectfully moves this Court to tax his attorney fees and costs—approximately $144,000 to date—against both Trump and his attorneys. The Court can

2

Case 2:20-cv-01785-BHL    Filed 03/31/21    Page 2 of 3    Document 144

and should take these actions using both statutory authority and the Court's inherent power to sanction attorneys for engaging in bad-faith litigation. *See* 28 U.S.C. § 1927; *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 766 (1980).[1]

The grounds for this Motion, as well as the details of the fees and costs sought are set forth in the supporting briefs and declarations that have also been filed with this Court.

Respectfully submitted this 31st day of March, 2021.

/s/ Jeffrey A. Mandell
Jeffrey A. Mandell
Rachel E. Snyder
Richard A. Manthe
STAFFORD ROSENBAUM LLP
222 W. Washington Ave., Suite 900
Madison, WI 53701-1784
Telephone: 608-256-0226
Email: jmandell@staffordlaw.com
Email: rsnyder@staffordlaw.com
Email: rmanthe@staffordlaw.com

*Attorneys for Defendant,
Governor Tony Evers*

---

[1] Had there been sufficient time, Governor Evers would likely have also pursued sanctions under Federal Rule of Civil Procedure 11. However, Rule 11's safe-harbor provision requires that the party moving for sanctions first notify the opposing party and allow 21 days for potential withdrawal or correction before filing a motion for sanctions with the court. Here, Plaintiff filed his claim on December 2 and the Court issued an order dismissing the case on December 12. Thus, the case moved too quickly for Governor Evers to comply with Rule 11's safe-harbor requirement, but it cannot be true that demanding an expeditious process can shield Trump and his attorneys from appropriate consequences for their egregious conduct of this litigation.

3