UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

---

DONALD J. TRUMP, Candidate for President of the United States of America,

    Plaintiff,

v.

THE WISCONSIN ELECTIONS COMMISSION, and its members, ANN S. JACOBS, MARK L. THOMSEN, MARGE BOSTELMANN, DEAN KNUDSON, ROBERT F. SPINDELL, JR., in their official capacities, SCOTT MCDONELL in his official capacity as the Dane County Clerk, GEORGE L. CHRISTENSON in his official capacity as the Milwaukee County Clerk, JULIETTA HENRY in her official capacity as the Milwaukee Election Director, CLAIRE WOODALL-VOGG in her official capacity as the Executive Director of the Milwaukee Election Commission, MAYOR TOM BARRETT, JIM OWCZARSKI, MAYOR SATYA RHODES-CONWAY, MARIBETH WITZEL-BEHL, MAYOR CORY MASON, TARA COOLIDGE, MAYOR JOHN ANTARAMIAN, MATT KRAUTER, MAYOR ERIC GENRICH, KRIS TESKE, in their official capacities; DOUGLAS J. LA FOLLETTE, Wisconsin Secretary of State, in his official capacity, and TONY EVERS, Governor of Wisconsin, in his official capacity.

    Defendants.

Case No. 20CV1785

---

## DECLARATION OF MATTHEW W. O'NEILL

---

Matthew W. O'Neill hereby makes the following declaration:

1.     I am a shareholder at the law firm of Fox, O'Neill & Shannon, S.C. I submit this declaration in support of the request of Defendant Governor Tony Evers for an award of attorneys' fees incurred in this matter.

2. I graduated from Marquette Law School in 1991 and have practiced law in Wisconsin for my entire career. I clerked for Wisconsin Supreme Court Chief Justice Nathan S. Heffernan during the 1991-1992 term. I practiced at Friebert, Finerty & St. John, S.C. from 1992 to 2011, and have practiced at Fox, O'Neill & Shannon, S.C. from 2011 to the present.

3. I have a great deal of experience in election and campaign finance law. I have litigated dozens of election-related disputes before courts and the ever-changing Wisconsin election administrative body, including the Wisconsin State Elections Board, Government Accountability Board and Wisconsin Elections Commission. I served as sole or co-Wisconsin State Counsel for the Obama campaign, the Hillary Clinton campaign, and the Biden campaign. I have represented multiple candidates in statutory recounts, and recently represented the Racine Unified School District Board of Canvassers in conducting a recount of a spending referendum in the Spring 2020 election.

4. In the 2020 Presidential Election cycle I was State Counsel for the Biden for President campaign. Post-election, I represented Joseph R. Biden, Jr. and Kamala D. Harris in the statutory recount of the Milwaukee County and Dane County election results, and the subsequent unsuccessful appeals by the losing candidate. I also represented the Democratic National Committee ("DNC") in connection with various federal lawsuits and state petitions for original action challenging the results of the election, including this case.

5. Aside from the recount proceedings, all of the failed legal challenges to the election results named Governor Tony Evers as a defendant, given his statutory role in the issuance of the Certificate of Ascertainment confirming Wisconsin's chosen Presidential electors and the signing and delivery of the electoral ballots. In every one of these legal challenges, the

plaintiffs or petitioning parties were seeking relief that would overturn the certified results of the Wisconsin election.

6. I personally witnessed and reviewed the legal work of Stafford Rosenbaum on behalf of Governor Evers, including their work in this case.

7. The attorneys at Stafford Rosenbaum provided exemplary representation for Governor Evers. They carefully and diligently responded to the myriad aggressive, often confounding legal theories seeking to overturn a free and fair election.

8. It has been my experience that responding to unsupported, novel or frivolous legal pleadings is more difficult than responding to well-supported and properly drafted pleadings. Responding counsel must first attempt to restate the plaintiffs' claims in a coherent fashion, identify and contextualize the plaintiffs' claims and requested relief, and then present supported legal arguments rebutting the clarified claims and explaining why no relief is warranted.

9. Stafford Rosenbaum, in my view, did an amazing job of identifying the core standing, procedural, factual and substantive legal defects in plaintiff's pleadings in this case, and pursuing a timely path to resolution of the case. The firm achieved a great result by working out a stipulated set of facts with plaintiffs' counsel that supported the court's ultimate dismissal of plaintiff's claims.

10. I reviewed the Declaration of Jeffrey A. Mandell in support of the petition for fees, as well as the detailed time records reflecting the work by Attorney Mandell and other attorneys at Stafford Rosenbaum in this case.

11. During my 30 years of practice, I have become familiar with the range of hourly rates charged by Wisconsin attorneys in election and commercial litigation matters. The post-election litigation in 2020, including this case, was the equivalent of commercial litigation of the

highest order. It involved complicated legal claims, broad factual allegations, issues of state, federal and constitutional law, and incredibly tight deadlines.

12. Based upon my 30 years of professional experience, my experience representing other parties in the post-2020 election litigation, my contemporaneous review of Stafford Rosenbaum's work in this and other cases, and my review of the firm's detailed time records, I offer two opinions for the court's consideration.

13. First, it is my opinion the time spent by the Stafford Rosenbaum team defending the Governor in this case was reasonable, necessary and consistent with high-level professional legal services in complex election litigation. The firm's work and hours spent was proportional to the legal and factual issues presented. The amount of time spent by Stafford Rosenbaum responding to the complaint, motions and the abbreviated evidentiary hearing was consistent with the time spent by me and my co-counsel representing clients in this and other post-election litigation seeking to achieve the same dramatic (and undemocratic) relief.

14. Second, it is my opinion that the hourly rates of $500 for Attorney Mandell and $350 for seasoned associates at Stafford Rosenbaum are reasonable and are consistent with the hourly rates charged for similar legal services in the Wisconsin market in 2020.

15. This declaration is made under penalty of perjury.

Dated this 23rd day of March 2021.

_____
Matthew W. O'Neill