UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

DONALD J. TRUMP, Candidate for President of the United States of America,

    Plaintiff,

v.

THE WISCONSIN ELECTIONS COMMISSION, and its members, ANN S. JACOBS, MARK L. THOMSEN, MARGE BOSTELMANN, DEAN KNUDSON, ROBERT F. SPINDELL, JR., in their official capacities, SCOTT MCDONELL in his official capacity as the Dane County Clerk, GEORGE L. CHRISTENSON in his official capacity as the Milwaukee County Clerk, JULIETTA HENRY in her official capacity as the Milwaukee Election Director, CLAIRE WOODALL-VOGG in her official capacity as the Executive Director of the Milwaukee Election Commission, MAYOR TOM BARRETT, JIM OWCZARSKI, MAYOR SATYA RHODES-CONWAY, MARIBETH WITZEL-BEHL, MAYOR CORY MASON, TARA COOLIDGE, MAYOR JOHN ANTARAMIAN, MATT KRAUTER, MAYOR ERIC GENRICH, KRIS TESKE, in their official capacities; DOUGLAS J. LA FOLLETTE, Wisconsin Secretary of State, in his official capacity, and TONY EVERS, Governor of Wisconsin, in his official capacity.

    Defendants.

Case No. 20CV1785

## DECLARATION OF STACIE H. ROSENZWEIG

The undersigned, Stacie H. Rosenzweig, under penalty of perjury, states as follows:

1. I am an attorney admitted to practice in the states of Wisconsin and Illinois, as well as in the United States District Courts for the Eastern and Western Districts of Wisconsin, the

United States Courts of Appeals for the Second and Seventh Circuits, and the Supreme Court of the United States, among others.

2. Except as otherwise expressly noted, I have personal knowledge of the facts set forth herein, and if I am called as a witness I could and would testify to them.

3. I am currently a shareholder at Halling & Cayo S.C. in Milwaukee, Wisconsin. Halling & Cayo currently employs 16 lawyers. I have been a shareholder since March 1, 2021, and was formerly a non-equity partner from approximately March 1, 2019 to February 28, 2021. I have been employed by Halling & Cayo since November 24, 2014.

4. I received a bachelor of arts degree, *cum laude*, from Beloit College in Beloit, Wisconsin in 1997. After graduation, I worked as a high school teacher and magazine editor. I attended Marquette University Law School from 2006 to 2009, and received my juris doctor in May, 2009, *summa cum laude,* with pro bono honors. Prior to joining Halling & Cayo, I worked as an associate attorney at two small firms in the Milwaukee area.

5. For several years, my practice has focused in large part on the counseling and defense of regulated professionals, particularly lawyers. Relevant to this matter, I routinely defend lawyers in grievance and malpractice proceedings, and provide formal and informal opinions to lawyers and law firms (including my own) regarding ethical issues such as fee agreements and fee structures, conflicts of interest, multijurisdictional practice, handling errors, and other ethical and compliance issues. I serve on the State Bar of Wisconsin's Standing Committee on Professional Ethics, and am co-chair of the Milwaukee Bar Association Courts Committee. I am the chair of the Integration and Engagement Committee for the Association of Professional Responsibility Lawyers, a

national legal ethics organization, and blog regularly on matters of legal ethics and best practices.

6. Also relevant to this matter, I practice in the area of government, political, and election law. My firm is in the process of creating a political practice group that I will chair. I represent candidates before the Wisconsin Elections Commission and other bodies, and have acted as a consultant for ballot access, advertising/communication, ethical compliance, and financial disclosure compliance for candidates for federal, state, and local office. In 2020, I was one of the lead counsels for the plaintiffs in *Edwards v. Vos*, 20-CV-340-WMC, a voting rights case filed in the Western District of Wisconsin, and was co-counsel on site in Milwaukee for the 2020 Presidential Election recount. Additionally, my recent political and government law cases have included *SEIU, Local 1 v. Vos*, 2020 WI 67, ¶1, 393 Wis. 2d 38, 946 N.W.2d 35 (various roles); *Zignego v. Wisconsin Elections Commission*, 2020AP00012/2019AP002397 (Supreme Court of Wisconsin, decision pending) (additional counsel for *amici curie*); *Hartland Sportsmen's Club, Inc. v. City of Delafield*, 2020 WI App 44, ¶1, 393 Wis. 2d 496, 947 N.W.2d 214 (various roles including lead counsel); *Erik Andrade v. City of Milwaukee Board of Fire and Police Commissioners*, Milwaukee County Case No. 2019CV564, Appeal No. 2020AP333 (Court of Appeals Dist. 1, decision pending) (lead appellate counsel for Respondent-Respondent).

Reasonableness of Fees Charged

7. In the course of my legal ethics and professional responsibility practice, I routinely review proposed fee agreements and arrangements as well as those in use, both proactively (for clients seeking an opinion as to whether their fee agreement or

arrangement is compliant with the Rule) and in response to disciplinary investigations where excessive fees or improper agreements are alleged. I have represented clients in fee arbitration and negotiation of fee disputes. I also routinely review invoices sent to and paid by clients, for similar purposes. I have directly participated in some cases involving fee shifting (both as plaintiff's counsel and as defense counsel) but this does not constitute a significant portion of my work.

8. Fees in Wisconsin are governed by SCR 20:1.5. This Rule reads, in relevant part:

   (a) A lawyer shall not make an agreement for, charge, or collect an unreasonable fee or an unreasonable amount for expenses. The factors to be considered in determining the reasonableness of a fee include the following:

   (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

   (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

   (3) the fee customarily charged in the locality for similar legal services;

   (4) the amount involved and the results obtained;

   (5) the time limitations imposed by the client or by the circumstances;

   (6) the nature and length of the professional relationship with the client;

   (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and

   (8) whether the fee is fixed or contingent.

9. In determining how much to award as attorneys' fees when fee shifting is involved and pursuant to a "lodestar" calculation, "the best evidence of an attorney's market rate is his

or her actual billing rate for similar work." *Johnson vi. GDF, Inc.*, 668 F.3d 927, 933 933 (7th Cir. 2012); *see also Mathur v. Bd. of Trustees of S. Il. Univ*, 317 F.3d 738, 743 (7th Cir. 2003) ("the attorney's actual billing rate for comparable work is presumptively appropriate to use as the market rate.")

10. I have reviewed the Declaration of Jeffrey A. Mandell in Support of Fee Petition, as well as the ECF docket for this case and breakdown of fees incurred in this case. I am generally familiar with this case through news coverage but have not been personally involved with it.

11. I am personally acquainted with Attorney Mandell and have worked with him on multiple projects. The *Edwards* case referenced above was consolidated with three other cases in the Western District of Wisconsin, and Attorney Mandell was counsel for other plaintiff groups in the consolidated cases. He has been lead counsel for *amici* on the *Zignego* case and I served as additional counsel. In addition, I serve on the Legal Advisory Council for Law Forward Inc., a nonprofit nonpartisan impact law firm which Attorney Mandell co-founded. He is highly skilled in Wisconsin and federal election and political law.

12. I am not personally acquainted with the other members of Stafford Rosenbaum who performed work on this matter, but have reviewed their biographies on the Stafford Rosenbaum web site and as described in the Declaration of Jeffrey Mandell. Stafford Rosenbaum itself enjoys a stellar reputation for Wisconsin and Federal election and political litigation.

13. In my opinion, the time expended on this case was reasonable given the circumstances. From my own experience, I am aware that election litigation is fast paced and intense; a significant amount of work needs to be performed in a compact time frame, often

5

Case 2:20-cv-01785-BHL   Filed 03/31/21   Page 5 of 7   Document 148

requiring the services of several highly skilled and experienced lawyers. Work for other clients often needs to be postponed or declined. Deadlines imposed by courts or stipulated to by the parties in time-sensitive election litigation are far shorter than those in traditional civil litigation, sometimes requiring filings within days or even hours. As can be seen on the case docket, exceptionally short deadlines were the rule in this case.

14. In my opinion and experience, the timekeeping and billing methods employed by Stafford Rosenbaum as described in the Declaration of Jeffrey Mandell are compliant with the Wisconsin Supreme Court Rules and are commercially reasonable. Fee entry on a daily basis is a best practice, and billing in .1-hour increments is nearly universal for firms that charge an hourly fee. Attorney Mandell exercises appropriate billing judgment to ensure that clients are charged only for work performed and are charged a reasonable amount for same.

15. In my opinion and experience, the hourly rates sought by Attorney Mandell and his firm are consistent with market rates in Wisconsin and within the Seventh Circuit for lawyers with similar skill, experience, and reputation participating in high-stakes, time-sensitive federal litigation in a specialty area of law such as election litigation where there are a limited number of highly skilled practitioners.

I declare, under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct.

Executed on this 30th day of March, 2021,

By: /s/ Stacie H. Rosenzweig
Stacie H. Rosenzweig
WI State Bar No. 1062123
shr@hallingcayo.com

POST OFFICE ADDRESS:
320 E. Buffalo Street
Suite 700
Milwaukee, WI 53202
(414) 271-3400
FAX (414) 271-3841