UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

---

DONALD J. TRUMP, Candidate for President of the United States of America,

    Plaintiff,

v.

THE WISCONSIN ELECTIONS COMMISSION, and its members, ANN S. JACOBS, MARK L. THOMSEN, MARGE BOSTELMANN, DEAN KNUDSON, ROBERT F. SPINDELL, JR., in their official capacities, SCOTT MCDONELL in his official capacity as the Dane County Clerk, GEORGE L. CHRISTENSON in his official capacity as the Milwaukee County Clerk, JULIETTA HENRY in her official capacity as the Milwaukee Election Director, CLAIRE WOODALL-VOGG in her official capacity as the Executive Director of the Milwaukee Election Commission, MAYOR TOM BARRETT, JIM OWCZARSKI, MAYOR SATYA RHODES-CONWAY, MARIBETH WITZEL-BEHL, MAYOR CORY MASON, TARA COOLIDGE, MAYOR JOHN ANTARAMIAN, MATT KRAUTER, MAYOR ERIC GENRICH, KRIS TESKE, in their official capacities; DOUGLAS J. LA FOLLETTE, Wisconsin Secretary of State, in his official capacity, and TONY EVERS, Governor of Wisconsin, in his official capacity.

    Defendants.

Case No. 20CV1785

---

## DECLARATION OF TAMARA B. PACKARD

---

I, Tamara B. Packard, hereby declare as follows:

1. I am a partner in the law firm of Pines Bach LLP ("Pines Bach"). I submit this declaration in support of the Petition for award of attorney fees filed on behalf of

Defendant Governor Tony Evers by the law firm of Stafford Rosenbaum LLP ("Stafford").

2. I have personal knowledge of the facts set forth in this declaration, and, if called as a witness, I could and would testify to them.

3. I joined Pines Bach as an associate in 1999 and became a partner in 2006. I received my B.A. in 1990 from Oberlin College and my J.D. in 1994 from the University of Wisconsin Law School, receiving the National Association of Women Lawyers award for Outstanding Woman Law Graduate. I was Co-Editor-in-Chief of the Wisconsin Women's Law Journal.

4. I am licensed to practice in state courts of Wisconsin, and am admitted to practice before the United States District Courts for the Eastern and Western Districts of Wisconsin, the Western District of Michigan and the United States Court of Appeals for the Seventh Circuit.

5. I regularly appear on behalf of clients in Wisconsin trial and appellate courts throughout Wisconsin, in various administrative fora, and in the Federal District Courts for the Eastern and Western Districts of Wisconsin. I have also presented oral argument to the Wisconsin Supreme Court and the Seventh Circuit Court of Appeals.

6. I concentrate my practice in civil litigation and appeals, emphasizing employee rights and civil rights law. My federal and state court litigation and appellate practice also includes representing businesses in commercial disputes and serving as local counsel in complex consumer and employment class action cases.

7. I was part of the legal team that last year won an injunction in the April 2020 elections that resulted in the enfranchisement of over 79,000 voters, whose ballots otherwise would not have been counted. That injunction was achieved in *Lewis, et al. v. Bostelmann, et al.,* Case No. 20-cv-284-wmc, which originated in the Western District of Wisconsin and was largely upheld in appeals to the United

States Court of Appeals for the Seventh Circuit and the United States Supreme Court.

8. I was also part of the legal team that won an injunction against Wisconsin's Voter ID law in 2012 and successfully defended Wisconsin's Domestic Partnership Registry in 2011. I am rated "AV Preeminent" by Martindale-Hubbell and am a Senior Fellow of the Litigation Counsel of America.

9. As an Adjunct Professor at the University of Wisconsin Law School between 2008 and 2013, I taught courses on sexual orientation and the law. I am a founding board member of the Fair Wisconsin Education Fund and served as its President for the 2006-2007 term.

10. In 2019, I received the Marygold Melli Achievement Award from the Legal Association of Women. The award recognizes and celebrates an outstanding individual in Wisconsin who has made substantial contributions to the interests of women in the law, has achieved professional excellence and has contributed significantly to the eradication of gender bias in the legal system.

11. I was named the Best Lawyers 2017 "Lawyer of the Year" for Madison for "Appellate Practice," Best Lawyers 2016 "Lawyer of the Year" for Madison for "Employment Law-Individuals," and a 2017 Leader in the Law by the Wisconsin Law Journal. I have been listed in Wisconsin SuperLawyers every year since 2010. Wisconsin SuperLawyers ranked me in the "Top 25" women lawyers in the state, as well as in the "Top 25" Madison area attorneys, for 2017.

12. I have been asked by Attorney Jeffrey A. Mandell to provide a declaration relating to Governor Evers' fee petition in the above-captioned case.

13. I have been advised by Attorney Mandell that his firm, Stafford, is seeking an award from this Court based on the rates of $500 an hour for Attorney Mandell's work and $350 per hour for Stafford senior associates Rachel E. Snyder and Richard A. Manthe.

14. I am familiar with Attorney Mandell, including his reputation and skill as a trial and appellate attorney. I am likewise familiar with the reputation of the Stafford

law firm and its associates, Attorneys Snyder and Manthe. I have reviewed their professional biographies.

15. Through my involvement in the Wisconsin legal community, and particularly through my interactions with other attorneys who practice in civil rights and elections litigation, I have become familiar with the rates attorneys in southern Wisconsin charge for their work, including in the highly specialized and complex area of elections and voting rights law.

16. It is my opinion that the hourly rates sought by Stafford for the attorneys who worked on this case are reasonable. This firm has an outstanding reputation for its trial and appellate work. Indeed, the rates sought are probably somewhat low.

17. I have also reviewed a summary of the work performed by the Stafford attorneys and rulings issued in this case, the case docket, and the compressed time-line for this litigation. Based on the complexity of the issues and circumstances, including tight timeframes for submissions and responses, the activities performed and number of hours worked are reasonable and would be appropriate if billed to a client of Stafford.

18. It is also my opinion that the allocation of tasks between the partner, Attorney Mandell, and the associates, Attorneys Snyder and Manthe, was appropriate. While there may have been some overlap of work performed among counsel, this overlap was reasonable given the compressed timeframe.

    This declaration is made under penalty of perjury.

    Dated this 30th day of March 2020.

>    */s/ Tamara B. Packard*
>    Tamara B. Packard