# United States Court of Appeals for the Fifth Circuit

_____

No. 20-40643
_____

Texas Alliance for Retired Americans; Sylvia Bruni; DSCC; DCCC,

*Plaintiffs—Appellees*,

*versus*

Ruth Hughs, *in her official capacity as the Texas Secretary of State*,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:20-CV-128

_____

Before Clement, Elrod, and Haynes, *Circuit Judges*.

Per Curiam:[*]

IT IS ORDERED that Appellees' opposed motion to supplement the record with attached declarations is DENIED.

IT IS FURTHER ORDERED that Appellant's opposed motion to strike portions of Appellees' brief that improperly reference non-record material is GRANTED.

---

[*] Judge Haynes concurs in the first two orders but would deny the motion for sanctions.

No. 20-40643

IT IS FURTHER ORDERED that Appellant's opposed motion to sanction Appellees' counsel is GRANTED. Appellees did not notify the court that their latest motion to supplement the record filed on February 10, 2021 was nearly identical to the motion to supplement the record filed several months ago by the same attorneys, on September 29, 2020. Critically, Appellees likewise failed to notify the court that their previous and nearly identical motion was denied. This inexplicable failure to disclose the earlier denial of their motion violated their duty of candor to the court. Moreover, to the extent that their motion, without directly saying so, sought reconsideration of their already denied motion, the motion was filed beyond the fourteen-day window for filing motions for reconsideration set forth in Federal Rule of Appellate Procedure 40(a)(1) and Fifth Circuit Rules 27.2 and 40, and they did not seek permission to file out of time.

Appellees' only explanation for their redundant and misleading submission is that they construed the original denial of their motion to supplement the record as an order that applied only to the emergency stay proceedings. However, Appellees' original motion to supplement the record on appeal was not limited to the stay proceeding, nor was the order denying it so limited. There is no legal basis to support Appellees' *post hoc* contention that motions to supplement the record apply only to one stage of an appeal.[1]

If Appellees had any confusion about the application of the order, they could have and should have disclosed the previously denied motion in their new motion. Moreover, after Appellant notified Appellees that they

---

[1] When the panel granted a stay in this case in September 2020, it deferred a merits determination as to Appellees' standing. *See Tex. All. for Retired Ams. v. Hughs*, 976 F.3d 564, 567–68 (5th Cir. 2020). But it had not deferred the entirely distinct question of whether Appellees could supplement the record on appeal. By the time the opinion was published, Appellees' motion to supplement the record had already been denied without caveat.

No. 20-40643

intended to file a motion for sanctions based on this lack of candor and violation of local rules, Appellees could have withdrawn their motion. But they did not. Instead, they stood by a motion that multiplied the proceedings unreasonably and vexatiously.

Sanctions are warranted in this case to deter future violations. The attorneys listed on the February 10, 2021 motion to supplement the record shall pay: (i) the reasonable attorney's fees and court costs incurred by Appellant with respect to Appellees' duplicative February 10, 2021 motion, to be determined by this court following the filing of an affidavit by Appellant and any response by Appellees, and (ii) double costs. *See* 28 U.S.C. § 1927; *Automation Support, Inc. v. Humble Design, L.L.C.*, 982 F.3d 392, 395 (5th Cir. 2020); *Engra, Inc. v. Gabel*, 958 F.2d 643, 645 (5th Cir. 1992); *Renobato v. Merrill Lynch & Co.*, 153 F. App'x 925, 928 (5th Cir. 2005).

The attorneys listed on the motion are also encouraged albeit not required to review Rule 3.3 of the Model Rules of Professional Conduct (Candor Toward the Tribunal) and complete one hour of Continuing Legal Education in the area of Ethics and Professionalism, specifically candor with the court. Further violations of this court's rules may subject the attorneys to further sanctions under this court's inherent powers.

# United States Court of Appeals
**FIFTH CIRCUIT**
**OFFICE OF THE CLERK**

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE,**
**Suite 115**
**NEW ORLEANS, LA 70130**

March 11, 2021

MEMORANDUM TO COUNSEL OR PARTIES LISTED BELOW:

    No. 20-40643   TX Alli for Retd Americans v. Hughs
                    USDC No. 5:20-CV-128

Enclosed is an order entered in this case.

                    Sincerely,

                    LYLE W. CAYCE, Clerk

                    By: _____
                    Shawn D. Henderson, Deputy Clerk
                    504-310-7668

Ms. Stephanie Command
Mr. Todd Lawrence Disher
Mr. Marc Erik Elias
Mr. Matthew Hamilton Frederick
Ms. Skyler Howton
Ms. Lalitha Madduri
Mr. Daniel C. Osher
Mr. Bruce Van Spiva
Mr. Judd Edward Stone II
Mr. Patrick K. Sweeten
Mr. William Thomas Thompson