UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DONALD J. TRUMP,

    Plaintiff,

v.                                           Case No. 20-CV-1785-BHL

WISCONSIN ELECTIONS COMMISSION,
*et al.*,

    Defendants.

## REPLY OF DEFENDANTS GEORGE L. CHRISTENSON AND
## JULIETTA HENRY IN SUPPORT OF THEIR MOTION FOR ATTORNEY FEES

    In further support of their motion for attorney fees (ECF No. 155) and in response to plaintiff Donald J. Trump's opposition memorandum (ECF No. 164), defendants George L. Christenson, in his capacity as the Milwaukee County Clerk, and Julietta Henry, in her capacity as the Milwaukee County Elections Director (together, "Milwaukee County"), join and incorporate the arguments in Governor Evers's reply in support of his motion for fees (ECF No. 170). In addition, Milwaukee County submits this additional reply to emphasize that, in addition to the numerous other grounds for granting the defendants' motions, the impropriety and baselessness of the remedy Trump sought in this lawsuit – to invalidate and discard the votes of nearly 3.3 million voters – independently justifies an award of fees.

    Milwaukee County's opening brief explained in detail, citing controlling and persuasive case law, why Trump's requested relief lacked any legal basis. (*See* ECF No. 156 at 5-7.) Trump's opposition does not answer the County's arguments, does not address its cases, and instead offers only a single-sentence response that entirely avoids the issue. "The viability of President Trump's

1

claim for relief," he wrongly asserts, "was confirmed by the Seventh Circuit." (ECF No. 164 at 53.) In support of this assertion, Trump points to the Seventh Circuit's ruling that he his claims were justiciable and that he therefore had standing to bring this lawsuit. (*Id.* at 3, citing *Trump v. Wis. Elections Comm'n,* 983 F.3d 919, 924-25 (7th Cir. 2020).)

But Trump's response commits a basic mistake: it confuses a ruling on standing with a ruling on the merits. The Supreme Court has repeatedly cautioned against conflating the two. *See, e.g., Arizona State Legislature v. Arizona Independent Redistricting Com'n,* 576 U.S. 787, 800 (2015) ("[O]ne must not confuse weakness on the merits with absence of Article III standing.") (internal punctuation and citation omitted); *Warth v. Seldin,* 422 U.S. 490, 500 (1975) ("[S]tanding in no way depends on the merits of the plaintiff's contention."). The Seventh Circuit merely held that Trump had alleged "enough to demonstrate Article III standing" because his asserted injury could likely be redressed in some way by a favorable decision. *Trump,* 983 F.3d at 924-25.

Trump cannot twist the Seventh Circuit's conclusion on standing into a blessing of his desired remedy on the merits, for the two inquiries are separate; "standing in no way depends on the merits." *Warth,* 422 U.S. at 500. As this Court correctly found, Trump's "requests for relief [were] even more *extraordinary*" than his underlying claims. (ECF No. 134 at 1.) Indeed, his attempt to overturn the election results in Wisconsin and discard the votes of millions of Wisconsinites was unprecedented and without any legal basis.

Trump's opposition brief only confirms this fact. In its opening brief, Milwaukee County pointed out that a federal court has no authority to "remand" a case to a state legislature – the remedy originally sought by Trump. (ECF No. 156 at 5.) Trump offers no response. The County argued that erasing millions of votes would be unconstitutional, citing, among other authorities, the principle from *Reynolds v. Sims,* 377 U.S. 533, 555 (1964), that "the right to vote can neither

2

be denied outright, nor destroyed by alteration of ballots." (ECF No. 156 at 6.) Again, Trump does not respond and indeed does not even bother to mention the County's argument or cases. Likewise, Trump ignores the Middle District of Pennsylvania's ruling, cited by Milwaukee County, that a federal court "has no authority to take away the right to vote of even a single person." *Donald J. Trump for President, Inc. v. Boockvar,* No. 4:20-cc-02078, 2020 WL 6821992, at *13 (M.D. Pa. Nov. 21, 2020). Trump has effectively conceded these points, and he has made no effort to show that he had any good-faith legal basis to come to this Court demanding such unprecedented relief.

Finally, Trump does not object to and therefore also concedes the reasonableness of the fees incurred by Milwaukee County in defending this lawsuit. Should the Court find that fees are warranted, the County will supplement its submission to include additional fees incurred since it filed its motion.

For these reasons and the reasons set forth in Milwaukee County's initial brief and the defendants' other briefs, the Court should award Milwaukee County its fees for having to defend this extraordinary, baseless, and costly lawsuit.

Dated at Milwaukee, Wisconsin this 27th day of August, 2021.

                                        **HANSEN REYNOLDS LLC**

                                        */s/ Andrew A. Jones*
                                        Andrew A. Jones
                                        James F. Cirincione
                                        301 N. Broadway, Suite 400
                                        Milwaukee, WI 53202
                                        (414) 455-7676 (phone)
                                        (414) 273-8476 (fax)
                                        ajones@hansenreynolds.com
                                        jcirincione@hansenreynolds.com

                                        John W. McCauley
                                        10 E. Doty Street, Suite 800
                                        Madison, WI 53703
                                        (608) 841-1351 (phone)
                                        jmcauley@hansenreynolds.com

                                        *Attorneys for Defendants*
                                        *George L. Christenson and Julietta Henry*