**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION**

| | |
|---|---|
| Donald J. Trump, Candidate for President of the United States of America,<br><br>    Plaintiff,<br><br>vs.<br><br>The Wisconsin Elections Commission, and its members, Ann S. Jacobs, Mark L. Thomsen, Marge Bostelman, Dean Knudson, Robert F. Spindell, Jr., in their official capacities, Scott McDonell in his official capacity as the Dane County Clerk, George L. Christenson in his official capacity as the Milwaukee County Clerk, Julietta Henry in her official capacity as the Milwaukee Election Director, Claire Woodall-Vogg in her official capacity as the Executive Director of the Milwaukee Election Commission, Mayor Tom Barrett, Jim Owczarski, Mayor Satya Rhodes-Conway, Maribeth Witzel-Behl, Mayor Cory Mason, Tara Coolidge, Mayor John Antaramian, Matt Krauter, Mayor Eric Genrich, Kris Teske, in their official Capacities; Douglas J. La Follette, Wisconsin Secretary of State, in his official capacity, and Tony Evers, Governor of Wisconsin, in his Official capacity.<br><br>    Defendants. | Case No. 2:20-cv-01785-BHL |

**PLAINTIFF'S SUR-REPLY IN RESPONSE TO GOVERNOR EVERS' REPLY IN SUPPORT OF PETITION FOR ATTORNEYS' FEES AND SANCTIONS**

Plaintiff, Donald J. Trump, by counsel, respectfully submits this Sur-Reply and states as follows:

1. On August 27, 2021, Governor Evers filed his Reply in support of his petition for attorneys' fees and sanctions.

2. This short Sur-Reply is limited to newly raised cases, arguments, and factual claims set forth for the first time in the Governors' Reply which Plaintiff could not have anticipated or addressed in his response filed July 19, 2021.[1]

3. In his Reply Governor Evers extensively quoted from two, unreported federal district court decisions from district courts in Colorado and Michigan, *O'Rourke v. Dominion Voting Systems Inc.*, 2021 WL 3400671 (D. Col. August 3, 2021) and *King v. Whitmer*, No. 20-13134 (E.D. Mich. August 25, 2021), that were decided *after* former President Trump's response brief was filed.

4. Governor Evers relied upon the *O'Rourke* and *King* cases to raise two new arguments not previously made by him, and further, inserted in his Reply several new factual contentions not raised in his opening submission.

5. New arguments and claims raised for the first time in the Reply were: (a) the contention that the "required degree of due diligence and pre-filing investigation is heightened in a volatile post-election environment;"[2] and (b) the inaccurate contention, repeatedly made, that Trump's counsel improperly "borrowed" from other cases and lawyers.[3] Neither were raised in the Governor's opening brief.[4]

---

[1] By limiting this Sur-Reply to Governor Evers' newly raised cases and arguments Plaintiff does not intend to concede any arguments raised in Governor Evers' Reply, with the exception that Plaintiff acknowledges that while disputing Governor Evers' entitlement to any fees whatsoever, Plaintiff has chosen not to contest the reasonableness of the *amount* of the fees sought in the Governor's opening submission.

[2] Evers' Reply at 9 (Dkt. No. 170), quoting *O'Rourke*.

[3] Evers' Reply at 9-11.

[4] Governor Evers also asserted that, "Trump failed to effectuate service until the morning of the evidentiary hearing." Evers Reply at 11. This assertion is inconsistent with Governor Evers' inaccurate claim in his opening brief that, "not all defendants were properly served or asked to

2

Case 2:20-cv-01785-BHL    Filed 09/03/21    Page 2 of 7    Document 173-1

6. While the decisions in the *King* and *O'Rourke* cases were not released until August, 2021 and the Governor thus could not have quoted from these two district court decisions previously, this does not explain why the Governor did not raise his new *arguments* or *factual claims* in his opening brief. In fact, each of the newly raised arguments and factual assertions could have been raised previously, and the Governor does not contend otherwise.

7. New arguments raised for the first time in a reply brief are waived. *See, e.g., Carter v. Tennant Co.*, 383 F.3d 673, 679 (7th Cir. 2004) (litigant "waived . . . argument . . . because he presented it for the first time in his reply brief"); *APS Sports Collectibles, Inc. v. Sports Time, Inc.*, 299 F.3d 624, 631 (7th Cir. 2002) (argument which "appeared for the first time in . . . reply brief, . . . is too late"); *James v. Sheahan*, 137 F.3d 1003, 1008 (7th Cir.1998) ("Arguments raised for the first time in a reply brief are waived"); *Help At Home Inc. v. Med. Cap., L.L.C.*, 260 F.3d 748, 753 n.2 (7th Cir. 2001) (same).

8. Therefore, this Court should not consider any of the new factual assertions and legal arguments made for the first time in the Governors' Reply; they have all been waived.

9. In any case, even if new arguments based on the *O'Rourke* and *King* cases were considered by this Court, it is evident that the *O'Rourke* and *King* decisions are considerably different from this case. Those cases are two of a series of cases filed around

---

waive service." Governor Evers' Brief in Support of His Petition for Attorneys' Fees and Sanctions at 20 (Dkt. 145).

the country that stemmed from allegations championed by attorneys Sidney Powell and Lin Wood[5] and which alleged among other things that:

    a. "[A]bsentee voting counts in some counties in Michigan have likely been manipulated by a computer algorithm,' and [] at some time after the 2016 election, software was installed that programmed tabulating machines to 'shift a percentage of absentee ballot votes from Trump to Biden.'"[6]

    b. Voting machine manufacturers "Smartmatic and Dominion were founded by foreign oligarchs and dictators to ensure computerized ballot stuffing and vote manipulation to whatever level was needed to make certain Venezuelan dictator Hugo Chavez never lost another election."[7]

    c. "The several spikes cast solely for Biden could easily be produced in the Dominion system by preloading batches of blank ballots in files such as Write-Ins, then casting them all for Biden using the Override Procedure (to cast Write-In ballots) that is available to the operator of the system."[8]

    d. "Dominion intentionally and purposefully designed its voting system with inherent errors to create systemic fraud and influence election results."[9]

10. Thus, unlike this case, both cases proceeded on a theory that manipulation of voting machines and algorithms within voting machine software resulted in coordinated voting fraud by election officials.

11. No allegations such as those set forth above were made by Plaintiff in this case, and the Governor has not identified a single material allegation in common between Plaintiff's complaint and the complaints filed in the *O'Rourke* and *King* cases.

---

[5] In the *O'Rourke* case counsel merely copied wholesale the pleadings of Ms. Powell and Mr. Wood from other cases. *O'Rourke*, *26 - *28. In the *King* case Ms. Powell and Mr. Wood were listed as counsel for Plaintiffs.
[6] *King,* Slip Op. at 15.
[7] *Id.*
[8] *Id.*
[9] *O'Rourke*, *5.

4

12. The *O'Rourke* and *King* cases also involved hearings in which the lawyers were questioned by the court concerning the factual basis for concerning allegations made in their complaints and were unable to adequately substantiate material *factual* assertions made by them.[10]

13. Unlike the *O'Rourke* and *King* cases, the instant case was tried to the Court on the core material facts from the Complaint that *Governor Evers agreed and stipulated were true*.

14. Governor Evers has not alleged that a single factual assertion made by Plaintiff's counsel in this case was false or misleading. This difference alone demonstrates that this case is miles away from the lawyering taken to task by the courts in the *O'Rourke* and *King* cases.

15. Thus, not only is Governor Evers' claim that the "required degree of due diligence and pre-filing investigation is heightened in a volatile post-election environment"[11] a new argument improperly raised for the first time in a reply, it is also disingenuous, given his agreement with the core facts alleged in the Complaint and tried to the Court.

16. Regrettably, and ironically, to try to squeeze this case into the *O'Rourke* and *King* fact patterns Governor Evers distorts the record, making baseless, untrue, factual assertions which are entirely unsubstantiated.

17. Governor Evers' repetitive claims of alleged "'borrowing' by Trump's counsel" lack a good faith factual basis, because he does not, and cannot, cite to any paragraphs in

---

[10] *O'Rourke*, *26 – *28 (at oral argument the court questioned counsel regarding their factual inquiry); *King*, slip op. at 46-47, 65-66 (same).
[11] Evers' Reply at 9, quoting *O'Rourke*.

5

the Complaint, outside of a single footnote referencing only broad legal concepts not related to Wisconsin-specific factual allegations,[12] that were borrowed from any other pleading or from allegations made in any other case. Governor Evers ignores the obvious and crucial material difference between citing a source for *legal analysis* and copying *factual allegations* made by other lawyers without investigating or otherwise substantiating them.

18. There exists no support for Governor Evers' claim that apart from the generally applicable legal analysis discussed above, "Trump's counsel relied on the work of other lawyers in other cases from other states for the framework of their claims[.]"[13]

19. In short, Governor Evers' zeal to construct a narrative about this case to try to make it fit the *O'Rourke* and *King* fact patterns has led him to do the very thing he falsely accuses Plaintiff's counsel of doing. Governor Evers himself has made unsubstantiated factual claims, lacking any evidentiary basis, which are not supported by

---

[12] Complaint (Dkt. 1), p. 10, ¶ 45, n. 5. In this footnote Plaintiff's counsel freely acknowledged "borrowing" ideas (i.e., drawing on and appropriately crediting the source of those ideas), from ten state attorneys general in relation to broad legal principles related to separation of powers under the Electors Clause. No factual allegations pertaining to what happened in Wisconsin were borrowed, nor does the footnote suggest that any were borrowed. Governor Evers failed to describe that the section of the Complaint in which the footnoted acknowledgment is located is entitled "*The Election Clauses and Separation of Powers Provisions of the U.S. Constitution Safeguard Liberty and Fair and Free Elections.*" As suggested by this heading, this short section in the Complaint solely describes the separation of powers principles in the U.S. Constitution and makes the point that a purpose of the Electors Clause was to preserve separation of powers and federalism by ensuring that State Legislatures were the sole body in each state with the authority to direct how Presidential Electors will be chosen. This section of the Complaint contained no allegations unique to the State of Wisconsin, but rather referenced only *legal principles* derived from the U.S. Constitution, separation of powers and the Electors Clause which are *applicable in all 50 States*. Thus, the charge that this single reference to legal analysis contained in an *amicus* brief filed in another case was somehow inappropriate or indicative of a lack of due diligence by Plaintiff's counsel in investigating Wisconsin-specific facts ignores the distinction between legal analysis and factual allegations.
[13] Evers' Reply at 11.

the factual record in this case. For this reason as well, Governor Evers' motion for fees should be denied.

WHEREFORE, the Plaintiff respectfully submits this Sur-Reply and requests the Court deny Defendants' petitions and grant all other just and proper relief.

Respectfully Submitted,

KROGER, GARDIS & REGAS, LLP

/s/ William Bock, III
William Bock III, Indiana Attorney No. 14777-49
James A. Knauer, Indiana Attorney No. 5436-49
Kevin D. Koons, Indiana Attorney No. 27915-49

ATTORNEYS FOR PLAINTIFF DONALD J. TRUMP

KROGER, GARDIS & REGAS, LLP
111 Monument Circle, Suite 900
Indianapolis, IN 46204
Phone: (317) 692-9000

## CERTIFICATE OF SERVICE

A copy of the foregoing document was served upon all parties' counsel of record via this Court's CM/ECF service on this 3rd day of September, 2021.

/s/ William Bock, III