UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DONALD J. TRUMP,

    Plaintiff,
v.

                 Case No. 20-cv-1785-BHL

The WISCONSIN ELECTIONS COMISSION, ET AL.

    Defendants.

---

### ORDER DENYING MOTIONS FOR ATTORNEYS' FEES

---

  On December 12, 2020, this Court rejected Plaintiff Donald J. Trump's claim that the Defendants, a group of state and local government officials, violated the Electors Clause in Article II, Section 1 of the Constitution. The ruling came just ten days after Plaintiff filed his complaint and just two days after the parties offered argument based on a set of stipulated facts. Plaintiff appealed, and, on December 24, 2020, the Seventh Circuit affirmed the Court's ruling. The entire episode appeared to be over in less than a month.

  Then, three months later, three groups of defendants returned to this Court, asking for an award of attorneys' fees against Plaintiff and his counsel. Defendant Tony Evers, the Governor of Wisconsin, seeks to recover his attorneys' fees and costs under 28 U.S.C. §1927 and the Court's inherent authority. ECF No. 144. Defendants George L. Christenson and Julietta Henry, respectively the Milwaukee County Clerk and Elections Director, (the Milwaukee County Movants) join Governor Evers' arguments. ECF No. 155. Defendants Cory Mason, Tara Coolidge, John Antaramian, Matt Krauter, Eric Genrich, and Kris Teske, the Mayors and City Clerks of Racine, Kenosha, and Green Bay, (the City Movants) also seek fees and costs under Section 1927 and the Court's inherent authority, but additionally invoke 28 U.S.C. §1988, which allows the Court to award fees to "prevailing parties" in civil rights lawsuits. ECF No. 152.

  In the end, all three groups' requests for fees must be denied because the Court lacks jurisdiction to grant them. In *Overnite Transp. Co. v. Chicago Indust. Tire Co.*, 697 F.2d 789,

792 (7th Cir. 1983), the Seventh Circuit held that a motion for attorneys' fees is filed too late, and a district court lacks jurisdiction to grant it, if the movant waits to seek relief until after the conclusion of an appeal on the merits. The Court of Appeals has never overruled this longstanding precedent, which this Court must therefore follow. *See Lightspeed Media Corp. v. Smith*, 761 F.3d 699, 707–08 (7th Cir. 2014) (confirming that *Overnite* is still governing law). Accordingly, all three pending motions for fees will be denied.

Even if *Overnite* was not an obstacle, this Court would decline to exercise its discretion to award fees to the first two groups of movants. Governor Evers and the Milwaukee County Movants have not established that the conduct of Plaintiff and his lawyers *toward them* warrants an award of fees. Plaintiff may have had far from noble intentions in filing this lawsuit, but his legal claims were not frivolous, and his counsel's litigation of the case was not sufficiently unreasonable or vexatious to warrant an award of fees. The City Movants stand on different ground, however. They have shown that Plaintiff and his counsel continued the case against them without offering any material evidence of their personal involvement in the challenged conduct that lies at the heart of Plaintiff's claims. The pursuit of claims against them was therefore unnecessary, unreasonable, and vexatious within the meaning of Section 1927. Moreover, these movants are also prevailing parties entitled to fees under Section 1988, a provision none of the other movants invokes. Thus, of the three groups of movants, the Court would award fees to only the third group, if it had the jurisdiction to do so.[1]

## ANALYSIS

**I.    Movants' Requests for Attorneys' Fees Are Untimely Under Seventh Circuit Law.**

Plaintiff opposes all three motions for fees on grounds that the Seventh Circuit's *Overnite* decision renders the requests untimely and beyond this Court's jurisdiction. ECF No. 164 at 25–34. Based on *Overnite*'s holding, the Court has no choice but to agree.

In *Overnite*, a plaintiff brought suit in federal court to recover freight charges under the Interstate Commerce Act. *Overnite*, 697 F.2d at 791. The district court dismissed the complaint for lack of subject matter jurisdiction, a ruling the Seventh Circuit later affirmed on appeal. 668 F.2d 274 (7th Cir. 1981). After prevailing on the appeal, the defendant sought an award of

---

[1] The Court offers this alternative ruling and explanation for purposes of judicial economy in the event of an appeal and the overruling or narrowing of *Overnite*.

attorneys' fees in the district court under 28 U.S.C. §1927. 697 F.2d at 791. The district court granted the motion, concluding that the plaintiff's jurisdictional argument had "no basis in law." *Id.* at 792. In a second appeal, the Seventh Circuit vacated the attorneys' fees award, holding the district court lacked jurisdiction to award fees in the first place. *Id.* at 793–94. The Court of Appeals explained that the defendant's filing of a notice of appeal from the district court's first jurisdictional ruling deprived the district court of further jurisdiction and thus additional proceedings could not take place in the district court without leave of the appellate court. *Id.* at 792. The Seventh Circuit then identified exceptions to this general rule, including where "jurisdiction is reserved expressly by statute, or if the court expressly reserves or retains such jurisdiction, or while the court is entertaining motions collateral to the judgment or motions which would aid in resolution of the appeal." *Id.* at 792–94. But these "exceptions only apply to those motions filed with the [d]istrict [c]ourt while the appeal on the merits is pending." *Id.* at 792. Because the district court had not reserved jurisdiction, jurisdiction was not reserved by statute, and no motions were filed in either the district court or Court of Appeals while the first appeal was pending, the Court of Appeals held the district court lacked jurisdiction to rule on the attorneys' fees motion. *Id.* at 793–94.

Movants acknowledge that *Overnite* has not been overruled but invite the Court to decide their motions anyway. Governor Evers criticizes *Overnite*, calling it both an "outlier" and "of questionable validity" and suggests it was "implicitly abrogated" by the Supreme Court. ECF No. 170 at 13–14. But counsel's disapproval of the *Overnite* holding is not a basis for this Court to disregard Seventh Circuit precedent. *See Reiser v. Residential Funding Corp.*, 380 F.3d 1027, 1029 (7th Cir. 2004) ("Just as the court of appeals must follow decisions of the Supreme Court whether or not we agree with them, . . . so district judges must follow the decisions of this court whether or not they agree." (citations omitted)); *Union Carbide Corp. v. Consol. Rail Corp.*, 517 F. Supp. 1094, 1097 (N.D. Ill. 1981) ("For a District Judge in this Circuit, however, the answer is both short and simple. It is neither permissible nor seemly to engage in the weighing of other authority in the presence of a direct precedent from our Court of Appeals.").

Governor Evers' suggestion, *see* ECF No. 145 at 28–30, that three subsequent Supreme Court decisions have displaced *Overnite* and its holding does not bear scrutiny. The first case he cites, *White v. New Hampshire. Dep't of Empl. Sec.*, 455 U.S. 445 (1982), concerned whether a

motion for attorneys' fees under 42 U.S.C. §1988 was governed by Fed. R. Civ. P. 59(e) and, hence, had to be filed within 10 (now 28) days of the entry of judgment. *Id.* at 446–47. In concluding that Rule 59(e) did not apply, the Court discussed the timeliness of motions for fees, but nothing in *White* touched upon, let alone abrogated, the Seventh Circuit's rationale in *Overnite*. *Id.* at 452–53. The other two cases Evers cites addressed district courts' authority to enter Rule 11 sanctions. In *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384 (1990), the Court confirmed that a district court retained jurisdiction to award fees under Rule 11 even after a voluntary dismissal. *Id.* at 395. And, in *Willy v. Coastal Corp.*, 503 U.S. 131 (1992), the Court held that a district court that concluded it lacked subject matter jurisdiction could nevertheless impose Rule 11 sanctions for misconduct that occurred before the jurisdictional determination. *Id.* at 137–39. But neither *Cooter & Gell* nor *Willy* says anything about district court jurisdiction after the filing of a notice of appeal or the conclusion of an appeal on the merits—the issue addressed in *Overnite*.

Indeed, more than two decades after the latest of these Supreme Court cases, the Seventh Circuit discussed *Overnite* without any hint that the Court of Appeals thought the case no longer good law. In *Lightspeed Media Corp.*, 761 F.3d at 707–08, the Seventh Circuit affirmed an award of attorneys' fees entered seven months after the underlying action had been voluntarily dismissed. In an opinion by then-Chief Judge Wood, the Court of Appeals cited and distinguished *Overnite*, but did not indicate the holding had been abrogated by the Supreme Court. *See id.* The Court of Appeals held that the district court had retained jurisdiction to decide the motion for sanctions even after dismissal of the case because no appeal had been filed from the final judgment. *Id.* at 708. With no appeal from the merits ruling, jurisdiction remained in the district court and "[i]t was up to the district court to decide, in its discretion, whether [the] motion was timely." *Id.* The panel affirmed the district court's award of fees, concluding that its timeliness determination was not an abuse of discretion. *Id.* Nothing in this analysis suggests the Court of Appeals thought *Overnite* had been "implicitly abrogated" by the Supreme Court.

It is undisputed that all three groups of moving defendants waited to seek fees until three months after the conclusion of Plaintiff's appeal on the merits in this case. This Court had not reserved jurisdiction, nor did jurisdiction remain in the Court by statute. Accordingly, because there was no pending motion in this Court or in the Court of Appeals when the appeal ended, under *Overnite*, this Court lacks jurisdiction to consider these motions, which are therefore denied.

## II. *Overnite*'s Jurisdictional Holding Aside, the Court Would Not Award Fees to Governor Evers or the Milwaukee County Movants.

Even if this Court had jurisdiction to decide the pending motions, Governor Evers and the Milwaukee County Movants have not shown that an award of fees is justified. The Court is not persuaded that Plaintiff's counsel's handling of this case with respect to *these movants* warrants an award of fees under Section 1927.[2] Nor have these movants made a sufficient case for the Court to exercise its inherent Article III power to award sanctions against Plaintiff or his counsel.

Section 1927 provides for an award of fees against counsel whose conduct of a case results in excessive costs:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. §1927. Thus, an attorney who "multiplies the proceedings . . . unreasonably and vexatiously" may be ordered to personally satisfy the expenses caused by his conduct. *See*, *e.g.*, *Kapco Mfg. Co. v. C & O Enters., Inc.*, 886 F.2d 1485, 1491 (7th Cir. 1989) (quoting *Knorr Brake Corp. v. Harbil, Inc.*, 738 F.2d 223, 226 (7th Cir. 1984)). A lawyer's conduct is objectively unreasonable and vexatious where he "pursues a path that a reasonably careful attorney would have known, after appropriate inquiry, to be unsound[.]" *In re TCI, Ltd.*, 769 F.2d 441, 445 (7th Cir. 1985). The Seventh Circuit has affirmed awards of fees under Section 1927 in situations where "counsel acted recklessly, counsel raised baseless claims despite notice of the frivolous nature of these claims, or counsel otherwise showed indifference to statutes, rules, or court orders." *Kostilieris v. Chalmers*, 966 F.2d 1181, 1184–85 (7th Cir. 1992).

Governor Evers and the Milwaukee County Movants offer a battery of complaints about Plaintiff's counsel's filing and prosecution of this case, but none of the criticisms, whether considered individually or collectively, rise to a level that would warrant an award of fees under Section 1927. Movants lead with the argument that Plaintiff and his counsel unreasonably and

---

[2] Movants are less than careful in requesting a fee award against both Plaintiff and his counsel under this statute. By its express terms, Section 1927 only authorizes a fee award against attorneys or otherwise admitted party representatives who unreasonably and vexatiously multiply proceedings. The statute does not authorize an award of fees against a party who is not representing himself. *See*, *e.g.*, *1507 Corp. v. Henderson*, 447 F.2d 540, 542 (7th Cir. 1971).

vexatiously multiplied proceedings because they delayed too long in filing this lawsuit. ECF No. 145 at 10. Movants rely on the Seventh Circuit's holding that Plaintiff's claims were barred by laches. *See Trump v. Wisconsin Elections Comm'n*, 983 F.3d 919, 926 (7th Cir. 2020). This argument has merit; Plaintiff and his counsel lost because, among other reasons, they waited too long to complain about the Wisconsin Elections Commission's guidance that formed the basis of Plaintiff's Electors Clause claim. Movants fall short, however, of establishing that counsel's conduct materially multiplied the proceedings *in this case*, as required for an award of fees under Section 1927. Much, if not all, of the delay that led to the Seventh Circuit's laches determination occurred before this case was even filed. *See Trump*, 983 F.3d at 926. Counsel ought not be faulted for delays he inherited. Moreover, laches is an equitable doctrine that must be raised as an affirmative defense, *see*, *e.g.*, *Hawxhurst v. Pettibone Corp.*, 40 F.3d 175, 181 n.5 (7th Cir. 1994), and this Court does not conclude that counsel acted unreasonably in filing a lawsuit to test that defense. The Court also notes that Plaintiff's counsel took several steps to ensure the case was resolved expeditiously. Counsel agreed to an expedited hearing schedule, dropped his request to subpoena live witnesses, and agreed to a set of dispositive facts. *See*, *e.g.*, ECF No. 127. This is the opposite of the type of conduct Section 1927 is intended to deter.

Movants' other main arguments fail to account for the federal issue presented in this case and confuse a lack of merit with frivolousness. Contrary to movants' complaints, ECF No. 145 at 11–12, counsel did not act unreasonably in filing this case alongside other parallel state court litigation, given that this case involved a federal constitutional claim. While state court issues were more properly resolved in the state system, Plaintiff's Electors Clause challenge was appropriately presented in this Court. That the constitutional claim was ultimately determined to be without merit does not render counsel's pursuit of the claim frivolous—especially where the governing law was, as the Seventh Circuit noted, "sparse." *Trump*, 983 F.3d at 926. Movants' assertion that counsel filed a complaint that failed to state a claim, ECF No. 145 at 13–14, ignores that Plaintiff lost on the merits, not for procedural reasons. Both this Court and the Seventh Circuit concluded that Plaintiff's complaint sufficiently alleged a justiciable claim. *Trump v. Wisconsin Elections Comm'n*, 506 F. Supp. 3d 620, 631 (E.D. Wis. 2020); *Trump*, 983 F.3d at 926–27. Finally, movants' suggestion that sanctions are warranted because counsel failed to proffer evidence of voter fraud, ECF No. 145 at 17–18, misstates the nature of the claim presented.

While movants are correct that Plaintiff did not introduce evidence that "even one Wisconsin voter improperly submitted a ballot," *id.*, the Electors Clause claim did not depend on such proof. The dispositive issue was whether the Wisconsin Elections Commission's guidance deviated sufficiently from the commands of the Wisconsin legislature to run afoul of the Electors Clause. *See Trump*, 506 F. Supp. 3d at 636–39. As to the proof on this issue, Plaintiff's counsel worked with defense counsel to arrive at a set of stipulated facts, and thereby helped avoid unnecessary burdens on witnesses and expedited resolution of the case. While this Court and the Seventh Circuit both concluded the claim failed based on the facts, counsel's handling of the evidence, particularly his willingness to agree to the material facts, warrants approbation rather than scorn.

The Court also rejects movants' invitation to sanction counsel for pursuing an unsuccessful appeal. ECF No. 145 at 18–20. It is not for this Court to sanction a party or its counsel for exercising their right to appeal an adverse ruling. Nor have movants identified any conduct by counsel relating to the appeal that was frivolous. Most importantly, even if the appeal had been frivolous, movants' proper course for remedy was to petition the Court of Appeals under Fed. R. App. P. 38, not to file a motion in this court.

Movants come closest to presenting grounds for a fee award in complaining that Plaintiff's counsel raised and abandoned arguments haphazardly and requested varying types of unprecedented and questionable forms of relief. ECF No. 145 at 14–16. In addition to the Electors Clause claim ultimately resolved on the merits, Plaintiff's complaint asserted three other constitutional claims—for violations of the First Amendment and the Due Process and Equal Protection clauses of the Fourteenth Amendment—all of which were ultimately abandoned. *See Trump*, 506 F. Supp. 3d at 624 n.1. And Plaintiff's shifting requests for a remedy was an issue the Court commented on in rejecting Plaintiff's claim. *Id.* These are not insignificant failings. Ready, fire, aim is not the preferred approach when litigating constitutional claims in federal court. Nevertheless, in the overall context of this case, the Court is unable to conclude that counsel's conduct multiplied these proceedings in an objectively unreasonable and vexatious manner sufficient to warrant a fee award. Perhaps this meritless case ought never to have been filed. And, once counsel agreed to file it, he certainly should have taken care to identify which claims warranted culling, which defendants were appropriate to sue, and what remedy would be appropriate for the claims alleged. In the three-week flurry of proceedings that comprised this

litigation, such ideal care was not taken. But the Court does not fault counsel for retreating from certain positions once their flaws came to light, and his overall conduct in presenting the case was professional and reasonable, given the circumstances. In the overall context, counsel acted within the bounds of objective reasonableness.

The Court also rejects movants' invocation of the Court's inherent authority as a basis for sanctions. *See* ECF No. 145 at 21–23; ECF No. 156 at 4. As an initial matter, this argument is only superficially developed. And, in any event, the Seventh Circuit has emphasized that a district court's inherent authority to enter sanctions "is not a grant of authority to do good, rectify shortcomings of the common law[,] . . . or undermine the American rule on the award of attorneys' fees to the prevailing party in the absence of [a] statute." *Zapata Hermanos Sucesores, S.A. v. Hearthside Baking Co., Inc.*, 313 F.3d 385, 390–91 (7th Cir. 2002). Rather, it is a "residual authority, to be exercised sparingly, to punish misconduct . . . not adequately dealt with by other rules[.]" *Id.* at 391. Given the express authority granted to the Court to award fees under Rule 11, Section 1927, and Section 1988 (as discussed below), it would be inappropriate to resort to the Court's inherent authority here, and the Court would decline to do so, even if it had jurisdiction over the requests.

### III. If the Court Had Jurisdiction, It Would Award Fees to the City Movants.

Using far fewer pages and much less abrasive rhetoric than the other movants, the City Movants persuasively argue that an award of fees in their favor is justified under both Section 1927 and Section 1988.[3] ECF No. 153 at 7–12. Accordingly, but for *Overnite*, the Court would grant their motion.

Section 1988 authorizes the Court to award fees to "prevailing parties" in a civil rights lawsuit. The statute authorizes "the court, in its discretion" to award reasonable attorneys' fees as part of the costs to the "prevailing party" in a Section 1983 civil rights action. *See* 42 U.S.C. §1988. While usually invoked by prevailing plaintiffs, the statute also allows for fee awards to prevailing defendants. As the Supreme Court has explained, Congress enacted this provision to make it easier for plaintiffs with "limited means" to bring meritorious civil rights lawsuits but also to "protect defendants from burdensome litigation having no legal or factual basis."

---

[3] For the reasons stated above, the Court would not award fees to these defendants pursuant to its inherent authority, even if there were no jurisdictional bar.

*Christiansburg Garment Co. v. Equal Emp. Opportunity Comm'n*, 434 U.S. 412, 420 (1978). When considering a prevailing defendant's motion for attorneys' fees under Section 706(k) of Title VII of the Civil Rights Act of 1964, the Supreme Court held that "a district court may in its discretion award attorney's fees . . . upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Id.* at 421. The same principles apply under Section 1988. *Reichenberger v. Pritchard*, 660 F.2d 280, 288 (7th Cir. 1981).

The City Movants have shown that the conduct of this litigation *as to them* was sufficiently unreasonable as to warrant a fee award under both Section 1927 and Section 1988. These movants note that Plaintiff and his counsel failed to develop, and indeed made no effort to present, facts that would tag these defendants with liability relating to the specific Electors Clause issues finally presented. ECF No. 153 at 11. The final set of stipulated facts makes no reference to the City Movants whatsoever. *See* ECF No. 127. In fact, the stipulated facts do not even refer generally to the cities these defendants represent—Green Bay, Kenosha, and Racine. *See id.* The City Movants concede that their cities are mentioned in some of Plaintiff's exhibits, *see id.* at 2, but that is the extent of any proof or argument ever presented to the Court related to these movants.

Plaintiff's response brief does not dispute any of these assertions. Liability under Section 1983 requires personal involvement by a defendant. *See*, *e.g.*, *Zentmyer v. Kendall Cnty., Ill.*, 220 F.3d 805, 811 (7th Cir. 2000). Yet, no effort was made to try to present such evidence as to these defendants in this case. Accordingly, the Court agrees that the City Movants would be entitled to an award of fees against Plaintiff's counsel under Section 1927 and against Plaintiff himself under Section 1988, if the Court had jurisdiction to entertain their motion. By filing a complaint naming these individuals as defendants and then failing to offer even minimal proof against them, Plaintiff and counsel "pursued a path" that a reasonable attorney would have known to be unsound, warranting an award of fees under Section 1927. *See In re TCI, Ltd.*, 769 F.2d at 445. The lack of any evidentiary basis for a finding of liability against these defendants also warrants an award of fees under Section 1988.

## CONCLUSION AND ORDER

Based on binding Seventh Circuit law, this Court lacks jurisdiction to grant the pending motions for attorneys' fees. In the interests of judicial economy, the Court notes further, however,

that even if the Court of Appeals revisited or limited its *Overnite* decision, this Court would not exercise its discretion to award fees to Governor Tony Evers, Milwaukee County Clerk George Christenson, or Milwaukee County Elections Director Julietta Henry. Only the City Movants have persuaded the Court that an award of fees would be appropriate. Accordingly,

**IT IS HEREBY ORDERED** that the pending motions for attorneys' fees, ECF Nos. 144, 152, 155, are **DENIED**.

Dated at Milwaukee, Wisconsin on December 6, 2021.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge